1   RANDALL W. EDWARDS (S.B. #179053) redwards@omm.com
    BRYNLY LLYR (S.B. #235926) bllyr@omm.com
2   JEAN B. NIEHAUS (S.B. #254891) jniehaus@omm.com
    O'MELVENY & MYERS LLP
3   Two Embarcadero Center, 28th Floor
    San Francisco, CA  94111-3823
4   Telephone:    (415) 984-8700
    Facsimile:    (415) 984-8701
5
    Attorneys for Defendant
6   Google Inc.

7

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN JOSE DIVISION**

11

12   PALOMA GAOS, an individual, on behalf        Case No.  5:10-cv-04809-JW
     of herself and all others similarly situated,
13                                                 CLASS ACTION
                    Plaintiff,
14                                                 **GOOGLE INC.'S MOTION TO DISMISS**
            v.                                     **PLAINTIFF'S COMPLAINT PURSUANT**
15                                                 **TO RULES 12(b)(1) AND 12(b)(6)**
     GOOGLE INC., a Delaware Corporation,
16                                                 Hearing Date:   April 11, 2011
                    Defendant.                     Time:           9:00 a.m.
17                                                 Place:          Courtroom 8, 4th Floor
                                                   Judge:          Hon. James Ware
18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

Page

3    NOTICE OF MOTION AND MOTION ............................................................................. 1

4    MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 2

     INTRODUCTION .............................................................................................................. 2

5    FACTUAL ALLEGATIONS ............................................................................................. 3

6    ARGUMENT ...................................................................................................................... 5

7        I.    THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS BECAUSE
               SHE LACKS STANDING UNDER ARTICLE III OF THE UNITED
8              STATES CONSTITUTION ............................................................................... 5

9              A.    Plaintiff Does Not Allege Facts Establishing That Any User
                     Suffered An Injury-In-Fact ...................................................................... 6

10             B.    Plaintiff Has Not Alleged An Injury To Herself ...................................... 9

11       II.   THE COURT SHOULD DISMISS PLAINTIFF'S STATE-LAW CLAIMS
               BECAUSE SHE FAILS TO STATE A CLAIM UNDER THOSE
               CAUSES OF ACTION ...................................................................................... 9

12             A.    Plaintiff's State-Law Claims Are Preempted By The Stored
13                   Communications Act ................................................................................ 10

14             B.    Plaintiff Fails To State A Claim Under The Consumers Legal
                     Remedies Act .......................................................................................... 11

15                   1.    The CLRA Is Inapplicable To The Facts Alleged In The
                           Complaint ..................................................................................... 11

16                   2.    Plaintiff Fails To Allege Reliance Or Damage As Is
                           Required By The CLRA ................................................................ 12

17             C.    The Complaint Fails To State A Claim Under The FAL And UCL ......... 13

18                   1.    Plaintiff Lacks Standing Under The FAL And UCL Because
                           She Fails To Allege Any Injury ................................................... 13

19                   2.    The FAL And UCL Claims Fail To Allege Reliance ................... 14

20                   3.    Plaintiff's UCL Claim Also Fails Because The Alleged
                           Disclosure Of Information Does Not Constitute False
21                         Advertising Or "Unfair," "Unlawful," Or "Fraudulent"
                           Business Practices ........................................................................ 15

22             D.    Plaintiff's Fraud Causes Of Action Fail As A Matter Of Law For
23                   Many Reasons .......................................................................................... 18

24             E.    Plaintiff Has Failed To Allege Facts Sufficient To Support Her
                     Privacy Claim .......................................................................................... 20

25             F.    Plaintiff Cannot State A Claim For Unjust Enrichment .......................... 22

     CONCLUSION .................................................................................................................. 22
26

27

28

# TABLE OF AUTHORITIES

**Page**

## <u>CASES</u>

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009) ................................................................................................. 10, 19

*Beijing Tong Ren Tang (USA), Corp. v. TRT USA Corp.,*
  No. C-09-00882 RMW, 2010 WL 890048 (N.D. Cal. Mar. 8, 2010) .................................... 19

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ....................................................................................................... 9, 19

*Berryman v. Merit Prop. Mgmt., Inc.,*
  152 Cal. App. 4th 1544 (2007) ...................................................................................... 12, 19

*Beverage Distribs., Inc. v. Olympia Brewing Co.,*
  440 F.2d 21 (9th Cir. 1971) ................................................................................................ 19

*Birdsong v. Apple, Inc.,*
  590 F.3d 955 (9th Cir. 2009) .......................................................................................... 6, 13

*Buckland v. Threshold Enters., Ltd.,*
  155 Cal. App. 4th 798 (2007), *rev'd on other grounds by Kwikset Corp. v.
  Superior Court,* --- Cal. 4th ----, No. S171845, 2011 WL 240278 (Cal. Jan. 11,
  2011) ............................................................................................................................ 12, 14

*Bunnell v. Motion Picture Ass'n of Am.,*
  567 F. Supp. 2d 1148 (C.D. Cal. 2007) ................................................................................ 10

*C.A. v. William S. Hart Union High Sch. Dist.,*
  189 Cal. App. 4th 1166 (2010) ........................................................................................... 19

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,*
  20 Cal. 4th 163 (1999) ....................................................................................................... 16

*Cherny v. Emigrant Bank,*
  604 F. Supp. 2d 605 (S.D.N.Y. 2009) .................................................................................... 6

*Daly v. Viacom, Inc.,*
  238 F. Supp. 2d 1118 (N.D. Cal. 2002) ............................................................................... 21

*Davis v. Ford Motor Credit Co.,*
  179 Cal. App. 4th 581 (2009) ............................................................................................. 16

*Doe 1 v. AOL LLC,*
  719 F. Supp. 2d 1102 (N.D. Cal. 2010) ................................................................................. 7

*Drum v. San Fernando Valley Bar Ass'n,*
  182 Cal. App. 4th 247 (2010) ............................................................................................. 16

*Durell v. Sharp Healthcare,*
  183 Cal. App. 4th 1350 (2010) ........................................................................................... 22

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

1

**TABLE OF AUTHORITIES**
**(continued)**

2

Page

3

*Dyer v. Nw. Airlines Corp.*,
334 F. Supp. 2d 1196 (D.N.D. 2004) .................................................................................. 19

4

*Fairbanks v. Superior Court*,
46 Cal. 4th 56 (2009) ......................................................................................................... 11

5

6

*Ferrington v. McAfee, Inc.*,
No. 10-CV-01455-LHK, 2010 WL 3910169 (N.D. Cal. Oct. 5, 2010) ................................ 11

7

*Flynn v. Highman*,
149 Cal. App. 3d 677 (1983) .............................................................................................. 20

8

9

*Forsher v. Bugliosi*,
26 Cal. 3d 792 (1980) .................................................................................................... 9, 20

10

*Fortaleza v. PNC Fin. Servs. Grp., Inc.*,
642 F. Supp. 2d 1012 (N.D. Cal. 2009) .............................................................................. 17

11

12

*Hartman v. Summers*,
120 F.3d 157 (9th Cir. 1997) ................................................................................................ 6

13

*Hashimoto v. Clark*,
264 B.R. 585 (D. Ariz. 2001) .............................................................................................. 19

14

15

*In re Actimmune Mktg. Litig.*,
No. C 08-02376-MHP, 2009 WL 3740648 (N.D. Cal. Nov. 6, 2009) ............................ 12, 14

16

*In re Tobacco II Cases*,
46 Cal. 4th 298 (2009) ........................................................................................................ 14

17

18

*Jermy v. Jones*,
No. 99-35044, 2000 WL 1685031 (9th Cir. Nov. 9, 2000) .................................................. 21

19

*Jogani v. Superior Court*,
165 Cal. App. 4th 901 (2008) ............................................................................................. 22

20

21

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ...................................................................................... 17, 18

22

*Kwikset Corp. v. Superior Court*, --- Cal. 4th ----,
No. S171845, 2011 WL 240278 (Cal. Jan. 11, 2011) ............................................... 12, 13, 14

23

24

*Laster v. T-Mobile USA, Inc.*,
407 F. Supp. 2d 1181 (S.D. Cal. 2005) ............................................................................... 14

25

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
350 F.3d 1018 (9th Cir. 2003) ............................................................................................... 6

26

27

*Lorenzo v. United States*,
719 F. Supp. 2d 1208 (S.D. Cal. 2010) ............................................................................... 21

