IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Paloma Gaos, | NO. C 10-04809 JW |
| Plaintiff, v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| Google, Inc., | |
| Defendant. | |

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. (hereafter, "Motion," Docket Item No. 19.) The Court finds it appropriate to take the Motion under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Defendants' Motion to Dismiss.

**A.     Background**

In a Complaint[1] filed on October 25, 2010, Plaintiff alleges as follows:

Plaintiff is a resident of San Francisco County, California. (Complaint ¶ 6.) Defendant is a Delaware corporation that maintains its headquarters in Mountain View, California. (Id.) Defendant conducts business throughout California and the nation. (Id.)

Defendant's primary business enterprise centers on its proprietary search engine. (Complaint ¶ 13.) Defendant runs millions of servers around the world and processes over one billion user-generated search requests every day. (Id.) Defendant generates substantial

---

[1] (Class Action Complaint, herafter, "Complaint," Docket Item No. 1.)

1  profits from selling advertising. (Id.) Defendant is able to operate its search engine more
2  efficiently by analyzing user search data and Defendant benefits from Search Engine
3  Optimization ("SEO") companies who also use this data to better target their websites to
4  particular user search terms. (Id. ¶ 16.)

5  Since the launch of Defendant's search service, and continuing until the present,
6  Defendant's search engine has intentionally included the search terms in the URL of the
7  search results page. (Complaint ¶¶ 37, 41.) Neither Defendant's search technology nor the
8  technological architecture of the Internet requires Defendant divulge these search terms.
9  (Id.) As a result of the search terms being included in the URL, when a user of Defendant's
10 search service clicks on a link from Defendant's search results page, the owner of the
11 website that the user clicks on will receive the user's search terms in the Referrer Header
12 from Defendant. (Id.) Several web analytics services parse the search query information
13 from web server logs, or otherwise collect the search query from the Referrer Header
14 transmitted by each visitor's web browser. (Id. ¶ 39.) Defendant's own analytics products
15 provide webmasters with this information in the aggregate. (Id.)

16 Search terms could be linked together with the identity of the user through the
17 process of "reidentification," either by linking the terms with the user's IP address, which is
18 also sometimes released with the clicked link; with any cookies stored on the user's
19 computer; or with "vanity searches," where the user searches for their own name.
20 (Complaint ¶¶ 31, 70-73.)

21 On the basis of the allegations outlined above, Plaintiff alleges seven causes of action: (1)
22 Violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510; (2) Violation
23 of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; (3) Violation of Cal. Bus. &
24 Prof. Code §§ 17500, *et seq.*; (4) Violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (5) Public
25 Disclosure of Private Facts; (6) Violation of Cal. Civ. Code §§ 1572, 1573; and (7) Unjust
26 Enrichment. (See Complaint.)

27
28

2

### B. Standards

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a motion to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). On a facial challenge, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. See Wolfe, 392 F.3d at 362; Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject-matter jurisdiction." Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). However, in the absence of a full-fledged evidentiary hearing, disputes in the facts pertinent to subject-matter are viewed in the light most favorable to the opposing party. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996). The disputed facts related to subject-matter jurisdiction should be treated in the same way as one would adjudicate a motion for summary judgment. Id.

### C. Discussion

Defendant moves to dismiss Plaintiff's Complaint on the grounds that: (1) Plaintiff fails to allege injury-in-fact sufficient to establish Article III standing; (2) Plaintiff's state law claims are preempted by the Stored Communications Act ("SCA"); (3) Plaintiff's Consumer Legal Remedies Claim ("CLRC") is inapplicable as the alleged transaction does not involve the "sale or lease of goods to any consumer," as required by Cal. Civ. Code § 1770(a); (4) Plaintiff fails to allege facts sufficient to meet the stringent standing requirements of her Unfair Competition Laws ("UCL") and False Advertising Laws ("FAL"), further Plaintiff fails to state a claim under these statutes; (5) Plaintiff fails to plead public disclosure of private facts sufficient to state a claim for common law

3

1 violation of privacy; (6) Plaintiff's cause of action for Unjust Enrichment fails as there is no such
2 cause of action under California law. (Motion at 5-22.) Plaintiff responds that dismissal is improper
3 as: (1) alleging violation of Plaintiff's statutory rights under the SCA is sufficient to establish Article
4 III standing; (2) Plaintiff has alleged actual harm through the disclosure of her private information
5 sufficient to convey standing for her state law claims; (3) Defendant's citation to a provision of the
6 SCA as an express preemption clause misinterprets the provision, which is solely intended to
7 address the exclusionary rule; (4) Plaintiff pleads her fraud claims with sufficient particularity to
8 satisfy Rule 9(b); (5) Plaintiff alleges that Defendant disclosed her private search queries, which is
9 sufficient to state a claim for common law privacy violation; (6) California law does, in fact,
10 recognize a cause of action for unjust enrichment. (Opp'n at 6-20.)

