1  RANDALL W. EDWARDS (S.B. #179053)
   redwards@omm.com
2  SAMUEL ZUN (S.B. #264930)
   szun@omm.com
3  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
4  San Francisco, California  94111-3823
   Telephone:    (415) 984-8700
5  Facsimile:    (415) 984-8701

6  Attorneys for Defendant
   Google Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| PALOMA GAOS, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 5:10-cv-04809-EJD <br><br> **REPLY IN SUPPORT OF GOOGLE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> Hearing Date:  Oct. 28, 2011 <br> Time: 9:00 a.m. <br> Place: Courtroom 1, 5th Floor <br> Judge: Hon. Edward J. Davila |

**TABLE OF AUTHORITIES**

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

    I.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH STANDING UNDER ARTICLE III ............................................... 2

        A.    PLAINTIFF FAILS TO ESTABLISH ACTUAL OR IMMINENT HARM TO HERSELF ............................................................................ 2

        B.    PLAINTIFF'S SCA STANDING ARGUMENTS ALSO FAIL ................ 4

            1.    Plaintiff Overreaches In Her Attempt To Invoke Judicial Estoppel .......................................................................................... 4

            2.    Plaintiff's Discussion Of The Merits Of The SCA Claim Fails To Address Her Own Claim ................................................ 6

    II.    PLAINTIFF CANNOT AVOID THE CLEAR PREEMPTIVE LANGUAGE OF THE STORED COMMUNICATIONS ACT BY ARGUING ABOUT LEGISLATIVE HISTORY ............................................... 6

    III.    PLAINTIFF'S STATE CLAIMS REMAIN DEFICIENT ................................. 8

        A.    PLAINTIFF CANNOT SAVE HER STATE-LAW PRIVACY CLAIM ................................................................................................ 8

        B.    PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW ............................................................................. 9

            1.    Plaintiff Has Not Alleged Facts Sufficient To Establish That The Privacy Policy Is A Valid Contract ........................................ 9

            2.    Plaintiff Does Not Adequately Allege The Elements Of Breach and Damage ................................................................. 10

        C.    PLAINTIFF'S FRAUD-BASED CLAIMS AND NEGLIGENT MISREPRESENTATION CLAIM REMAIN DEFICIENT ..................... 11

            1.    Plaintiff's Opposition Fails To Identify Facts That Satisfy Rule 9(b) .................................................................................... 11

            2.    Plaintiff's Common-Law Misrepresentation Claims Also Fail For Other Reasons ................................................................. 11

            3.    Plaintiff's Claim Under Cal. Civ. Code § 1572 Fails .................... 12

            4.    Plaintiff Does Not Oppose Google's Motion Against Her Claim Under Cal. Civ. Code § 1573, Which Therefore Fails ....... 12

        D.    PLAINTIFF CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT ................................................................................ 13

CONCLUSION .................................................................................................................. 14

| | Page(s) |
|---|---|

**CASES**

*Bunnell v. Motion Picture Ass'n of Am.*,
  567 F. Supp. 2d 1148 (C.D. Cal. 2007) ............................................................................... 7

*Cent. Delta Water Agency v. United States*,
  306 F.3d 938 (9th Cir. 2002) ............................................................................................... 2

*City of Ontario, Cal. v. Quon*,
  130 S. Ct. 2619 (2010) ......................................................................................................... 7

*County of San Bernardino v. Walsh*,
  158 Cal. App. 4th 553 (2007) ............................................................................................ 13

*Daly v. Viacom, Inc.*,
  238 F. Supp. 2d 1118 (N.D. Cal. 2002) ............................................................................... 8

*Gonzales v. Google*,
  Case No. 06-MC-8006-JW (N.D. Cal.). (Opp. at 10:15-11:2.) ................................... 1, 4, 5

*Hirsch v. Bank of Am.*,
  107 Cal. App. 4th 708 (2003) ............................................................................................ 13

*In re Am. Airlines Privacy Litig.*,
  370 F. Supp. 2d 552 (N.D. Tex. 2005) .............................................................................. 10

*In re Facebook Privacy Litig.*,
  --- F. Supp. 2d ----, 2011 WL 2039995 (N.D. Cal. May 12, 2011) ................................ 6, 10

*In re Google Inc. Street View Elec. Commc'ns Litig.*,
  No. 10-md-02184, Order on MTD, at 22 (N.D. Cal. June 29, 2011) .................................. 7

*In re iPhone Application Litig.*,
  No. 11-MD-02250-LHK, Order Granting Motions to Dismiss, Docket No. 8, at 7
  (N.D. Cal. Sept. 20, 2011) ................................................................................................. 12

*In re JetBlue Airways Privacy Litig.*,
  379 F. Supp. 2d 299 (E.D.N.Y. 2005) ............................................................................... 10

