# EXHIBIT 1

1  KASSRA P. NASSIRI (215405)
   (knassiri@nassiri-jung.com)
   NASSIRI & JUNG LLP
2  47 Kearny Street, Suite 700
   San Francisco, California 94108
3  Telephone: (415) 762-3100
   Facsimile: (415) 534-3200
4
5  MICHAEL J. ASCHENBRENER
   (mja@aschenbrenerlaw.com) (277114)
   ASCHENBRENER LAW, P.C.
6  795 Folsom Street, First Floor
   San Francisco, CA 94107
7  Telephone: (415) 813-6245
   Facsimile:  (415) 813-6246
8
9  Attorneys for Plaintiffs and the Putative Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re GOOGLE REFERRER HEADER PRIVACY LITIGATION | Case No. 5:10-cv-04809-EJD<br><br>CLASS ACTION |
| This Document Relates To: All Actions | **DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   August 23, 2013<br>Time:   9:00 a.m.<br>Place:  Courtroom 1, 5th Floor<br>Judge:  Hon. Edward J. Davila |

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1. I am an attorney admitted to practice in the States of California, Illinois, and Minnesota, and represent Plaintiffs in the above-titled action. I am over the age of eighteen and am fully competent to make this declaration. This declaration is based upon my personal knowledge, except where expressly noted otherwise.

2. Throughout the litigation, Plaintiffs propounded written discovery upon Google.

3. From the beginning of the case and while actively litigation, the Parties attempted to resolve the matter without further litigation, but did not find success until mediating with Randall Wulff.

4. First, counsel for the Parties met in person in San Francisco in January 2011 to discuss possible resolution; the meeting was not successful.

5. Counsel for the parties met again in San Francisco in February 2011, but were again unsuccessful.

6. Counsel for the Parties met a third time to discuss resolution in June 2012, this time for an all-day negotiating session, but were once again unsuccessful in coming to terms despite extensive post-meeting discussions throughout the summer of 2012.

7. In an effort to advance the putative class's interests most efficiently and effectively, counsel for Plaintiffs Gaos and Italiano and for Plaintiff Priyev decided to work cooperatively to again attempt to resolve the matter.

8. On January 28, 2013, in Oakland, California, the Parties mediated the case before Randall Wulff, an experienced and well-respected mediator of class action disputes.

9. The arms-length negotiation went all day and long into the night, and based upon his review of the facts and applicable law in this case, Mr. Wulff proposed a settlement amount in the form of a "mediator's proposal" to the Parties, which the Parties accepted and which formed the framework for a settlement in principle.

10. Later that week, the parties began negotiating a settlement agreement.

11.     Over the span of nearly two months, the Parties exchanged numerous drafts of the agreement and related documents.

12.     On March 16, 2013, the Parties executed the Settlement Agreement, a true and correct copy of which is attached to Plaintiffs' Motion for Preliminary Approval as Exhibit 3.

13.     Plaintiffs have maintained that any settlement would need to include injunctive relief designed to notify users as to Google's conduct so that users can make informed choices about whether and how to use Google Search.

14.     The instant Settlement Agreement provides such relief.

15.     No later than fourteen (14) days before the Objection Deadline, Class Counsel will make public, via the Settlement Website and direct notice to the *Cy Pres* Recipients, any additional *Cy Pres* Recipients and the allocations of *Cy Pres* disbursements.

16.     Plaintiffs have not negotiated, and do not intend to negotiate, a clear sailing provision for Plaintiffs' attorneys' fees and costs request.

17.     Further, proposed Class Counsel have regularly engaged in major complex litigation and have extensive experience in consumer class action lawsuits that are similar in size, scope, and complexity to the present case.

18.     Attached to this Declaration as Exhibit 1-A is a true and correct copy of the firm resume of Aschenbrener Law, P.C.

19.     Although Plaintiffs and proposed Class Counsel are confident in the strength of their claims and in their ability to prevail ultimately at trial, they also recognize that litigation is inherently risky.

20.     Nevertheless, the viability of Google's factual and legal defenses to Plaintiffs' claims, many of which would create issues of first impression within this Circuit counsels in favor of the instant settlement.

21.     Given the size of the Settlement Class, any realistically obtainable monetary award would result in payments to Class Members that would be negligible on an individual level.

22. I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 19, 2013                              ASCHENBRENER LAW, P.C.

                                                                     s/ Michael Aschenbrener
                                                                       Michael J. Aschenbrener

# EXHIBIT 1-A

**ASCHENBRENER LAW**

DATA + KNOWLEDGE + UNDERSTANDING = WISDOM

# ASCHENBRENER LAW FIRM RESUME

ASCHENBRENER LAW, P.C. is a litigation and legal consulting firm with offices in San Francisco, Chicago, and Minneapolis. The firm primarily handles plaintiffs' consumer class action litigation with a particular focus on technology cases. The firm also counsels growing businesses on a variety of legal matters.

**Representative Cases**:

- *In re T-Mobile Sidekick Litig.*, 5:09-cv-4854-JW (N.D. Cal.): Appointed Class Counsel in cloud computing data loss case against T-Mobile and Microsoft. Case settled for value in excess of $4.9 million.

- *Turner v. Storm8*, 4:09-cv-5234-CW (N.D. Cal.): Appointed Class Counsel in mobile data privacy case against an iPhone app developer. Case settled for value of $8,000,000 plus strong injunctive relief.

- *Resmer v. Oversee.net*, BC 434426 (L.A. Sup. Ct.): Appointed Class Counsel in case concerning shill bidding in online auctions for domain names. Case settled for 100% relief plus interest and strong injunctive relief.

