# EXHIBIT 3

## SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Agreement") is made by and between Plaintiffs Paloma Gaos, Anthony Italiano, and Gabriel Priyev (the "Class Representatives" or the "Plaintiffs"), on behalf of themselves and others similarly situated (collectively, the "Class"), on the one hand, and Google Inc. ("Google" or "Defendant," and together with Plaintiffs, the "Parties"), on the other hand. The Parties intend this Agreement to fully, finally, and forever resolve, discharge, and settle the Released Claims (as the term is defined below), subject to the terms and conditions of this Agreement, and subject to final approval of the Court.

WHEREAS, on October 25, 2010, Plaintiff Gaos brought a putative class action against Google in the Northern District of California, captioned *Gaos v. Google Inc.*, Case No. 5-10-CV-04809, that was initially assigned to Chief Judge Ware (the "Gaos Action"), alleging violations of certain federal and state laws;

WHEREAS, following the April 7, 2011 dismissal of that initial complaint, Plaintiff Gaos filed the First Amended Complaint on May 2, 2011, alleging similar claims;

WHEREAS, the case was re-assigned from Chief Judge Ware to Judge Davila;

WHEREAS, following the March 29, 2012 dismissal of the First Amended Complaint's state-law claims for lack of standing, Plaintiff Gaos, together with Plaintiff Italiano (the "Gaos Plaintiffs"), filed the operative Second Amended Complaint ("Gaos Complaint") alleging (i) violations of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*; (ii) breach of contract; (iii) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; and (iv) unjust enrichment;

WHEREAS, Google's motion to dismiss the Gaos Complaint is still pending before this Court;

WHEREAS, on February 29, 2012, Plaintiff Priyev brought a putative class action in the United States District Court, Northern District of Illinois, Eastern Division, against Google, formerly captioned *Priyev v. Google Inc.*, Case No. 12-CV-01467 (the "Priyev Action" and, together with the Gaos Action, the "Actions"), alleging violations of certain federal and state laws;

WHEREAS, following Google's April 30, 2012 motion to dismiss the Priyev Action, Plaintiff Priyev twice sought and obtained leave to amend his initial complaint, and on August 10, 2012 filed the operative Second Amended Class Action Complaint ("Priyev Complaint") alleging (i) breach of contract; (ii) breach of contract by breach of covenant of good faith and fair dealing; (iii) breach of contract implied in law; (iv) violations of the Electronic Communications Privacy Act; (v) violations of California's Unfair Competition Law; and (vi) seeking declaratory judgment and corresponding injunctive relief;

WHEREAS, on August 28, 2012, the Priyev Action was transferred from the Northern District of Illinois to the Northern District of California and is now docketed as Case No. 5-13-

00093, and, after Plaintiff Priyev declined consent to assignment to Magistrate Judge Grewal, the case has been assigned to Judge Koh;

WHEREAS, Priyev intends to file a notice of related case to the Gaos Action to seek transfer of the Priyev Action to Judge Davila, and both Google and the Gaos Plaintiffs intend to support the transfer request;

WHEREAS, the Parties engaged in direct negotiations during 2012 in each of the Actions and participated in an all-day mediation before Randall Wulff of Wulff, Quinby & Sochynsky on January 28, 2013;

WHEREAS, Plaintiffs have conducted meaningful investigation and analyzed and evaluated the merits of the claims made to date against Google in the Actions, and the impact of this Agreement on Plaintiffs and the Class, and based upon that analysis and the evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Actions, if not settled now, might not result in any recovery whatsoever for the Class, or might result in a recovery that is less favorable to the Class, and that any such recovery would not occur for several years, Plaintiffs are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interest of the Class; and

WHEREAS, Google has denied and continues to deny each allegation and all charges of wrongdoing or liability of any kind whatsoever asserted or that could have been asserted in the Actions; and

WHEREAS, while Plaintiffs believe these claims possess substantial merit and while Google vigorously disputes such claims, without in any way agreeing as to any fault or liability, the Parties have agreed to enter into this Agreement as an appropriate compromise of the Class claims to put to rest all controversy and to avoid the uncertainty, risk, expense, and burdensome, protracted, and costly litigation that would be involved in prosecuting and defending the Actions;

NOW, THEREFORE, it is hereby agreed by the Parties that, in consideration for the undertakings, promises, and payments set forth in this Agreement and upon the entry by the Court of a Final Order and Judgment approving and directing the implementation of the terms and conditions of this Agreement, the Actions shall be settled and compromised upon the terms and conditions set forth below.

## 1.   DEFINITIONS

Whenever the following capitalized terms are used in this Agreement and in the attached exhibits (in addition to any definitions elsewhere in this Agreement), they shall have the following meanings:

**1.1**   "Actions" means both the Priyev Action and the Gaos Action, as those terms are defined below.

**1.2** "Agreed-Upon Disclosures" means the additional disclosures that Google has agreed to make to its "FAQs" webpage currently located at http://www.google.com/policies/privacy/faq/, the "Key Terms" webpage currently located at http://www.google.com/policies/privacy/key-terms/, and the "Privacy FAQ for Google Web History" webpage currently located at https://support.google.com/accounts/bin/answer.py?hl=en&answer=54050, pursuant to Paragraph 3.1.

