# EXHIBIT 6

1

2

3

4

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

5

6

7

8

9

10

11

12

In re GOOGLE REFERRER HEADER PRIVACY
LITIGATION

_____

This Document Relates To: All Actions

Case No. 5:10-cv-04809-EJD

[Hon. Edward J. Davila]

13

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

14      Plaintiffs move for preliminary approval of settlement, provisional class certification and

15   designation of Plaintiffs as class representatives, appointment of counsel as class counsel. The

16   motion is unopposed and will be GRANTED as set forth below.

17   **I.      BACKGROUND**

18      The instant case is a putative class action brought by Google Search users, Paloma Gaos,

19   Anthony Italiano, and Gabriel Priyev (collectively "Plaintiffs"), challenging the way Defendant

20   Google Inc. ("Google") allegedly divulged its users' search queries.

21      Plaintiff Paloma Gaos initiated this action on October 25, 2010, alleging that Google

22   unlawfully divulged her search queries and the search queries of millions of other Google Search

23   users to third parties. On February 29, 2012, Gabriel Priyev filed an action in the Northern

24   District of Illinois (Priyev v. Google Inc., Case No. 12-cv-1467 (N.D. Ill.)), which was

25   subsequently transferred to this district (re-captioned as Priyev v. Google Inc., Case No. 13-cv-

26   0093-LHK (N.D. Cal.)) and consolidated with the *Gaos* action. See Dkt. No. 51.

27

28

1    Plaintiffs reached a settlement with Defendant after a mediation overseen by Randall W.

2    Wulff of Wulff Quinby Sochinsky. The Settlement Agreement provides for a single Settlement

3    Class, defined as follows:

4
> [A]ll Persons in the United States who submitted a search query to Google
5    at any time during the period commencing on October 25, 2006, up to and
> including the date of the Notice of Proposed Class Action Settlement
6    pursuant to the Notice Plan.

7    Pls. Mot. Prelim. Approval of Class Action Settlement Ex. 3 § 1.4, Dkt. No. 52-1.

8
> Excluded from the Settlement Class are] (i) Google, its subsidiaries and
> affiliates, officers, and directors; (ii) the judge(s) to whom these cases are
9    assigned and any member of the judge's or judges' immediate family; (iii)
> Persons who have settled with and released Google from individual claims
10   substantially similar to those alleged in the Gaos Complaint and the Priyev
> Complaint; and (iv) Persons who submit a valid and timely Request for
11   Exclusion pursuant to Paragraph 6.1 [of the Settlement Agreement].

12   Id. at 1.7, Dkt. No. 52-1.

13   The Settlement Agreement creates a common fund totaling $8,500,000.00 ("Settlement

14   Fund"). After payment of the expenses of administering the settlement ("Settlement

15   Administration Expenses"), any fee award or costs awarded to Class Counsel ("Fee Award"),

16   and any incentive awarded to the Class Representatives in the related actions ("Incentive

17   Award"), the balance of the Settlement Fund shall be distributed to *cy pres* recipients selected by

18   the Parties and approved by the court. The *cy pres* distribution shall be made to recipients that

19   will promote public awareness and education, and/or to support research, development, and

20   initiatives, related to protecting privacy on the Internet. The Settlement Agreement also requires

21   Google to make certain disclosures concerning search queries on its "FAQ" page, "Key Terms"

22   page, and "Privacy FAQ for Google Web History." In exchange for the relief above, and upon

23   entry of a final order approving this Settlement, Google and each of its related affiliates and

24   entities will be released from any and all claims that any Class Member may now or at any time

25   have up to the date of preliminary approval of this Agreement, whether or not known or existing

26   at the time of this Agreement, arising out of the subject matter giving rise to the claims in the

27

28

[PROPOSED] ORDER GRANTING                                              5:10-cv-4809-EJD
PRELIMINARY APPROVAL

1    Actions. <u>See</u> Pls. Mot. Prelim. Approval of Class Action Settlement Ex. 3 §§ 1.34, 9.1-9.3, Dkt.

2    No. 52-3.

3    **II.    LEGAL STANDARD**

4        **A.    Preliminary Approval**

5        "In evaluating a class action settlement under Rule 23(e), the district court determines

