# Exhibit 1

Aschenbrener Declaration

KASSRA P. NASSIRI (215405)
(knassiri@nassiri-jung.com)
NASSIRI & JUNG LLP
47 Kearny Street, Suite 700
San Francisco, California 94108
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

MICHAEL J. ASCHENBRENER
(mja@aschenbrenerlaw.com) (277114)
ASCHENBRENER LAW, P.C.
795 Folsom Street, First Floor
San Francisco, CA 94107
Telephone: (415) 813-6245
Facsimile: (415) 813-6246

ILAN CHOROWSKY (Admitted Pro Hac Vice
(ilan@progressivelaw.com)
PROGRESSIVE LAW GROUP, LLC
1 N LaSalle Street, Suite 2255
Chicago, IL 60602
Telephone: (312) 787-2717
Facsimile: (888) 574-9038

Attorneys for Plaintiffs and the Putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re GOOGLE REFERRER HEADER PRIVACY LITIGATION<br><br>―――――――――――――――――――<br>This Document Relates To: All Actions | Case No. 5:10-cv-04809-EJD<br><br><u>CLASS ACTION</u><br><br>**DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:     August 29, 2014<br>Time:     9:00 a.m.<br>Place:    Courtroom 4, 5th Floor<br>Judge:   Hon. Edward J. Davila |

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1. I am an attorney admitted to practice in the States of California, Illinois, and Minnesota, and represent Plaintiffs in the above-titled action. I am over the age of eighteen and am fully competent to make this declaration. This declaration is based upon my personal knowledge, except where expressly noted otherwise.

2. I am the Managing Principal of Aschenbrener Law, P.C., which has been appointed Class Counsel in this matter. A true and accurate copy of my firm resume is attached hereto as Exhibit 1-1.

3. As Class Counsel, I am familiar with (i) the claims, evidence, and legal arguments involved in this settlement; (ii) the terms of the settlement; and (iii) the relevant defenses, evidence, and legal arguments made to date.

4. In light of the discovery conducted in this case, it is the opinion of Class Counsel that the proposed Settlement Agreement is the most advantageous solution for the Class.

5. Throughout the litigation, Plaintiffs propounded written discovery upon Google, including requests to admit and deposition notices.

6. From the beginning of the case and while actively litigating, the Parties attempted to resolve the matter without further litigation, but did not find success until mediating with Randall Wulff.

7. First, counsel for the Parties met in person in San Francisco in January 2011 to discuss possible resolution; the meeting was not successful.

8. Counsel for the parties met again in San Francisco in February 2011, but were again unsuccessful.

9. Counsel for the Parties met a third time to discuss resolution in June 2012, this time for an all-day negotiating session, but were once again unsuccessful in coming to terms despite extensive post-meeting discussions throughout the summer of 2012.

10.     In an effort to advance the putative class's interests most efficiently and effectively, counsel for Plaintiffs Gaos and Italiano and for Plaintiff Priyev decided to work cooperatively to again attempt to resolve the matter.

11.     On January 28, 2013, in Oakland, California, the Parties mediated the case before Randall Wulff, an experienced and well-respected mediator of class action disputes.

12.     The arms-length negotiation went all day and long into the night, and based upon his review of the facts and applicable law in this case, Mr. Wulff proposed a settlement amount in the form of a "mediator's proposal" to the Parties, which the Parties accepted and which formed the framework for a settlement in principle.

13.     Class Counsel worked tirelessly to aggressively litigate and then to subsequently negotiate a Settlement to provide relief to a class of more than 100 million individuals.

14.     Class Counsel made multiple trips to meet and confer with Defendant, and exchanged numerous drafts of a Settlement Agreement and related documents over the span of several months.

15.     Later that week, the parties began negotiating a settlement agreement.

16.     Over the span of nearly two months, the Parties exchanged numerous drafts of the agreement and related documents.

17.     On March 16, 2013, the Parties executed the Settlement Agreement.

18.     Plaintiffs have maintained that any settlement would need to include prospective relief designed to notify users as to Google's conduct so that users can make informed choices about whether and how to use Google Search.

