# Exhibit 2

Nassiri Declaration

KASSRA P. NASSIRI (215405)
(knassiri@nassiri-jung.com)
NASSIRI & JUNG LLP
47 Kearny Street, Suite 700
San Francisco, California 94108
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

MICHAEL J. ASCHENBRENER
(mja@aschenbrenerlaw.com) (277114)
ASCHENBRENER LAW, P.C.
795 Folsom Street, First Floor
San Francisco, CA 94107
Telephone: (415) 813-6245
Facsimile: (415) 813-6246

ILAN CHOROWSKY (Admitted Pro Hac Vice)
(ilan@progressivelaw.com)
PROGRESSIVE LAW GROUP, LLC
1 N LaSalle Street, Suite 2255
Chicago, IL 60602
Telephone: (312) 787-2717
Facsimile: (888) 574-9038

Attorneys for Plaintiffs and the Putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re GOOGLE REFERRER HEADER PRIVACY LITIGATION<br><br>_____<br><br>This Document Relates To: All Actions | Case No. 5:10-cv-04809-EJD<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF KASSRA P. NASSIRI IN SUPPORT OF PLAINTIFFS' MOTION FOR FEES AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: August 29, 2014<br>Time: 9:00 a.m.<br>Place: Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

Pursuant to 28 U.S.C. § 1746, I, Kassra P. Nassiri, hereby declare and state as follows:

1.      I make this declaration of my own personal knowledge, except for those matters stated on information and belief.  If called to testify, I could and would do so competently about the matters stated herein.

2.      I am an attorney admitted to practice in the State of California.  I am a principal in the firm Nassiri & Jung LLP and represent Plaintiffs as co-lead counsel in this matter.

3.      I am a 2001 graduate of Harvard Law School, and have been a licensed attorney since that year.  A more complete recitation of my experience and background, including my extensive experience litigating consumer class actions on behalf of plaintiffs, appears in the law firm résumé for Nassiri & Jung LLP, submitted herewith as **Exhibit 2-1.**

**Class Counsel Worked Diligently to Achieve an Excellent Result for Plaintiffs in This Action.**

4.      My firm worked diligently throughout this litigation, first to litigate aggressively against Google and its experienced defense counsel, and then to reach a Settlement that provides unprecedented relief to a class estimated to be more than 100 million individuals.

5.      On April 25, 2012, Plaintiffs served 67 Requests for Admission on Google. Google responded and served objections to these Requests on June 13, 2013.  We drafted several dozen Requests for Production of Documents and additional Requests for Admission in 2013.

6.      On behalf of the plaintiff class, Michael Aschenbrener and I made several attempts to settle this case.  None of these efforts was successful in reaching any agreement whatsoever until January 2013.  We met with counsel for Google in person in January 2011, February 2011, and June 2012.  Post-meeting discussions continued throughout the summer of 2012.

7.      The difference in January was the participation of Randall Wulff as a mediator.  In my experience, Mr. Wulff has earned the respect of litigators on both sides of class action disputes.  He is professional, efficient, and well-qualified.

8.      Mediation before Mr. Wulff began on January 28, 2013, in Oakland, California. The parties negotiated all day and late into the night.  Late in the evening, Mr. Wulff conveyed a

1   Mediator's Proposal that led to an acceptable settlement for the parties.  The proposal Mr. Wulff

2   constructed became the framework for the Settlement Agreement before the Court today.

3          9.      Reaching an agreement on the details of that Agreement required Class Counsel,

4   including myself, to meet and confer with Google's attorneys on dozens of occasions after the

5   mediation, and to exchange several drafts of the Agreement and related documents.  It took nearly

6   two months of ongoing negotiations to complete the settlement, even after the difficult work of

7   constructing a framework for settlement was complete.

8          10.     The parties reached a final agreement and executed it on March 16, 2013.

9          11.     Throughout this case, the need for prospective relief to create informed consent for

10  Google users has been paramount.  We would not have agreed to any settlement that did not

11  provide relief that allowed users to make informed choices about whether and how to use Google

12  Search.  The Agreement before the Court provides such relief, and that relief is permanent.

13         12.     In my experience, the prospective relief and the *cy pres* distribution provided for by

14  the Settlement Agreement represent an excellent result for the plaintiff class.  The process by

15  which the parties selected appropriate *cy pres* recipients and arranged for notice to the class are

16  aptly described in the preliminary approval briefing, the Motion for Final Approval and the

17  Aschenbrener Declaration filed herewith.

18         13.     Although I stand ready, willing and able, proceeding with this litigation would pose

19  very significant risks for the Plaintiff Class.  Class actions of any size pose difficulties for

20  plaintiffs' counsel; litigating against the largest internet search company in the world on behalf a

21  class likely consisting of more than 100,000,000 Google users would be challenging in the

22  extreme.

23         14.     The technological aspects of this litigation also pose substantial risks for Plaintiffs.

24  The law in the field of Internet user privacy remains in its infancy, and courts have had difficulty

25  in consistently applying old privacy laws to new and rapidly-changing technologies.  And it can be

26  difficult to find jurors who can grasp technical concepts like Referrer Headers, HTML Protocols,

27  and Secure Hypertext Transfer Protocols.  (Recognizing these difficulties, for example, the Gaos

28

Complaint filed in this action featured a "Primer" on Referrer Headers and how they are used.) The risk that a decision maker might misunderstand or misapply these concepts is substantial. And the usual risks accompanying expert testimony—*e.g.*, that Google would succeed in excluding some or all of it—compounds these already significant dangers.

15.     Similarly, Class Counsel had to contend with the possibility that Google could raise factual and legal defenses that would create issues of first impression in the Ninth Circuit. In particular, no court in this Circuit has ever ruled on whether search terms embedded in a URL disclose the "contents of a communication" as that phrase is used in the Stored Communications Act. Similarly, no court in this Circuit has considered whether it might be a violation of a defendant's due process rights to impose the enormous statutory penalties available under the Stored Communications Act (which in this case potentially could exceed Google's ability to pay). It is exceptionally difficult to measure likelihood of success in such a litigation climate.

16.     It was clear to me from the beginning that Google would vigorously oppose class certification, if the parties were to litigate that issue. Defense counsel told me on numerous occasions that Google was confident of its ability to defeat class certification, given the manageability and other challenges associated with the size and composition of the class here.

17.     The Settlement Agreement provides for distribution of funds to *cy pres* recipients because it would be impractical to distribute individual monetary awards to individual class members, which itself poses additional risks to continued litigation.

18.     Plaintiffs have not negotiated, and do not intend to negotiate, a "clear sailing" provision for any Plaintiffs' attorneys' fees and costs request.

**The Attorneys' Fees and Unreimbursed Costs Sought by Class Counsel Are Reasonable.**

19.     My firm and I have regularly engaged in major complex litigation and have extensive experience in consumer class action lawsuits that are similar in size, scope, and complexity to the present case.

20.     Class Counsel seek $2,125,000.00 in fees and costs from the Settlement Fund.

21.     On July 25, 2014, lead counsel for the Nassiri, Aschenbrener, and Progressive Law firms agreed in good faith to allocate attorneys' fees from the total award, as follows: 39% to Nassiri & Jung LLP; 39% to Aschenbrener Law, P.C.; and 22% to Progressive Law Group, LLC. This division fairly reflects the relative contributions of each firm in achieving an excellent result for the Plaintiff Class.  A true and correct copy of that agreement is submitted for filing herewith as **Exhibit 2-2**.

22.     Class Counsel as a group are submitting 2,085.6 lodestar hours.

23.     Class Counsel as a group are also submitting $21,643.16 in out-of-pocket litigation expenses.

24.     My firm Nassiri & Jung LLP and its attorneys have forgone other opportunities, including work on behalf of hourly paying clients, in order to effectively represent the Class.

25.     I am familiar with the skill and experience of all the timekeepers at Nassiri & Jung LLP who worked for me on this matter.  Their background and experience are also detailed in the firm résumé submitted as **Exhibit 2-1** hereto.

26.     As shown in the chart below (segregating time by attorney), as of July 25, 2014, the total number of attorney hours spent on this case by my firm is 449.0, and the total lodestar amount for attorney time on my firm's current rates as of the same date is $ 253,776.50.  My firm advanced a total of $ 4,464.95 in reasonable, out-of-pocket litigation expenses. A true and correct copy of expenses advanced by my firm is submitted as **Exhibit 2-6** hereto.

| Professional | Hours | Rate | Total |
|---|---|---|---|
| Kassra Nassiri | 393.8 | $590 | $ 232,342.00 |
| Kenneth M. Walczak | 17.4 | $590 | $  10,266.00 |
| Jessica Kang | 26.3 | $370 | $   9,731.00 |
| Paralegals/ Legal Assistants | 11.5 | $125 | $   1,437.50 |
| **Total Attorneys' Fees** | 449.0 | | $ 253,776.50 |
| **Unreimbursed Expenses** | | | $   4,464.95 |
| **TOTAL** | | | **$ 258,241.45** |

27.     I have carefully reviewed the time entries summarized by this chart, and removed any unnecessary or inefficient hours.  I have not included any time for the timekeepers in my firm who spent less than five (5) hours working on this case.  The above chart includes no time spent preparing Class Counsel's petition for attorneys' fees.

28.     I anticipate devoting further time and resources to this case as it moves through and beyond the final approval process.  I expect to do the following: (1) respond to any Class Member inquiries that occur after the filing of this brief; (2) receive, review, and reply to any objections raised to this Settlement; (3) prepare and appear for the final fairness hearing in this matter on August 29, 2014; (4) respond to any concerns raised by the Court at and after the final fairness hearing; (5) assuming the Court grants this Motion for fees and final approval of the Settlement, take all subsequent steps necessary to implement this Settlement; and, (6) defend the Settlement against any appeals.