28

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ................................................................................................. 5, 8, 9

4

*Masters v. San Bernardino Cnty. Emps. Ret. Ass'n*,
   32 Cal. App. 4th 30 (1995) ................................................................................................. 18

5

*McBride v. Boughton*,
   123 Cal. App. 4th 379 (2004) ............................................................................................ 22

6

7

*McKell v. Wash. Mut., Inc.*,
   142 Cal. App. 4th 1457 (2006) .......................................................................................... 22

8

*Melchior v. New Line Prods., Inc.*,
   106 Cal. App. 4th 779 (2003) ............................................................................................ 22

9

10

*Meyer v. Sprint Spectrum L.P.*,
   45 Cal. 4th 634 (2009) ....................................................................................................... 13

11

*Moreno v. Hanford Sentinel, Inc.*,
   172 Cal. App. 4th 1125 (2009) .......................................................................................... 20

12

13

*Moss v. U.S. Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009) ............................................................................................. 10

14

*Padilla v. Lever*,
   463 F.3d 1046 (9th Cir. 2006) ........................................................................................... 12

15

16

*Pantoja v. Countrywide Home Loans, Inc.*,
   640 F. Supp. 2d 1177 (N.D. Cal. 2009) ............................................................................ 15

17

*Patriot Scientific Corp. v. Korodi*,
   504 F. Supp. 2d 952 (S.D. Cal. 2007) ............................................................................... 19

18

19

*Pfizer, Inc. v. Superior Court*,
   182 Cal. App. 4th 622 (2010) ............................................................................................ 14

20

*Quon v. Arch Wireless Operating Co.*,
   445 F. Supp. 2d 1116 (C.D. Cal. 2006), *rev'd on other grounds by Quon v.
   Arch Wireless Operating Co.*, 529 F.3d 892 (9th Cir. 2008) ............................................ 10

21

22

*Quon v. Arch Wireless Operating Co.*,
   529 F.3d 892 (9th Cir. 2008) ............................................................................................. 10

23

*Ruiz v. Gap, Inc.*,
   540 F. Supp. 2d 1121 (N.D. Cal. 2008) ............................................................................ 14

24

25

*Ruiz v. Gap, Inc.*,
   622 F. Supp. 2d 908 (N.D. Cal. 2009) ................................................................................ 8

26

*Schauer v. Mandarin Gems of Cal., Inc.*,
   125 Cal. App. 4th 949 (2005) ............................................................................................ 12

27

28

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

**TABLE OF AUTHORITIES**
(continued)

Page

*Schmier v. U.S. Court of Appeals for Ninth Circuit*,
  279 F.3d 817 (9th Cir. 2002).............................................................................. 6, 7

*Schwartz v. Thiele*,
  242 Cal. App. 2d 799 (1966)................................................................................. 21

*Shulman v. Grp. W Prods., Inc.*,
  18 Cal. 4th 200 (1998) .......................................................................................... 20

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
  983 F. Supp. 1303 (N.D. Cal. 1997) ..................................................................... 16

*Silvas v. E*Trade Mortg. Corp.*,
  514 F.3d 1001 (9th Cir. 2008)............................................................................... 10

*Sipple v. Chronicle Publ'g Co.*,
  154 Cal. App. 3d 1040 (1984)............................................................................... 20

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001)................................................................................... 4

*Stearns v. Select Comfort Retail Corp.*,
  No. 08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009) ........................ 15, 16

*Taus v. Loftus*,
  40 Cal. 4th 683 (2007) .......................................................................................... 21

*Tecza v. Univ. of S.F.*,
  No. C 09-03808 RS, 2010 WL 1838778 (N.D. Cal. May 3, 2010) ....................... 21

*Thompson v. Home Depot, Inc.*,
  No. 07-cv-1058-IEG(WMc), 2007 WL 2746603 (S.D. Cal. Sept. 18, 2007)........ 14

*Tyler v. Children's Home Soc'y*,
  29 Cal. App. 4th 511 (1994) ...................................................................... 18, 19, 20

*Van Slyke v. Capital One Bank*,
  No. C 07-00671 WHA, 2007 WL 3343943 (N.D. Cal. Nov. 7, 2007) .................. 17

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003)............................................................................... 17

*Ward Gen. Ins. Servs., Inc. v. Employers Fire Ins. Co.*,
  114 Cal. App. 4th 548 (2003) ............................................................................... 11

*Warren v. Merrill*,
  143 Cal. App. 4th 96 (2006) ................................................................................. 18

*Warth v. Seldin*,
  422 U.S. 490 (1975)................................................................................................. 9

**TABLE OF AUTHORITIES**
(continued)

Page

*Whitmore v. Arkansas*,
495 U.S. 149 (1990) .................................................................................................. 6, 8

*Whitson v. Bumbo*,
No. C 07-05597, 2009 WL 1515597 (N.D. Cal. Apr. 16, 2009) ............................................. 7

*Wilkins v. Nat'l Broad. Co.*,
71 Cal. App. 4th 1066 (1999) ............................................................................................. 18

*Wolf v. Superior Court*,
107 Cal. App. 4th 25 (2003) ............................................................................................. 19

**STATUTES**

18 U.S.C. § 2510 *et seq.* ......................................................................................................... 11

18 U.S.C. § 2701 *et seq.* ......................................................................................................... 10

18 U.S.C. § 2708 .................................................................................................................. 10, 15

Cal. Bus. & Prof. Code § 17200 *et seq.* .................................................................................. 10

Cal. Bus. & Prof. Code § 17204 ............................................................................................. 13

Cal. Bus. & Prof. Code § 17500 ............................................................................................. 15

Cal. Bus. & Prof. Code § 17500 *et seq.* .................................................................................. 10

Cal. Bus. & Prof. Code § 17535 ............................................................................................. 13

Cal. Bus. & Prof. Code § 22575 ......................................................................................... 15, 16

Cal. Civ. Code § 1572 ........................................................................................................ 18, 19

Cal. Civ. Code § 1573 ........................................................................................................ 18, 19

Cal. Civ. Code § 1750 *et seq.* .................................................................................................. 10

Cal. Civ. Code § 1761(a) ......................................................................................................... 11

Cal. Civ. Code § 1761(b) ......................................................................................................... 11

Cal. Civ. Code § 1761(d) ......................................................................................................... 12

Cal. Civ. Code § 1770(a) ......................................................................................................... 11

Cal. Civ. Code § 1780(a) ......................................................................................................... 13

**OTHER AUTHORITIES**

*Black's Law Dictionary* (9th ed. 2009) .................................................................................. 12

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

**TABLE OF AUTHORITIES**
(continued)

Page

Restatement (Second) of Torts § 652D cmt. a ............................................................................ 21

**RULES**

Fed. R. Civ. P. 12(b)(1) ........................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 1, 9

Fed. R. Civ. P. 9(b) ........................................................................................................ 17, 18

**CONSTITUTIONAL PROVISIONS**

Cal. Const. art. I, § 1 ............................................................................................................ 11

U.S. Const. art. III ........................................................................................... 2, 5, 6, 8, 9, 13

U.S. Const. art. III, § 2 ........................................................................................................... 5

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 11, 2011, at 9:00 a.m., or as soon thereafter as this motion may be heard in the above-entitled court, located at 280 South First Street, San Jose, California, in Courtroom 8, Defendant Google Inc. will, and hereby does, move to dismiss the Complaint filed by Plaintiff Paloma Gaos.  Google's Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jean B. Niehaus and attached Exhibits, and such other matters, both oral and documentary, as may properly come before the Court.

Google seeks an order, pursuant to Federal Rule of Civil Procedure 12(b)(1), dismissing Plaintiff's Complaint for lack of subject matter jurisdiction.  Google also seeks an order dismissing the Complaint's seven state-law causes of action for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The Complaint should be dismissed because Plaintiff Paloma Gaos fails to allege the injury-in-fact required for standing under Article III of the United States Constitution and also because she fails to allege specific facts sufficient to establish the required elements of her causes of action.  Plaintiff brings this putative class action premised on her contention that Google revealed purportedly confidential search-query information to websites she visited after using Google Search.  But what Plaintiff attempts to construe as a wrongful business practice is actually a routine and foundational aspect of the Internet.  Moreover, Google discloses the inclusion of search-query information in search result URLs[1] in its Privacy FAQs, as the Complaint's own allegations reveal.  While Plaintiff's Complaint is rife with allegations and accusations regarding Google's practices and motives, it is devoid of factual allegations that Google disclosed any of her private information or that she actually suffered injury.