11 Because the issue of whether Plaintiff's allegations are sufficient to convey Article III
12 standing may be dispositive, the Court addresses it first.

13 To satisfy the standing requirements of Article III, a plaintiff must show that she has suffered
14 an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural
15 or hypothetical. Gest v. Bradbury, 443 F.3d 1177, 1181 (9th Cir. 2006) (citing Friends of the Earth
16 v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 180-81 (2000)). The injury required
17 by Article III can exist solely by virtue of "statutes creating legal rights, the invasion of which
18 creates standing." Edwards v. First Am. Corp., 610 F.3d 514, 517 (9th Cir. 2010) (quoting Warth v.
19 Seldin, 422 U.S. 490, 500 (1975)). In such cases, the "standing question . . . is whether the
20 constitutional or statutory provision on which the claim rests properly can be understood as granting
21 persons in the plaintiff's position a right to judicial relief." Id. (quoting Warth, 422 U.S. at 500)).
22 However, the requirements of Article III remain: "the plaintiff must still allege a distinct and
23 palpable injury to himself, even if it is an injury shared by a large class of other possible litigants."
24 Warth, 422 U.S. at 500.

25 Here, Plaintiff alleges in pertinent part:

26 Plaintiff has at all material times been a user of Google's search engine services
and has conducted "vanity searches," including searches for her actual name and the names
27 of her family members and has clicked on links contained in Google's search results.

28

4

(Complaint ¶ 6.) As alleged herein, Google has knowingly divulged the contents of communications of Plaintiff and members of the Class while those communications were in electronic storage on its service, in violation of 18 U.S.C. § 2702(a)(1). (Id. ¶ 93.) Plaintiff and members of the Class have suffered harm as a result of Google's violations of 18 U.S.C. § 2702. (Id. ¶ 95.)

Based on the allegations above, the Court finds that Plaintiff has failed to plead facts sufficient to establish Article III standing. While a plaintiff may establish standing through allegations of violation of a statutory right, Plaintiff has failed to plead facts sufficient to support a claim for violation of her statutory rights. In particular, Plaintiff failed to plead that she clicked on a link from the Google search page during the same time period that Defendant allegedly released search terms via referrer headers. Rather, Plaintiff's Complaint alleges that, at numerous times during the putative class period, Defendant ceased the practice of allowing search terms to pass through referrer headers either because of the implementation of a new technology or mere error. (Complaint ¶¶ 43-57.) Further, Plaintiff's conclusory allegations of disclosures of communications resulting in unspecified harm in violation of the ECPA, not supported by any facts, are insufficient to allege violation of Plaintiff's statutory rights. Thus, the Court finds that Plaintiff lacks Article III standing to assert her claims.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint without prejudice to Plaintiff to amend to add facts sufficient to establish Article III standing.

## C. Conclusion

The Court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint without prejudice. On or before **May 2, 2011**, Plaintiff shall file an Amended Complaint consistent with the terms of this Order.

Dated: April 7, 2011

JAMES WARE
United States District Chief Judge

5

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Bradley Michael Baglien bbaglien@edelson.com
Charles Hyunchul Jung cjung@nassiri-jung.com
3  Christopher Lilliard Dore cdore@edelson.com
Jean Bastian Niehaus jniehaus@omm.com
4  Kassra Powell Nassiri knassiri@nassiri-jung.com
Michael James Aschenbrener maschenbrener@edelson.com
5  Michael Patrick Dillingham mdillingham@nassiri-jung.com
Randall W. Edwards REdwards@omm.com

7  **Dated:  April 7, 2011**                            **Richard W. Wieking, Clerk**

                                                        **By:     /s/ JW Chambers**
                                                            **Elizabeth Garcia**
                                                            **Courtroom Deputy**