*In re Nat'l Security Agency Telecomms. Records Litig.*,
  483 F. Supp. 2d 934 (N.D. Cal. 2007) ................................................................................. 7

*In re Nat'l Security Agency Telecomms. Records Litig.*,
  633 F. Supp. 2d 892 (N.D. Cal. 2007) ................................................................................. 7

*In re Software Toolworks, Inc. Sec. Litig.*,
  No. C-90-2906-FMS, 1991 WL 319033 (N.D. Cal. Jun. 17, 1991) ................................... 11

*Jogani v. Superior Court*,
　165 Cal. App. 4th 901 (2008) ................................................................................................ 12

*Krottner v. Starbucks Corp.*,
　628 F.3d 1139 (9th Cir. 2010) ............................................................................................ 2, 3

*McKell v. Wash. Mut., Inc.*,
　142 Cal. App. 4th 1457 (2006) .............................................................................................. 12

*McKinney v. Google, Inc.*,
　No. 10-cv-01177-EJD (PSG), 2011 WL 3862120 (N.D. Cal. Aug. 30, 2011) ................. 10, 13

*Melchior v. New Line Prods., Inc.*,
　106 Cal. App. 4th 779 (2003) ................................................................................................ 12

*Moreno v. Hanford Sentinel, Inc.*,
　172 Cal. App. 4th 1125 (2009) ................................................................................................ 8

*Mulato v. WMC Mortg. Corp.*,
　No. 09-03443-CW, 2010 WL 1532276 (N.D. Cal. Apr. 16, 2010) ......................................... 10

*Nabors v. Google, Inc.*,
　No. 10-cv-03897-EJD (PSG), 2011 WL 3861893 (N.D. Cal. Aug. 30, 2011) ................. 11, 13

*Peterson v. Cellco P'ship*,
　164 Cal. App. 4th 1583 (2008) .............................................................................................. 13

*Quon v. Arch Wireless Operating Co.*,
　529 F.3d 892 (9th Cir. 2008) ................................................................................................... 7

*Quon v. Arch Wireless Operating Co., Inc.*,
　445 F. Supp. 2d 1116 (C.D. Cal. 2006) ................................................................................... 7

*Romero v. Mortgage Co.*,
　No. 10-cv-05833-EJD, 2011 WL 2560252 (N.D. Cal. June 28, 2011) ................................... 13

*Ruiz v. Gap, Inc.*,
　622 F. Supp. 2d 908 (N.D. Cal. 2009) .............................................................................. 10, 12

*Samson v. NAMA Holdings, LLC*,
　637 F.3d 915 (9th Cir. 2011) ............................................................................................... 4, 5

*Schwartz v. Thiele*,
　242 Cal. App. 2d 799 (1966) ................................................................................................... 9

*Scott v. Pasadena Unified Sch. Dist.*,
　306 F.3d 646 (9th Cir. 2002) ................................................................................................... 2

*Shulman v. Grp. W Prods., Inc.*,
 18 Cal. 4th 200 (1998) .................................................................................................... 8

*Smith v. Trusted Universal Standards in Elec. Transactions, Inc.*,
 No. 09-4567, 2010 WL 1799456 (D.N.J. May 4, 2010) ............................................... 9

*State of Cal. v. Levi Strauss & Co.*,
 41 Cal. 3d 460 (1986) .................................................................................................. 13

*Suzlon Energy Ltd. v. Microsoft Corp.*,
 --- F.3d ----, 2011 WL 4537843 (9th Cir. Oct. 3, 2011) .............................................. 7

*Ward v. Taggart*,
 51 Cal. 2d 736 (1959) .................................................................................................. 13

*Warren v. Merrill*,
 143 Cal. App. 4th 96 (2006) ........................................................................................ 12

*Winter v. Chevy Chase Bank*,
 No. C-09-3187-SI, 2009 WL 3517619 (N.D. Cal. Oct. 26, 2009) ............................... 10

**STATUTES**

18 U.S.C. §§ 2510 *et seq.* ..................................................................................................... 4

18 U.S.C. § 2708 ............................................................................................................. 6, 7

Cal. Civ. Code § 1572 ........................................................................................................ 12

Cal. Civ. Code § 1573 ........................................................................................................ 12

# INTRODUCTION

Plaintiffs' Opposition ignores her failure to plead facts showing that she was harmed or faces the imminent threat of harm by Google's alleged practices. Plaintiff cannot establish standing by speculating about the risk of future harm to others. This was the core point of the Court's prior dismissal order, and Plaintiff's Opposition once again fails to address it. She does not dispute that her alleged searches on Google Search were only for her name and names of her family, and her allegation is simply that Google's Referrer Headers passed that information on to the websites she visited from Google's search result list. She cannot bootstrap her allegation about that admittedly non-private information into a concrete injury in fact. Similarly, her SCA claim fails because she still does not address to the absence of non-conclusory factual allegations establishing any alleged violation towards her.