- *Gawronski v. Amazon*, 2:09-cv-1084-JCC (W.D. Wash): Lead attorney in well-publicized class action concerning alleged remote deletions of electronic books. Case settled for more than 100% relief for putative class members and property rights of e-book purchasers.

- *Standiford v. Palm*, 5:09-cv-5719-LHK (N.D. Cal.): Counsel in class action concerning mobile cloud computing data loss against Palm and Sprint. Case settled for $640,000.

- *Claridge v. RockYou*, 4:09-cv-6032-PJH (N.D. Cal.): Counsel in class action concerning data loss of personally identifiable information of 32 million consumers. First case to survive MTD on damages theory concerning monetary value of PII. Case settled on injunctive basis, including years of privacy audits to ensure security of user data.

- *Eros v. Linden*, 09-cv-4269-PJH (N.D. Cal.): Counsel in Intellectual Property case alleging contributory infringement of IP of virtual goods. Case settled.



- *Robins v. Spokeo*, 10-cv-5306 (C.D. Cal.): Counsel in class action brought under the Fair Credit Reporting Act against social networking/ search site. Case pending appeal.

- *Lane v. Facebook*, 08-cv-3845-RS (N.D. Cal.): Counsel in privacy class action against Facebook regarding Facebook's one-time product known as Beacon. Case settled for $9.5 million.

- *Sims v. Cellco*, 07-cv-1510-MC (N.D. Cal.): Counsel in class action against Verizon concerning cramming charges associated with recycled cell phone numbers. Case settled for $1 million plus attorneys' fees and costs.

- *In re ATI Tech. HDCP Litig.*, 06-cv-1303-JW (N.D. Cal.): Counsel in consumer class action concerning alleged false representations of technical capabilities of computer graphics cards. Case settled for $11 million.

- *Evans v. Linden Research, Inc.*, 4:11-cv-1078-DMR (N.D. Cal.). Appointed Class Counsel in case alleging the company behind Second Life violated its users property rights by wrongfully confiscating their real world money, virtual money, virtual property, and virtual land. Settlement pending.

- *In re Google Referrer Header Privacy Litig.*, 10-cv-4809-EJD (N.D. Cal.): Counsel in class action concerning alleged illegal transmission of personally identifiable information of tens of millions of Americans. Settlement pending.

- *In re Facebook Privacy Litig.*, 10-cv-2389-JW (N.D. Cal.): Appointed interim co-lead counsel in privacy class action concerning alleged illegal transmission of personally identifiable information of tens of millions of Americans. Case pending appeal.

- *In re Zynga Privacy Litig.*, 10-cv-4680-JW (N.D. Cal.): Appointed interim co-lead counsel in hotly competitive class action concerning alleged illegal transmission of personally identifiable information of tens of millions of Americans. Case pending appeal.

- *Earll v. eBay*, 5:11-cv-262-JF (N.D. Cal.): Lead counsel in class action seeking to establish rights for deaf users of the Internet under the ADA and California state human rights laws. Case pending appeal.

- Counsel in many other class actions concerning the mobile content industry (spam text messages, etc.) that resulted in the recovery of hundreds of millions of dollars for consumers.

MICHAEL ASCHENBRENER is the founder and principal of Aschenbrener Law, P.C. He has been recognized as a leader in class action litigation. His reputation for leadership has



caused him to be appointed lead counsel in many high-profile class action suits, including cases involving Facebook, T-Mobile, Microsoft, Zynga, and others. In appointing Michael interim co-lead counsel in a hotly contested and well-publicized privacy class action, Judge Ware noted that co-lead counsel "were pioneers in the electronic privacy class action field, having litigated some of the largest consumer class actions in the country on this issue."

Michael has appeared in dozens of national and international publications and numerous TV and radio programs to discuss his cases and class action and consumer issues more generally. He regularly speaks at seminars on class action and technology issues. Michael is a graduate of the University of Minnesota and Chicago-Kent College of Law.

Before entering the legal field, Michael spent several years working the wireless, computer and Internet marketing industries where he gained significant insight into the business of technology.

Prior to founding Aschenbrener Law, Michael served as Chair of the Technology and Privacy practice group at Edelson LLC in Chicago. Prior to joining Edelson, Michael also served as an Assistant Attorney General for the State of Minnesota and worked as an associate at Edelman, Combs, Latturner & Goodwin, LLC, which is a Chicago-based consumer rights and class action firm.

During law school, Michael was an award-winning member of the Moot Court Honor Society, as well as Editor of the SEVENTH CIRCUIT REVIEW.

MATTHEW ROSSETTI is Of Counsel at Aschenbrener Law. He represents individuals in consumer class actions. He also represents businesses in technology and commercial matters.

Prior to joining Aschenbrener Law, Matt was Of Counsel at a Chicago-area class action law firm and Entrepreneur Collaboration Director at VentureSHOT, a business incubator in Chicago.

Matt, who grew up in the Chicago area, graduated Magna Cum Laude from DePaul University. Matt earned his J.D. from IIT Chicago-Kent College of Law where he was a Wellgates International Distinguished Scholar and founded the Chicago-Kent Trial Law Society.

Matt is a serial entrepreneur and has nearly a decade of experience with Internet marketing, software development, and e-commerce. In 2012, the Sigma Nu Tau Entrepreneurship Honors Society at the Illinois Institute of Technology inducted Matt as a Charter Entrepreneur Member.