**1.3** "Agreement" means this Settlement Agreement and Release, including all exhibits.

**1.4** "Class" means all Persons in the United States who submitted a search query to Google at any time during the period commencing on October 25, 2006, up to and including the date of the Notice of Proposed Class Action Settlement pursuant to the Notice Plan. This term wholly encompasses, but is not limited to, the Classes set forth in Paragraph 72 of the Priyev Complaint and in Paragraphs 97, 98, and 99 of the Gaos Complaint, respectively.

**1.5** "Class Administrator" means a third-party class action settlement administrator to be selected by the Parties' mutual agreement and whose responsibilities will include overseeing and implementing the Notice Plan and managing the dissemination of funds from the Common Fund until all financial obligations under this Agreement have been satisfied and no funds remain in the Common Fund.

**1.6** "Class Counsel" means Kassra Nassiri of Nassiri & Jung LLP, Michael Aschenbrener of Aschenbrener Law, P.C., and Ilan Chorowsky of Progressive Law Group, LLC.

**1.7** "Class Member" means any person who qualifies under the definition of "Class," excluding: (i) Google, its subsidiaries and affiliates, officers, and directors; (ii) the judge(s) to whom these cases are assigned and any member of the judge's or judges' immediate family; (iii) Persons who have settled with and released Google from individual claims substantially similar to those alleged in the Gaos Complaint and the Priyev Complaint; and (iv) Persons who submit a valid and timely Request for Exclusion pursuant to Paragraph 6.1.

**1.8** "Class Representatives" or "Plaintiffs" means named Plaintiffs Paloma Gaos, Anthony Italiano, and Gabriel Priyev, acting either individually or through Class Counsel.

**1.9** "Combined Action" means the action consolidating the Gaos Action and the Priyev Action, as set forth in Paragraph 2.3.

**1.10** "Court" means the United States District Court for the Northern District of California.

**1.11** "*Cy Pres* Recipients" means any of the following entities (and any other mutually-agreed upon entity) that is approved by the Court for a *cy pres* distribution pursuant to Paragraph 3.3: Berkman Center for Internet and Society (Harvard Law School), Center for Internet and Society (Stanford Law School), MacArthur Foundation, and AARP, Inc.

**1.12** "Day" or "days" refers to calendar days.

**1.13** "Effective Date" means the first date after a Final Order and Judgment is entered in the Action granting approval to the terms of this Agreement without modification (unless any modification is accepted by all Parties to this Agreement, pursuant to Paragraph 13.3) *and* either of the following events also has occurred (i) the date upon which the time to appeal the Final Order and Judgment expires with no appeal having been filed; or (ii) the date upon which any such appeal of the Final Order and Judgment is successfully resolved such that, in either case, the Final Order and Judgment approving this Agreement is no longer subject to any challenge on direct appeal.

**1.14** "Fee Award" means any attorneys' fees, reimbursement of expenses, and other costs awarded by the Court to Class Counsel.

**1.15** "Final Approval Hearing" means the hearing before the Court where (i) the Parties request that the Court approve this Agreement as fair, reasonable, and adequate; (ii) the Parties request that the Court enter its Final Order and Judgment in accordance with this Agreement; and (iii) Class Counsel request approval of their petition for reasonable attorneys' fees and expenses, as well as any requested incentive award to the Class Representatives.

**1.16** "Final Order and Judgment" means the order entered by the Court, in a form that is mutually agreeable to the Parties, approving this Agreement as fair, reasonable, adequate, and in the best interest of the Class as a whole, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, without modifying any terms of this Agreement that either Party deems material.

**1.17** "Gaos Action" means *Gaos v. Google Inc.*, No. 5-10-CV-04809, filed on October 25, 2010 in the United States District Court for the Northern District of California.

**1.18** "Gaos Complaint" means the Second Amended Complaint filed in the Gaos Action on May 1, 2012 and available on the online docket at ECF No. 39.

**1.19** "Google" means Google Inc. and its affiliates, agents, assigns, attorneys, directors, divisions, employees, officers, or other representatives.

**1.20** "Google AdWords" means Google's advertising service currently described at http://adwords.google.com.

**1.21** "Google Analytics" means Google's web analytics service currently described at http://www.google.com/analytics/.

**1.22** "Google Releasees" means Google and any of Google's current or former administrators, affiliates, agents, assigns, attorneys, beneficiaries, branches, contractors, directors, divisions, employee benefit plans, employees, insurers, investors, joint venturers, members, officers, parents, predecessors, related entities, representatives, servants, shareholders, subsidiaries, successors, trustees, units, and all other individuals and entities acting on Google's behalf.

**1.23** "Google Search" means the search engine accessible at www.google.com.

4

**1.24** "Google Web History" means a product available to Google account holders, currently described at http://support.google.com/accounts/bin/topic.py?hl=en&topic=14148.