6    whether the settlement is fundamentally fair, reasonable, and adequate." *In re Syncor ERISA*

7    *Litig.,* 516 F. 3d 1095, 1100 (9th Cir. 2008).  Preliminary approval of a class action settlement

8    requires the Court to consider whether "(1) the negotiations occurred at arm's length; (2) there

9    was sufficient discovery; (3) the proponents of the settlement are experienced in similar

10   litigation; and (4) only a small fraction of the class objected." <u>In re Netflix Privacy Litigation</u>,

11   2012 WL 2598819, *2 (N.D. Cal. July 5, 2012).

12       **B.    Class Certification**

13       Federal Rule of Civil Procedure 23(a) permits a class action where: "(1) the class is so

14   numerous that joinder of all members is impracticable, (2) there are questions of law or fact

15   common to the class, (3) the claims or defenses of the representative parties are typical of the

16   claims or defenses of the class; and (4) the representative parties will fairly and adequately

17   protect the interests of the class." In addition, the class action must satisfy one of the provisions

18   of Rule 23(b). Satisfying 23(b)(3) requires that "the questions of law or fact common to class

19   members predominate over any questions affecting only individual members, and that a class

20   action is superior to other available methods for fairly and efficiently adjudicating the

21   controversy." Fed. R. Civ. P. 23(b)(3).

22       **C.    Class Counsel**

23       In appointing class counsel, the court must consider "(i) the work counsel has done in

24   identifying or investigating potential claims in the action; (ii) counsel's experience in handling

25   class actions, other complex litigation, and the types of claims asserted in the action; (iii)

26   counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to

27   representing the class." Fed. R. Civ. P. 23(g).

28

[PROPOSED] ORDER GRANTING                                         5:10-cv-4809-EJD
PRELIMINARY APPROVAL

1  III.   **DISCUSSION**

2       A.     **Preliminary Approval**

3       The instant settlement appears fair, non-collusive and within the range of possible final

4  approval. The settlement was a product of arm's length negotiation before a mediator and does

5  not appear to benefit those who participated in the mediation at the expense of any other parties.

6  In light of the minimal monetary recovery that would be realistically recoverable by individual

7  Settlement Class members and the immediate benefits offered to the Class by the injunctive

8  relief and cy pres donations, the Settlement Agreement is deserving of preliminary approval.

9  Additionally, the combination of injunctive or prospective relief and substantial *cy pres*

10  donations compares favorably to settlements in other online consumer privacy cases. See, e.g., In

11  re Netflix Privacy Litig., No. 5:11-cv-00672-EJD (Dkt. No. 80, 256) (unauthorized storage of

12  personal information; $9.0 million settlement fund with *cy pres* payments); In re Google Buzz

13  Privacy Litig., No. 5:10-cv-00672-JW (Docket Nos. 41, 128) (N.D. Cal. 2010) (disclosure of

14  email contact lists without consent; $8.5 million settlement fund with *cy pres* payments); Lane v.

15  Facebook, Inc., No. 5:08-cv-03845 RS, 2009 WL 3359020 (N.D. Cal. Sept. 18, 2009)

16  (unconsented disclosure of personally identifiable information based on Facebook Beacon

17  program; settlement created privacy foundation with funding of $9.5 million). Any class member

18  can opt out of the settlement. The proponents of the settlement are experienced in this type of

19  litigation.

20       B.     **Class Certification**

21       Class certification is appropriate here because all four requirements of Rule 23(a) are met

22  and the action also satisfies the requirements of Rule 23(b) (other than as to manageability

23  issues, which the Court need not and does not consider for purposes of a settlement class).

24       The proposed class is of persons in the United States who submitted a search query to

25  Google during a multi-year time period. Thus, **"**[t]he class is so numerous that joinder of all

26  members is impractical**."** See Fed. R. Civ. P. 23(a)(1).