19.     The instant Settlement Agreement provides such relief.

20.     No later than fourteen (14) days before the Objection Deadline, Class Counsel made public, via the Settlement Website and direct notice to the proposed *Cy Pres* Recipients, any additional proposed *Cy Pres* Recipients and the allocations of proposed *cy pres* disbursements.

21.     Upon final approval of the Settlement, the *cy pres* awards will be distributed to recipients that Class Counsel intensively vetted through a rigorous proposal process,[1] and the funds will be used to educate consumers about Internet privacy issues, and to advocate for more extensive consumer protection.

22.     Education, policy work, and technology were key components of the *Cy Pres* Recipients' proposals. Each of the *Cy Pres* Recipients reviewed Plaintiffs' Complaint and crafted specific proposals aimed at remedying the wrongs alleged, and reaching the Settlement Class.

23.     Although Plaintiffs and proposed Class Counsel are confident in the strength of their claims and in their ability to prevail ultimately at trial, they also recognize that litigation is inherently risky. Plaintiffs' claims were particularly risky. Google has made it clear that it would vigorously oppose class certification.

24.     Nevertheless, the viability of Google's factual and legal defenses to Plaintiffs' claims counsels in favor of the instant settlement, including express defenses under the SCA.

25.     Given the size of the Settlement Class, any realistically obtainable monetary award would result in payments to Class Members that would be negligible on an individual level.

26.     Plaintiffs have not negotiated, and do not intend to negotiate, a clear sailing provision for Plaintiffs' attorneys' fees and costs request.

27.     Class Counsel seek $2,125,000.00 in fees from the Settlement Fund.

28.     My firm, along with other Class Counsel and supporting counsel, has spent substantial time representing Plaintiffs and the Class without compensation.

29.     My firm has forgone other opportunities in order to effectively represent the Class.

---

[1] Plaintiffs' Counsel used the following criteria to select appropriate *cy pres* recipient: (1) organizations that were independent and free from conflict; (2) organization with exemplary service records that would promote public awareness and education, and/or support research, development, and initiatives related to protecting privacy on the Internet, with an emphasis on consumer-facing efforts; (3) organizations reaching and targeting internet users of all demographics across the country; (4) organizations willing to provide detailed proposals to the court and the class; and (5) organizations capable of using the funds to educate the class about risks attendant with disclosing personal information to internet service providers; or to inform policy makers about the challenges associates with internet privacy and possible solutions; or develop tools allowing consumers to understand and control the flow of their personal information to third parties; or to develop tools to prevent third parties from exploiting consumer data.

30.     In connection with that representation, my firm has advanced out-of-pocket expenses litigating this case, with considerable risk of non-return.

31.     Class Counsel contemplate that they must still: (1) respond to any Class Member inquiries that occur after the filing of this brief; (2) receive, review, and reply to any objections raised to this Settlement; (3) prepare and appear for the final fairness hearing in this matter on August 29, 2014; (4) respond to any concerns raised by the Court at and after the final fairness hearing; (5) assuming the Court grants this Motion for fees and final approval of the Settlement, take all subsequent steps necessary to implement this Settlement; and, (6) defend the Settlement against any appeals.

32.     As reflected in the chart below (segregating time by attorney), as of July 25, 2014, the total number of attorney hours spent on this case by my firm is 695.4, and the total lodestar amount for attorney time on my firm's reasonable rates as of the same date is $327,028.54.

| Attorney | Experience (years) | Hours | Rate | Total |
| --- | --- | --- | --- | --- |
| Michael Aschenbrener | 8 | 418.6 | $525.00 | $219,765.00 |
| Adam York | 8 | 65 | $485.00 | $31,525.00 |
| Anne Schmidlin | 2 | 171.6 | $330.00 | $56,628.00 |
| Amanda Brady | 4 | 14.4 | $330.00 | $4,752.00 |
| Brian Noack | 3 | 25.8 | $330.00 | $8,514.00 |
| **Expenses** | | | | $5,844.54 |
| **Totals** | | 695.4 | | $327,028.54 |

33.     Throughout my involvement in this case, I ensured that my firm did its part to litigate efficiently, without undue duplication of effort, and at minimal expense.