29.     The rates reflected in the above chart are those at which Nassiri & Jung LLP customarily bills time in 2014.  They are entirely consistent with those charged by other attorneys and legal professionals in the San Francisco area with comparable experience and expertise.  My firm's lodestar cross-check is based on 2014 rates, to account for delay in payment since the work was performed.  *See Missouri* v. *Jenkins*, 491 U.S. 274, 284 (1989).

30.     Submitted herewith for filing as **Exhibit 2-3** is a true and correct copy of an order entered by the Superior Court of the State of California for the County of San Mateo on April 20, 2012, in the action *Stevens, et al.* v. *Salesforce.com, Inc.*, No. CIV508644.  The court in that action awarded Nassiri & Jung our full 2012 rates, including $589 per hour for my work and $279 for Ms. Kang's work.  (Mr. Walczak was not affiliated with the firm in 2012.)

31.     Submitted herewith for filing as **Exhibit 2-4** is a true and correct copy of a schedule derived from the *Fulton County Daily Report*'s annual "Going Rate" billing survey, published online at http://data.dailyreportonline.com/GoingRate.asp.  The Going Rate survey shows rates for San Francisco Bay Area firms from 2006 through 2013, and shows that Nassiri & Jung's rates are well within the local market range.

32.     The data taken from the *National Law Journal*'s annual law firm billing rates survey, and submitted as Exhibit 1-2 to the Aschenbrener Declaration filed herewith also show that my firm's rates are well within the local market range, if not below the rates charged by major law firms for attorneys with comparable authority and experience.

33.     My firm's rates are also reasonable in light of the Adjusted *Laffey* Matrix Chart, submitted as Exhibit 1-3 to the Aschenbrener declaration. Under the Adjusted *Laffey* Matrix, $640.00 per hour is a reasonable hourly rate for attorneys with 11 to 19 years of experience. I have been practicing law for nearly 14 years; Mr. Walczak has been out of law school for 11. We each bill $590 per hour. Jessica Kang has 4 years of experience has an attorney; her rate of $370 per hour is $23 lower than the Adjusted *Laffey* Matrix rate.

34.     In the San Francisco market, time spent by paralegals and legal assistants is compensable at market rates separately from attorneys' services. My firm bills and is paid for such services by our hourly paying clients. The rate charged for my firm's paralegals and legal assistants are consistent with rated billed by and paid to other firms in the San Francisco area. Submitted herewith for filing as **Exhibit 2-5** is a true and exact copy of the 2013 National Utilization and Compensation Survey Report published by NALA, the Association of Legal Assistants and Paralegals. The charts on page 3 of Exhibit 2-5 show that for the fourth quarter of 2012, paralegal billing rates topped $120 per hour across "Region 7," which includes all of California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 25, 2014                    NASSIRI & JUNG LLP


/s/ Kassra P. Nassiri
Kassra P. Nassiri

# Exhibit 2-1

Nassiri & Jung Firm Resume

# NASSIRI & JUNG LLP FIRM RESUME

NASSIRI & JUNG LLP concentrates in class action litigation, consumer litigation, privacy and unfair competition litigation, wage and hour litigation, and other complex business litigation. The firm's attorneys studied at the top schools in the country, including Harvard, Stanford, Duke, and U.C. Berkeley. Before joining Nassiri & Jung, the firm's lawyers practiced at some of the most renowned law firms in the country, including Kirkland & Ellis, Wilson Sonsini Goodrich & Rosati, and Orrick, Herrington & Sutcliffe. Nassiri & Jung's lawyers have successfully litigated dozens of class action cases on behalf of both plaintiffs and defendants in the areas of consumer, wage and hour, and securities law.

Some of our cases have included:

- *Settlement Recovery Center v. Valueclick, Inc.*, No. 07-cv-02641 (C.D. Cal.): Co-lead counsel in class action alleging fraudulent commission payments related to internet advertising.

- *Stevens v. salesforce.com*, No. CIV-508644 (San Mateo County Sup. Ct.): Lead counsel in wage and hour misclassification class action.

- *Gaos v. Google, Inc.*, No. 10-cv-04809 (N.D. Cal.): counsel in putative class action alleging Internet privacy violations.

- *In Re: Facebook Privacy Litigation*, No. 10-cv-02389-JW (N.D. Cal.): Co-lead counsel in privacy class action.

- *Gonzales v. Lowe's HIW, Inc.*, No. 72 160 01107 11 ANRO (AAA): Co-lead counsel in putative wage and hour misclassification class action.

- *Radcliffe v. Lowe's HIW, Inc*., No. 72 160 00207 12 ANRO (AAA): Co-lead counsel in putative wage and hour misclassification class action.

- *Clark v. Sprint Spectrum L.P.*, No. 10-cv-03625 (N.D. Cal.): counsel in putative class action alleging material omissions and fraudulent practices related to cell phone insurance.

- *Morgenstein v. AT&T Mobility LLC*, No. 09-cv-03173 (N.D. Cal.): counsel in putative class action alleging unfair billing practices related to cell phone service.

- *Kemp v. 51job, Inc.*, No. 05-cv-00974 (S.D.N.Y): defense counsel in PSLRA class action.

- *Hanrahan v. Hewlett-Packard Co.*, No. 05-cv-02047 (N.D. Cal.): defense counsel in PSLRA class action.

- *In re Intrabiotics Pharmaceuticals, Inc. Sec. Litig.*, No. 04-cv-03064 (N.D. Cal.): defense counsel in PSLRA class action.

- *In re LeapFrog Enterprises, Inc. Sec. Litig.*, No. 03-cv-05481 (N.D. Cal.): defense counsel in PSLRA class action.

- *In re Read-Rite Corp. Sec. Litig.*, No. 98-cv-20434 (N.D. Cal.): defense counsel in PSLRA class action.

- *Guzman v. Gloria's Bar & Grill, Inc.*, No. BC480807 (Los Angeles County Superior Court): defense counsel in wage and hour class action alleging failure to pay overtime, wage statement violations, meal and rest break violations, and waiting time penalties.

- *Enriquez v. Packet Fusion, Inc.*, No. CIV 502628 (San Mateo County Superior Court): Plaintiff's counsel in employee misclassification class action alleging failure to pay overtime, wage statement violations, and waiting time penalties.

- *Veliz v. Gloria's Cocina Mexicana*, No. BC440209, (Los Angeles County Superior Court): defense counsel in wage and hour class action alleging failure to pay overtime, wage statement violations, meal and rest break violations, and waiting time penalties.

- *Del Rosario v. Centennial Heathcare, et al.*, No. BC469224 (Los Angeles County Superior Court): defense counsel in wage and hour class action alleging failure to pay overtime and minimum wage, wage statement violations, meal and rest break violations, and waiting time penalties.

- *Navas v. Sunrise Plumbing & Mechanical, Inc.*, No. BC472140 (Los Angeles County Superior Court): defense counsel in wage and hour class action alleging failure to pay overtime.

- *Oregal v. Bay Contract Maintenance Corp.*, No. CIV-472076 (San Mateo County Superior Court): defense counsel in class action alleging unpaid overtime wages.

- *Leon v. Fortress Security Corp.*, No. BC438935 (Los Angeles County Superior Court): defense counsel in class action alleging failure to provide meal and rest breaks.

- *Ortiz v. Summer Systems, Inc.*, No. BC400075 (Los Angeles County Superior Court): defense counsel in class action alleging unpaid overtime wages.

- *Cruz v. Marvel Maids, Inc.*, No. CGC-499197 (San Francisco County Superior Court): defense counsel in putative class action alleging unpaid wages.

- *Cervantes v. Liu Cheng Inc.*, No. 08-cv-3817 (N.D. Cal.): defense counsel in putative FLSA action alleging FLSA violations.

- *Osorio v. Divad Tran*, No. 08-cv-4007 (N.D. Cal.): defense counsel in putative FLSA action alleging FLSA violations.

# ATTORNEYS

## Kassra P. Nassiri

Kassra P. Nassiri is a trial lawyer who maintains a complex litigation practice focusing on business and consumer matters. Mr. Nassiri has successfully represented clients in consumer, employment and securities class actions, shareholder representative litigation, partnership disputes and dissolutions, derivative litigation, complex contract disputes, and other corporate litigation. He has settled and won cases both at the pleading stage and through jury verdicts in California, Delaware and federal courts. Mr. Nassiri was selected for inclusion on the list of Super Lawyers in 2012, 2013 and 2014 by Super Lawyers® magazine. He was also selected for inclusion in the list of Rising Stars in 2011, 2010 and 2009 by the same publication.

Prior to co-founding Nassiri & Jung LLP, Mr. Nassiri was General Counsel of a multi-million dollar financial services company.  Prior to that, Mr. Nassiri practiced litigation at Wilson Sonsini Goodrich & Rosati, the leading securities class-action defense firm in the country.  While at Wilson Sonsini, he successfully defended Fortune 500 companies in shareholder class action lawsuits, derivative lawsuits, and SEC investigations, including:

- *Hewlett-Packard*:  Defended company in securities fraud class action.
- *LeapFrog*:  Obtained dismissal of derivative complaint and securities fraud class action.
- *IntraBiotics*:  Obtained dismissal of securities fraud class action.
- *EMC/Legato Systems*:  Defended merger challenge.
- *Read-Rite*:  Obtained dismissal of securities fraud class action.

Mr. Nassiri earned his law degree from Harvard Law School. While in law school, Mr. Nassiri taught economics courses at Harvard College.  He earned his master's degree in economics from Stanford University, where he was awarded the Stanford Graduate Fellowship.  He earned his bachelor's degree from the University of California, Berkeley, where he was a member of Phi Beta Kappa.  Mr. Nassiri also served as a Special District Attorney in Marin County, where he tried cases through to favorable jury verdicts.

## Charles H. Jung

Charles H. Jung is a trial lawyer who loves practicing law.  His practice emphasizes aggressive trial advocacy, wage and hour litigation, class action litigation, and employment litigation.  Mr. Jung was selected for inclusion on the list of Super Lawyers in 2011 by Super Lawyers® magazine.  He was also selected for inclusion on the list of Rising Stars in 2010 and 2009 by the same publication.  Mr. Jung is the author of California Wage & Hour Law (calwages.com) and California Class Action Law (classactionsblog.com).