Plaintiff's allegations center on the transmission of users' search queries as part of the information sent in what is known as the Referrer Header.  (*See* Compl. ¶¶ 37-39.)  When a user submits a search query to Google Search, Google Search returns a search results page to the user's browser.  The URL of the search results page includes information about the search query used to generate that web page.  (*Id.* ¶ 37.)  If the user clicks on a link to one of the search results on the search results page, the user is redirected to that web page.  (*Id.* ¶ 38.)  The Complaint acknowledges, as it must, that when the user clicks on a link on ***any*** web page to visit any other web page on the Internet, the user's web browser (such as Internet Explorer) transmits Referrer Header information to that destination web page.  (*Id.* ¶ 35.)  This is not unique to Google; it is a standard and default web browser function to transmit Referrer Header information, which includes the URL of the last web page the user viewed before clicking the link to the currently viewed web page.  (*Id.*)  Plaintiff contends, however, that Google should not have passed on the

///

---

[1] A Uniform Resource Locator ("URL") specifies where on the Internet an identified resource is available and the mechanism for retrieving it.  One type of URL is the addresses of web pages on the World Wide Web, such as http://www.google.com.  (*See* Compl. ¶ 37.)

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

actual URL of the search results web page and instead should have truncated the search-query information from the URL that the user's browser transmits.

Plaintiff does not make a single allegation that any of her private information was disclosed to a third party through the transmission of Referrer Header information.  The only personalized facts Plaintiff alleges in the Complaint are that she performed searches for her name and her family members' names on Google Search and clicked on links contained in the search results web page.  In an attempt to show harm to Google Search users, the Complaint discusses at length what it calls "The Science of Reidentification," through which Plaintiff contends the admittedly anonymous data disclosed through Referrer Header information could be aggregated and mined by someone to obtain "data fingerprints," which in turn allegedly could be used to identify individuals and, potentially, could result in harm.  At most, Plaintiff recites a theory under which someone *might* be injured some day in the future.  But she identifies no harm that she actually suffered.  Nor does she allege that Google acquired any money from her, wrongfully or not.  Of course, she cannot make such an allegation, because Google Search is free.  Plaintiff therefore lacks Article III standing to maintain her claim.

In addition, Plaintiff unsuccessfully attempts to force-fit her contentions about Google Search into the framework of inapplicable laws.  She does not meet the elements of any of her state-law claims.  The laws she cites were not designed to address her personal grievance against Google Search.  Moreover, the state-law claims are preempted by federal law.

If necessary, Google will present additional reasons to reject Plaintiff's claims based on the evidence, but the Court has ample justification to warrant dismissal on the pleadings based on defects that exist as a matter of law.

### FACTUAL ALLEGATIONS[2]

Google operates one of the world's most popular Internet search engines, with billions of user-generated search requests every day.  (Compl. ¶¶ 2, 12-13.)  The Complaint does not (and cannot) allege that users pay any fee to use Google Search because Google Search is free.  The

---

[2] The Factual Allegations are based on the allegations in the Complaint, which Google assumes as true for purposes of this motion but which Google does not thereby admit.

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

1   Complaint also does not and cannot allege that any contract or subscriber agreement is required to

2   conduct searches on Google Search.

3        To use Google Search, users enter search terms into the search bar and then submit the

4   search request to Google by hitting Enter on the keyboard or clicking the Search button.  (*Id.*

5   ¶ 12.)  Within a fraction of a second, Google Search uses its sophisticated technology to identify

6   web content relevant to the search request and returns the results to the user in a new web page,

7   referred to as "the search results page."  (*See id.* ¶¶ 12, 37-38.)  Each Google search results page

8   has a unique URL that includes the search terms used to generate the search result.  (*See id.*

9   ¶¶ 37-38.)  Users then can go to the desired web page by clicking the links provided on the search

10  results page, which will redirect the user to the desired destination web page.  In the normal

11  course of web browser operation, the user's web browser (*e.g.*, Internet Explorer) transmits what

12  is known as Referrer Header information to the operator of every destination webpage the user

13  visits.  (*See id.* ¶¶ 35, 38.)  The Complaint concedes that the transmission of Referrer Header

14  information is a standard and default web browser function.  (*Id.* ¶ 35.)  The Referrer Header

15  information includes the URL of the web page the user last visited—it informs the requested

16  website how the user got to the page.  (*Id.*)  Additionally, the user's web browser transmits the

17  user's IP address (*see id.* ¶ 70), which may be static or changing (dynamic) and does not specify

18  the user's name.

19       As is plainly disclosed in Google's Privacy Center, Google analyzes and uses search

20  queries in a variety of ways.  Google's Privacy Policy sets forth the types of information collected

21  by Google and the security, use, and sharing of that information.  (Declaration of Jean B. Niehaus

22  in Support of Motion to Dismiss, Ex. 1 at 1-3.[3])  As defined by Google's Privacy Policy and

23  Google's Privacy FAQ, search queries are not "personal information."  (*See id.*, Ex. 1 at 1; Ex. 2

24  at 3.)  Under the Privacy Policy, "personal information" is the type of information provided

25  "[w]hen you sign up for a Google Account."  (*Id.*, Ex. 1 at 1; *see also id.*, Ex. 2 at 3.)  Search

26  terms, unlike personal information, may be used by Google in a variety of ways, as expressly

27  _____

[3] On a Rule 12 motion, the Court may consider documents whose contents are alleged in the
Complaint and whose authenticity no party questions. *Sprewell v. Golden State Warriors*, 266
28  F.3d 979, 988 (9th Cir. 2001).

GOOGLE INC.'S MOTION TO DISMISS
                                       5:10-CV-04809-JW

1    stated by Google's Privacy Center.  (*Id.*, Ex. 2 at 2.)  Moreover, the Google Privacy FAQ

2    discloses that the search results page URL contains the search query.  (*Id.*, Ex. 2 at 4-5.)  Whether

3    third-party websites record the page requests made when a user visits those sites is outside of

4    Google's control, as explained by Google's Privacy Policy.  (*Id.*, Ex. 1 at 2-3 (Google does "not

5    exercise control over the sites displayed as search results. . . .These other sites may . . . collect

6    data . . . from you.").)

7         Despite Google's truthful disclosures regarding search-query information, Plaintiff asserts

8    generalized allegations that Google disclosed her private information.  (Compl. ¶¶ 95, 102, 107,

9    118, 124.)  Plaintiff alleges no particularized facts of public disclosure of that information.  The

10   only disclosure alleged is that the Referrer Header, which a user's web browser passed on to

11   websites accessed from Google search results pages, contains information that would reveal the

12   search query used by Google to generate the results page.  And even as to this limited

13   transmission, the Complaint does not identify what, if any, of ***Plaintiff's*** information actually was

14   disclosed.  The only allegations specific to Plaintiff are that she is "a user of Google's search

15   engine services, [] has conducted 'vanity searches,' including searches for her actual name and

16   the names of her family members and has clicked on links in Google's search results."  (*Id.* ¶ 6.)

17   The Complaint does not allege that Plaintiff's information has been disclosed, or that such

18   disclosure resulted in any actual injury.  The Complaint also does not allege whether Plaintiff

19   read any of Google's privacy disclosures or whether she relied on those disclosures in her

20   decision to use Google Search.

21                              **ARGUMENT**

22   I.   THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS BECAUSE SHE LACKS
     STANDING UNDER ARTICLE III OF THE UNITED STATES CONSTITUTION.
23

24        Plaintiff has not pled facts showing an injury-in-fact sufficient to confer Article III

25   standing.  Article III, Section 2 of the United States Constitution limits federal jurisdiction to

26   actual cases and controversies.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  The

27   party invoking federal jurisdiction bears the burden of establishing that it suffered an "injury in

28   fact"—that is, an invasion of a legally protected interest which is (a) concrete and particularized,

1   and (b) actual and imminent, not conjectural or hypothetical.  *Id.* (citations omitted).  That

2   Plaintiff attempts to bring her claims in a class action makes no difference.  The named plaintiff

3   must establish that she "personally, ha[s] been injured" and thus has standing to maintain a cause

4   of action.  *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1020 (9th Cir. 2003)

5   (citation omitted); *see also Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990) (To plead

6   standing, plaintiff "must clearly and specifically set forth facts sufficient to satisfy [the] Article III

7   standing requirements.").  In this case, Plaintiff does not allege facts sufficient to show injury or

8   an actual and imminent threat of harm to herself.