The Opposition also fails to defeat Google's arguments against Plaintiff's state-law claims. Her argument against preemption simply ignores the dispositive statutory language. She also fails to address Google's authorities with respect to her privacy, fraud, and unjust enrichment claims. And, as in the FAC, she fails to identify any "contractual promise" that Google allegedly breached.

Plaintiff seeks to divert attention by arguing that Google is estopped because of its response to a government subpoena five years ago. Not so. The discrete disclosure that Plaintiff alleged in this case is very different from the government demand for extensive and aggregated search data that was at issue in the *Gonzales* case. Nothing Google argued in *Gonzales* comes close to an admission that Plaintiff has standing to bring a civil SCA claim or that a user's privacy interests are infringed by the routine transmission of Referrer Header information to a particular website that the user selects. This basic aspect of web browsers was never at issue in the *Gonzales* motion. Plaintiff's discussion of *Gonzales* is a bright red herring.

Because she has not adequately addressed Google's arguments, Plaintiff's claims cannot survive, and this action should be dismissed in its entirety.

# ARGUMENT

## I. PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH STANDING UNDER ARTICLE III.

In its previous dismissal order, the Court held that "Plaintiff's conclusory allegations of disclosures of communications resulting in unspecified harm in violation of the ECPA, not supported by any facts, are insufficient to allege violation of Plaintiff's statutory rights." (4/7/11 Order Granting Motion to Dismiss at 5, Docket No. 24.) In its motion to dismiss the FAC, Google argued that Plaintiff did not address this deficiency. Plaintiff's Opposition does not do so either. Instead, it focuses largely on arguments Google did not raise. When Plaintiff does respond to Google's actual arguments, she uses the same conclusory approach as the FAC itself. She cannot overcome the lack of sufficient factual allegations to establish standing here.

### A. PLAINTIFF FAILS TO ESTABLISH ACTUAL OR IMMINENT HARM TO HERSELF.

Google's motion established that the FAC alleged only speculative risk of some vague injury to anyone and no injury at all to Plaintiff herself. In her Opposition, Plaintiff concedes that Article III requires a plaintiff to have suffered injury in fact. (She identifies no actual injury that already has occurred. Thus, as her own authorities explain, Plaintiff must show a "***credible*** threat of harm" sufficient to establish actual injury for standing purposes. *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 950 (9th Cir. 2002) (emphasis added); *see also Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1142 (9th Cir. 2010). But the Opposition does not explain how the FAC's allegations establish that anyone, let alone Plaintiff, is "***immediately*** in danger of sustaining some ***direct*** injury as the result of the challenged . . . conduct." *Krottner*, 628 F.3d at 1142 (citing *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 656 (9th Cir. 2002)) (emphasis in original).

The actual facts alleged in the FAC (rather than the spin offered in the Opposition) differ greatly from the facts addressed in the authorities Plaintiff cites. (Opp. at 13.) The decision in *Doe 1 v. AOL, LLC*, for example, involved the public posting of aggregated search records of nearly 658,000 AOL members, "including their names, social security numbers, addresses, telephone numbers, credit card numbers, user names, passwords, and financial/bank account

information." 719 F. Supp. 2d 1102, 1105 (N.D. Cal. 2010).  The plaintiffs in that case further alleged that the data had actually been downloaded and reposted on multiple other websites. Under those factual allegations, the court held that plaintiffs faced a real and immediate threat of ongoing harm based on the continued dissemination of search queries.  *Id.* at 1109.  Likewise, in *Krottner*, the Ninth Circuit found that plaintiffs faced a "credible threat of real and immediate harm" where a laptop containing their unencrypted personal data—such as names, addresses, and social security numbers—had actually been stolen.  628 F.3d at 1143.  The court in *Krottner* expressly stated, however, that "if no laptop had been stolen, and Plaintiffs had sued based on the risk that it would be stolen at some point in the future—we would find the threat far less credible."  *Id.*

That type of "far less credible" speculative risk is what Plaintiff alleges here.  Both *Doe* and *Krottner* involved aggregated sets of personally-identifying information including names, addresses, and social security numbers that already had been publicly broadcast or stolen.  In contrast, Plaintiff invokes the "Science of Reidentification" to hypothesize that some entity, using data aggregated from sources other than Google, might be able to de-anonymize user search queries.  (FAC ¶¶ 60-75.)  She never alleges that any entity actually has de-anonymized any Google user's search queries, nor does even she allege that any entity actually has access to all of the data points necessary to de-anonymize user data.  (*See id.*).