**1.25** "Incentive Award" means any amount awarded by the Court to the Class Representatives for their time and effort in bringing these Actions and for serving as Class Representatives.

**1.26** "Notice Plan" means the content of the notice of this Agreement and the agreed upon program by which that notice will be disseminated.

**1.27** "Notice of Proposed Class Action Settlement" means the notice as described in the Notice Plan.

**1.28** "Opt-Out Deadline" means the deadline for a Class Member to properly submit a Request for Exclusion as set forth in Paragraph 6.1 of this Agreement and in the Preliminary Approval Order and which shall be no more than sixty (60) days from the completion date of the Notice of Proposed Class Action Settlement.

**1.29** "Party" means any one of the Plaintiffs or Google, and "Parties" means Plaintiffs and Google.

**1.30** "Person" means an individual or legal entity, including an association, or his, her, or its respective successors or assigns.

**1.31** "Preliminary Approval Order" means the order issued by this Court (i) granting preliminary approval of this Agreement; (ii) provisionally certifying the Class for settlement purposes; (iii) appointing Plaintiffs as Class Representatives and their counsel as Class Counsel; (iv) approving the form and manner of the Notice Plan and appointing a Class Administrator; (v) approving the proposed *Cy Pres* Recipients; (vi) establishing deadlines for Requests for Exclusion and the filing of objections to the proposed settlement contemplated by this Agreement; (vii) finding that Google has complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715; and (viii) scheduling the Final Approval Hearing.

**1.32** "Priyev Action" means *Priyev v. Google Inc.*, No. 12-CV-01467, initially filed on February 29, 2012 in the United States District Court for the Northern District of Illinois and now transferred to the United States District Court for the Northern District of California.

**1.33** "Priyev Complaint" means the Second Amended Class Action Complaint filed in the Priyev Action on August 10, 2012 and available on the online docket at ECF No. 40.

**1.34** "Released Claims" means any and all claims that any Class Member may now or at any time have up to the date of preliminary approval of this Agreement, whether or not known or existing at the time of this Agreement, arising out of the subject matter giving rise to the claims in the Actions.

**1.35** "Releasing Party" means Plaintiffs and all Class Members.

**1.36** "Request for Exclusion" means the form attached as Exhibit B to this Agreement which must be completed and returned in the manner and within the time period specified in Paragraph 6.1.

**1.37** "Settlement Amount" means the total sum that Google will pay in connection with this Agreement, as described in Paragraph 3.2.

**1.38** "Settlement Website" means the third-party website, referred to in Paragraph 5.5, created and maintained by the Class Administrator to provide, among other things, Notice of Proposed Class Action Settlement and containing the operative complaint(s), and neutral information about this Agreement and the Notice of Proposed Class Action Settlement.

## 2.    SETTLEMENT PURPOSES ONLY

**2.1** This Agreement is for settlement purposes only, and to the fullest extent permitted by law, neither the fact or content of this Agreement or its attachments, nor any action based on it, shall constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim, of any fact alleged by Plaintiffs in the Actions or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of Google. Likewise, neither the fact or content of this Agreement, nor any action based on it, shall constitute, be construed as, or be admissible in evidence as an admission by any of the Parties of the validity or lack thereof of any claim, allegation, or defense asserted in these Actions, the Combined Action, or in any other action.

**2.2** Subject to approval by the Court, Google conditionally agrees and consents to certification of the Class for settlement purposes only and within the context of this Agreement only. If this Agreement, for any reason, is not approved or is otherwise terminated, Google reserves the right to assert any and all objections and defenses to certification of a class, and neither this Agreement nor any order or other action relating to this Agreement shall be offered as evidence in support of a motion to certify a class for a purpose other than settlement pursuant to this Agreement.

**2.3** The Parties agree that, within ten (10) days of all Parties signing this Agreement, Plaintiffs in the Gaos Action and the Priyev Action will seek to consolidate the Actions into a single Combined Action, with Plaintiffs filing a consolidated complaint to the extent appropriate to encompass the definition of the Class (and not reducing the scope of the substantive allegations from those set forth in the Actions).

## 3.    RELIEF

**3.1** Google agrees to make certain Agreed-Upon Disclosures concerning search queries on or before the date of Notice of Proposed Class Action Settlement pursuant to the Notice Plan. These Agreed-Upon Disclosures will appear on Google's "FAQs" webpage currently located at http://www.google.com/policies/privacy/faq/, "Key Terms" webpage currently located at http://www.google.com/policies/privacy/key-terms/, and the "Privacy FAQ

for Google Web History" webpage currently located at https://support.google.com/accounts /bin/answer.py?hl=en&answer=54050, as further described in Exhibit A. If a subsequent change to Google's services renders the Agreed-Upon Disclosures inaccurate, Google may make future changes to its disclosures to ensure continued accuracy. Likewise, Google may change the form or placement of the disclosures as part of future changes to its privacy policies, provided that the substance remains substantially the same and that it is incorporated into the applicable terms of service or privacy policy and is reasonably accessible to the user. Google will not be required or requested to make any changes to its homepage www.google.com or to the practices or functionality of Google Search, Google AdWords, Google Analytics or Google Web History.