27

28

[PROPOSED] ORDER GRANTING                                    5:10-cv-4809-EJD
PRELIMINARY APPROVAL

1    There are questions of law or fact common to class members, see Fed. R. Civ. P.

2    23(a)(2), because the settled claims for relief arise from Google's stated policies and a uniform

3    practice of disclosing its users' search queries to third parties via referrer headers—affecting all

4    those individuals in the same way. Such allegations show that Plaintiffs and the proposed

5    Settlement Class share common statutory claims under the Stored Communications Act

6    ("SCA"), 18 U.S.C. § 2702, as well as various state law claims, that likewise result in common

7    and shared factual and legal questions. Furthermore, although the Court need not and does not

8    consider manageability issues when evaluating certification of a settlement class, it otherwise

9    finds the requirements of Fed. R. Civ. P. 23(b)(3) to be satisfied..

10    Plaintiffs' claims are typical of those of the putative class they seek to represent. See Fed.

11    R. Civ. P. 23(a)(3). Google allegedly divulged Plaintiffs' and the Class's search queries to third

12    parties via referrer headers without consent. Plaintiffs argue this practice violates the SCA,

13    which would provide identical statutory damages to all members of the proposed Class, as well

14    as Google's terms and express and implied contracts. Plaintiffs' representation of the Settlement

15    Class is appropriate because they were subjected to the same alleged unlawful conduct.

16    Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

17    See Fed. R. Civ. P. 23(a)(4). To determine if representation is adequate, the Court must ask "(1)

18    do the named plaintiffs and their counsel have any conflicts of interest with other class members

19    and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of

20    the class?" Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). Plaintiffs' interests

21    are representative of and consistent with the interests of the proposed Settlement Class—all stand

22    to recover statutory damages under the SCA for Google's alleged unlawful disclosure of their

23    search queries to third parties via referrer headers. Also, Plaintiffs' active participation in this

24    litigation demonstrates that they have and will continue to protect the interests of the proposed

25    Settlement Class. Further, proposed Class Counsel have regularly engaged in major complex

26    litigation and have extensive experience in consumer class action lawsuits that are similar in size,

27    scope, and complexity to the present case. See Decl. of Michael Aschenbrener, Ex. 1-A, Dkt. No.

28

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL

5:10-cv-4809-EJD

1  52-1; Decl. of Ilan Chorowsky, Ex. 2-A, Dkt. No. 52-2; and Decl. of Kassra Nassiri, Ex. 5-A,

2  Dkt. No. 52-5.

3      Accordingly, the proposed class will be provisionally certified for settlement purposes,

4  and the Court will designate Paloma Gaos, Anthony Italiano, and Gabriel Priyev as class

5  representatives.

6      **C.    Class Counsel**

7      Proposed Class Counsel have conducted extensive pre-litigation investigation of the class

8  claims and are experienced and knowledgeable, as discussed above. Accordingly, Kassra Nassiri

9  of Nassiri & Jung LLP, Michael Aschenbrener of Aschenbrener Law, P.C., and Ilan Chorowsky

10  of Progressive Law Group LLC are preliminarily appointed as Class Counsel for the Settlement

11  Class.

12      **D.    Notice of Class Certification and Settlement Administration**

13      Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances,

14  including individual notice to all members who can be identified through reasonable effort."

15  Rule 23(e)(1) requires reasonable notice to all class members who would be bound by the

16  proposed settlement. The notice must explain in easily understood language the nature of the

17  action, definition of the class, class claims, issues and defenses, ability to appear through

18  individual counsel, procedure to request exclusion, and the binding nature of a class judgment.