34.     The reasonable rates of attorneys at my firm range from $330 per hour to $525 per hour.

35.     My firm's rates are reasonable and well within the range of rates charged by firms in the Bay Area. Attached to this Declaration as Exhibit 1-2 is an excerpt from the 2013 National

Law Journal Billing Survey that details the highest, lowest, and median rates for partners and associates in the Bay Area.

36.     The 2013 National Law Journal Billing Survey also includes the hourly billing rates of Defendant's Counsel in this matter, O'Melveny & Myers. At O'Melveny & Myers, partners bill between $615 and $950 per hour; associate hourly rates were not available.

37.     Factoring in the median partner billing rates at O'Melveny & Myers with the median hourly rate of firms in the Bay Area according to the 2013 National Law Journal Billing Survey, the average partner billing rate is $631.43. My hourly rate and the hourly rate of Adam York fall well below these averages.

38.     My firm's rates are also reasonable in light of the Adjusted Laffey Matrix Chart, attached here as Exhibit 1-3. Under the Adjusted Laffey Matrix, $567.00 per hour is a reasonable hourly rate for attorneys with eight (8) years of experience. Attorney Michael Aschenbrener (Managing Principal at Aschenbrener Law) bills at a rate of $525.00 per hour, and Adam York bills at a rate of $485.00 per hour. These rates are reasonable and below the rates proposed in the Adjusted Laffey Matrix.

39.     Similarly, the Adjusted Laffey Matrix states that $320 per hour is a reasonable rate for attorneys with one to three years of experience. Under the Adjusted Laffey Matrix calculations Associate Anne Schmidlin has two years of experience and bills at a rate of $330.00 per hour. Associate Amanda Brady has four years of experience and bills at a rate of $330.00 per hour. Associate Brian Noack has three years of experience and bills at a rate of $330.00 per hour. These rates are well within the Adjusted Laffey Matrix rate and reasonable.

40.     Moreover, the billing rates for my firm's associates fall well below the average $379.16 per hour rate of associates at Bay Area firms.

41.     Further, Class Counsel have regularly engaged in major complex litigation and have extensive experience in consumer class action lawsuits that are similar in size, scope, and complexity to the present case.

1    42.    Attached hereto as Exhibit 1-4 is a true and accurate copy of my firm's

2    unreimbursed expense report.

3    43.    I declare under penalty of perjury that the foregoing is true and correct.

4

5    Dated: July 25, 2014                          ASCHENBRENER LAW, P.C.

6
                                                    /s/ Michael J. Aschenbrener
7                                                   Michael J. Aschenbrener

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1-1

Aschenbrener Law Firm Resume



## ASCHENBRENER LAW

# ASCHENBRENER LAW - FIRM RESUME

**ASCHENBRENER LAW, P.C.** is a law firm with offices in Chicago, San Francisco, and Minneapolis. The firm handles complex litigation and transactional matters, including consumer class actions.

### Representative Class Actions:

- *In re T-Mobile Sidekick Litig.*, 5:09-cv-4854-JW (N.D. Cal.): Michael Aschenbrener was appointed Class Counsel in cloud computing data loss case against T-Mobile and Microsoft. Case settled for value in excess of $4.9 million.

- *Turner v. Storm8*, 4:09-cv-5234-CW (N.D. Cal.): Michael Aschenbrener was appointed Class Counsel in mobile data privacy case against an iPhone app developer. Case settled for value of $8,000,000 plus strong injunctive relief.

- *Resmer v. Oversee.net*, BC 434426 (L.A. Sup. Ct.): Michael Aschenbrener was appointed Class Counsel in case concerning shill bidding in online auctions for domain names. Case settled for 100% relief plus interest and strong injunctive relief.