Mr. Jung earned his law degree from Stanford Law School, graduating with distinction. While at Stanford, he served as an Articles Editor for the Stanford Law Review.  Mr. Jung earned his master's degree in public policy from the John F. Kennedy School of Government at Harvard University.  At Harvard, Mr. Jung was a Kennedy Fellow.  He earned his bachelor's degree, *magna cum laude*, from Duke University with a dual degree in economics and public policy.  Mr. Jung also served as a Special District Attorney in Marin County, where he tried numerous cases through to jury verdicts.

Mr. Jung has successfully represented individual clients and major companies, including:

- *Discover Financial Services, Inc.*:  after filing a motion to dismiss, obtained voluntary dismissal of representative action under Cal. Bus. & Prof. Code § 17200.
- *Morgan Stanley DW Inc.*:  defended company against its largest arbitration claims.
- *Clifford Chance*:  defended world's largest law firm against claims involving breakup of technology law firm Brobeck.

Recently Mr. Jung defended a services company against class action claims, resolving the dispute for less than 3% of potential exposure; and he defended an employer against

discrimination claims, settling for less than 1% of original demand. He has litigated against law firms such as Gibson Dunn, Paul Hastings, and Cooley Godward.

## John J. Manier

John J. Manier is a trial and appellate lawyer, focusing primarily on employment law and related litigation. He has appeared and argued before the D.C. Circuit, the California Supreme Court and other state and federal courts and has been counsel of record in several ground-breaking cases, including the following:

- *Venetian Casino Resort, LLC v. EEOC*, 530 F.3d 925 (D.C. Cir. 2008) [EEOC policies for disclosing confidential commercial information to third parties, without notice to the employer, was arbitrary and capricious in violation of federal administrative law];
- *Venetian Casino Resort, LLC v. EEOC*, 409 F.3d 359 (D.C. Cir. 2005) [employer's challenge to EEOC policies was ripe];
- *Reeves v. Hanlon*, 33 Cal.4th 1140 (2004) [employer may sue competitor for tortious interference with at-will employment contracts between employer and its employees];
- *Turner v. Anheuser-Busch, Inc.*, 7 Cal.4th 1238 (1994) [establishing standards for constructive wrongful discharge cases in California];
- *GAB Business Services, Inc. v. Lindsey & Newsom Claim Services, Inc.*, 83 Cal.App.4th 409 (2000) [corporate officer owed fiduciary duty of loyalty as a matter of law];
- *Saret-Cook v. Gilbert, Kelly, Crowley & Jennett*, 74 Cal.App.4th 1211 (1999) [affirming $650,000 attorney fee award for an employer who obtained a defense judgment in a sex harassment and discrimination lawsuit];
- *Bardin v. Lockheed Aeronautical Systems Co.*, 70 Cal.App.4th 494 (1999) [company's communications to Los Angeles Police Department during background check on former company employee were absolutely privileged from tort liability];
- *Kirmse v. Nikko Hotel San Francisco*, 51 Cal.App.4th 311 (1996) [affirming summary judgment for employer on job bias and related claims, even though claims were not barred by treaty between United States and Japan]; and
- *Eng v. County of Los Angeles*, 737 F. Supp. 2d 1078 (C.D. Cal. 2010) [granting summary judgment for the County and an individual defendant on a Deputy DA's claim for retaliation in violation of the First Amendment and 42 U.S.C. § 1983].

Mr. Manier earned his law degree from UCLA School of Law (J.D. 1989), where he served as an Editor of the UCLA Law Review and received the American Jurisprudence Awards for Excellence in Property and Constitutional Law. Mr. Manier is a graduate of the University of Notre Dame, where he earned his B.A. in 1986. Mr. Manier served as a Law Clerk to the late Irving Hill, Senior United States District Judge, Central District of California.

## Andrew R. Kislik

Andrew R. Kislik is an experienced litigator who trained at Gibson, Dunn & Crutcher, and who was a principal of Cohen & Ostler in Palo Alto for 16 years. His practice focuses on complex commercial litigation, wage & hour litigation, intellectual property litigation, and

employment law.  Mr. Kislik has obtained numerous summary judgments, has successfully arbitrated and litigated many cases, and has successfully represented both individual clients and companies, including the following:

- *Rodeway Express*:  successfully settled an environmental contamination case for much less than the cost of defense.
- *Wipro, Inc.*:  provided employment and litigation counsel in the United States.
- *Honda (USA)*: successfully settled a motorcycle products liability action for less than the cost of defense.

Mr. Kislik earned his law degree from Harvard Law School, where he served as a Note Editor of the Harvard Law Review and graduated with honors. Mr. Kislik earned his bachelor's degree in mathematics from Harvard College, where he was elected to Phi Beta Kappa and graduated with honors.

Prior to entering into private practice, Mr. Kislik served as a judicial law clerk to United States District Judge Donald D. Alsop in the District of Minnesota.  Following his clerkship, Mr. Kislik served as a special master in the redistricting of Minnesota.  Mr. Kislik also has worked for the labor and litigation departments of the California Judicial Council.

### Kenneth M. Walczak

Kenneth M. Walczak is a trial and appellate lawyer who has litigated complex class actions and constitutional cases.  His practice focuses on class actions, consumer rights, appellate litigation, and trade secrets/intellectual property.

Mr. Walczak has successfully litigated appeals, class actions and individual cases, including the following:

- *In the Ninth Circuit Court of Appeals*: authored brief of amicus curiae supporting the Receiver appointed to overhaul medical care in state prison system; Court cited brief in its ruling maintaining the Receivership.
- *In the California Supreme Court*: worked on brief of amicus curiae, ethics professors supporting the ability of private law firms to provide contingent-fee services to city/county governments in massive lead paint abatement case.  Court cited brief during oral argument and upheld the legality of contingent-fee arrangements.
- *Before the Federal Communications Commission*: worked on brief of wireless service provider opposing merger.  Brief was cited by Department of Justice as influential in DOJ's decision to intervene and oppose merger.
- *In the Northern District of California (Sacramento)*: obtained class action settlement ending state's use of non-contact locations for parole proceedings, which imposed physical barriers between parolees, their attorneys, and/or hearing officers.

Mr. Walczak earned his law degree from Harvard Law School, where he was a Board Member of the Harvard Legal Aid Bureau, and he served as an editor for the Civil Rights/Civil Liberties Law Journal and a columnist for the Harvard Law School Record.  Prior to entering into private practice, Mr. Walczak served as a judicial law clerk to United States District Judge Ann Aldrich in the Northern District of Ohio.  He has also worked with the ACLU of Ohio and the Boston Federal Public Defender.

# Exhibit 2-2

Fee Allocation Agreement

**AGREEMENT**

This Agreement ("Agreement") is made this 25th day of July 2014 (the "Effective Date") by and between Nassiri & Jung LLP, Aschenbrener Law, P.C., and Progressive Law Group, LLC (together, the "Parties").

WHEREAS, Kassra Nassiri of Nassiri & Jung LLP, Michael Aschenbrener of Aschenbrener Law, P.C., and Ilan Chorowsky of Progressive Law Group, LLC, have been appointed Class Counsel in the matter captioned *In re Google Referrer Header Privacy Litig.*, 5:10-cv-4809-EJD (N.D. Cal.) (the "Case");

WHEREAS, Class Counsel have negotiated a proposed class action settlement in the Case that is pending final approval by the Court ("Settlement");

WHEREAS, Class Counsel have worked out how to apportion attorneys' fees among themselves and their law firms in the event the Court grants Final Approval of the Settlement and awards any amount of attorneys' fees to Class Counsel;

WHEREAS, the Parties intend to seek prorated recovery of expenses incurred by each law firm in the Case, separate from attorneys' fees;

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, and subject to Court approval, it is hereby agreed by and between the Parties as follows:

1.    Fee Split.

Nassiri & Jung LLP will receive 39% of any attorneys' fees that are ultimately awarded in this Settlement;

Aschenbrener Law, P.C. will receive 39% of any attorneys' fees that are ultimately awarded in this Settlement;[1]

Progressive Law Group, LLC will receive 22% of any attorneys' fees that are ultimately awarded this Settlement.[2]

2.    Consideration.

In consideration of the Agreement, each Party waives the right to seek a greater percentage of attorneys' fees in this Settlement through the Court, mediation, or any other means. Furthermore, Nassiri and Aschenbrener agree that their respective law firms will take the laboring oar in responding to any objections to the Settlement and handling any potential appeals of the Settlement or any related court orders.

---

[1] Any fees owed to Edelson, P.C. will be paid out of Aschenbrener Law, P.C.'s portion. Aschenbrener Law, P.C. states that it has the agreement and authority of Edelson, P.C. to enter into this Agreement.

[2] Any fees owed to Diemer, Whitman & Cardosi, LLP will be paid out of Progressive Law Group, LLC's portion. Progressive Law Group, LLC states that it has the agreement and authority of the Diemer firm to enter into this Agreement.

3.    Successors and Assigns.

This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, legal representatives, successors and permitted assigns. Nothing in this Agreement, expressed or implied, is intended or shall be construed to confer upon any person or entity other than the Parties and successors and assigns permitted hereunder any privity of contract, right, remedy or claim under or by reason of this Agreement.

4.    Entire Agreement.

This Agreement sets forth and constitutes the entire agreement and understanding and all of the representations and warranties of the Parties to the Agreement in respect of the subject matter of this Agreement. This Agreement supersedes any and all prior agreements, negotiations, communications, representations and warranties, whether oral or written ("Prior Communications"), of any Party to this Agreement and no Party to the Agreement may rely or shall be deemed to have relied upon any such Prior Communications.

5.    Modification.

This Agreement may only be modified, amended or supplemented by a writing executed by all of the Parties.