9           A.      Plaintiff Does Not Allege Facts Establishing That Any User Suffered An Injury-
10                  In-Fact.

11          The only harm Plaintiff alleges is the "public disclosure of [her] private information."

12  (Compl. ¶¶ 95, 102, 107, 118; *see also id.* ¶ 124.)  Courts have held, however, that the release of

13  potentially sensitive information, without more, is insufficient to meet Article III's injury-in-fact

14  requirement.  *Cherny v. Emigrant Bank*, 604 F. Supp. 2d 605, 608 (S.D.N.Y. 2009) (release of e-

15  mail address does not constitute an injury sufficient to state a claim).  Here, Plaintiff has not even

16  specified the type or kind of "private information" that was released.  (*See, e.g.*, Compl. ¶ 95.)

17          To have standing, the alleged "injury must have actually occurred or must occur

18  imminently; hypothetical, speculative or other 'possible future' injuries do not count in the

19  standings calculus."  *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 821 (9th

20  Cir. 2002) (rejecting argument that an injury occurring "some day" in the future can satisfy the

21  injury-in-fact requirement); *see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 n.4 (9th Cir.

22  2009) (stating that hypothetical injury was insufficient for Article III standing).  A threat of future

23  harm may give rise to an injury-in-fact, but only if that threat is "credible rather than remote or

24  hypothetical."  *Hartman v. Summers*, 120 F.3d 157, 160 (9th Cir. 1997) (holding that future harm

25  must be "a very significant possibility").

26          Plaintiff simply does not plead facts showing that any harm is actual or imminent, as

27  required.  She does not claim that she has suffered or is substantially certain to suffer any loss

28  from the disclosure of private information.  *See Whitson v. Bumbo*, No. C 07-05597, 2009 WL

- 6 -

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

1  1515597, at *5-6 (N.D. Cal. Apr. 16, 2009) (dismissing claim for lack of Article III standing

2  where plaintiff failed to allege any actual injury as a result of defendant's alleged

3  misrepresentations).  To the contrary, the Complaint reveals the conjectural and hypothetical

4  nature of the alleged injury.  It merely asserts that a capability exists that, if exploited, may lead to

5  future harm to users generally.  According to Plaintiff's allegations, Google transmits individual

6  search queries each time a Google user clicks on a link in a Google search results page.  (Compl.

7  ¶ 68.)  Plaintiff admits that these discrete, serial disclosures are anonymized.  (*See id.*)  But she

8  alleges that a threat of future harm allegedly arises because some yet-to-be identified other

9  individual or individuals (not Google) may (1) retrieve and amalgamate these anonymized search

10  queries from Google, (2) identify "data fingerprints" within that data, (3) combine those

11  fingerprints with yet-to-be-identified other data, (4) discern individuals' identities and their

12  personal information from within this combined data, and, finally, (5) exploit individuals'

13  identities to their detriment.  (*See id.* ¶¶ 58-61.)  Thus, Plaintiff has merely identified a

14  speculative manner in which she **might** be injured in the future.  The Supreme Court and the

15  Ninth Circuit have repeatedly rejected the position that an alleged potential injury "occurring

16  'some day' can satisfy the injury-in-fact requirement of the standing doctrine."  *Schmier*, 279

17  F.3d at 822.

18      The alleged harm here is far more remote and hypothetical than in other "lost data" cases.

19  In *Doe 1 v. AOL LLC*, cited in footnote 20 of the Complaint, AOL posted on its website a

20  database of approximately twenty million AOL Internet search records.  *See* 719 F. Supp. 2d

21  1102, 1105 (N.D. Cal. 2010).  Critically, AOL had a business practice of storing searches in a

22  manner that uniquely correlated the search query with the member who made it.  *Id.*

23  Accordingly, the court found that plaintiffs' allegations were sufficient to demonstrate standing

24  because AOL had made no effort to retrieve the data it inadvertently disseminated, and AOL

25  continued to collect and disseminate in the same manner.  *Id.* at 1109.  Because individual

26  members' searches were discernible and identifiable in the AOL data, due to AOL's practices,

27  there was no need to allege or rely on the "Science of Reidentification" to postulate some future

28  potential injury.  Here, in contrast, there is no allegation that Google disseminates users' searches

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

1   in a manner that inherently identifies the user, or that Google has disclosed an aggregated

2   database of users' searches.  Instead, Plaintiff claims that the billions of individual disclosures of

3   Referrer Header information ***might*** be aggregated and then analyzed by someone else so as to

4   identify some individuals and their personal information.  This prospect does not create a present

5   right of action against Google.

6       Likewise, *Ruiz v. Gap, Inc.*, provides no support for Plaintiff.  In *Ruiz*, the court found that

7   an increased risk of identify theft is sufficient to confer Article III standing, but the different facts

8   present in *Ruiz* highlight what is missing here.  622 F. Supp. 2d 908, 912 (N.D. Cal. 2009).

9   Unlike Plaintiff here, the *Ruiz* plaintiffs submitted employment applications that required

10  personal information, including social security numbers, which were stored on a laptop that was

11  later stolen by a thief seeking that information as alleged by the plaintiffs.  *Id.* at 913.  Thus, the

12  future threat of identify theft in that case was a significant possibility, not hypothetical or remote.

13  In this case, in contrast, there is no allegation that Plaintiff's personal information has been stolen,

14  or that it has been stolen for purposes of identify theft.  In fact, there is not even an allegation that

15  Plaintiff's personal information has been disclosed.

16      The Supreme Court has "emphasized repeatedly" that the alleged injury must be "distinct

17  and palpable, as opposed to merely abstract, and the alleged harm must be actual or imminent, not

18  conjectural or hypothetical."  *Whitmore*, 495 U.S. at 155 (citations omitted).  In this case, Plaintiff

19  does not—and cannot—allege that any injury is imminent.  There is no allegation that her

20  personal information has been discerned through the "Science of Reidentification," that her

21  personal identity has been compromised, or that her personal information has been fraudulently

22  used.  For any particular individual who used Google, including Plaintiff, the likelihood of this

23  injury is speculative, and the time when any such occurrence would come to pass (if ever) is

24  entirely uncertain.  When timing and type of injury cannot be determined, such abstract injuries

25  cannot constitute the injury-in-fact required for Article III standing.  *Lujan*, 504 U.S. at 565 n.2

26  (citations omitted).

27  ///

28  ///

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

1

   B.      Plaintiff Has Not Alleged An Injury To Herself.

2          A further problem exists beyond the hypothetical nature of Plaintiff's alleged harm to

3   users from the general use of Google Search.  To have standing, Plaintiff must allege a concrete

4   and particularized risk of injury to **herself**.  *See Lujan*, 504 U.S. at 561 n.1 ("By particularized,

5   we mean that the injury must affect the plaintiff in a personal and individual way."); *Warth v.*

6   *Seldin*, 422 U.S. 490, 501 (1975) ("[T]he plaintiff still must allege a direct and palpable injury to

7   himself.").  The Complaint, however, does not contain any such allegation.  The Complaint

8   alleges only that Plaintiff used Google Search to conduct "'vanity searches,' including searches

9   for her actual name and the names of her family members." (Compl. ¶ 6).  The Complaint does

10  not allege that Plaintiff entered search queries that would reveal personally identifiable

11  information that could cause harm upon public disclosure by someone who may re-aggregate the

12  data and link it to her, nor does it allege that she suffered or imminently will suffer any harm from

13  the disclosure of her name or her family members' names.  *Cf. Forsher v. Bugliosi*, 26 Cal. 3d

14  792, 812-13 (1980) (finding that individual's name is not a "private fact" for purposes of

15  California privacy tort).  The Complaint does not even allege that any purported disclosure

16  exposed Plaintiff herself to the risk of future harm.  And although the Complaint makes

17  generalized statements about what content searches, in theory, "can contain" (*see* Compl. ¶ 3),

18  there is no allegation that the named Plaintiff herself submitted to Google searches that contained

19  private or personal information.  Plaintiff therefore lacks Article III standing, and the Court must

20  dismiss each of Plaintiff's claims.