Even more fundamentally, Plaintiff does not establish that *she* personally suffered any risk of disclosure of sensitive personal information.  That is the same essential deficiency that caused Judge Ware to dismiss the prior complaint.  Plaintiff's Opposition ignores that the FAC alleges only that she searched for her name or the names of family members.  (*Id.* ¶ 77.)  The factual allegations of the FAC do not support her argument that "she is at immediate and increased risk of direct injury."  (Opp. at 13:2-3.)  The series of FAC paragraphs she cites in support of this assertion do not relate to *her* information.  (*See* FAC ¶¶ 69-75.)

Because she identifies no allegations showing injury in fact to anyone—and in particular not to her—Plaintiff's standing arguments fail with respect to all her state-law claims.

### B. **PLAINTIFF'S SCA STANDING ARGUMENTS ALSO FAIL.**

Plaintiff makes two additional standing arguments specific to her SCA claim. First, she argues that Google should be judicially estopped from denying an SCA violation. She cannot satisfy the requirements for judicial estoppel, however, based on what actually happened in the prior *Gonzales* case. Second, Plaintiff argues that standing exists where there is a violation of the SCA. But reciting that general proposition does not address the specific deficiencies identified in the Court's prior dismissal order and in Google's Motion.

#### 1. **Plaintiff Overreaches In Her Attempt To Invoke Judicial Estoppel.**

Plaintiff argues that Google "should be judicially estopped from arguing that disclosure of search queries was not in violation of the ECPA"[1] based on arguments Google made over five years ago in *Gonzales v. Google*, Case No. 06-MC-8006-JW (N.D. Cal.). (Opp. at 10:15-11:2.) Her argument fails because it is premised on a misstatement of Google's positions in *Gonzales* and in this motion. Nothing Google said in that case estops Google's arguments here.

As Plaintiff notes, courts may invoke judicial estoppel to reject an argument after considering "(1) whether the party's later position is clearly inconsistent with its earlier position; (2) whether the party has successfully advanced the earlier position, such that judicial acceptance of an inconsistent position in the later proceeding would create a perception that either the first or the second court had been misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 935 (9th Cir. 2011). Another relevant consideration is "whether the party to be estopped acted inadvertently or with any degree of intent" to misrepresent to or commit fraud on the court. *Id.*

The facts at issue in *Gonzales* are quite distinct from this case. In *Gonzales*, Google opposed the federal government's motion to compel production of 50,0000 URLs and 5,000 search queries. 234 F.R.D. 674, 679 (N.D. Cal. 2006). Google made several arguments in support of its opposition, and Judge Ware recognized that Google "primarily argue[d] that the

---
[1] The SCA is part of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510 *et seq.*

1  information sought by the subpoena [was] not reasonably calculated to lead to evidence
2  admissible in the underlying litigation, and that the production of information is unduly
3  burdensome." *Id.* at 680.

4  Google also argued that there was a "substantial question" as to whether the disclosure to
5  the government of an aggregated sample of search queries invoked the procedures mandated by
6  the ECPA. (*See* Nassiri Decl., Ex. 1, Docket No. 33, at 18:21-23.) Google argued that it "should
7  not bear the burden and the risk of having to decide whether ECPA applies to this request." (*Id.*
8  at 19:9-11.) Thus, in *Gonzales*, Google focused on compelled disclosures of aggregated data to
9  the government. Google did not address standing of a civil plaintiff who allegedly ran searches
10 on her name and who claimed purely conjectural risk of future injury. Nor did Google express a
11 position in *Gonzales* as to whether the SCA applies to the discrete, targeted disclosures of search
12 terms in the Referrer Headers at issue in this case, or whether such disclosures would be
13 objectionable or offensive to a reasonable person.[2] Thus, Google's present SCA arguments are
14 not "clearly inconsistent" with Google's positions in *Gonzales*, as would be required to trigger
15 judicial estoppel. Plaintiff likewise unnecessarily states that Google should be barred from
16 arguing that an ECPA claim requires that "the disclosed information was personally identifiable,
17 sensitive, or stolen for purposes of identity theft." (*Cf.* Opp. at 10:17-19.) Google never made
18 that argument in this case.

19  In addition, judicial estoppel is inapplicable because the requisite "judicial acceptance"
20 element is not satisfied. In *Gonzales*, Judge Ware ultimately ordered Google to produce the URL
21 data. 234 F.R.D. at 688. He denied the government's request for search queries, but he did so
22 based on Google's "undue burden" argument. *Id.* at 686. The Court specifically "refrain[ed]
23 from expressing an opinion on the applicability of the [ECPA]." *Id.* at 688.

24  Finally, numerous cases have addressed the SCA in the five years since *Gonzales*, so any
25 arguments based on those later-decided cases could not, in any event, be inconsistent in an
26 manner that triggers judicial estoppel.

---

[2] The fact that Google never made such an argument in *Gonzales* also defeats Plaintiff's judicial estoppel argument with respect to her state-law privacy claim. (Opp. at 18:1-21.)