        **3.2**     Google agrees to and shall deposit in an interest-bearing bank account designated and controlled by the Class Administrator (the "Common Fund") the total sum of eight million five hundred thousand dollars ($8,500,000.00) (the "Settlement Amount"). That Settlement Amount will represent the full payment to be made by Google under this Agreement, and the Class Administrator will draw from the Common Fund to cover all obligations with respect to costs related to this Agreement, including the expenses of the Class Administrator, the Notice Plan, payments to *Cy Pres* Recipients, any Incentive Awards, the Fee Award, and any other administrative fees and expenses in connection with this Agreement; provided, however, that the Parties must approve any payments to the Class Administrator. The first installment, of one million dollars ($1,000,000.00) shall be deposited within fourteen (14) business days of entry of the Preliminary Approval Order. The remainder shall be deposited within twenty-one (21) days of the Effective Date. If this Agreement is terminated pursuant to Section 11, the Class Administrator shall return all funds to Google within ten (10) days of the termination date; provided, however, that the Class Administrator need not return any funds already spent on notice and on reasonable Class Administrator expenses before the termination date. Other than the Settlement Amount, Google shall have no financial obligations to Plaintiffs, the Class, the *Cy Pres* Recipients, or the Class Administrator under this Agreement.

        **3.3**     The *cy pres* amount will consist of the Settlement Amount, including any accrued interest, and minus any expenses for the Class Administrator, the Notice Plan, the Fee Award, any Incentive Award, and any other administrative and notice costs or other expenses in connection with this Agreement. As a condition to receiving the payment, each *Cy Pres* Recipient must agree to devote the funds to promote public awareness and education, and/or to support research, development, and initiatives, related to protecting privacy on the Internet. If any *Cy Pres* Recipient does not agree to these conditions, then its portion will be distributed pro rata to the other identified recipients; if no recipient agrees to the conditions, or if the Court so requires, the Parties shall meet and confer to identify other appropriate recipients. The Class Administrator shall make payments to the *Cy Pres* Recipients within sixty (60) days after the Effective Date.

        **3.4**     Because the *Cy Pres* Recipients will receive the remaining amounts due after all other payment obligations listed in Paragraph 3.2 are met, no portion of the Settlement Amount or interest thereon will revert to Google.

**3.5** Under no circumstances will Google have any liability for taxes or the tax expenses of any Person that receives a portion of the Settlement Amount under this Agreement to the extent permitted by applicable law.

## 4. SUBMISSION FOR PRELIMINARY APPROVAL

**4.1** Within the later of thirty (30) days of the execution of this Agreement by both Parties and ten (10) days after an order consolidating the Actions, Class Counsel shall submit this Agreement to the Court and request that the Court enter the Preliminary Approval Order in a form mutually agreed to by all parties.

**4.2** Class Counsel will take any acts reasonably necessary to carry out this Settlement Agreement's expressed intent.

## 5. NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**5.1** The Class Administrator will be allocated up to one million dollars ($1,000,000.00) out of the Settlement Amount to implement a Notice Plan, subject to the Parties' agreement in consultation with the Class Administrator and further subject to Court approval as part of the Preliminary Approval Order and consistent with the requirements of due process. The Parties shall agree to the Notice Plan before submission of this Agreement for preliminary approval. The Notice Plan will not take the form of a bulk email message to Class Members.

**5.2** The specific text and content of the Notice Plan and Notice of Proposed Class Action Settlement will be mutually agreed upon by the Parties, subject to Court approval.

**5.3** The Class Administrator will oversee and implement the Notice Plan. Although the Class Administrator may purchase commercial services at standard rates from Google as part of the Notice Plan, Google has no obligation to otherwise facilitate delivery of the Notice of Proposed Class Action Settlement. For example, Google will have no obligation to send bulk email messages to any Person or group of Persons. All costs associated with the Notice Plan and Class Administrator will be paid by Google as part of the overall payment obligation in Paragraph 3.2.

**5.4** The Notice Plan will be implemented, and all announcements at least initially posted on the Settlement Website, within thirty (30) days of entry of the Preliminary Approval Order.

**5.5** The Settlement Website shall (i) post, without limitation, the operative complaint(s), this Settlement Agreement, and Long Form Notice and Opt-Out Form; (ii) notify Class Members of their rights to object or opt out; (iii) inform Class Members that they should monitor the Settlement Website for developments; and (iv) notify Class Members that no further notice will be provided to them once the Court enters the Final Order and Judgment, other than through updates on the Settlement Website. The Settlement Website will remain active until at least thirty (30) days after the Final Settlement Date. The Class Administrator will establish an

8

email account and P.O. Box to which Class Members may submit questions regarding the Settlement. The Class Administrator will monitor the email account and P.O. Box and respond promptly to administrative inquiries received from Class Members and may direct substantive inquiries to Class Counsel.