19  Fed. R. Civ. P. 23(c)(2)(B). Here, the parties in this case have created and agreed to perform the

20  following Notice Plan:

21      **Settlement Website.** The Class Administrator shall create and maintain a Settlement

22  Website until at least thirty days after Effective Date of the Settlement, which is roughly sixty

23  days after the Court enters an order granting final approval of the Settlement. The Settlement

24  Website shall (i) post, without limitation, the operative complaint(s), this Settlement Agreement,

25  and Long Form Notice and Opt-Out Form; (ii) notify Class Members of their rights to object or

26  opt out; (iii) inform Class Members that they should monitor the Settlement Website for

27  developments, including the final proposed *cy pres* distribution; and (iv) notify Class Members

28

6

[PROPOSED] ORDER GRANTING                                    5:10-cv-4809-EJD
PRELIMINARY APPROVAL

1   that no further notice will be provided to them once the Court enters the Final Order and

2   Judgment, other than through updates on the Settlement Website. See Pls.' Mot. Prelim.

3   Approval of Class Action Settlement Ex. 3 § 5.5, Dkt. 52.

4         **Publication Notice.** The Parties shall also implement a notice and publication plan. See

5   Pls.' Mot. Prelim. Approval of Class Action Settlement Ex. 3 §§ 5.1-5.4.

6         The Notice Plan will be established and publication will begin within thirty days of the

7   entry of an order by the Court granting preliminary approval of the proposed Settlement. All

8   costs associated with implementing the Notice Plan, including the fees and costs of the Class

9   Administrator, will be paid out of the Settlement Fund. Within ten days after the filing of this

10   Agreement with the Court, Google will have the Class Administrator notify the appropriate state

11   and federal officials of this Agreement pursuant to the Class Action Fairness Act of 2005, 28

12   U.S.C. § 1715. See Pls.' Mot. Prelim. Approval of Class Action Settlement Ex. 3 § 5.6. Dkt. 52.

13         The Court finds the procedure described above, including the timeline established for

14   notice, opt-outs and objections, meets the standards of Rule 23 and due process.

15   **IV.**     **ORDER**

16         In light of the preceding discussion, the motion for approval of the motion for conditional

17   certification of a settlement class and preliminary approval of class action settlement is

18   GRANTED as follows:

19         1.     This action is certified as a class action only for settlement purposes pursuant to

20   subsections (a) and (b)(3) of Federal Rule of Civil Procedure 23.

21         2.     The Settlement Agreement is preliminarily approved as fair, reasonable, and

22   adequate pursuant to Federal Rule of Civil Procedure 23(e).

23         3.     Plaintiffs Paloma Gaos, Anthony Italiano, and Gabriel Priyev are approved to act

24   as Class Representatives for settlement purposes only.

25         4.     Kassra Nassiri of Nassiri & Jung LLP, Michael Aschenbrener of Aschenbrener

26   Law, P.C., and Ilan Chorowsky of Progressive Law Group LLC are appointed Class Counsel

27   pursuant to Federal Rule of Civil Procedure 23(g) for settlement purposes only.

28

7

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL

5:10-cv-4809-EJD

1    5.    The Notice Plan and the content and form of Notice to the Settlement Class as set

2  forth in Plaintiffs' Motion for Preliminary Approval of Class Action Settlement are approved

3  pursuant to subsection (c)(2)(B) and (e) of Federal Rule of Civil Procedure 23.

4    6.    A hearing on the final approval of class action settlement shall be held before this

5  court on February 14, 2014 at 9:00 a.m., United States District Court, Northern District of

6  California, San Jose Division, 280 South 1st Street, Courtroom 4, 5th Floor, San Jose, California

7  95113. Class Counsel may file brief(s) requesting final approval of the Settlement Agreement,

8  Fee Award, and Incentive Award, no later than 35 calendar days before the final approval

9  hearing. Objections must be filed no later than January 24, 2014. All other applicable dates shall

10  be established by the Settlement Agreement and Plaintiffs' Motion for Preliminary Approval of

11  Class Action Settlement.

12

13  IT IS SO ORDERED.

14  Dated: _____, 2013

15

16                                              _____
                                                EDWARD J. DAVILA
17                                              United States District Judge

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING                                    5:10-cv-4809-EJD
PRELIMINARY APPROVAL