- *Gawronski v. Amazon*, 2:09-cv-1084-JCC (W.D. Wash): Michael Aschenbrener was lead attorney in well-publicized class action concerning alleged remote deletions of electronic books. Case settled for more than 100% relief for putative class members and property rights of e-book purchasers.

- *In re Google Referrer Header Privacy Litig.*, 10-cv-4809-EJD (N.D. Michael Aschenbrener is Counsel in class action concerning alleged illegal transmission of personally identifiable information of tens of millions of Americans. $8.5 million Class Settlement pending.

- *Evans v. Linden Research, Inc.*, 4:11-cv-1078-DMR (N.D. Cal.). Michael Aschenbrener was appointed Class Counsel in case alleging the company behind Second Life violated its users property rights by wrongfully confiscating their real world money, virtual money, virtual property, and virtual land. Case settled for value of over $600,000.

- *In re Facebook Privacy Litig.*, 10-cv-2389-JW (N.D. Cal.): Michael Aschenbrener was appointed interim co-lead counsel in privacy class action concerning alleged illegal transmission of personally identifiable information of tens of millions of Americans. Case partially survived appeal and remains open.

- *Earll v. eBay*, 5:11-cv-262-JF (N.D. Cal.): Michael Aschenbrener is lead counsel in class action seeking to establish rights for deaf users of the Internet under the ADA and California state human rights laws. Case pending appeal.

- *Standiford v. Palm*, 5:09-cv-5719-LHK (N.D. Cal.): Michael Aschenbrener was Counsel in class action concerning mobile cloud computing data loss against Palm and Sprint. Case settled for $640,000.

- *Claridge v. RockYou*, 4:09-cv-6032-PJH (N.D. Cal.): Michael Aschenbrener was Counsel in class action concerning data loss of personally identifiable



information of 32 million consumers. First case to survive MTD on damages theory concerning monetary value of PII. Case settled on injunctive basis, including years of privacy audits to ensure security of user data.

- *Robins v. Spokeo*, 10-cv-5306 (C.D. Cal.): Michael Aschenbrener was Counsel in class action brought under the Fair Credit Reporting Act against social networking/ search site. Case survived appeal and remains open.

- *Lane v. Facebook*, 08-cv-3845-RS (N.D. Cal.): Michael Aschenbrener was Counsel in privacy class action against Facebook regarding Facebook's one-time product known as Beacon. Case settled for $9.5 million.

- *Sims v. Cellco*, 07-cv-1510-MC (N.D. Cal.): Michael Aschenbrener was Counsel in class action against Verizon concerning cramming charges associated with recycled cell phone numbers. Case settled for $1 million plus attorneys' fees and costs.

- *In re ATI Tech. HDCP Litig.*, 06-cv-1303-JW (N.D. Cal.): Michael Aschenbrener was Counsel in consumer class action concerning alleged false representations of technical capabilities of computer graphics cards. Case settled for $11 million.

- Counsel in many other class actions concerning the mobile content industry (spam text messages, etc.) that resulted in the recovery of hundreds of millions of dollars for consumers.

**MICHAEL ASCHENBRENER** is the founder and principal of Aschenbrener Law, P.C. He has been recognized as a leader in class action litigation. His reputation for leadership has caused him to be appointed lead counsel in many high-profile class action suits, including cases involving Facebook, T-Mobile, Microsoft, Zynga, and others. In appointing Michael interim co-lead counsel in a hotly contested and well-publicized privacy class action, Judge James Ware noted that co-lead counsel "were pioneers in the electronic privacy class action field, having litigated some of the largest consumer class actions in the country on this issue."

Michael has appeared in dozens of national and international publications and numerous TV and radio programs to discuss his cases and class action and consumer issues more generally. He regularly speaks at seminars on class action and technology issues. Michael is a graduate of the University of Minnesota and Chicago-Kent College of Law.

Before entering the legal field, Michael spent several years working in the wireless, computer and Internet marketing industries where he gained significant insight into the business of technology.