6.    Waiver.

Any term, condition or provision of this Agreement may be waived only in writing by the Party that is entitled to the benefits thereof.

7.    Rule of Construction and Authority.

The Agreement has been negotiated and drafted by all Class Counsel,.  The Parties represent and warrant that they have read and understand this Agreement.  No rule of construction shall apply to this Agreement construing its provisions in favor of or against any Party.  Each of the signatories below represents that he is fully authorized to enter into this Agreement on behalf of his respective law firm.

8.    Severability.

If a court finds any non-material part of this Agreement to be illegal or invalid, the illegal or invalid portion of the Agreement shall be severed, the rest of the Agreement will be enforceable and the Parties agree to negotiate in good faith and to replace the severed provision with a provision that closely approximates the intent of the severed provision.

9.    Governing Law.

This Agreement shall be governed by the laws of the State of California, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of law principles or any other rule, regulation or principle that would result in the application of any other state's law.

10.  Enforcement.

Class Counsel intend for the Court in the Case to retain jurisdiction to enforce this Agreement.

11.  No Confidentiality.

The Parties do not agree to any form of confidentiality relating to this Agreement. The Parties hereby agree to inform the Court in which the Case is pending of this Agreement, including its terms.

12.  Counterparts.

This Agreement may be executed in any number of counterparts, and via Portable Document Format (.PDF), and each such counterpart will constitute an original document, but all such separate counterparts constitute only one and the same instrument.

13.  Headings.

The Paragraph headings contained in this Agreement are included for the purpose of convenience only, and do not affect the construction or interpretation of any of the provisions of this Agreement.

14.  Distribution.

The Parties will request that the Court order the Defendant to directly distribute any allocation of attorneys' fees and expenses per the Settlement to each recovering law firm.

Dated: July 25, 2014                          Nassiri & Jung LLP

                                              _____

                                              By: Kassra Nassiri

Dated: July 25, 2014                          Aschenbrener Law, P.C.

                                              _____

                                              By: Michael Aschenbrener

Dated: July 25, 2014                          Progressive Law Group, LLC,
                                              Chicago, Illinois

                                              _____

                                              By: Ilan Chorowsky

3

10.    Enforcement.

Class Counsel intend for the Court in the Case to retain jurisdiction to enforce this Agreement.

11.    No Confidentiality.

The Parties do not agree to any form of confidentiality relating to this Agreement. The Parties hereby agree to inform the Court in which the Case is pending of this Agreement, including its terms.

12.    Counterparts.

This Agreement may be executed in any number of counterparts, and via Portable Document Format (.PDF), and each such counterpart will constitute an original document, but all such separate counterparts constitute only one and the same instrument.

13.    Headings.

The Paragraph headings contained in this Agreement are included for the purpose of convenience only, and do not affect the construction or interpretation of any of the provisions of this Agreement.

14.    Distribution.

The Parties will request that the Court order the Defendant to directly distribute any allocation of attorneys' fees and expenses per the Settlement to each recovering law firm.

Dated: July 25, 2014                    Nassiri & Jung LLP


                                        _____
                                        By: Kassra Nassiri

Dated: July 25, 2014                    Aschenbrener Law, P.C.


                                        _____
                                        By: Michael Aschenbrener

Dated: July 25, 2014                    Progressive Law Group, LLC,
                                        Chicago, Illinois

                                        _____
                                        By: Ilan Chorowsky

# Exhibit 2-3

*Stevens v. Salesforce.com* Order

Charles H. Jung
Kassra P. Nassiri
Nassiri & Jung LLP
47 Kearney Street, Suite 700
San Francisco, California 94108
Telephone: (415) 762-2100
Facsimile: (415) 534-3200

Attorneys for Plaintiff Todd Stevens and the Settlement Class

**ENDORSED FILED**
SAN MATEO COUNTY

APR 2 0 2012

Clerk of the Superior Court
By TERRI MARAGOULAS
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

TODD STEVENS, individually and on
behalf of all others similarly situated,

        Plaintiff,

    vs.

SALESFORCE.COM, INC., and DOES 1
through 100, inclusive,

        Defendants.

NO. CIV508644

[~~PROPOSED~~] ORDER:

**(1) AWARDING CLASS COUNSEL'S
FEES AND LITIGATION EXPENSES;
AND**

**(2) AWARDING INCENTIVE PAYMENT
TO REPRESENTATIVE PLAINTIFF**

Date: April 20, 2012
Time: 9:30 a.m.
Dept: 2
Judge: Hon. Marie S. Weiner

On April 20, 2012, a hearing was held on Class Counsel's application for attorneys' fees, costs, and an incentive award for the Class Representative, Todd Stevens. Charles H. Jung of Nassiri & Jung LLP appeared for Plaintiff and the Class, and E. Jeffrey Grube of Paul Hastings LLP appeared for salesforce.com. Having reviewed and considered the supporting papers filed by Class Counsel, and the evidence and argument received by the Court at or prior to the hearing, the Court HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. The Court has considered the value of the settlement to the class members, the complexity of the case, the challenges presented by the legal issues in the action, the skill employed by Class Counsel in prosecuting the case, the experience of both Plaintiff's and Defendant's counsel, the investment of time, effort and money by Class Counsel and the Class Representative, and the risks to both that the investment may never have been recovered. The Court finds that in addition to the $9,200,000 cash settlement, Defendant *voluntarily* changed its overtime classification policy ~~substantially because of, and in the manner sought by, the~~ *as to members of the Class, after the filing of this* litigation. This policy change ~~will~~ provide *∧* real monetary value to those class members still employed by Defendant, and to similarly situated employees *and may* going forward. Furthermore, in performing a lodestar / multiplier crosscheck against the percentage of the settlement's common fund requested by Class Counsel, the Court has reviewed the detailed billing records of Class Counsel and has considered the prevailing rates in the local legal market. Finally, no objection or opposition has been filed regarding Class Counsel's fee application and request for an incentive award for the Class Representative. Taking each of these factors into account, the Court finds that an award of attorneys' fees and litigation expenses to Class Counsel, and an incentive payment to the Class Representative, are appropriate and reasonable in this case.

2. The Court finds and determines that the payment of an Incentive Payment of $35,000 to Todd Stevens for his service as the Class Representative, in addition to his individual Settlement Share, is fair and reasonable. The Court hereby gives final approval to and orders that the Incentive Payment of that amount be made to Plaintiff out of the Gross Settlement Amount in accordance with the terms of the Settlement Agreement.

3.    The Court finds and determines that the payment of the Class Counsel's Attorneys' Fees of $2,576,000 and Litigation Expenses of $46,500 to Class Counsel is fair and reasonable. The Court hereby gives final approval to and orders that that payment of that amount be made to Class Counsel out of the Gross Settlement Amount in accordance with the terms of the Settlement Agreement.

IT IS SO ORDERED

APR 2 0 2012
Dated: _____, 2012.    By:_____
                                        Hon. Marie S. Weiner
                                        Judge of the Superior Court

# Exhibit 2-4

Fulton County Daily Report billing survey



| Cities ▾ | States ▾ | Countries ▾ |
| Law School ▾ | Year Graduated ▾ | Years Practicing ▾ |
| Min Rate ▾ | Max Rate ▾ | All Years ▾ | Order By ▾ |

» The alchemy behind crafting the perfect hourly rate
» The science—and art—of billing
» About our methodology

» Partners in Atlanta | Georgia
» Associates in Atlanta | Georgia
» Litigators
» Lawyers who charge more than $900

Search

| Name | Title | Firm | City | 2013 Rates | 2012 Rates | 2011 Rates | 2010 Rates | 2009 Rates | 2008 Rates | 2007 Rates | 2006 Rates |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Adelson, Eliot A. | Partner | Kirkland and Ellis | San Francisco | | | | | 570 | 520 | | |
| Agenbroad, Aaron L. | Associate | Jones Day | San Francisco | 700 | | | | | | | 430 |
| Allhoff, Hans J. | Associate | Kirkland and Ellis | San Francisco | | | | | | | | 260 |
| Appelbaum, Mark | Associate | Jones Day | San Francisco | 600 | | | | | | | |
| Baker, James P. | Partner | Jones Day | San Francisco | | | | | 750 | | | |
| Barrett, Michelle R. | Shareholder | Littler Mendelson | San Francisco | 535 | | | | | | | |
| Bass, Eric | Associate | Farella Braun and Martel | San Francisco | | | | | | 400 | | |
| Benvenutti, Peter J. | Partner | Jones Day | San Francisco | 825 | 800 | 800 | 775 | 745 | | | |
| Bertenthal, David M. | Partner | Pachulski, Stang, Ziehl and Jones | San Francisco | 795 | 775 | 750 | 695 | 595 | | | |
| Boersch, Martha | Partner | Jones Day | San Francisco | | | | | 725 | | | |
| Bornstein, Jeffrey | Partner | K and L Gates | San Francisco | 660 | 640 | | | | 500 | 525 | |
| Brown, Donald W. | Partner | Covington and Burling | San Francisco | | | | | | | | 640 |
| Buonaiuto, Brenda N. | Partner | King and Spalding | San Francisco | | | | | 560 | | | |
| Castro, Ruth Ann | Associate | Farella Braun and Martel | San Francisco | | | | | | 380 | | |
| Christensen, C. Brophy | Partner | O'Melveny and Myers | San Francisco | | | | | | 675 | | |
| Christian, Ryan M. | Associate | Kirkland and Ellis | San Francisco | | | | | | | | 315 |
| Correa, Michaeline | Associate | Jones Day | San Francisco | | | | 550 | 525 | | | |
| Crosby, Peter J. | Counsel | Jones Day | San Francisco | | | 600 | | 565 | 565 | | |
| Curtis, Bradley | Associate | Jones Day | San Francisco | 325 | 325 | | | | | | |
| Dexter, Doug | Partner | Farella Braun and Martel | San Francisco | | | | | | | 510 | |
| Dibble, Sam | Partner | Farella Braun and Martel | San Francisco | | | | | | | 460 | |
| Diggs, Benjamin | | Heller Ehrman | San Francisco | | | | | | | 285 | |
| Disse, Werner | Of Counsel | Pachulski, Stang, Ziehl and Jones | San Francisco | | | | 515 | 495 | 495 | | |
| Dixon, Megan | | Heller Ehrman | San Francisco | | | | | | | 575 | |
| Dobrygowski, Daniel T. | Associate | Jones Day | San Francisco | | | | | 350 | | | |