21  II.    THE COURT SHOULD DISMISS PLAINTIFF'S STATE-LAW CLAIMS BECAUSE
        SHE FAILS TO STATE A CLAIM UNDER THOSE CAUSES OF ACTION.
22

23         The Complaint also should be dismissed under Federal Rule of Civil Procedure 12(b)(6)

24  for failure to state a claim.  Although factual allegations in Plaintiff's Complaint are assumed to

25  be true for purposes of this motion, "a plaintiff's obligation to provide the 'grounds' of [her]

26  'entitle[ment]' to relief requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*,

27  550 U.S. 544, 555 (2007).  An unadorned recitation of the elements of the claims will not suffice,

28  and the court need not assume the truth of conclusory allegations unsupported by facts. *Ashcroft*

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

1    *v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  Rather, the Complaint must allege a factual basis for each

2    element of a cause of action entitling a plaintiff to relief.  *Moss v. U.S. Secret Serv.*, 572 F.3d 962,

3    969 (9th Cir. 2009).

4        A.    Plaintiff's State-Law Claims Are Preempted By The Stored Communications Act.

5            The Stored Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq.*, contains an express

6    preemption clause:  "The remedies and sanctions described in this chapter are the only judicial

7    remedies and sanctions for nonconstitutional violations of this chapter."  18 U.S.C. § 2708; *see*

8    *also Quon v. Arch Wireless Operating Co.*, 445 F. Supp. 2d 1116, 1138 (C.D. Cal. 2006), *rev'd*

9    *on other grounds by Quon v. Arch Wireless Operating Co.*, 529 F.3d 892 (9th Cir. 2008).  Federal

10   law may, of course, expressly preempt state-law claims.  *Silvas v. E*Trade Mortg. Corp.*, 514

11   F.3d 1001, 1004 (9th Cir. 2008).  Thus, under the Act, all the state-law claims asserted here are

12   preempted to the extent that they seek to impose liability based on the same conduct alleged with

13   respect to the SCA.

14           In this case, the SCA preempts any state-law claims premised on the same alleged

15   wrongful disclosure—that is, information about search queries contained in the Referrer Header.

16   (Compl. ¶¶ 92-93.)  Plaintiff's state-law claims are premised on just this alleged conduct.  For her

17   claims under the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et*

18   *seq.*, and False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, Plaintiff

19   alleges that Google misled Plaintiff regarding its alleged disclosure of her private information to

20   third parties.  (*Id.* ¶¶ 101, 106.)  For her claim under the California Unfair Competition Law

21   ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, Plaintiff alleges that "Google's nonconsensual

22   disclosure of its users' search queries" violated the UCL.  (*Id.* ¶ 114.)  And Plaintiff's common-

23   law cause of action for public disclosure of private facts is based on Google's disclosure of

24   private information concerning Plaintiff.  (*Id.* ¶ 123.)  Thus, the core of all these state-law claims

25   is Google's purported disclosure of Plaintiff's communications—conduct that supposedly violates

26   the SCA as well.  Because federal law is the exclusive avenue for relief for any claims regarding

27   such conduct, the state-law claims are preempted.  *See, e.g.*, *Bunnell v. Motion Picture Ass'n of*

28   *Am.*, 567 F. Supp. 2d 1148, 1154 (C.D. Cal. 2007) (holding that near-identical exclusive remedies

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

1  provision in the Wiretap Act, 18 U.S.C. § 2510 *et seq*., preempted claim under California Privacy

2  Act, Cal. Const. art. I, § 1).  This is true even if Plaintiff is ultimately unable to state a claim

3  under the SCA.  *See id.* (holding that state-law claim was preempted by Wiretap Act despite

4  finding no violation of Act).

5          B.          Plaintiff Fails To State A Claim Under The Consumers Legal Remedies Act.

6          Plaintiff's CLRA claim fails as a matter of law because Google Search falls outside the

7  scope of that statute.  The CLRA only applies to a "transaction intended to result or which results

8  in the sale or lease of goods or services to any consumer."  Cal. Civ. Code § 1770(a).  Because

9  Google Search is not a "good" or "service," nor is Plaintiff a "consumer" engaged in a

10  "transaction," the CLRA does not apply.  Even if the CLRA were to apply, Plaintiff's claim also

11  fails because Plaintiff has not alleged facts sufficient to establish reliance or damage, and

12  therefore lacks standing to bring a CLRA claim.

13          1.          The CLRA Is Inapplicable To The Facts Alleged In The Complaint.

14          Search is not a "good," under the CLRA, which defines "goods" as tangible chattels.  Cal.

15  Civ. Code § 1761(a).  A computer website is intangible, and therefore is excluded from the

16  CLRA's express limitation of "goods" to tangible chattels.  *See Ferrington v. McAfee, Inc.*,

17  No. 10-CV-01455-LHK, 2010 WL 3910169, at *18-19 (N.D. Cal. Oct. 5, 2010) (holding that

18  software is not considered "tangible chattels" under the CLRA); *see also Ward Gen. Ins. Servs.,

19  Inc. v. Employers Fire Ins. Co.*, 114 Cal. App. 4th 548, 556 (2003) (holding that a database stored

20  on a computer is not "physical" or "tangible").  Nor is Google Search a "service" for purposes of

21  the CLRA, because it involves no work or labor, nor any repair to a chattel.  *See Ferrington*, 2010

22  WL 3910169, at *19 (software is generally considered not a service for CLRA purposes); Cal.

23  Civ. Code § 1761(b) (defining service as "work, labor, and services"); *cf. Fairbanks v. Superior

24  Court*, 46 Cal. 4th 56, 61 (2009) (holding that life insurance is not a "service" within the meaning

25  of the CLRA).

26          In addition, a CLRA claim may only be brought by a "consumer" engaged in a

27  "transaction" with the defendant.  "Consumer" is defined as "an individual who seeks or acquires,

28  ***by purchase or lease***, any goods or services for personal, family, or household purposes."  Cal.

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

Civ. Code § 1761(d) (emphasis added).  Thus, both the "consumer" and "transaction" elements of the CLRA require that Google's conduct involve a sale (or purchase) or lease, or an intent to engage in a purchase or lease, of Search.  Plaintiff does not (and cannot) allege that she paid any money or consideration for Search.  The reason is simple:  Search is free.  Although neither "sale" nor "lease" is defined by the CLRA, the commonsense dictionary definitions of those terms support the conclusion that Plaintiff neither purchased nor leased Search.  *Padilla v. Lever*, 463 F.3d 1046, 1058 (9th Cir. 2006) (referring to Black's Law Dictionary to define a term undefined in the statute); *Black's Law Dictionary* (9th ed. 2009) (defining "sale" as "[t]he transfer of property or title for a price," which must be "in money paid or promised"); *id.* (defining "lease" as a contract by which the rightful possessor of real or personal property "conveys the right to use that property in exchange for consideration").  Because Plaintiff does not and cannot allege that she sought to or did purchase or lease Search, she is not a "consumer" and is not involved in a "transaction."  Thus, the CLRA claim must be dismissed.  *See, e.g.*, *Schauer v. Mandarin Gems of Cal., Inc.*, 125 Cal. App. 4th 949, 960 (2005) (holding non-purchaser of a ring was not a "consumer" under CLRA); *see also Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1558 (2007) (holding that transfer of title and payment of escrow fees was not a "transaction" under the CLRA that resulted in a purchase or lease of goods or services).

2.  Plaintiff Fails To Allege Reliance Or Damage As Is Required By The CLRA.

Plaintiff also fails to allege reliance or damage, which are necessary elements of a CLRA claim.  The CLRA has a "stringent standing requirement, in that class representatives must show actual causation and reliance," particularly when the claim sounds in fraud.  *In re Actimmune Mktg. Litig.*, No. C 08-02376-MHP, 2009 WL 3740648, at *16 (N.D. Cal. Nov. 6, 2009); *see also Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 810 (2007) (finding that "plaintiffs asserting CLRA claims sounding in fraud must establish that they actually relied on the relevant representations or omissions"), *rev'd on other grounds by Kwikset Corp. v. Superior Court*, --- Cal. 4th ----, No. S171845, 2011 WL 240278 (Cal. Jan. 11, 2011).  Here, the CLRA claim plainly sounds in fraud (*see, e.g.*, Compl. ¶ 101 ("Google . . . deceptively induc[ed] Plaintiff and the

1   Subclass to submit search queries . . . based upon deceptive and misleading representations.")),

2   yet Plaintiff fails to allege that she relied on any specific misleading statements at the time she

3   purportedly used Google Search.