### 2. **Plaintiff's Discussion Of The Merits Of The SCA Claim Fails To Address Her Own Claim.**

Plaintiff also argues that she established standing by alleging the invasion of legal rights created by statute—in this case, the SCA. (Opp. at 6:21-22.) Some courts have found standing where a plaintiff alleged a direct connection to the statutory violation or where that plaintiff used a service where *all* users were allegedly injured. *E.g., In re Facebook Privacy Litig.*, --- F. Supp. 2d ----, 2011 WL 2039995, at *4 (N.D. Cal. May 12, 2011). Plaintiff thus points to allegations in the FAC that she ran searches during the relevant time period as "correct[ing] the deficiency in her original complaint as identified by the Court." (*Id.* at 6:8-9.)

Plaintiff's attempted correction did not address all of the deficiencies identified by the Court. Specifically, the FAC did not address the Court's concern that "conclusory allegations of disclosures of communications resulting in unspecified harm . . . not supported by any facts. . . are insufficient to allege violation of ***Plaintiff's*** statutory rights." (4/7/11 Order at 5 (emphasis added).) As discussed in Section I.B.1, above, Plaintiff's FAC still lacks any factual allegations of any legally-cognizable harm or "distinct and palpable injury" to her. She does not even allege facts showing her own lack of knowledge and consent, nor do any facts she alleges compel a finding that such an absence of consent necessarily existed with respect to *every* user. Her conclusory allegations remain as unsupported by facts as when rejected in the Court's prior order.

## II. PLAINTIFF CANNOT AVOID THE CLEAR PREEMPTIVE LANGUAGE OF THE STORED COMMUNICATIONS ACT BY ARGUING ABOUT LEGISLATIVE HISTORY.

Plaintiff's Opposition ignores the SCA's express language preempting state-law claims: "[t]he remedies and sanctions described in this chapter are the ***only*** judicial remedies and sanctions for nonconstitutional violations of this chapter." 18 U.S.C. § 2708 (emphasis added). The FAC undeniably alleged violations of "this chapter"—that is, the SCA. Thus, under the express Congressional mandate in Section 2708, Plaintiff cannot seek other judicial remedies for those same acts. Plaintiff's Opposition does not analyze (or even mention) the statutory language, instead arguing that the provision should be limited based on legislative history. Arguments about legislative history do not trump the plain language of a statute. The Ninth

- 6 -

REPLY ISO GOOGLE'S MTD FIRST AM.
COMPL. 5:10-CV-04809-EJD

1  Circuit recently rejected a similar attempt to rely on legislative history to interpret another
2  provision of the SCA, holding that where the plain language of a statute is clear, the court "is
3  therefore obligated to enforce the statute as written." *Suzlon Energy Ltd. v. Microsoft Corp.*, ---
4  F.3d ----, 2011 WL 4537843, at *3 (9th Cir. Oct. 3, 2011).

Both of the cases cited by Google in its motion adhered to this principle and found express preemption based on the language of Section 2708. *See Quon v. Arch Wireless Operating Co., Inc.*, 445 F. Supp. 2d 1116, 1138 (C.D. Cal. 2006)[3] ("Congress's command in enacting section 2708 is clear: Only those remedies outlined in the SCA are the ones, save for constitutional violations, that a party may seek for conduct prohibited by the SCA."); *Bunnell v. Motion Picture Ass'n of Am.*, 567 F. Supp. 2d 1148, 1154 (C.D. Cal. 2007) (finding express preemption and citing to the statutory language).

Plaintiff cites several cases to support her contrary interpretation, but those decisions were decided before the Ninth Circuit's decision in *Suzlon Energy*. *See In re Google Inc. Street View Elec. Commc'ns Litig.*, No. 10-md-02184, Order on MTD, at 22 (N.D. Cal. June 29, 2011) (nonetheless finding that field preemption barred state wiretap act claims); *In re Nat'l Security Agency Telecomms. Records Litig.*, 633 F. Supp. 2d 892, 905 (N.D. Cal. 2007) (finding lack of express preemption but only considering legislative history); *In re Nat'l Security Agency Telecomms. Records Litig.*, 483 F. Supp. 2d 934, 940 (N.D. Cal. 2007) (discussing complete preemption rather than express preemption).

This Court should apply the plain language of Section 2708, which states that the SCA provides the "only judicial remedies" for conduct underlying an alleged violation. All of Plaintiff's state-law claims are therefore preempted.

## III.  PLAINTIFF'S STATE CLAIMS REMAIN DEFICIENT.

### A.  PLAINTIFF CANNOT SAVE HER STATE-LAW PRIVACY CLAIM.

Plaintiff's Opposition does not remedy her failure to allege facts establishing the three required elements of a claim for public disclosure of private facts: (1) a public disclosure, (2) of a

---

[3] *Quon* was reversed on other grounds by *Quon v. Arch Wireless Operating Co.*, 529 F.3d 892 (9th Cir. 2008), which was itself reversed and remanded by *City of Ontario, Cal. v. Quon*, 130 S. Ct. 2619 (2010).