      **5.6**    Within ten (10) days after filing of this Settlement Agreement with the Court, the Class Administrator shall notify the appropriate state and federal officials of this Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## 6.    CLASS MEMBERS' RIGHT OF EXCLUSION/INCLUSION

      **6.1**    A Class Member may request exclusion from the Class up until the Opt-Out Deadline. To request exclusion, the Class Member must complete, sign, and mail to the Class Administrator a Request for Exclusion, using the form attached as Exhibit B. The Request for Exclusion must be signed by the Class Member seeking exclusion under penalty of perjury. The Request for Exclusion must be postmarked on or before the Opt-Out Deadline. Any Person who submits a valid and timely Request for Exclusion shall not be entitled to relief under, and shall not be affected by, this Agreement or any relief provided by this Agreement.

      **6.2**    The Parties shall have the right to challenge the timeliness and validity of any Request for Exclusion. The Court shall determine whether any contested exclusion request is valid.

      **6.3**    Within ten (10) days after the Opt-Out Deadline, the Class Administrator will provide the Parties a list of all Persons who opted out by validly requesting exclusion.

## 7.    OBJECTIONS

      **7.1**    Any Class Member who does not submit a valid and timely Request for Exclusion may object to the fairness, reasonableness, or adequacy of this Agreement. Class Members may not seek to exclude themselves from the Class *and* submit an objection to this Agreement.

      **7.2**    No later than twenty-one (21) days before the Final Approval Hearing, any Class Member who wishes to object to any aspect of this Agreement must send to the Class Administrator, Class Counsel and Google's counsel, and file with the Court, a written statement of the objection(s). The written statement of the objection(s) must include (i) a detailed statement of the Class Member's objection(s), as well as the specific reasons, if any, for each objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his/her objection(s); (ii) the Class Member's full name, address and telephone number; and (iii) information demonstrating that the Class Member is entitled to be included as a member of the Class.

      **7.3**    Class Members may raise an objection either on their own or through an attorney hired at their own expense. If a Class Member hires an attorney other than Class

Counsel to represent him or her, the attorney must (i) file a notice of appearance with the Court no later than twenty-one (21) days before the Final Approval Hearing or as the Court otherwise may direct, and (ii) deliver a copy of the notice of appearance on Class Counsel and Google's counsel, no later than twenty-one (21) days before the Final Approval Hearing. Class Members, or their attorneys, intending to make an appearance at any hearing relating to this Agreement, including the Final Approval Hearing, must deliver to Class Counsel and Google's counsel, and file with the Court, no later than twenty-one (21) days before the date of the hearing at which they plan to appear, or as the Court otherwise may direct, a notice of their intention to appear at that hearing.

**7.4** Any Class Member who fails to comply with the provisions of the preceding subsections shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of this Agreement and by all proceedings, orders, and judgments in the Actions.

## 8. EXCLUSIVE REMEDY; DISMISSAL OF ACTIONS; JURISDICTION OF COURT

**8.1** This Agreement shall be the sole and exclusive remedy for any and all Released Claims. Upon entry of the Final Order and Judgment, each Class Member shall be barred from initiating, asserting, or prosecuting any Released Claims against Google. If any Class Member attempts to prosecute an action in contravention of the Final Order and Judgment and this Agreement, counsel for any of the Parties may forward this Agreement and the Final Order and Judgment to such Class Member and advise him, her, or it of the releases provided pursuant to this Agreement.

**8.2** Upon entry of Final Order and Judgment, the Combined Action shall be dismissed with prejudice.

**8.3** The Court retains exclusive and continuing jurisdiction over the Combined Action and all Parties and Class Members to interpret and enforce the terms, conditions, and obligations of this Agreement.

## 9. RELEASES

**9.1** Upon entry of the Final Order and Judgment, and regardless of whether any Class Member executes and delivers a written release, each Plaintiff and each Class Member (each of whom is a Releasing Party) shall be deemed to waive, release and forever discharge Google and the Google Releasees from all Released Claims, whether or not known. Each Releasing Party is deemed to provide the waiver, release and discharge on his, her, or its own behalf, as well as on behalf of any administrators, affiliates, agents, assigns, attorneys, beneficiaries, contractors, dependents, descendants, directors, employees, executors, heirs, insurers, investors, joint venturers, members, officers, parents, predecessors, related entities, representatives, servants, shareholders, subsidiaries, successors, underwriters, units, and anyone else who could bring any Released Claim on his, her, or its behalf or based on a transfer of rights—by law, contract, or otherwise—from any Releasing Party.