Prior to founding Aschenbrener Law, Michael served as Chair of the Technology and Privacy practice group at Edelson P.C. in Chicago. Prior to joining Edelson, Michael also served as an Assistant Attorney General for the State of Minnesota and worked as an associate at Edelman, Combs, Latturner & Goodwin, LLC, which is a Chicago-based consumer rights and class action firm.

During law school, Michael was an award-winning member of the Moot Court Honor Society, as well as Editor of the Seventh Circuit Review.

**AMANDA BRADY** is Counsel at Aschenbrener Law. She represents businesses and professionals in transactional matters and in litigation.



Before joining Aschenbrener Law, Amanda practiced commercial and business law in both transactional and litigation capacities. She handled everything from corporate formation and governance to mergers and acquisitions, as well as commercial real estate matters. She also represented financial professionals, such as securities brokers/dealers, financial planners, and insurance agents in commercial, financial services, securities, and ERISA-related litigation and arbitration before FINRA and in state and federal court.

Amanda grew up in Evanston, Illinois and graduated from the University of Illinois at Urbana-Champaign in 2008, where she obtained a Bachelor of Arts in Political Science. Amanda earned her J.D. at Chicago-Kent College of Law in 2011 and her M.B.A. at IIT's Stuart School of Business in 2012.

While in law school, Amanda was on the Dean's List and was nominated for the Bar and Gavel award for outstanding service to the school and community. Amanda was also a Goldstein Fellow and on the Dean's List while in business school.

**BRIAN NOACK** is Counsel at Aschenbrener Law. He represents businesses and other entities in intellectual property matters, including patents, trademarks, copyrights, and trade secrets in both prosecution and litigation.

Brian grew up in south Florida and graduated from the University of Miami, where he obtained a Bachelor of Science in Microbiology & Immunology. As an undergraduate, Brian spent three years doing medical research at the University of Miami Medical School. Brian earned his J.D. from Indiana University - Bloomington, where he was a member of the Federal Communications Law Journal.

**ANNE SCHMIDLIN** is Counsel at Aschenbrener Law. Anne focuses primarily on business litigation.

Before joining Aschenbrener Law, Anne worked for a boutique employment law firm where she focused on representing plaintiffs in a wide variety of matters, including Title VII, constitutional and state-based claims. Prior to entering law school, Anne worked for a nonprofit legal aid organization in Chicago as an outreach coordinator, raising funds, writing grants, and coordinating legal trainings.

Anne grew up in Ohio where she attended the University of Dayton, graduating with a degree in public relations and a minor in marketing. Anne earned her J.D. at Chicago-Kent College of Law, where she was a member of the Moot Court Honors Society, graduating magna cum laude.

**ADAM YORK** is Senior Counsel at Aschenbrener Law. He represents businesses and other entities in commercial litigation, in addition to advising them on privacy, compliance, and other commercial matters.  Adam also represents individuals in consumer and privacy class-action litigation.

Before joining Aschenbrener Law, Adam defended small businesses in litigation arising from contract disputes and construction injuries. Before embarking on his legal career, Adam worked for five years as a software developer in the entertainment industry.

Adam grew up in northern California and graduated from Stanford University, where he obtained a Bachelor of Science in environmental economics and policy.  Adam earned his J.D. at Chicago-Kent College of Law, where he was a member of the Moot Court Honor Society.

# Exhibit 1-2

## Excerpt from 2013 National Law Journal Billing Rate Survey

# 2013 National Law Journal Billing Survey

Reproduced excerpt, with permission from the National Law Journal pursuant to licensing agreement