1 2 3 4 5 6 7    1 - 25 of 159 results

Law School ▾  | Year Graduated ▾ | Years Practicing ▾

Min Rate ▾ | Max Rate ▾ | All Years ▾ | Order By ▾

[Search]

hourly rate
» The science—and art—of billing
» About our methodology

» Associates in Atlanta | Georgia
» Litigators
» Lawyers who charge more than $900

| Name | Title | Firm | City | 2013 Rates | 2012 Rates | 2011 Rates | 2010 Rates | 2009 Rates | 2008 Rates | 2007 Rates | 2006 Rates |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Donabedian, Diana L. | Attorney | Luce, Forward, Hamilton and Scripps | San Francisco | | | | 365 | 365 | | | |
| Douglass, Scott | Partner | Farella Braun and Martel | San Francisco | | | | | | | 525 | |
| Dunn, Heather Angelina | Associate | DLA Piper | San Francisco | | 705 | | | | | | 425 |
| Edelstein, Laurie | Counsel | Brune and Richard | San Francisco | | | | | 575 | 575 | | |
| Egan, Chantelle C. | Associate | Jones Day | San Francisco | | | | | | 325 | | |
| Eisenbach, Robert L. | Partner | Cooley | San Francisco | | | 770 | 735 | 710 | 685 | | |
| Engel, G. Larry | Partner | Morrison and Foerster | San Francisco | | | | | 750 | 725 | | |
| Esperanza, Chrysty | Associate | Farella Braun and Martel | San Francisco | | | | | | | 330 | |
| Ferreira, Michelle G | Administrative Shareholder | Greenberg Traurig | San Francisco | | 655 | | | | | | |
| Fillerup, Jeffrey L. | Partner | McKenna Long and Aldridge | San Francisco | | 520 | | | 495 | 495 | | |
| Finestone, Stephen D. | | Stephen D. Finestone | San Francisco | | | 385 | 385 | 375 | 350 | | |
| Ford, Robert L. | Partner | Jones Day | San Francisco | | 725 | | | 535 | | | |
| Forrester, Leslie A. | Law Library Director | Pachulski, Stang, Ziehl and Jones | San Francisco | | | 295 | 275 | 260 | 260 | 225 | |
| Frank, Michael T. | Partner | DLA Piper | San Francisco | | | | | | | | 540 |
| Freedberg, Rachel L. | Associate | DLA Piper | San Francisco | 425 | | | | | | | |
| Fried, Joshua M. | Partner | Pachulski, Stang, Ziehl and Jones | San Francisco | | 675 | 650 | 625 | 595 | 515 | | |
| Friedrichs, John E. | Partner | Kirkland and Ellis | San Francisco | | | 785 | | | 595 | | |
| Garrett, Nathaniel P. | Associate | Jones Day | San Francisco | | | | | 375 | | | |
| Gerking, Tyler | Associate | Farella Braun and Martel | San Francisco | | | | | | | 355 | 355 |
| Gevondyan, Hilary Metra | Associate | DLA Piper | San Francisco | | 650 | | | | | | |
| Gloster, Dean M. | Partner | Farella Braun and Martel | San Francisco | | | | | 688 | 670 | 695 | 675 |
| Goncalves, Erika | Associate | Jackson Lewis | San Francisco | | | 220 | | | | | |
| Goteiner, Neil | Partner | Farella Braun and Martel | San Francisco | | | | | | | 745 | 745 |
| Green, John | Partner | Farella Braun and Martel | San Francisco | | | | | | | 610 | |
| Gross, David F. | Partner | DLA Piper | San Francisco | | 820 | | | | | | |

1 2 3 4 5 6 7   26 - 50 of 159 results

Law School ▼ | Year Graduated ▼ | Years Practicing ▼    hourly rate    » Associates in Atlanta | Georgia

Min Rate ▼ | Max Rate ▼ | All Years ▼ | Order By ▼    » The science—and art—of billing    » Litigators

Search    » About our methodology    » Lawyers who charge more than $900

| Name | Title | Firm | City | 2013 Rates | 2012 Rates | 2011 Rates | 2010 Rates | 2009 Rates | 2008 Rates | 2007 Rates | 2006 Rates |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Han, Edward | Of Counsel | Paul, Hastings, Janofsky and Walker | San Francisco | | 790 | | | | | | |
| Handzlik, Jan | Partner | Howrey | San Francisco | | | | | | | 695 | |
| Hart, Daniel | Associate | Paul, Hastings, Janofsky and Walker | San Francisco | | | | | | | 300 | |
| Hayes, Jennifer C. | Special Counsel | McKenna Long and Aldridge | San Francisco | | 370 | | | | | | |
| Heaton, Geoffrey A. | Special Counsel | Duane Morris | San Francisco | | 515 | 480 | 445 | | | | |
| Heines, M. Henry | Partner | Kilpatrick Townsend and Stockton | San Francisco | | | 575 | 575 | | | | |
| Herman, Diana D. | Associate | McKenna Long and Aldridge | San Francisco | | 390 | | | | | | |
| Hill, Richard N. | Shareholder | Littler Mendelson | San Francisco | | 565 | | | | | | |
| Holden, Frederick D. | Partner | Orrick, Herrington and Sutcliffe | San Francisco | | | | | | | | 605 |
| Hoxie, Timothy G. | Partner | Jones Day | San Francisco | | 825 | | 775 | | | | |
| Hsieh, Natasha | Associate | DLA Piper | San Francisco | | 470 | | | | | | |
| Humphreys, Lynn M. | Of Counsel | Morrison and Foerster | San Francisco | | | | | | 560 | | |
| Hungerford, Charles | Counsel | Jones Day | San Francisco | | 650 | | | | | | |
| Isaacs, Michael A. | Partner | McKenna Long and Aldridge | San Francisco | | 520 | | 495 | 495 | | | |
| Jen, Nancy | Associate | Hunton and Williams | San Francisco | | | | | | | 355 | |
| Joesten, Nan | Partner | Farella Braun and Martel | San Francisco | | | | | | | 490 | 465 |
| Judith, Dietlien | International Filing Assistant | Kilpatrick Townsend and Stockton | San Francisco | | | 120 | | | | | |
| Keane, Margaret A. | Partner | DLA Piper | San Francisco | 765 | | | | | | | |
| Keegan, Christopher | Partner | Kirkland and Ellis | San Francisco | | | | | 550 | 520 | | 415 |
| Keller, Tobias S. | Partner | Jones Day | San Francisco | | 775 | | 750 | 750 | | | |
| Khatiblou, Miriam | Of Counsel | Pachulski, Stang, Ziehl and Jones | San Francisco | | | 550 | 515 | 515 | 425 | | |
| Kiernan, Killi | Associate | Jones Day | San Francisco | | 575 | 550 | | | | | |
| Kim, Jenny | Associate | DLA Piper | San Francisco | | 610 | | | | | | 260 |
| Kirschner, Curt | Partner | O'Melveny and Myers | San Francisco | | | | | | 820 | | |
| Kirschner, F. Curt | Partner | Jones Day | San Francisco | | | 825 | | | | | |

1  2  3  4  5  6  7    51 - 75 of 159 results



| Law School ▼ | Year Graduated ▼ | Years Practicing ▼ |
| Min Rate ▼ | Max Rate ▼ | All Years ▼ | Order By ▼ |

» hourly rate
» The science—and art—of billing
» About our methodology

» Associates in Atlanta | Georgia
» Litigators
» Lawyers who charge more than $900

[ Search ]

| Name | Title | Firm | City | 2013 Rates | 2012 Rates | 2011 Rates | 2010 Rates | 2009 Rates | 2008 Rates | 2007 Rates | 2006 Rates |
|------|-------|------|------|------------|------------|------------|------------|------------|------------|------------|------------|
| Kleiner, Gregg S. | Special Counsel | McKenna Long and Aldridge | San Francisco | 495 | | | 575 | | | | |
| Kordestani, Said | Partner | Farella Braun and Martel | San Francisco | | | | | | | 490 | |
| Kosela, Jean C. | Associate | Ogletree, Deakins, Nash, Smoak and Stewart | San Francisco | | | | | 320 | | | |
| Laubach, Justin | Counsel | O'Melveny and Myers | San Francisco | | | | | | 540 | | |
| Le, Nhung | Associate | Luce, Forward, Hamilton and Scripps | San Francisco | | | 335 | 335 | | | | |
| Levinson, Dara R. | Associate | Jones Day | San Francisco | 425 | 325 | 325 | | | | | |
| Lostritto, Ashley | Attorney | Kasowitz Benson Torres and Friedman | San Francisco | 275 | | | | | | | |
| Ly, Haley | Paraprofessional | Paul, Hastings, Janofsky and Walker | San Francisco | 220 | | | | | | | |
| MacDonnell, GJ Stilson | Shareholder | Littler Mendelson | San Francisco | 585 | | | | | | | |
| Magaline, Nicole S. | Associate | Schiff Hardin | San Francisco | | 310 | | | | | | |
| Maher, Charles P. | Partner | McKenna Long and Aldridge | San Francisco | 520 | | 490 | 490 | | | | |
| Maloney, Teresa | Partner | Jones Day | San Francisco | | | 700 | 675 | | | | |
| Marshall, Robert G. | Partner | Jones Day | San Francisco | | | | 650 | 625 | | | |
| Mason, Cory | Associate | Farella Braun and Martel | San Francisco | | | | | | | 245 | |
| Mason, Tracy | Associate | Bryan Cave | San Francisco | 225 | 215 | 205 | | | | | |
| McDaniels, Keith A. | Partner | Winston and Strawn | San Francisco | | | | | 560 | 540 | | |
| McDonald, Brian D. | Associate | Jones Day | San Francisco | | | | | 500 | | | |
| McKane, Mark E. | Partner | Kirkland and Ellis | San Francisco | 765 | 730 | 695 | 635 | 580 | | | 505 |
| Meyers, Merle C. | Attorney | Meyers Law Group | San Francisco | | 620 | 590 | 550 | 275 | | | |
| Michelson, Randy | Principal | Michelson Law Group | San Francisco | 450 | 450 | 495 | 450 | 225 | | | |
| Milgrom, Barry | Partner | McKenna Long and Aldridge | San Francisco | 520 | 510 | 495 | 495 | | | | |
| Morgan, Amanda L. | Associate | Kirkland and Ellis | San Francisco | | | | 430 | 395 | | | |
| Morris, Keahn | Associate | Jackson Lewis | San Francisco | | 220 | | | | | | |
| Morse, Joshua D. | Partner | Jones Day | San Francisco | 760 | | | | | | | |
| Myers, Martin H. | Partner | Jones Day | San Francisco | | | 700 | 700 | | | | |