4         Plaintiff also fails to establish "any damage" as is required under the CLRA.  Cal. Civ.

5   Code § 1780(a).  To have standing under the CLRA, Plaintiff must allege that she has suffered

6   "any damage" as a result of some unlawful practice.  *See Meyer v. Sprint Spectrum L.P.*, 45 Cal.

7   4th 634, 641 (2009) ("[I]n order to bring a CLRA action, not only must a consumer be exposed to

8   an unlawful practice, but some kind of damage must result.").  Allegations of speculative harm

9   cannot satisfy this threshold requirement, even if the alleged harm **would** constitute "any damage"

10  if it actually occurred.  *Id.* at 643 (declining to extend the "any harm" requirement to cover

11  "situations in which an allegedly unlawful practice under the CLRA has not resulted in some kind

12  of tangible increased cost or burden to the consumer").  As discussed in Section I, while Plaintiff

13  generically alleges that she has "suffered harm" (Compl. ¶ 102), she fails to identify any harm

14  other than merely speculative harm (*see id.* ¶¶ 58-61), and therefore she lacks standing under the

15  CLRA.

16         C.      The Complaint Fails To State A Claim Under The FAL And UCL.

17                 1.      Plaintiff Lacks Standing Under The FAL And UCL Because She Fails To
18                         Allege Any Injury.

19         Not only do Plaintiff's conclusory allegations of harm fail to establish Article III standing,

20  as explained *supra* in Section I, they also fail to meet the stringent standing requirements of the

21  UCL and FAL.  Under those statutes, Plaintiff must allege that she has "suffered injury in fact and

22  . . . lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code

23  §§ 17204, 17535; *Kwikset*, 2011 WL 240278, at *5 (requiring "loss or deprivation of money or

24  property").  Thus, Plaintiff must show that she lost "money or property" to establish that she has

25  standing.  *Kwikset*, 2011 WL 240278, at *19 ("[A] private plaintiff filing suit now must establish

26  that he or she has personally suffered such harm."); *Birdsong*, 590 F.3d at 959-60 (holding that

27  hypothetical injury was insufficient to establish standing under the UCL).

28  ///

1       Plaintiff merely alleges a hypothetical injury for her FAL and UCL claims.  At most, she

2    alleges "the public disclosure of [her] private information."  (Compl. ¶¶ 107, 118.)  Such alleged

3    harm is insufficient because the unauthorized release of personal information does ***not*** constitute

4    a "loss of property" for the purposes of satisfying the UCL's standing requirements.  *See Ruiz v.*

5    *Gap, Inc.*, 540 F. Supp. 2d 1121, 1127 (N.D. Cal. 2008) (dismissing UCL claim and rejecting

6    plaintiff's allegations that unauthorized release of personally identifying information constitutes a

7    "loss of property"); *Thompson v. Home Depot, Inc.*, No. 07-cv-1058-IEG(WMc), 2007 WL

8    2746603, at *3 (S.D. Cal. Sept. 18, 2007) (rejecting plaintiff's argument that personal information

9    constitutes "property" under the UCL).  Plaintiff alleges no economic injury, as is required for

10   statutory standing.  *Kwikset*, 2011 WL 240278, at *6.  Therefore, she lacks standing to bring a

11   UCL claim.  And because the UCL and FAL contain identical standing requirements, the failure

12   to satisfy the UCL's standing requirements is necessarily fatal to a finding of standing under the

13   FAL as well.  *See, e.g.*, *Buckland*, 155 Cal. App. 4th at 819; *Actimmune*, 2009 WL 3740648,

14   at *15.

15             2.     The FAL And UCL Claims Fail To Allege Reliance.

16       Plaintiff also fails to allege reliance, a necessary element of claims under the FAL and

17   UCL.  *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009) (the UCL "imposes an actual reliance

18   requirement on plaintiff's prosecuting a private enforcement under the UCL's fraud prong");

19   *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) (dismissing plaintiffs'

20   UCL and FAL claims because of their "fail[ure] to allege that they actually relied on false or

21   misleading advertisements"); *Pfizer, Inc. v. Superior Court*, 182 Cal. App. 4th 622, 630 (2010)

22   (putative class representatives "must demonstrate *actual reliance* on the allegedly deceptive or

23   misleading statements, in accordance with well-settled principles regarding the element of

24   reliance in ordinary fraud actions." (emphasis in original)).  Plaintiff does not allege that she

25   relied on any misrepresentation or omission by Google.  Her FAL and UCL claims fail for this

26   reason as well.

27   ///

28   ///

3. <u>Plaintiff's UCL Claim Also Fails Because The Alleged Disclosure Of Information Does Not Constitute False Advertising Or "Unfair," "Unlawful," Or "Fraudulent" Business Practices.</u>

Plaintiff also fails to state a claim under the UCL for the independent reason that the alleged disclosure of search terms in Referrer Headers is not an "unlawful," "unfair," or "fraudulent" business practice, as those terms have been defined.  Plaintiff has not pled facts sufficient to establish a claim under any of these three prongs of the UCL.

a. <u>Plaintiff's Allegations Do Not Establish That Google Has Acted "Unlawfully" In Violation Of The UCL.</u>

Under the "unlawful" prong, Plaintiff alleges four predicate violations by Google:  the SCA, the CLRA, the FAL, and California Business and Professions Code § 22575.  A claim under the "unlawful" prong of the UCL requires factual allegations to support the statutory elements of the alleged predicate violations.  *See Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL 1635931, at *16 (N.D. Cal. June 5, 2009).  To the extent that Plaintiff bases her "unlawful" claim on a violation of the SCA, an SCA violation cannot serve as a predicate for a UCL violation because, as discussed in Section II.A, above, the SCA is "the only judicial remed[y] and sanction[]" available for violations of that statute.  *See* 18 U.S.C. § 2708.  To the extent Plaintiff bases her "unlawful" claim on violations of the CLRA and FAL, those claims fail for the reasons provided in Sections I and II.B-C, above.  *See, e.g.*, *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009) (rejecting claim under "unlawful" prong of UCL where court dismissed all of plaintiff's predicate violations); *Stearns*, 2009 WL 1635931, at *16 (same).  In addition, Plaintiff does not allege facts sufficient to satisfy the intent requirement of the FAL.  Inherent in an FAL claim is the "intent not to sell" the subject property or services as advertised.  Cal. Bus. & Prof. Code § 17500.  An intent not to sell something as advertised requires, of course, an intent to sell the thing in the first instance.  No such allegation exists.  As noted in Section II.B.1, Google Search is not, and is not alleged to be, for sale.

Plaintiff also cannot base her "unlawful" UCL claim on a violation of California Business and Professions Code § 22575.  That statute requires any commercial website or online service that collects personally identifiable information (PII) about individual California consumers to

1   conspicuously post a privacy policy on its website that, among other things, identifies the

2   categories of PII collected and the categories of third-party persons or entities with whom the

3   operator may share that PII.  Cal. Bus. & Prof. Code § 22575.  Plaintiff fails to "state with

4   reasonable particularity the facts supporting the statutory elements" of an alleged violation of that

5   statute.  *See Stearns*, 2009 WL 1635931, at *16 (citing *Silicon Knights, Inc. v. Crystal Dynamics,*

6   *Inc.*, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997)).  Indeed, the Complaint acknowledges that (1)

7   Google has a privacy policy; (2) the policy identifies categories of personal information collected;

8   and (3) the policy identifies third parties with whom such personal information is shared and the

9   circumstances under which such sharing occurs.  (Compl. ¶¶ 19-20.)