REPLY ISO GOOGLE'S MTD FIRST AM. COMPL. 5:10-CV-04809-EJD

private fact, (3) which would be offensive and objectionable to the reasonable person. *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 214 (1998). Accordingly, the Court should dismiss Plaintiff's claim for public disclosure of private facts.

Plaintiff does not dispute Google's showing that names of her and her family are not private facts. Plaintiff herself cites a case that holds this expressly. *Moreno v. Hanford Sentinel, Inc.*, 172 Cal. App. 4th 1125, 1130 (2009). (*See also* MTD at 13:22-14:2 (citing additional authorities).) She attempts to bootstrap that admittedly non-private fact into an ostensibly private one by stating that "the fact that the Plaintiff searched for it (and the particular search terms she used) is private." (Opp. at 17:2-3.) However, the FAC does not and cannot allege that Google discloses users' identities along with their searches, let alone a user's relationship to any name that is searched. Plaintiff attempts to bridge this gap by alleging that her search information could be exposed to a third party who later identifies her through the so-called "Science of Reidentification." But that does not change the non-private nature of her name or the fact that Google did not disclose any arguably private fact about her (i.e., that ***Plaintiff*** ran a search). Moreover, as she herself alleges, de-anonymization techniques require the use of publicly available "outside information." (FAC ¶¶ 61-64.) As *Moreno* makes clear, identification that is obtained from a public source is not private. *See* 172 Cal. App. 4th at 1130 (finding plaintiff's identity public, because it was likely ascertained from her MySpace page). For these reasons, Plaintiff fails to establish any "private fact" that was disclosed, Plaintiff's claim fails.

An independent ground for dismissal of this claim is Plaintiff's inability to establish that Google's alleged disclosure of her name search would be offensive and objectionable to a reasonable person. She simply alleges that that *she* did not want them disclosed, which is different. The objective "reasonable person" test finds "offensive and objectionable" the disclosure of intimate details "beyond the limits of decency" that would cause mental suffering, shame, or humiliation if disclosed. *E.g. Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118, 1125 (N.D. Cal. 2002). (*See also* MTD at 14:26-15:4 (citing other authorities.) Plaintiff does not even try to meet this standard with respect to her alleged search of her name and family members' names. She again seeks to divert attention from the relevant inquiry by arguing that other users' search

REPLY ISO GOOGLE'S MTD FIRST AM.
COMPL. 5:10-CV-04809-EJD

1 queries may contain sufficiently sensitive material. (Opp. at 17:24-26.) But she never alleged—
2 even after being given the opportunity to amend her complaint—that she conducted a search for
3 medical issues, sexual issues, or other topics mentioned in the Opposition. (*Compare id.* at
4 17:25-26 *with* FAC ¶ 3.)

5 Finally, Plaintiff does not dispute that disclosure to "one individual or a few" does not
6 satisfy the "public disclosure" prong. *Schwartz v. Thiele*, 242 Cal. App. 2d 799, 805 (1966).
7 Instead, she argues that the prong is satisfied because "Google disclosed her search queries to
8 numerous third parties." (Opp. at 17:17-18.) That argument is inconsistent with the FAC's
9 factual allegation that each individual query is disclosed to just the owner of the website that the
10 user selects from Google's results page. (FAC ¶ 40.) Plaintiff's Opposition does not address
11 Google's showing that such a disclosure is not "public" under relevant law. (MTD at 14:4-16.)
12 This provides yet another basis to dismiss Plaintiff's claim.

### B. PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW.

#### 1. Plaintiff Has Not Alleged Facts Sufficient To Establish That The Privacy Policy Is A Valid Contract.

16 Plaintiff's Opposition provides little argument supporting her allegation that Google's
17 Privacy Policy itself constitutes a valid contract. (*See* FAC ¶ 129 (alleging that the Policy
18 constitutes the breached agreement).) She argues that she gave "consideration" for Google's free
19 service by transmitting information to Google, but that argument founders because the Policy
20 does not obligate her to provide any such information. In addition, Plaintiff does not refute the
21 authorities cited by Google holding that a statement of policy, standing alone, is insufficient to
22 support a contract claim. (*E.g.*, MTD at 15.) One of Plaintiff's own authorities makes the same
23 point. *Smith v. Trusted Universal Standards in Elec. Transactions, Inc.*, No. 09-4567, 2010 WL
24 1799456, at *10 (D.N.J. May 4, 2010) (finding that plaintiff failed to demonstrate that Cisco and
25 Microsoft's privacy policies formed contracts because plaintiff "failed to allege what offer was
26 made that he accepted and what consideration was given").