**9.2** The release described in Paragraph 9.1 is, and shall remain, a full and complete release, notwithstanding the discovery or existence of any additional or different facts or claims existing before the Effective Date. The Releasing Parties shall, by operation of the Final Order and Judgment, expressly waive the provisions of California Civil Code § 1542 (and all other similar provisions of law) to the full extent that these provisions may be applicable to this release. California Civil Code § 1542 provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN TO HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Parties shall, by operation of the Final Order and Judgment, be deemed to assume the risk that facts additional, different, or contrary to the facts which each believes or understands to exist, may now exist or may be discovered after the release set forth in this Agreement becomes effective, and the Releasing Parties shall, by operation of the Final Order and Judgment, be deemed to have agreed that any such additional, different, or contrary facts shall in no way limit, waive, or reduce the foregoing releases, which shall remain in full force and effect.

**9.3** Nothing in this Agreement shall be construed in any way to prejudice or interfere with any Releasing Party's ability to pursue his, her, or its rights under any applicable insurance policies.

## 10. CLASS COUNSEL FEES AND COSTS AND INCENTIVE AWARDS

**10.1** Plaintiffs may apply to the Court seeking a reasonable proportion of the Settlement Amount as payment of any reasonable attorneys' fees and costs ("Fee Award"). The Fee Award will be paid as part of the Settlement Amount specified in Paragraph 3.2. It is not a condition of this Settlement that any particular amount of attorneys' fees, costs or expenses or incentive awards be approved by the Court, or that such fees, costs, expenses or awards be approved at all. Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or inventive awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate or cancel this Settlement Agreement, or affect or delay the finality of the Final Order and Judgment, except that any modification, order or judgment cannot result in Google's overall obligation exceeding the Settlement Amount specified in Paragraph 3.2. The Class Administrator will distribute from the Common Fund any Fee Award approved by the Court within thirty-one (31) days of the Effective Date. The Class Administrator shall wire the amount awarded in the Fee Award to the trust account of Nassiri & Jung LLP, on behalf of all Class Counsel; Nassiri & Jung LLP shall be responsible for distributing the Fee Award among Class Counsel.

11

**10.2** In recognition of Plaintiffs' efforts on behalf of the Class, and subject to Court approval, Class Counsel may apply to the Court for an award for each Plaintiff of up to $5,000 each, as appropriate compensation for their time and effort expended in serving as Class Representatives. The Incentive Award will be paid as part of the Settlement Amount specified in Paragraph 3.2. It shall be paid contemporaneously and in the same manner as any Fee Award, as specified in § 10.1.

**10.3** Except as otherwise provided in this section, each Party will bear its own costs, including attorneys' fees, incurred in connection with the Actions.

## 11.    TERMINATION OF THE AGREEMENT

**11.1** The performance of this Agreement is expressly contingent upon achieving the Effective Date. This includes both (i) the entry of the Preliminary Approval Order approving this Agreement, including the Notice Plan and the selection of the *Cy Pres* Recipients, and the Final Order and Judgment approving this Agreement and the expiration of all appeal periods and appeal rights without modification to the Final Order and Judgment that any Party deems material. If the Court fails to issue either (i) the Preliminary Approval Order or (ii) the Final Order and Judgment approving this Agreement without modification that any Party deems material following conclusion of the Final Approval Hearing, or if the circumstances in Paragraph 11.2 are met, this Agreement will be deemed terminated.

**11.2** If the Final Order and Judgment is vacated, modified in a manner deemed material by any Party, or reversed, in whole or in part, this Agreement will be deemed terminated (except with respect to rulings on any Fee Award), unless all Parties who are adversely affected thereby, in their sole discretion within thirty (30) days of receipt of such ruling, provide written notice through counsel to Class Counsel and Defendant of their intent to proceed with this Agreement as modified by the Court or on appeal.

**11.3** If this Agreement is deemed terminated pursuant to any provision in Paragraph 11, it will have no force or effect whatsoever, shall be null and void, and will not be admissible as evidence for any purpose in any pending or future litigation in any jurisdiction.

## 12.    CONFIDENTIALITY

**12.1** Other than responses to inquiries from governmental entities or as necessary to comply with federal and state tax and securities laws, no Party shall initiate any publicity relating to or make any public comment regarding this Agreement until a motion seeking the Preliminary Approval Order is filed with the Court.

**12.2** Unless and until all Parties execute this Agreement and present it to the Court in a motion seeking the Preliminary Approval Order, the Parties agree that all terms of this Agreement will remain confidential and subject to Federal Rule of Evidence 408.

### 13.  MISCELLANEOUS PROVISIONS

**13.1**  Google will provide Plaintiffs with confirmatory discovery no later than thirty (30) days after Preliminary Approval. The confirmatory discovery shall consist of a declaration from the appropriate Google personnel consisting of an explanation of when search queries are transmitted to third parties via referrer headers, any differences for users signed in to a Google account or using SSL, and when those differences arose.

**13.2**  This Agreement, including all attached exhibits, shall constitute the entire agreement among the Parties (and covering the Parties and the Class) with regard to the subject matter of this Agreement and shall supersede any previous agreements and understandings between the Parties.

**13.3**  This Agreement may not be changed, modified or amended except in writing signed by Class Counsel and Google's counsel, subject to Court approval if required.