| Firm Name | Location | Partner Billing Rate High | Partner Billing Rate Low | Partner Billing Rate Avg | Associate Billing Rate High | Associate Billing Rate Low | Associate Billing Rate Avg |
|---|---|---|---|---|---|---|---|
| **Gordon & Rees** | San Francisco, CA | $475.00 | $375.00 | $420.00 | $325.00 | $285.00 | $300.00 |
| **Littler Mendelson** | San Francisco, CA | $615.00 | $395.00 | $550.00 | $420.00 | $245.00 | $290.00 |
| **Morrison & Foerster** | San Francisco, CA | $1195.00 | $595.00 | $865.00 | $725.00 | $230.00 | $525.00 |
| **Orrick, Herrington & Sutcliffe** | San Francisco, CA | $945.00 | $305.00 | $625.00 | $675.00 | $170.00 | $310.00 |
| **Sedgwick** | San Francisco, CA | $615.00 | $305.00 | $425.00 | $475.00 | $250.00 | $325.00 |
| **Cooley** | Palo Alto, CA | $990.00 | $660.00 | $820.00 | $630.00 | $160.00 | $525.00 |

| Firm Name | Location | Partner Billing Rate High | Partner Billing Rate Low | Partner Billing Rate Avg | Associate Billing Rate High | Associate Billing Rate Low | Associate Billing Rate Avg |
|---|---|---|---|---|---|---|---|
| **Bay Area Average** | Bay Area, CA | $805.83 | $439.17 | $617.50 | $541.67 | $223.33 | $379.16 |

| Firm Name | Location | Partner Billing Rate High | Partner Billing Rate Low | Partner Billing Rate Avg | Associate Billing Rate High | Associate Billing Rate Low | Associate Billing Rate Avg |
|---|---|---|---|---|---|---|---|
| **O'Melveny & Myers** | Los Angeles, CA | $950.00 | $615.00 | $715.00 | Not reported | Not reported | Not reported |

Aschenbrener Law Calculations Based on Survey Above

| Firm Name | Location | Partner Billing Rate High | Partner Billing Rate Low | Partner Billing Rate Avg | Associate Billing Rate High | Associate Billing Rate Low | Associate Billing Rate Avg |
|---|---|---|---|---|---|---|---|
| **Bay Area + O'Melveny & Myers** | CA | $826.43 | $464.29 | $631.43 | Not reported | Not reported | Not reported |

# Exhibit 1-3

Adjusted Laffey Matrix

# LAFFEY MATRIX

History

Case Law

Expert Opinions

See the Matrix

Contact us

Home

Links

|  |  |  | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| Year | Adjustmt Factor** | Paralegal/ Law Clerk | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g., McDowell v. District of Columbia, Civ. A. No. 00-594 (RCL), LEXSEE 2001 U.S. Dist. LEXIS 8114 (D.D.C. June 4, 2001); Salazar v. Dist. of Col., 123 F.Supp.2d 8 (D.D.C. 2000).

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

# Exhibit 1-4

Aschenbrener Law Expense Report

| Date | Description | User | Amount | Invoice |
|---|---|---|---|---|
| 07/24/2014 | flight to SF for final approval | Michael Aschenbrener 00005-Gaos | $473.20 | Pending Billing |
| 07/24/2014 | hotel for final approval hearing | Michael Aschenbrener 00005-Gaos | $183.26 | Pending Billing |
| 07/24/2014 | car rental for final approval | Michael Aschenbrener 00005-Gaos | $61.23 | Pending Billing |
| 08/24/2013 | travel-hotel | Michael Aschenbrener 00005-Gaos | $248.77 | Pending Billing |
| 08/24/2013 | travel-food | Michael Aschenbrener 00005-Gaos | $15.48 | Pending Billing |
| 08/23/2013 | travel-food | Michael Aschenbrener 00005-Gaos | $6.99 | Pending Billing |
| 08/23/2013 | travel-car rental | Michael Aschenbrener 00005-Gaos | $132.63 | Pending Billing |
| 08/22/2013 | travel-food | Michael Aschenbrener 00005-Gaos | $4.41 | Pending Billing |
| 07/31/2013 | delivery | Michael Aschenbrener 00005-Gaos | $40.64 | Pending Billing |
| 07/23/2013 | travel-flight | Michael Aschenbrener 00005-Gaos | $383.30 | Pending Billing |
| 01/31/2013 | travel-food | Michael Aschenbrener 00005-Gaos | $2.99 | Pending Billing |
| 01/31/2013 | travel-food | Michael Aschenbrener 00005-Gaos | $10.48 | Pending Billing |
| 01/30/2013 | travel-food | Michael Aschenbrener 00005-Gaos | $7.00 | Pending Billing |
| 01/29/2013 | travel-parking | Michael Aschenbrener 00005-Gaos | $38.00 | Pending Billing |
| 01/29/2013 | travel-flight | Michael Aschenbrener 00005-Gaos | $160.64 | Pending Billing |
| 01/28/2013 | travel-food | Michael Aschenbrener 00005-Gaos | $9.97 | Pending Billing |