Cities ▼  States ▼  Countries ▼

Law School ▼  Year Graduated ▼  Years Practicing ▼

Min Rate ▼  Max Rate ▼  All Years ▼  Order By ▼

Search

» The alchemy behind crafting the perfect hourly rate

» The science—and art—of billing

» About our methodology

» Partners in Atlanta | Georgia

» Associates in Atlanta | Georgia

» Litigators

» Lawyers who charge more than $900

| Name | Title | Firm | City | 2013 Rates | 2012 Rates | 2011 Rates | 2010 Rates | 2009 Rates | 2008 Rates | 2007 Rates | 2006 Rates |
|------|-------|------|------|-----------|-----------|-----------|-----------|-----------|-----------|-----------|-----------|
| Nagraj, Adhi | Associate | Farella Braun and Martel | San Francisco | | | | | | | 245 | |
| Nokes, Casey M. | Associate | Kirkland and Ellis | San Francisco | | | 585 | 540 | 375 | 395 | | |
| Ober, Nancy L. | Shareholder | Littler Mendelson | San Francisco | | 585 | | | | | | |
| Ocheltree, Lori | Partner | Duane Morris | San Francisco | | 495 | | | | | | |
| Oliner, Aron M. | Partner | Duane Morris | San Francisco | | 655 | 625 | 595 | | | | |
| Olson, James C. | Partner | Jones Day | San Francisco | | | 775 | 775 | 775 | | | |
| Olson, Scott H. | Partner | Seyfarth Shaw | San Francisco | | 525 | | | | | | |
| Ose, Amanda M. | Associate | Jones Day | San Francisco | | | | | | 300 | | |
| Osgood, Micah | Associate | Kirkland and Ellis | San Francisco | | | | | 375 | 295 | | |
| Patton, Katie | Associate | O'Melveny and Myers | San Francisco | | | | | | 395 | | |
| Pepler, Frank T. | Partner | DLA Piper | San Francisco | 830 | | | | | | | |
| Peteros, Karen H. | Of Counsel | Morgan, Lewis and Bockius | San Francisco | | | | | | 570 | | |
| Pollock, Thomas R. | Partner | Paul, Hastings, Janofsky and Walker | San Francisco | | | | | | | | 750 |
| Potente, Alex | Associate | Farella Braun and Martel | San Francisco | | | | | | | 465 | |
| Rajagopal, Raman | Associate | Paul, Hastings, Janofsky and Walker | San Francisco | | | | 360 | | | | |
| Ritchey, Katherine S. | Partner | Jones Day | San Francisco | | | | | 625 | | | |
| Ritter, Peter | Partner | O'Melveny and Myers | San Francisco | | | | | | 675 | | |
| Roche, Laura | Associate | Farella Braun and Martel | San Francisco | | | | | | | 485 | 475 |
| Rock, Brad | Partner | DLA Piper | San Francisco | 845 | | | | | | | |
| Rodriguez, Noel | Associate | Jones Day | San Francisco | | | | 500 | 500 | | | |
| Sabnis, Cheryl | Counsel | King and Spalding | San Francisco | | | | | 455 | | | |
| Schlinkert, William | Partner | Farella Braun and Martel | San Francisco | | | | | | | 725 | 695 |
| Scullion, Alyssa N. | Associate | Jones Day | San Francisco | | 500 | | | | | | |
| Seiling, Jeralyn | Of Counsel | Farella Braun and Martel | San Francisco | | | | | | 450 | | |
| Sheen, Raymond H. | Partner | Jones Day | San Francisco | | 700 | 625 | | | | | |

1 2 3 4 5 6 7    101 - 125 of 159 results

Min Rate ▼   Max Rate ▼   All Years ▼   Order By ▼

» The science—and art—of billing    » Litigators

» About our methodology    » Lawyers who charge more than $900

Search

| Name | Title | Firm | City | 2013 Rates | 2012 Rates | 2011 Rates | 2010 Rates | 2009 Rates | 2008 Rates | 2007 Rates | 2006 Rates |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Shepard, Michael | | Heller Ehrman | San Francisco | | | | | | | 750 | |
| Shin, Susan | Associate | Hunton and Williams | San Francisco | | | | | 260 | | | |
| Shough, Leah | Associate | K and L Gates | San Francisco | | | | | | 325 | 280 | |
| Sikes, David | Associate | Jones Day | San Francisco | 650 | | 525 | | | | | |
| Spooner, Leo | Associate | King and Spalding | San Francisco | | | | | 390 | | | |
| Stephens, Eric | Associate | Farella Braun and Martel | San Francisco | | | | | | | 430 | |
| Stewart, Rhonda L. | Associate | Arnold and Porter | San Francisco | | | | | | 410 | | |
| Stimeling, Kathleen A. | Attorney | Schiff Hardin | San Francisco | | | 490 | | | | | |
| Sueda, Ellen N. | Senior Counsel | Seyfarth Shaw | San Francisco | | 680 | | | | | | |
| Tanaka, Paul D. | Associate | Kirkland and Ellis | San Francisco | | | | 590 | 560 | 500 | | |
| Tang, John C. | Partner | Jones Day | San Francisco | | 775 | | | | | | |
| Telfer, James V. | Partner | DLA Piper | San Francisco | | | 740 | | | | | |
| Thaler, Alexandra (Sasha) | Associate | O'Melveny and Myers | San Francisco | | | | | | | 395 | |
| Thompson, Grant | Associate | Farella Braun and Martel | San Francisco | | | | | | | 440 | |
| Thompson, Michele | Attorney | Meyers Law Group | San Francisco | | | 420 | 390 | 360 | 195 | | |
| Tichy, George J. | Shareholder | Littler Mendelson | San Francisco | | 585 | | | | | | |
| Tognoli, Christine D. | Associate | Paul, Hastings, Janofsky and Walker | San Francisco | | | | | | | | 325 |
| Triplett, Holden | Associate | Farella Braun and Martel | San Francisco | | | | | | | 295 | |
| Trodella, Robert A. | Partner | Jones Day | San Francisco | | 725 | | 600 | | | | |
| Uhland, Suzzanne | Partner | O'Melveny and Myers | San Francisco | | | | | | 820 | 725 | |
| Vanko, Maria N. | Associate | Akin Gump Strauss Hauer and Feld | San Francisco | | | | | 290 | 290 | | |
| Vatanparast, Roxana | Agency Contract Lawyer | Bryan Cave | San Francisco | | | | 340 | | | | |
| Velilla-Wiesner, Veronica | Associate | Jones Day | San Francisco | | 400 | | | | | | |
| Vogt, Gary M. | Senior Legal Assistant | Kirkland and Ellis | San Francisco | 300 | 300 | 280 | 265 | 255 | | | |
| Waggener, Kristine | Associate | Farella Braun and Martel | San Francisco | | | | | | | 295 | |

1   2   3   4   5   6   7     126 - 150 of 159 results



Digital Magazine Edition

DAILY REPORT

GOING RATE

» The alchemy behind crafting the perfect hourly rate

» The science—and art—of billing

» About our methodology

» Partners in Atlanta | Georgia

» Associates in Atlanta | Georgia

» Litigators

» Lawyers who charge more than $900

| Name | Title | Firm | City | 2013 Rates | 2012 Rates | 2011 Rates | 2010 Rates | 2009 Rates | 2008 Rates | 2007 Rates | 2006 Rates |
|------|-------|------|------|-----------|-----------|-----------|-----------|-----------|-----------|-----------|-----------|
| Wald, Gregory A. | Senior Attorney | Squire Sanders and Dempsey | San Francisco | | | | | 525 | 460 | | |
| Walsh, Glenn | Paralegal | Cahill Gordon and Reindel | San Francisco | | 187 | 176 | 176 | 176 | | | |
| Wessels, Kelly | Associate | Kirkland and Ellis | San Francisco | | | | | 465 | 395 | | |
| Whalen, Joe | Partner | Farella Braun and Martel | San Francisco | | | | | | | 520 | |
| White, Jack L. | Associate | Kirkland and Ellis | San Francisco | | | | | | | | 385 |
| Wilson, Natausha | Counsel | O'Melveny and Myers | San Francisco | | | | | | 565 | | |
| Woodruff, Kelly | Partner | Farella Braun and Martel | San Francisco | | | | | | | 485 | |
| Yeghiazarians, Susanna Krkeyan | Associate | Jackson Lewis | San Francisco | | 220 | | | | | | |
| Zwibelman, Michael | | Heller Ehrman | San Francisco | | | | | | | 515 | |

1  2  3  4  5  6  7     151 - 159 of 159 results

# Exhibit 2-5

NALA National Utilization and
Compensation Survey



**2013 National Utilization
and
Compensation Survey Report**

**Section 3
Billing Rates**

*Based on Data Collected:
4th Quarter 2012*

**Copyright 2013**
**Reproduction of this report or portions thereof without express written permission is prohibited.**

NALA • 1516 S. Boston, #200 • Tulsa, OK 74119 • 918- 587-6828 • www.nala.org

**NALA**
**2013 National Utilization and Compensation Survey Report**

**Section 3 Billing Rates**
**Tables and Charts**

Table 3.1 Correlations to Billing Rates of Factors Relating to Respondents Demographics ............................1

Table 3.2 Billing Rate by Professional Activity.........................................................................................1

Table 3.3 Current Billing Rates ..............................................................................................................2

Table 3.4 Hourly Billing Rate by Region  2012-2002 Data.........................................................................3

Chart 3.1 (3.4)
     Hourly Billing Rate by Region 2012, 2010, 200...............................................................3

Table 3.5 Hourly Billing Rates by Size of Firm **2**012-2004   .........................................................4

Table 3.6 Current Hourly Billing Rate by Total of Years of Experience ..........................................5

Chart 3.2 (3.6)
     Hourly Billing Rate by Years of Experience 2012 and 2010 ........................................6

Table 3.7 Hourly Billing Rate by Years with Current Employer ...................................................7

Table 3.8 Billing Rate by Type of Paralegal Program Completed ................................................8

The Participants ..................................................................................................................8

**Copyright 2013**
**Reproduction of this report or portions thereof without the express written**
**permission of NALA is strictly prohibited**.