10          Accordingly, Plaintiff fails to state a claim under the "unlawful" prong of the UCL.

11                      b.      Plaintiff's Allegations Do Not Establish That Google Has Acted
                                "Unfairly" In Violation of the UCL.
12

13          Plaintiff also fails to state a claim under the "unfair" prong of the UCL.  Several recent

14   state-court decisions focus on the guidelines set forth by the Federal Trade Commission.  *See*

15   *Davis v. Ford Motor Credit Co.*, 179 Cal. App. 4th 581, 596-97 (2009) (examining whether

16   consumer injury is (1) substantial; (2) not outweighed by any countervailing benefits to

17   consumers or competition; and (3) an injury that consumers themselves could not reasonably have

18   avoided).  Other decisions have employed a "tethering" test, which requires that the underlying

19   offense violates a public policy that is "tethered to specific constitutional, statutory, or regulatory

20   provisions," while some others employ an older, more amorphous balancing test, which requires

21   "weighing the utility of the defendant's conduct against the gravity of the harm to the alleged

22   victim."  *See Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010).  For

23   purposes of this motion, this Court need not determine the most appropriate test because

24   Plaintiff's claim fails under any of the tests.

25          The California Supreme Court has cautioned that, in construing a claim under the unfair

26   prong of the UCL, "[c]ourts may not simply impose their own notions of the day as to what is fair

27   or unfair."  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).

28   Likewise, a court in this District has cautioned that if the "unfairness" under the UCL is not

- 16 -

1  "tethered to some legislative policy," courts would be invited to "roam across the landscape of

2  consumer transactions picking and choosing which they like and which they dislike."  *Van Slyke*

3  *v. Capital One Bank*, No. C 07-00671 WHA, 2007 WL 3343943, at *11 (N.D. Cal. Nov. 7, 2007).

4        This is exactly what Plaintiff asks this Court to do in this case.  Google made disclosures

5  that set forth that search terms are embedded in URLs:  "'[S]erver logs' typically include your

6  web request, Internet Protocol address, browser type, browser language, the date and time of your

7  request and one or more cookies that may uniquely identify your browser.  Here is an example . . .

8  http://www.google.com/search?q=cars is the requested URL, ***including the search query***."

9  (Niehaus Decl., Ex. 2 at 4-5 (emphasis added).)   Plaintiff thus cannot maintain a UCL claim

10  premised on the allegation that Google acted unfairly "by gaining control over and divulging to

11  third parties its users' search queries without their consent and under false pretenses."  (Compl.

12  ¶ 117.)  While Plaintiff may be of the view that Google should have given users more prominent

13  or detailed disclosures regarding web browsers' standard function of disclosing Referrer Header

14  information, her personal desire for even greater disclosure as a matter of law fails to render the

15  current disclosures inadequate and Google's practices unfair.  (*See* Niehaus Decl., Ex. 1 at 2-3

16  ("[Google does] not exercise control over the sites displayed as search results . . . . These other

17  sites may . . . collect data . . . from you.").)

18                  c.      Plaintiff's Allegations Do Not Establish That Google Has Acted
                            "Fraudulently" In Violation Of The UCL.
19

20        Plaintiff also fails to state a claim under the "fraudulent" prong of the UCL.  Claims

21  brought under this prong of the UCL must be pled with particularity under Federal Rule of Civil

22  Procedure 9(b).[4]  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003);

23  *Fortaleza v. PNC Fin. Servs. Grp., Inc.*, 642 F. Supp. 2d 1012, 1020 (N.D. Cal. 2009).  Plaintiff's

24  allegations do not satisfy the heightened particularity standard.  In particular, Plaintiff fails to

25  allege what (if any) Google statements or representations she read.  Moreover, as noted in Section

26  II.C.2., above, Plaintiff never alleges that she (or any class member) relied on any alleged

27  _____

28  [4] Plaintiff's CLRA claim also is subject to—and for the same reasons fails to meet—Rule 9(b)'s
    heightened pleading standard because it is grounded in fraud.  *See Kearns v. Ford Motor Co.*, 567
    F.3d 1120, 1125 (9th Cir. 2009).

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

1   representations by Google.  (*See* Compl. ¶ 116.)  Nor does Plaintiff allege specific facts

2   concerning the damages she purportedly suffered as a result of Google's fraudulent conduct.  (*See*

3   *id.* ¶ 118.)  Plaintiff's personalized factual allegations are almost entirely limited to the fact that

4   she has "conducted 'vanity searches'" and that she has "clicked on links contained in Google's

5   search results."  (*Id.* ¶ 6.)  Those allegations fail to meet Rule 9(b)'s requirement of pleading with

6   particularity facts sufficient to establish a violation of the "fraudulent" prong of the UCL.

7          D.      Plaintiff's Fraud Causes Of Action Fail As A Matter Of Law For Many Reasons.

8          Plaintiff has not alleged sufficient facts to state a claim for violations of Civil Code

9   §§ 1572 and 1573, which define actual and constructive fraud in the formation of contracts.  A

10  claim for actual fraud requires (1) representation; (2) falsity; (3) knowledge of falsity; (4) intent to

11  deceive; and (5) reliance and resulting damage.  *Warren v. Merrill*, 143 Cal. App. 4th 96, 110

12  (2006).  A claim for constructive fraud requires (1) a breach of duty by one in a confidential or

13  fiduciary relationship; (2) by gaining an advantage by misleading another to his prejudice;

14  (3) with actual and justifiable reliance; and (4) resulting damage.  *Tyler v. Children's Home*

15  *Soc'y*, 29 Cal. App. 4th 511, 548 (1994).

16         As a threshold matter, Plaintiff failed to plead her fraud claims with the particularity

17  required by Rule 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

18  Plaintiff has failed to plead facts showing any intent to defraud, or any harm or damage resulting

19  from the alleged actual or constructive fraud.  Additionally, Plaintiff alleges no facts to show that

20  she relied on any alleged misrepresentations or nondisclosures when making her decision to use

21  Google Search.  There is no allegation that Plaintiff even read Google's alleged representations.

22  The absence of facts on these elements requires dismissal under Rule 9(b).

23         In addition, Civil Code Section 1572's prohibition against actual fraud does not apply to

24  the facts alleged against Google.  Section 1572 applies only to fraud "committed by a party to the

25  ***contract*** . . . with the intent to deceive another party thereto, or to induce him to enter into the

26  contract."  Cal. Civ. Code § 1572 (emphasis added); *see also Wilkins v. Nat'l Broad. Co.*, 71 Cal.

27  App. 4th 1066, 1083-84 (1999) (section 1572 limited to acts committed by party to a contract);

28  *Masters v. San Bernardino Cnty. Emps. Ret. Ass'n*, 32 Cal. App. 4th 30, 41 (1995) (same);

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

1    *Hashimoto v. Clark*, 264 B.R. 585, 597 (D. Ariz. 2001) (applying California law) (same).  Thus,

2    "[t]o establish fraud under § 1572, the promisor and promisee must both be parties to a contract."

3    *Beijing Tong Ren Tang (USA), Corp. v. TRT USA Corp.*, No. C-09-00882 RMW, 2010 WL

4    890048, at *2 (N.D. Cal. Mar. 8, 2010).  Plaintiff has not alleged facts sufficient to show that the

5    Google Privacy Policy constitutes a contract.  Plaintiff makes a conclusory legal assertion that

6    "Google's Privacy Policy constitutes a valid and enforceable agreement with Plaintiff" (Compl.

7    ¶ 129), but she alleges no facts that she actually entered into a contract with Google or that any

8    consideration was given, and instead tries to premise a claim on Google's unilateral statements of

9    policy.  *See Beverage Distribs., Inc. v. Olympia Brewing Co.*, 440 F.2d 21, 29 (9th Cir. 1971)

10   (statement of policy does not constitute a contract); *see also Dyer v. Nw. Airlines Corp.*, 334 F.

11   Supp. 2d 1196, 1200 (D.N.D. 2004) (broad statements of company policy do not give rise to

12   contract claims).  This assertion of a legal conclusion is insufficient to meet the pleading standard

13   in *Twombly* and *Iqbal*.  Since there was no contract between Google and Plaintiff, she has no

14   cause of action under Section 1572.

15        The factual allegations also do not satisfy the elements of constructive fraud under

16   Section 1573.  Constructive fraud "arises on a breach of duty by one in a confidential or fiduciary

17   relationship to another which induces justifiable reliance by the latter to his prejudice."  *Patriot*

18   *Scientific Corp. v. Korodi*, 504 F. Supp. 2d 952, 966 (S.D. Cal. 2007) (quoting *Tyler*, 29 Cal.