27 Plaintiff alternatively argues that she could amend to allege that the operative contract is
28 really the Terms of Service. (Opp. at 19 n. 12.) That is not the current allegation, to which the

motion is directed.  Google will address problems with Plaintiff's potential new allegations if and when Plaintiff is given leave to amend.

### 2. Plaintiff Does Not Adequately Allege The Elements Of Breach and Damage.

Even assuming that the Privacy Policy does form a contract, Plaintiff's Opposition fails to identify a breach of any specific terms.  In an attempt to show that she alleged a breach, Plaintiff cites a block of 18 paragraphs in the FAC, none of which refer to the Privacy Policy at all.  (*See* Opp. at 20:17-20 (citing FAC ¶¶ 39-57).)  Plaintiff's failure to identify any provisions of the Privacy Policy that Google allegedly breached is fatal to her breach of contract claim.  *See Mulato v. WMC Mortg. Corp.*, No. 09-03443-CW, 2010 WL 1532276, at *3 (N.D. Cal. Apr. 16, 2010) (dismissing contract claim where plaintiff failed to identify which provisions of the contract were breached); *Winter v. Chevy Chase Bank*, No. C-09-3187-SI, 2009 WL 3517619, at *3 (N.D. Cal. Oct. 26, 2009) (same).

In addition, Plaintiff's own authorities reject the notion that disclosure of information contrary to a privacy policy can constitute contract damages.  *See, e.g., In re JetBlue Airways Privacy Litig.*, 379 F. Supp. 2d 299, 327 (E.D.N.Y. 2005) (finding no contractual damages based on allegations of disclosure of customer data, including names, addresses, phone numbers, and travel itineraries); *In re Am. Airlines Privacy Litig.*, 370 F. Supp. 2d 552, 567 (N.D. Tex. 2005) (same).  Courts in this District have reached conclusions of no damages in similar circumstances. (MTD at 16:7-21 (citing *In re Facebook*, 2011 WL 2039995, at *9, and *Ruiz v. Gap, Inc.*, 622 F. Supp. 2d 908, 917-18 (N.D. Cal. 2009)).)

### C. PLAINTIFF'S FRAUD-BASED CLAIMS AND NEGLIGENT MISREPRESENTATION CLAIM REMAIN DEFICIENT.

### 1. Plaintiff's Opposition Fails To Identify Facts That Satisfy Rule 9(b).

Plaintiff's Opposition fails to address the central Rule 9(b) deficiency identified in Google's Motion to Dismiss:  she does not identify a single representation that *she* allegedly read, viewed, or actually or justifiably relied on, before using Google Search.  This Court has dismissed fraud on the basis of Rule 9(b) for just such a failure.  *McKinney v. Google, Inc.*, No. 10-cv-

01177-EJD (PSG), 2011 WL 3862120, at *5 (N.D. Cal. Aug. 30, 2011) (Davila, J.); *accord Nabors v. Google, Inc.*, No. 10-cv-03897-EJD (PSG), 2011 WL 3861893, at *5 (N.D. Cal. Aug. 30, 2011) (Davila, J.).

### 2. **Plaintiff's Common-Law Misrepresentation Claims Also Fail For Other Reasons.**

Plaintiff also fails to establish how she meets several key elements of her common-law fraudulent and negligent misrepresentation claims.

First, her Opposition underscores her failure to establish any misrepresentation. Plaintiff asserts, in a conclusory fashion, that "[t]he First Amended Complaint contains detailed allegations of Google's misrepresentations." (Opp. at 22:7-8.) This assertion ignores Google's showing that the alleged misrepresentations are not supported by a reading of the Policy itself. (MTD at 18:14-25.) And Plaintiff is simply wrong in attacking as "blatantly untrue" Google's accurate statement that the Privacy FAQ discloses that the URL of the search results page contains the search query. (Opp. at 2 n.2.) Under the heading "Server logs," Google's Privacy FAQ states, in the context of a user search, that "http.//www.google.com/search?q=cars is the ***requested URL, including the search query***." (Niehaus Decl., Ex. 2, Docket No. 30-2 at 5 (emphasis added).)

Second, her conclusory allegation of reliance (FAC ¶ 109) also is insufficient. As this Court has stated, "the mere assertion of 'reliance' is insufficient. The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance." *McKinney*, 2011 WL 3862120, at *5. Other decisions likewise have dismissed claims for both fraud and negligent misrepresentation where plaintiffs failed to allege facts demonstrating actual reliance. *E.g., Nabors*, 2011 WL 3861893, at *5; *In re Software Toolworks, Inc. Sec. Litig.*, No. C-90-2906-FMS, 1991 WL 319033, at *6 (N.D. Cal. Jun. 17, 1991) ("Absent a detailed factual allegation of how and when a specific plaintiff relied on a specific false statement . . . no claim for fraud [or] negligent misrepresentation . . . is stated under California law.").