**13.4**  Each Party represents and warrants that it enters into this Agreement of his, her, or its own free will. Each Party is relying solely on its own judgment and knowledge and is not relying on any statement or representation made by any other Party or any other Party's agents or attorneys concerning the subject matter, basis, or effect of this Agreement.

**13.5**  This Agreement has been negotiated at arm's length by Class Counsel and Google's counsel. In the event of any dispute arising out of this Agreement, or in any proceeding to enforce any of the terms of this Agreement, no Party shall be deemed to be the drafter of this Agreement or of any particular provision or provisions, and no part of this Agreement shall be construed against any Party on the basis of that Party's identity as the drafter of any part of this Agreement.

**13.6**  The Parties agree to cooperate fully and to take all additional action that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

**13.7**  This Agreement shall be binding upon and inure to the benefit of all the Parties and Class Members, and their respective representatives, heirs, successors, and assigns.

**13.8**  The headings of the sections of this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

**13.9**  The laws of California, U.S.A., excluding California's conflict of laws rules, will apply to any disputes arising out of or relating to this Agreement.

**13.10** Prior to pursuing relief or submitting any dispute relating to this Agreement or the Actions to the Court, the Parties and Class Counsel agree to mediate the dispute before Randall Wulff of Wulff, Quinby & Sochynsky, located at 1901 Harrison Street, Suite 1420, Oakland, California, 94612.

**13.11** All claims arising out of or relating to this Agreement will be litigated exclusively in the federal or state courts of Santa Clara County, California, U.S.A. The Parties (i) irrevocably submit to the personal jurisdiction of; (ii) waive any objection to venue in; and (iii) waive any objection to the convenience of litigating in the above courts in any claim arising out of or related to this Agreement.

**13.12** Any notice, instruction, court filing, or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, or overnight delivery service to the respective representatives identified below or to other recipients as the Court may specify. As of the date of this Agreement, these respective representatives are as follows:

For the Class:

NASSIRI & JUNG LLP
c/o Kassra P. Nassiri
47 Kearny Street, Suite 700
San Francisco, CA 94108

For Google:

MAYER BROWN LLP
c/o Edward D. Johnson
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112

**13.13** The Parties agree to work in good faith to effectuate the settlement proposed in this Agreement. This Agreement shall be dissolved, and shall be null and void, if the Parties do not execute this Agreement, if the Court does not preliminarily or finally approve this Agreement, or if this Agreement does not become final and effective due to any ruling on any appeals or remand from any appeals. If the Court does not approve this Agreement in its entirety (except as provided in Paragraph 10.1), or if the approval is not upheld in its entirety on any appeals and remand from any appeals, this Agreement cannot be enforced against either Party; in other words, this Agreement's terms are not separable unless otherwise subsequently agreed in writing or except as provided in Paragraph 10.1.

**13.14** The Parties each represent and warrant that they have not sold, assigned, transferred, conveyed, subrogated, or otherwise disposed of any claim or demand covered by this Agreement. If a Class Member has sold, assigned, transferred, conveyed, subrogated or otherwise disposed of any claim or demand, the Person that acquired such claim or demand is bound by the terms of this Agreement to the same extent as the Class Member would have been but for the sale, assignment, transfer, conveyance, or other disposition.

14

**13.15** The signatories to this Agreement represent that they have been duly authorized to execute this Agreement on behalf of the Parties they purport to represent.

This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

Dated: March 16, 2013.                    Plaintiff Paloma Gaos

                                          _____
                                          Individually and in her representative capacity

Dated: March ___, 2013.                   Plaintiff Anthony Italiano

                                          _____
                                          Individually and in his representative capacity

Dated: March ___, 2013.                   Plaintiff Gabriel Priyev

                                          _____
                                          Individually and in his representative capacity

Dated: March 15, 2013.                    NASSIRI & JUNG LLP

                                          _____
                                          Kassra Nassiri
                                          on behalf of Plaintiffs Paloma Gaos and Anthony
                                          Italiano

Dated: March ___, 2013.                   ASCHENBRENER LAW, P.C.

                                          _____
                                          Michael Aschenbrener
                                          on behalf of Plaintiffs Paloma Gaos and Anthony
                                          Italiano

16

Dated: March ___, 2013.                    Plaintiff Paloma Gaos


_____
Individually and in her representative capacity


Dated: March /5, 2013.                     Plaintiff Anthony Italiano


_____
Individually and in his representative capacity


Dated: March ___, 2013.                    Plaintiff Gabriel Priyev


_____
Individually and in his representative capacity


Dated: March ___, 2013.                    NASSIRI & JUNG LLP


_____
Kassra Nassiri
on behalf of Plaintiffs Paloma Gaos and Anthony
Italiano


Dated: March ___, 2013.                    ASCHENBRENER LAW, P.C.