| Date | Description | User | Amount | Invoice |
|---|---|---|---|---|
| 01/28/2013 | mediation fee | Michael Aschenbrener 00005-Gaos | $1,687.50 | Pending Billing |
| 01/27/2013 | travel-food | Michael Aschenbrener 00005-Gaos | $8.59 | Pending Billing |
| 01/27/2013 | travel-food | Michael Aschenbrener 00005-Gaos | $20.00 | Pending Billing |
| 01/27/2013 | travel-printing | Michael Aschenbrener 00005-Gaos | $1.27 | Pending Billing |
| 01/03/2013 | travel-flight to sf for mediation | Michael Aschenbrener 00005-Gaos | $303.80 | Pending Billing |
| 09/06/2012 | food | Michael Aschenbrener 00005-Gaos | $3.27 | Pending Billing |
| 09/06/2012 | parking (meeting w/ Ilan) | Michael Aschenbrener 00005-Gaos | $3.50 | Pending Billing |
| 08/16/2012 | travel-flights | Michael Aschenbrener 00005-Gaos | $458.60 | Pending Billing |
| 08/16/2012 | travel-flight | Michael Aschenbrener 00005-Gaos | $458.60 | Pending Billing |
| 06/07/2012 | travel-parking | Michael Aschenbrener 00005-Gaos | $35.00 | Pending Billing |
| 06/06/2012 | travel-food | Michael Aschenbrener 00005-Gaos | $4.28 | Pending Billing |
| 06/06/2012 | travel-food | Michael Aschenbrener 00005-Gaos | $7.05 | Pending Billing |
| 06/06/2012 | travel-food | Michael Aschenbrener 00005-Gaos | $11.31 | Pending Billing |
| 06/06/2012 | travel-food | Michael Aschenbrener 00005-Gaos | $23.27 | Pending Billing |
| 06/06/2012 | travel-transit | Michael Aschenbrener 00005-Gaos | $17.00 | Pending Billing |
| 05/26/2012 | travel-flights | Michael Aschenbrener 00005-Gaos | $297.60 | Pending Billing |

| Date | Description | User | Amount | Invoice |
|------|-------------|------|--------|---------|
| 10/31/2011 | travel-food | Michael Aschenbrener 00005-Gaos | $2.99 | Pending Billing |
| 10/31/2011 | travel-hotel MTD hearing | Michael Aschenbrener 00005-Gaos | $205.11 | Pending Billing |
| 10/31/2011 | Travel-parking | Michael Aschenbrener 00005-Gaos | $35.00 | Pending Billing |
| 10/29/2011 | travel-flight home from SF on MTD hearing | Michael Aschenbrener 00005-Gaos | $83.60 | Pending Billing |
| 10/28/2011 | travel-food | Michael Aschenbrener 00005-Gaos | $5.58 | Pending Billing |
| 10/28/2011 | travel-fee | Michael Aschenbrener 00005-Gaos | $10.43 | Pending Billing |
| 10/28/2011 | Travel-parking | Michael Aschenbrener 00005-Gaos | $26.00 | Pending Billing |
| 10/28/2011 | travel-transit | Michael Aschenbrener 00005-Gaos | $13.11 | Pending Billing |
| 10/28/2011 | travel-transit | Michael Aschenbrener 00005-Gaos | $43.69 | Pending Billing |
| 09/15/2011 | travel-flight to sf for MTD hearing | Michael Aschenbrener 00005-Gaos | $299.40 | Pending Billing |
| | | | $5,844.54 | |