**NALA   ■   1516 S. Boston, #200   ■   Tulsa, OK 74119   ■   918.587.6828**

**Section 3.**
**Billing Rates**

This section provides the findings of the NALA Utilization and Compensation Survey related to paralegal billing rates. In consideration of this, or any data relating to economics keep in mind that mean values are presented.  At best, these values only approximate real world situations.  Data describing billing vary by many factors, most notably experience, geographic location, and size of firm.  Therefore, the numbers are most useful for charting professional trends and changes rather than for direct comparison to any specific situation or person.

In this report, the data describing billing rates and compensation is presented in relation to geographic location, educational backgrounds, size of firm, experience and years with current employer.  The following table provides information about the relationships of these factors to billing rates.  To understand this table, the highest possible relationship expressed in terms of a correlation coefficient  is .99, indicating that a relationship between two factors is almost indistinguishable. Likewise, a correlation coefficient of .00 indicates that two factors are not related. A test of statistical significance was not conducted on these correlations. The relationships are not strong, the strongest relationship shown to billing rates was size of firm.

**Table 3.1**
**Correlations to Billing Rates**
**of Factors Relating to Respondents Demographics**

| Factor | Correlation to Billing Rates |
|---|---|
| Population of City | .081 |
| Years on Current Job | .079 |
| Years of Experience | .119 |
| Size of Firm - Number of Attorneys | .232 |
| Size of Firm - Number of Paralegals | .131 |
| CP Designation | -.013 |
| ACP Advanced Certification | -.011 |

The following several tables present the findings related to billing rates without explanation. Data describing findings of previous surveys is included.

**Table 3.2**
**Billing Rate by Professional Activity**

| Activity | Rate | Responses |
|---|---|---|
| NALA Member | 120 | 487 |
| Non-Member | 116 | 230 |
| CP Credential | 118 | 515 |
| Not Certified | 116 | 219 |
| ACP Credential | 125 | 52 |
| Not Specialty Certified | 118 | 651 |

About 28% of the respondents reported they are expected to produce a set number of billable hours per week. Most work 40 hour work weeks, and expected to bill 30 hours.

**Table 3.3**
**Current Billing Rates**
**General Findings Years 2012-2004**

| Value | 2012 Responses | 2012 Percent | 2010 Percent | 2008 Percent | 2004 Percent |
|---|---|---|---|---|---|
| **Less than $30** | 15 | 2% | 2% | 2% | 2% |
| **$31 – 35** | 4 | 1% | 1% | 1% | 0 |
| **$36 – 40** | 1 | 0% | 0% | 1% | 0 |
| **$41 – 45** | 1 | 0% | 1% | 1% | 1% |
| **$46 - 50** | 8 | 1% | 2% | 2% | 4% |
| **$51 - 55** | 7 | 1% | 1% | 1% | 2% |
| **$56 - 60** | 10 | 1% | 1% | 4% | 4% |
| **$61 - 65** | 7 | 1% | 4% | 4% | 8% |
| **$66 - 70** | 18 | 2% | 2% | 3% | 4% |
| **$71 - 75** | 70 | 9% | 9% | 13% | 17% |
| **$76 - 80** | 22 | 3% | 2% | 5% | 6% |
| **$81 - 85** | 31 | 4% | 4% | 5% | 8% |
| **$86 - 90** | 52 | 7% | 6% | 7% | 6% |
| **Greater than $90** | | | | 53% | 38% |
| **91-95** | 30 | 4% | 5% | | |
| **$96 - 100** | 78 | 10% | 10% | | |
| **$101 - 105** | 8 | 1% | 1% | | |
| **$106 - 110** | 22 | 3% | 4% | | |
| **$111 - 115** | 10 | 1% | 1% | | |
| **$116 - 120** | 19 | 1% | 1% | | |
| **$121 - 125** | 79 | 11% | 9% | | |
| **$126 - 130** | 13 | 2% | 2% | | |
| **$131 - 135** | 21 | 3% | 3% | | |
| **$136 - 140** | 12 | 3% | 3% | | |
| **$141 - 145** | 10 | - | | | |
| **$146 - 150** | 54 | 2% | 2% | | |
| **$151 - 155** | 4 | 7% | 1% | | |
| **$156 - 160** | 18 | 1% | 1% | | |
| **$161 - 165** | 10 | 1% | 1% | | |
| **$166 - 170** | 8 | 1% | 1% | | |
| **$171 - 175** | 27 | 1% | 2% | | |

| Value | 2012 Responses | 2012 Percent | 2010 Percent | 2008 Percent | 2004 Percent |
|---|---|---|---|---|---|
| **$176 - 180** | 8 | 4% | 1% | | |
| **$181 - 185** | 12 | 2% | 1% | | |
| **$186 - 190** | 7 | 1% | 1% | | |
| **$191 - 195** | 10 | 1% | 1% | | |
| **$196 - 200** | 10 | 1% | 1% | | |
| **$201 - 205** | 1 | 0% | 0 | | |
| **$206 - 210** | 4 | 1% | 0 | | |
| **$211 - 215** | 3 | 0% | 1% | | |

**Table 3.4**
**Billing Rate by Region  2012-2002   Data**

| Region | 2012 Rate | 2010 Rate | 2008 Rate | 2004 Rate | 2002 Rate |
|---|---|---|---|---|---|
| **Region 1** | $132 | $103 | $102 | $93 | $80 |
| **Region 2** | $123 | $111 | $101 | $95 | $85 |
| **Region 3** | $101 | $94 | $87 | $77 | $71 |
| **Region 4** | $115 | $113 | $102 | $91 | $82 |
| **Region 5** | $128 | $118 | $101 | $89 | $80 |
| **Region 6** | $103 | $99 | $84 | $79 | $71 |
| **Region 7** | $130 | $135 | $125 | $106 | $97 |

**Chart 3.1 (3.4)**
**Billing Rate by Region – 2012, 2010 and 2008 Compared**



**Table 3.5**
**Hourly Billing Rates  by Size of Firm    2012-2004**

| Firm Size | 2012 Average Rate | 2012 Responses | 2010 Average Rate | 2010 Responses | 2008 Average Rate | 2004 Average Rate |
|---|---|---|---|---|---|---|
| **Sole** | $107 | 77 | $102 | 68 | $97 | $84 |
| **2-5 Attorneys** | $108 | 207 | $100 | 219 | $97 | $85 |
| **6 - 10** | $103 | 113 | $103 | 128 | $97 | $81 |
| **11 - 15** | $117 | 64 | $105 | 94 | $98 | $84 |
| **16 - 20** | $129 | 55 | $115 | 69 | $100 | $96 |
| **21 - 30** | $132 | 76 | $130 | 70 | $104 | $101 |
| **31 - 35** | $124 | 26 | $108 | 26 | $107 | $86 |
| **36 - 40** | $126 | 18 | $130 | 12 | $88 | $91 |
| **41 - 45** | $133 | 8 | $144 | 11 | $128 | $108 |
| **46 - 50** | $136 | 11 | $133 | 24 | $100 | $92 |
| **51 - 55** | $124 | 13 | $131 | 16 | $111 | $90 |
| **56 - 60** | $163 | 7 | $124 | 7 | $124 | $93 |
| **61 - 65** | $90 | 4 | $130 | 3 | $123 | $113 |
| **66 - 70** | $100 | 6 | $163 | 6 | $125 | $105 |
| **71 - 75** | $110 | 5 | $116 | 6 | $122 | $120 |
| **76 - 80** | $140 | 10 | $152 | 4 | $106 | $110 |
| **81 - 85** | $182 | 6 | $185 | 1 | $117 | $126 |
| **86 - 90** | $150 | 3 | $158 | 6 | $136 | $129 |
| **91 - 95** | $195 | 1 | $144 | 4 | $115 | |
| **96 - 100** | $157 | 6 | $178 | 9 | $173 | $112 |
| **More than100** | $161 | 32 | $152 | 21 | $123 | $121 |