19   App. 4th at 548); *see also C.A. v. William S. Hart Union High Sch. Dist.*, 189 Cal. App. 4th 1166,

20   1176 (2010) ("Constructive fraud is a unique species of fraud applicable only to a fiduciary or

21   confidential relationship.") (citation omitted).  As a matter of law, Plaintiff does not and cannot

22   allege facts to show that Google and Plaintiff somehow have a fiduciary relationship.  Inherent in

23   a fiduciary relationship is the duty of loyalty the fiduciary owes to its beneficiary, imposing on

24   the fiduciary obligations far more stringent than those required of ordinary contractors.  *Wolf v.*

25   *Superior Court*, 107 Cal. App. 4th 25, 30 (2003) (listing examples of fiduciary relationships in

26   the commercial context, such as trustee/beneficiary, business partners, joint venturers, directors

27   and majority shareholders); *see also Berryman*, 152 Cal. App. 4th at 1558 (a commercial

28   relationship alone does not give rise to fiduciary relationship).  Likewise, Plaintiff has not alleged

- 19 -

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

1   facts that show the existence of a "confidential relationship" recognized under the law.  *See, e.g.*,

2   *Tyler*, 29 Cal. App. 4th at 549 ("A confidential relation exists between two **persons** when one has

3   gained the confidence of the other and purports to act or advise with the other's interest in mind."

4   (emphasis added)).  Google did not create a confidential relationship with Plaintiff—or the

5   millions of other Google Search users—when it processed her search queries.  Because Plaintiff

6   and Google do not have a fiduciary or confidential relationship, the cause of action for

7   constructive fraud must be dismissed on this independent ground.

8          E.      Plaintiff Has Failed To Allege Facts Sufficient To Support Her Privacy Claim.

9          Plaintiff does not state a cause of action for public disclosure of private facts either.  To

10   state such a claim, Plaintiff must plead sufficient facts to establish that there was (1) public

11   disclosure, (2) of a private fact, (3) which would be offensive and objectionable to the reasonable

12   person, and (4) which is not of legitimate public concern.  *Shulman v. Grp. W Prods., Inc.*, 18

13   Cal. 4th 200, 214 (1998).  The absence of any of these elements bars liability.  *Moreno v. Hanford*

14   *Sentinel, Inc.*, 172 Cal. App. 4th 1125, 1130 (2009).

15          It is well-established that "there can be no privacy with respect to a matter which is

16   already public" and that "there is no liability when the defendant merely gives further publicity to

17   information about the plaintiff which is already public or when the further publicity relates to

18   matters which the plaintiff leaves open to the public eye."  *Sipple v. Chronicle Publ'g Co.*, 154

19   Cal. App. 3d 1040, 1047 (1984).  Besides generalized statements regarding the potential

20   disclosure of unspecified users' "private information" (Compl. ¶¶ 95, 107, 118, 124) and

21   hypothetical statements regarding information that could be disclosed (*id.* ¶¶ 3, 17), the **only**

22   identified "private fact" that was allegedly disclosed is Plaintiff's name.[5]  (*Id.* ¶ 6.)  But for

23   purposes of this tort, an individual's name is not a "private fact."  *Forsher*, 26 Cal. 3d at 812-13

24   (affirming that plaintiff failed to state a claim for public disclosure of private fact where

25   plaintiff's name was disclosed in book); *Lorenzo v. United States*, 719 F. Supp. 2d 1208, 1215

26

27   [5] The allegation that Plaintiff searched the names of others, like her family members, does not
    give her a right of action.  "It is well settled that the right of privacy is purely a personal one; it
28   cannot be asserted by anyone other than the person whose privacy has been invaded."  *Flynn v.
    Highman*, 149 Cal. App. 3d 677, 683 (1983).

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

1    (S.D. Cal. 2010); *cf. Tecza v. Univ. of S.F.*, No. C 09-03808 RS, 2010 WL 1838778, at *2 (N.D.

2    Cal. May 3, 2010) (finding that facts that are readily observable are not private).

3         In addition, Plaintiff's claim fails because it does not sufficiently allege **public** disclosure.

4    Plaintiff's bald assertion that Google's conduct constituted a public disclosure (*see* Compl.

5    ¶¶ 123-124) is belied by her other allegations.  At most, Google allegedly disclosed Plaintiff's

6    search query to the particular webmaster of the website that Plaintiff selected from the results

7    page and that she thus visited.  (*See id.* ¶ 38.)  In other words, the entity that learned of Plaintiff's

8    search query was the entity that she visited based on that search.  This does not constitute

9    "public" disclosure.  The Restatement defines public disclosure as communication to the "public

10   at large, or to so many persons that the matter must be regarded as substantially certain to become

11   one of public knowledge," further noting "it is not an invasion to communicate a fact concerning

12   the plaintiff's private life to a single person or even to a small group of persons."  Restatement

13   (Second) of Torts § 652D cmt. a; *see also Jermy v. Jones*, No. 99-35044, 2000 WL 1685031, at

14   *2 (9th Cir. Nov. 9, 2000) (noting that "publicity" for invasion of privacy purposes is a higher

15   standard than "publication" for defamation purposes, which requires only communication with a

16   third person).  This tort "must be accompanied by publicity in the sense of communication to the

17   public in general or to a large number of persons distinguished from one individual or a few."

18   *Schwartz v. Thiele*, 242 Cal. App. 2d 799, 805 (1966) (citation omitted).  Here, the requisite

19   allegation of publicity is absent.

20         Additionally, Plaintiff has failed to allege that the disclosure of Plaintiff's name

21   constitutes the kind of disclosure that would be offensive and objectionable to the reasonable

22   person.  To the contrary, this tort protects against the disclosure of intimate details that would

23   cause mental suffering, shame or humiliation if disclosed.  *See Taus v. Loftus*, 40 Cal. 4th 683,

24   717-18 (2007) (expressing doubt that statements that individual engaged in "destructive behavior"

25   or that individual had served in the Navy constituted disclosures that would be offensive and

26   objectionable to the reasonable person); *Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118, 1125 (N.D.

27   Cal. 2002) (holding that, as a matter of law, disclosure of the fact that plaintiff kissed someone is

28   not offensive or objectionable to the reasonable person).  Plaintiff has not alleged sufficient facts

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW

1   to conclude that she suffered disclosure of information that would be offensive and objectionable

2   to the reasonable person.

3          F.        Plaintiff Cannot State A Claim For Unjust Enrichment.

4          Plaintiff's claim for unjust enrichment fails as a matter of law because no cause of action

5   for unjust enrichment exists under California law.   *See Jogani v. Superior Court*, 165 Cal. App.

6   4th 901, 911 (2008) ("[U]njust enrichment is not a cause of action."); *McKell v. Wash. Mut., Inc.*,

7   142 Cal. App. 4th 1457, 1490 (2006) (same); *Melchior v. New Line Prods., Inc.*, 106 Cal. App.

8   4th 779, 793 (2003) (same).  As one court explained, "unjust enrichment is not a cause of action

9   . . . or even a remedy, but rather a general principle, underlying various legal doctrines and

10  remedies." *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) (quoting *Melchior*, 106 Cal.

11  App. 4th at 793).  Plaintiff's claim for unjust enrichment therefore is not viable under California

12  law.

13         Furthermore, Plaintiff has failed to properly plead an entitlement to restitution based on

14  the allegation that Google has been "unjustly enriched."  "Under the law of restitution, '[a]n

15  individual is required to make restitution if he or she is unjustly enriched ***at the expense of***

16  ***another***." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) (emphasis added)

17  (internal citations omitted).  Plaintiff does not—and cannot—allege that any "benefit" was

18  conferred upon Google at *any expense* to Plaintiff.  Plaintiff's conclusory allegation that Google

19  "received and retained valuable information belonging to Plaintiff" (Compl. ¶ 134) is empty of

20  facts—Plaintiff has not identified this information or alleged that Plaintiff lost any value in it.

21  Therefore, Plaintiff has failed to establish entitlement to restitution, and her unjust enrichment

22  claim cannot be saved by viewing it as a mis-pled claim for restitution.

23                                      **CONCLUSION**

24         Google respectfully requests that the Court dismiss each cause of action in Plaintiff's

25  Complaint with prejudice.

26      Dated:   February 10, 2011                O'MELVENY & MYERS LLP

27                                          By:_____/s/ Randall W. Edwards_____
                                                   Randall W. Edwards
28                                          Attorneys for Defendant Google Inc.

GOOGLE INC.'S MOTION TO DISMISS
5:10-CV-04809-JW