Third, as discussed above, Plaintiff makes no attempt to explain how the alleged

disclosure of her name—the only disclosure she alleges as to herself—actually caused her damage. In addressing this element of her fraud-based claims, she attempts to hide her lack of damages by referring to general allegations in the FAC that "Plaintiff and the Class have suffered harm" as a result of "the disclosure of their sensitive personal information." (Opp. at 22:13-16; *see also* FAC ¶¶ 110, 116.) Nothing is sensitive about Plaintiff's name, however, and she has no damage. Moreover, case law in this District makes clear that even disclosure of personal information, standing alone, is not "appreciable harm" sufficient to support any theory of damages. *Ruiz*, 622 F. Supp. 2d at 913-14; *see also In re iPhone Application Litig.*, No. 11-MD-02250-LHK, Order Granting Motions to Dismiss, Docket No. 8, at 7 (N.D. Cal. Sept. 20, 2011). Plaintiff provides no authority to overcome this principle.

### 3. Plaintiff's Claim Under Cal. Civ. Code § 1572 Fails.

Plaintiff's claim under Civil Code § 1572 must be dismissed because, as discussed above, she does not allege any false representation, reliance, or resulting damage. *See Warren v. Merrill*, 143 Cal. App. 4th 96, 110 (2006). Additionally, Plaintiff concedes that her claim under § 1572 fails in the absence of a valid contract. (Opp. at 23:20-22.) Thus, her failure to establish that she entered into a contract with Google, as discussed in Section III.B.1, above, provides an additional basis for dismissing her § 1572 claim.

### 4. Plaintiff Does Not Oppose Google's Motion Against Her Claim Under Cal. Civ. Code § 1573, Which Therefore Fails.

In its opening brief, Google showed that Plaintiff had not stated a claim for constructive fraud under Civil Code § 1573. She does not even mention the claim in her Opposition, and thereby concedes Google's dismissal arguments.

### D. PLAINTIFF CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT.

Plaintiff entirely fails to address the recent California decisions cited by Google that expressly hold that California law does not recognize a claim for unjust enrichment. *Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008) ("[U]njust enrichment is not a cause of action."); *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006) (same); *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) (same). Instead, Plaintiff cites federal

cases that predate *Jogani* to argue that such a cause of action is viable. (Opp. at 23-24.) Those holdings do not trump California law or the many recent cases decided by this Court recognizing that unjust enrichment is not a separate cause of action. *E.g., Nabors*, 2011 WL 3861893, at *8; *McKinney*, 2011 WL 3862120, at *8; *Romero v. Mortgage Co.*, No. 10-cv-05833-EJD, 2011 WL 2560252, at *3 (N.D. Cal. June 28, 2011). And the older California cases cited by Plaintiff show that unjust enrichment is a remedy, not a separate cause of action. *Ward v. Taggart*, 51 Cal. 2d 736, 741-42 (1959) (discussing plaintiff's theory of recovery); *State of Cal. v. Levi Strauss & Co.*, 41 Cal. 3d 460 (1986) (same); *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583 (2008) (sustaining demurrer to unjust enrichment claim where no other cause of action was viable); *but see Hirsch v. Bank of Am.*, 107 Cal. App. 4th 708 (2003) (allowing an unjust enrichment claim where plaintiff sought monetary restitution).

Even if the Court were to find, against the great weight of California law, that such a cause of action exists, Plaintiff has failed to allege facts showing a benefit conferred on Google at Plaintiff's expense. As Plaintiff's own authority explains, this is a necessary requirement to seek unjust enrichment even as a remedy. *Peterson*, 164 Cal. App. 4th at 1593-94 (noting that another case cited by Plaintiff that discussed unjust enrichment solely as a measure of damages—*County of San Bernardino v. Walsh*, 158 Cal. App. 4th 553 (2007)—"does not support plaintiffs' assertion they need not allege any actual injury to bring an unjust enrichment claim"). Plaintiff has failed to put forth any facts that support that she lost money as a result of Google's alleged enrichment.

For these reasons, Plaintiff's unjust enrichment claim fails as a matter of law.

//
//
//
//
//
//
//

## CONCLUSION

Despite being given an opportunity to amend her original complaint, Plaintiff's FAC still fails in the FAC to establish either that she has standing or that she has stated any claim upon which relief can be granted. Plaintiff's Opposition does not fix those shortcomings. Therefore, for all the reasons outlined in Google's Motion to Dismiss and above, this Court should dismiss all of Plaintiff's claims.

Dated: October 14, 2011

                                        O'MELVENY & MYERS LLP

                                        By:   /s/ Randall W. Edwards
                                                      Randall W. Edwards
                                        Attorneys for Defendant
                                        Google Inc.