_____
Michael Aschenbrener
on behalf of Plaintiffs Paloma Gaos and Anthony
Italiano

16

Dated: March ___, 2013.    Plaintiff Paloma Gaos

---

Individually and in her representative capacity

Dated: March ___, 2013.    Plaintiff Anthony Italiano

---

Individually and in his representative capacity

Dated: March 6, 2013.    Plaintiff Gabriel Priyev

---

Individually and in his representative capacity

Dated: March ___, 2013.    NASSIRI & JUNG LLP

---

Kassra Nassiri
on behalf of Plaintiffs Paloma Gaos and Anthony
Italiano

Dated: March ___, 2013.    ASCHENBRENER LAW, P.C.

---

Michael Aschenbrener
on behalf of Plaintiffs Paloma Gaos and Anthony
Italiano

Dated: March ___, 2013.                    Plaintiff Paloma Gaos


_____
Individually and in her representative capacity

Dated: March ___, 2013.                    Plaintiff Anthony Italiano


_____
Individually and in his representative capacity

Dated: March ___, 2013.                    Plaintiff Gabriel Priyev


_____
Individually and in his representative capacity

Dated: March 15, 2013.                    NASSIRI & JUNG LLP


_____
Kassra Nassiri
on behalf of Plaintiffs Paloma Gaos and Anthony
Italiano

Dated: March ___, 2013.                    ASCHENBRENER LAW, P.C.


_____
Michael Aschenbrener
on behalf of Plaintiffs Paloma Gaos and Anthony
Italiano

16

Dated: March __, 2013.                          Plaintiff Paloma Gaos


                                                _____
                                                Individually and in her representative capacity


Dated: March __, 2013.                          Plaintiff Anthony Italiano


                                                _____
                                                Individually and in his representative capacity


Dated: March __, 2013.                          Plaintiff Gabriel Priyev


                                                _____
                                                Individually and in his representative capacity


Dated: March __, 2013.                          NASSIRI & JUNG LLP


                                                _____
                                                Kassra Nassiri
                                                on behalf of Plaintiffs Paloma Gaos and Anthony
                                                Italiano


Dated: March 15, 2013.                          ASCHENBRENER LAW, P.C.


                                                _____
                                                Michael Aschenbrener
                                                on behalf of Plaintiffs Paloma Gaos and Anthony
                                                Italiano


16

Dated: March 15, 2013.                    PROGRESSIVE LAW GROUP, LLC

                                          _____
                                          Ilan Chorowsky
                                          on behalf of Plaintiff Gabriel Priyev

Dated: March ___, 2013.                   GOOGLE INC.


                                          _____
                                          Kent Walker
                                          SVP & General Counsel

17

Dated: March ___, 2013.                    PROGRESSIVE LAW GROUP, LLC

                                           _____
                                           Ilan Chorowsky
                                           on behalf of Plaintiff Gabriel Priyev

Dated: March 15 2013.                      GOOGLE INC.

                                           _____
                                           Kent Walker
                                           SVP & General Counsel

17

## EXHIBIT A TO SETTLEMENT AGREEMENT

1.    Content for Disclosure on Google's "FAQ" webpage:

A disclosure in substantially the same content and form as the following shall be included on Google's "FAQ" webpage currently located at https://www.google.com/policies/privacy/faq/:

### "Are my search queries sent to websites when I click on Google Search results?

In some cases, yes. When you click on a search result in Google Search, your web browser also may send the Internet address, or URL, of the search results page to the destination webpage as the HTTP Referrer [preceding term will be a hyperlink to the Key Terms page, located at https://www.google.com/intl/en/policies/privacy/key-terms/]. The URL of the search results page will sometimes contain the search query you entered. If you are using SSL Search (Google's encrypted search functionality) or if you are logged in to your Google Account, under most circumstances your search terms will not be sent as part of the URL in the HTTP Referrer. There are some exceptions to this behavior. For example, if you click on an ad appearing on the search results page, your browser will continue to send the search terms in the HTTP Referrer to help advertisers to improve the relevancy of the ads they present to you. More information on SSL Search can be found here [preceding term will be a hyperlink to: http://support.google.com/websearch/bin/answer.py?hl=en&answer=173733]. Google may provide Google Analytics users with the search query or with the information contained in the HTTP Referrer."

2.    Content for Disclosure on Google's "Key Terms" webpage:

A disclosure in substantially the same content and form as the following shall be included on Google's "Key Terms" webpage currently located at https://www.google.com/intl/en/policies/privacy/key-terms/:

### "HTTP Referrer"

An HTTP Referrer is information transmitted to a destination webpage by a web browser, typically when you click a link to that webpage. The HTTP Referrer contains the URL of the last webpage the browser visited."

3.    Content for Disclosure on Google's "Privacy FAQ for Google Web History" webpage:

A disclosure in substantially the same content and form as the following shall be included on the "Privacy FAQ for Google Web History" webpage currently located at https://support.google.com/accounts/bin/answer.py?hl=en&answer=54050 in a separate paragraph set off from the existing answer to the FAQ: "How do you use the information you collect when I use Google Web History":

18

"For more information on how Google handles search queries generally, see the Privacy Policy FAQ." [preceding term will be a hyperlink to the Privacy Policy FAQ (available at available at https://www.google.com/policies/privacy/faq/)].