**Table 3.6**
**Current Hourly Billing Rate by Total of Years of Experience**

| Years | Average Rate | Responses | Summary |
|---|---|---|---|
| 1 | $82 | 19 | |
| 2 | $92 | 14 | |
| 3 | $82 | 15 | 1-5 Years $93 |
| 4 | $100 | 12 | |
| 5 | $106 | 24 | |
| 6 | $108 | 16 | |
| 7 | $113 | 22 | |
| 8 | $117 | 18 | 6-10 Years $116 |
| 9 | $119 | 15 | |
| 10 | $120 | 33 | |
| 11 | $118 | 17 | |
| 12 | $124 | 30 | |
| 13 | $119 | 21 | 11-15 Years $119 |
| 14 | $98 | 13 | |
| 15 | $130 | 17 | |
| 16 | $121 | 22 | |
| 17 | $109 | 22 | |
| 18 | $115 | 23 | 16-20 Years $115 |
| 19 | $100 | 14 | |
| 20 | $123 | 41 | |
| 21 | $123 | 14 | |
| 22 | $117 | 34 | |
| 23 | $131 | 21 | 21-25 Years $115 |
| 24 | $100 | 17 | |
| 25 | $109 | 27 | |
| 26 | $131 | 22 | |
| 27 | $141 | 17 | |
| 28 | $121 | 18 | 26-30 Years $133 |
| 29 | $155 | 13 | |
| 30 | $129 | 33 | |

| 31 | $134 | 9 | |
|----|------|----|--------------------|
| 32 | $108 | 12 | |
| 33 | $121 | 18 | 31-35 Years $124 |
| 34 | $132 | 8 | |
| 35 | $136 | 7 | |
| 36 | $150 | 9 | |
| 37 | $113 | 12 | |
| 38 | $131 | 10 | 36-40 years $129 |
| 39 | $135 | 7 | |
| 40 | $124 | 12 | |

**Chart 3.2**
**Hourly Billing Rate by Years of Experience 2012 and 2010**



**Table 3.7**
**Hourly Billing Rate by**
**Years with Current Employer**

| Years | 2012 Average Rate | 2012 Responses | 2010 Average Rate | 2008 Average Rate | 2004 Average Rate | 2012 Summary |
|---|---|---|---|---|---|---|
| 1 | $108 | 113 | $104 | $98 | $86 | |
| 2 | $117 | 65 | $104 | $105 | $85 | |
| 3 | $119 | 47 | $122 | $104 | $86 | 1-5 Years $116 |
| 4 | $122 | 39 | $107 | $104 | $96 | |
| 5 | $123 | 59 | $112 | $94 | $91 | |
| 6 | $124 | 41 | $126 | $101 | $91 | |
| 7 | $129 | 41 | $105 | $97 | $93 | |
| 8 | $113 | 27 | $116 | $106 | $90 | 6-10 Years $120 |
| 9 | $102 | 27 | $104 | $110 | $95 | |
| 10 | $123 | 38 | $103 | $114 | $88 | |
| 11 | $118 | 18 | $123 | $99 | $93 | |
| 12 | $114 | 28 | $118 | $88 | $88 | |
| 13 | $127 | 16 | $123 | $102 | $84 | 11-15 Years $124 |
| 14 | $132 | 19 | $105 | $95 | $98 | |
| 15 | $134 | 23 | $109 | $102 | $92 | |
| 16 | $108 | 12 | $82 | $104 | $86 | |
| 17 | $114 | 16 | $77 | $89 | $86 | |
| 18 | $121 | 14 | $121 | $99 | $96 | 16-20 Years $115 |
| 19 | $113 | 7 | $87 | $116 | $100 | |
| 20 | $119 | 10 | $128 | $97 | $102 | |
| 21 | $104 | 12 | $106 | $135 | $85 | 21-25 Years $116 |
| 22 | $105 | 9 | $121 | $97 | $86 | |

| Years | 2012 Average Rate | 2012 Responses | 2010 Average Rate | 2008 Average Rate | 2004 Average Rate | 2012 Summary |
|-------|-------------------|----------------|-------------------|-------------------|-------------------|--------------|
| 23 | $155 | 7 | $102 | $97 | $86 | |
| 24 | $130 | 7 | $160 | $120 | $113 | |
| 25 | $104 | 9 | $109 | $107 | $102 | |
| 26 | $160 | 5 | $111 | $115 | $75 | |
| 27 | $93 | 5 | $101 | $103 | $102 | |
| 28 | $110 | 4 | $120 | $108 | $140 | 26-30 Years $121 |
| 29 | $125 | 2 | $168 | $105 | $90 | |
| 30 | $113 | 3 | $129 | $92 | $71 | |

**Table 3.8**
**Billing Rate by Type of Paralegal Program Completed**

| Paralegal Program | 2012 Average Rate | 2012 Responses | 2010 Average Rate | 2008 Average Rate | 2004 Average Rate |
|-------------------|-------------------|----------------|-------------------|-------------------|-------------------|
| Undergraduate Certificate | $115 | 78 | $114 | $109 | $91 |
| Post Baccalaureate Certificate | $126 | 110 | $117 | $106 | $99 |
| Associate Degree | $117 | 232 | $109 | $99 | $85 |
| Bachelor' Degree | $117 | 63 | $105 | $96 | $91 |
| Other | $119 | 87 | $110 | $105 | $90 |
| None | $116 | 170 | $118 | $100 | $92 |

## The Participants

The data is based on analysis of the responses to the 2012 National Utilization and Compensation Survey which was collected by a web based survey from October 31, 2012-December 7, 2012. There were 1330 responses received and utilized for this report. 4% of the population are males; 96% are females. The average age of survey participants is 46. 67% of the participants are members of NALA; 72% have received the Certified Paralegal credential.

Respondents are from a diverse geographical area. Forty-seven states, the Virgin Islands and the District of Columbia are represented by the population. Among the regions of the United States, the Southeast region was represented by 33% of the respondents; Southwest region was represented by 26%; Far West was represented by 12%; Plains States was represented by 13%; Great Lakes was represented by 5%; Rocky Mountain states were represented by 7%; and New England/Mid East was represented by 4% of the respondents. The average population of the cities represented is 596,735. The regions and states are defined in the table below.

The respondents have about 20 years of legal experience; 10 years with the same employer. Most (63%) of respondents work for a private law firm, and, of those, 68% work in firms of 1-15 attorneys; 17% of the respondents work for corporations. With

reference to educational backgrounds, 47% of respondents have a bachelor's degree; 31% have an associate's degree.

The 2012 National Utilization and Compensation Survey presents information concerning the work environment, practice areas, billing rates and compensation levels of paralegals. Conducted bi-annually since 1986, the survey analysis includes a review of current findings in comparison with findings of previous surveys. Economic data is presented in terms of such factors as size of city, size of firm, educational backgrounds, years of experience, and specialty area of practice.

Previous surveys have asked about duties and responsibilities of paralegals. A Job Analysis study of paralegals was conducted by NALA and results release in May 2012. The survey report and analysis appears on the NALA web site. Consult this for detailed information about on-the-job duties and responsibilities of paralegals, and skills needed for their work.

| Region | | | Number | Percentage |
|---|---|---|---|---|
| **Region 1 – New England/Mid East** | | | 57 | 4% |
| Connecticut<br>Maine<br>Massachusetts | Maryland<br>New Hampshire<br>New Jersey | New York<br>Pennsylvania<br>Rhode Island | | |
| **Region 2  - Great Lakes** | | | 64 | 5% |
| Illinois<br>Indiana | Michigan<br>Ohio | Wisconsin | | |
| **Region 3 - Plains States** | | | 167 | 13% |
| Iowa<br>Kansas | Minnesota<br>Missouri | Nebraska<br>North Dakota<br>South Dakota | | |
| **Region 4 - Southeast** | | | 432 | 33% |
| Alabama<br>Arkansas<br>Florida<br>Georgia | Kentucky<br>Louisiana<br>Mississippi<br>North Carolina | South Carolina<br>Tennessee<br>Virginia<br>West Virginia | | |
| **Region 5 – Southwest** | | | 335 | 26% |
| Arizona<br>New Mexico | Oklahoma | Texas | | |
| **Region 6 - Rocky Mountains** | | | 96 | 7% |
| Colorado<br>Idaho | Montana<br>Utah | Wyoming | | |
| **Region 7 - Far West** | | | 157 | 12% |
| Alaska<br>California | Hawaii<br>Nevada | Oregon<br>Washington | | |

**-End of Section 3 of 4-**

# Exhibit 2-6

Nassiri & Jung Expense Report

### Gaos v. Google
### Line By Line Expense Report

| Date | Description | Dollar Amount |
|---|---|---|
| 10/27/2010 | Court Filing Fee: County Legal - Filing in USDC Northern - San Jose; RUSH, incl. Initial Filing Fee. | $493.00 |
| 10/28/2010 | Service Fee: Service Fee - County Legal Process Service to Google, Inc. | $78.00 |
| 11/19/2010 | Court Filing Fee: County Legal - Filing in SC Superior, incl. initial filing fees. | $493.00 |
| 11/19/2010 | Service Fee: Service Fee - County Legal Process Service to Google, Inc. | $78.00 |
| 3/25/2011 | Messenger Cost: County Legal - Serve Courtesy Copies. | $30.00 |
| 5/4/2011 | Messenger Cost: Courtesy Copies delivered to USDC San Jose. | $50.00 |
| 10/11/2011 | Messenger Cost: ADC Legal filing in USDC San Jose, court records and file search, service/preparation. | $94.50 |
| 1/13/2012 | Transcript: Transcript Cost from MTD hearing 10/28/2011. | $143.50 |
| 4/25/2012 | Postage: Postage - service copies sent to opposing counsel. | $1.70 |
| 5/2/2012 | Misc: Courtesy Copies. | $29.50 |
| 6/6/2012 | Parking for settlement meeting. | $32.00 |
| 7/20/2012 | One Hour Delivery cost, courtesy copy of Opposition to Motion to Dismiss SAC to USDC. | $136.64 |
| 9/10/2012 | Soghoian Invoice NJ-0001 for consulting. | $800.00 |
| 1/23/2013 | Mediator fees for Randall W. Wulff; taxpayer ID 94-3381473. | $1,687.50 |
| 7/16/2013 | Purchase googlesearchsettlement.com | $21.16 |
| 8/26/2013 | Transcript of 8/23/2013 hearing. | $296.45 |
| | | |
| | Total Expensess | $4,464.95 |