# Exhibit 3

## Chorowsky Declaration

KASSRA P. NASSIRI (215405)
(knassiri@nassiri-jung.com)
NASSIRI & JUNG LLP
47 Kearny Street, Suite 700
San Francisco, California 94108
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

MICHAEL J. ASCHENBRENER
(mja@aschenbrenerlaw.com) (277114)
ASCHENBRENER LAW, P.C.
795 Folsom Street, First Floor
San Francisco, CA 94107
Telephone: (415) 813-6245
Facsimile:  (415) 813-6246

ILAN CHOROWSKY
(ilan@progressivelaw.com)
ALEX STEPICK
(alex@progressivelaw.com)
MARK BULGARELLI
(markb@progressivelaw.com)
PROGRESSIVE LAW GROUP, LLC
1 N LaSalle Street, Suite 2255
Chicago, IL 60602
Telephone: (312) 787-2717
Facsimile: (888) 574-9038

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re GOOGLE REFERRER HEADER PRIVACY LITIGATION<br><br>This Document Relates To: All Actions | Case No. 5:10-cv-04809-EJD<br><br>CLASS ACTION<br><br>**DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FEES**<br><br>Date:     August 29, 2014<br>Time:    9:00 a.m.<br>Place:   Courtroom 1, 5th Floor<br>Judge:  Hon. Edward J. Davila |

I, Ilan Chorowsky, declare as follows:

1. I am one of Plaintiffs' counsel of record in the above-captioned action, and Progressive Law Group, LLC in Chicago, Illinois represents Plaintiff Priyev in this matter. This declaration is based upon my personal knowledge unless otherwise stated and on review of the Court dockets in this matter.

2. Plaintiff Priyev filed his complaint against Google in the District Court for the Northern District of Illinois, Eastern Division in February 2012.

3. On March 6, 2012, Plaintiff Priyev swiftly moved to certify the class as alleged in his complaint.

4. On March 23, 2012, the Parties agreed by motion to propose to allow Google additional time to respond to the complaint, and the Court granted that motion.

5. Ultimately, Google moved to dismiss on various grounds, including for improper venue, on April 30, 2012.

6. On July 13, 2012, in lieu of filing a response to Google's motion to dismiss for improper venue, Priyev moved to transfer.

7. On August 3, 2012, Priyev filed an amended complaint and on August 10, 2012 Priyev filed a second amended complaint.

8. Priyev's complaints, *inter alia,* made allegations related to Google's sharing of search information and Web History[1] via referrer headers and, among other things, Google's resulting breach of its own standardized terms and its duties of good faith and fair dealing related to Google's Web History service and terms and conditions. *E.g., Priyev* Cmplt., Case No. 1:12-cv-01467, Dckt. # 1, ¶¶ 14, 15, 19; *Priyev* FAC, Dckt. #40, ¶¶ 14, 15, 19 ; *Priyev* SAC, Dckt. #42,

---

[1] Google Web History is a service offered by Google that stores all searches run by users indefinitely, while Google's search service enables users to conduct searches online via the Google search bar. Priyev's Complaint alleged that Google promised users that search terms entered in its search service were users' own property and that the contents of their Web History would not be shared with third parties but would remain private. Priyev has asserted that Google breached both Web History-specific privacy guarantees and Google's more general terms of service and privacy promises, and that, contrary to its promises to its users, Google passed on search terms, which constitute the contents of users' Web History, to third parties in the form of referrer headers.

¶¶ 14, 15, 19.  Priyev has alleged a property interest, affirmed via Google's contract, allotted to users in their search query information or Web History, and Priyev has alleged that Google's conduct violated industry protocol.  *E.g., Priyev* Cmplt. ¶ 13; *Priyev* FAC ¶¶ 13, 63-64; *Priyev* SAC ¶¶ 13, 63-64. Priyev has alleged that Google has improperly received revenues or profits stemming from its disclosure of search queries to third-parties via Google Analytics or advertising services.  *E.g. Priyev* Cmplt*.* ¶¶ 49-50*; Priyev* FAC ¶¶ 69-70; *Priyev* SAC ¶¶ 18-25, 69-70*.*

9. Priyev's Second Amended Complaint alleged causes of action for Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Breach of Contract Implied in Law, Violations of the Electronic Communications Privacy Act, Violations of California's Unfair Competition Law, and Claims for Declaratory and Injunctive Relief.  *Priyev* SAC ¶¶ 82-165.

10. On August 28, 2012, the court in the Northern District of Illinois granted Priyev's contested and fully briefed motion to transfer and ordered his case transferred to the Northern District of California.

11. On December 18, 2013, Priyev's case file was electronically transferred to the Northern District of California.  On January 8, 2013, the *Priyev* action was officially transferred in to the Northern District of California's docket.

12. During this litigation, counsel for Google and Priyev engaged in significant discussions of possible case resolution, including attending an in-person settlement meeting with Google's in-house counsel in late August 2012.  However, Priyev insisted that any further settlement discussions also include counsel for Plaintiff Gaos, since a joint resolution of all claims was in the best interests of affected class members and a beneficial settlement outcome.  Thereafter, following joint telephone calls, drafting or initiating joint correspondence, and significant back and forth among the Parties, a groundwork was laid for mediation.

13. Although Plaintiffs and Class Counsel are confident in the strength of their claims and in their ability to prevail ultimately at trial, they also recognize that litigation is inherently risky.  Plaintiffs' claims were particularly risky.

14. Despite the strength of Plaintiffs' claims, the viability of Google's factual and legal defenses to Plaintiffs' claims, including statutory defenses to Stored Communications Act claims, would likely lead to appeal to the Ninth Circuit and beyond, which would result in years of delay of a settlement outcome, and possibly, a loss of claims.

15. On January 28, 2013, in Oakland, California, the Parties mediated the case before Randall Wulff, an experienced and effective mediator of class action disputes.

16. There, the Parties mediated aggressively and at arms-length, late into the night. Mr. Wulff was quite familiar with the Parties' positions, and ultimately brokered a proposed settlement and terms that formed the framework for a settlement in principle.

17. Class Counsel, including my colleagues at Progressive Law Group, LLC, subsequently worked to exhaustively litigate and then to subsequently negotiate a Settlement to provide relief to a class of more than 100 million individuals.

18. All Parties successfully reached an agreement in principle at the formal mediation, and settlement terms, memorialized in the Parties' Settlement Agreement annexed to the extant Motion for Preliminary Approval, were negotiated and finalized in the months following mediation.

19. On April 26, 2013, in light of the proposed settlement of both cases, the Parties jointly stipulated and requested that the Court approve their stipulation to consolidate the cases and accept Plaintiffs' proposed consolidated class action complaint. Case No. 5:10-cv-04809-EJD, Dckt. No. 50.

20. On April 30, 2013, the Court granted the Parties' stipulation to consolidate the two cases. The *Priyev* matter was reassigned to Judge Davila on May 1, 2013, and the *Priyev* and *Gaos* matters were consolidated as *In re GOOGLE REFERRER HEADER PRIVACY LITIGATION*.

21. The consolidated complaint, now the operative complaint in this matter, incorporates claims and allegations from both the *Priyev* and *Gaos* matters.

22. Priyev initiated his action, identified claims, and benefitted throughout the litigation due to substantial factual research, analysis and investigation by counsel. Priyev's counsel's contributions to the litigation included stating unique claims relating to Google's breach of specific privacy promises it made to users of its Web History search service – claims which otherwise would not have been a part of the Settlement, which in my opinion have significant benefit for purposes of establishing liability and class certification and therefore increased incentives for Settlement with a favorable outcome to the Class.

23. From the start of his litigation and negotiations with Google, Priyev consistently sought to negotiate terms aimed at advising class members of Google's alleged business practices at issue, and in the face of opposition was able to negotiate to include provisions in the Settlement and in the notice to the Class.

24. Counsel for Priyev diligently researched and vetted potential *cy pres* recipients. In particular, Progressive Law Group, LLC served as the primary contact point and vetting counsel for Carnegie Mellon's Cy Lab, AARP, and the World Privacy Forum. As such, we communicated to their representatives the exacting standards required of *cy pres* recipients and we vetted draft proposals presented by those three recipients for compliance with the settlement and preliminary approval order's requirements.

25. To negotiate settlement terms post-mediation, in attempts to effect the most advantageous *cy pres* and prospective relief for the Class, and a fair notice plan, my colleague Alex Stepick and I engaged in numerous discussions and exchanged a host of drafts with counsel, which resulted in what in my opinion is a workable settlement that provides relief that is fair and in the best interests of the Class, including *cy pres* relief, with substantial and diverse reach, that is likely to be of significant value to the Class. I believe that the Settlement is fair and in the best interests of the Class.

26. Here, Class Counsel support final approval of the Settlement, and seek fees and costs, and incentive awards for the class representatives, from the Settlement's common fund.

27. Class Counsel negotiated with Google's attorneys on a variety of fronts. The Parties reached the proposed settlement in the face of vigorous opposition from Google throughout the *Priyev* litigation and in the course of the related and joint negotiations.

28. To date, Class Counsel and supporting counsel have reasonably spent many hours representing Plaintiffs and the Class without compensation and requiring the other work be forgone.

29. The chart below reflects 811.6 hours spent on this case by my firm as of July 25, 2014, and the total lodestar amount for attorney time on my firm's current rates as of the same date is $331,966.75.

| Professional | Years of Experience | Hours | Rate | Total |
|---|---|---|---|---|
| Ilan Chorowsky | 17 | 366.7 | $525.00 | $192,517.00 |
| Mark Bulgarelli | 9 | 70.3 | $425.00 | $29,877.50 |
| Elizabeth Roberson-Young | 7 | 4.4 | $390.00 | $1,716.00 |
| Sang Yup Lee | 5 | 6.5 | $320.00 | $2,080.00 |
| Alex Stepick | 4 | 345.45 | $300.00 | $103,635.00 |
| Krista Eckhardt (Paralegal) | | 15.45 | $125.00 | $1,931.25 |
| Sharon Freeman (Law Clerk) | | 2.8 | $75.00 | $210.00 |
| **Total** | | **811.6** | | **$331,966.75** |

30. These hours reflect billing in six-minute increments and sometimes bills in three-minute increments. The hours submitted have been reviewed, and have been reduced for reasonableness, necessity and good faith.

31. In my opinion and based on my knowledge and experience regarding peers and colleagues, and the Chicago and California/Bay Area legal markets, the attorneys working on this case bill at rates that correlate to their respective experience and at rates that are reasonable, and within the range of reasonable rates.

32. Additional attorneys' fees will be necessary if this Settlement is approved and implemented, and additional fees will be incurred in connection with the request for final approval of the Settlement.

33. Class Counsel contemplate that they must still: (1) respond to any Class Member inquiries that occur after the filing of this brief; (2) receive, review, and reply to any objections raised to this Settlement; (3) prepare and appear for the final fairness hearing in this matter on August 29, 2014; (4) respond to any concerns raised by the Court at and after the final fairness hearing; (5) assuming the Court grants this Motion for fees and final approval of the Settlement, take all subsequent steps necessary to implement this Settlement; and, (6) defend the Settlement against any appeals.

34. In connection with that representation, our law firm has advanced $7,551.27 in out-of-pocket litigation expenses prosecuting this case, with considerable risk of non-return. These expenses reflect costs, *inter alia,* associated with travel, filing fees, and mediation.

35. The expenses incurred were reasonably necessary litigation costs that Class Counsel made without any assurance they would be repaid. Additional expenses are anticipated to be incurred in connection with the hearing on Plaintiffs' request for final approval of the Settlement.

36. As reflected in the chart below (segregating costs by category), as of July 25, 2014, the total amount of expenses incurred by my firm for this case (including legal research costs billed "at cost" of the service) is $7,551.27.

| Expenses | Total |
| --- | --- |
| Court Fees & Pacer Service | $438.60 |
| Travel (Transportation, Lodging, Meals, etc.) | $2,504.00 |
| Administrative | $193.89 |
| Mediation | $3,375.00 |
| Legal Research | $1,039.78 |

| **Expense Total** | **$7,551.27** |
|---|---|

37. My law firm has extensive experience in consumer class actions. Annexed hereto as Exhibit 3-1 is a summary of the background and experience of the attorneys working with our law firm.

38. Annexed hereto as Exhibit 3-2 is the Declaration of Kathryn Diemer, which includes time and expense records for Diemer, Whitman & Cardosi, LLP, which, per our firms' joint prosecution agreement, has provided substantial benefit to Plaintiff Priyev in prosecuting his pleaded claims and has served as our local counsel.

The foregoing is true and correct to the best of my knowledge. Executed this 25th day of July, 2014, in Chicago, Illinois.

        Respectfully submitted,

         /s/ Ilan Chorowsky, Esq.
         Ilan Chorowsky, Esq.

# Exhibit 3-1

## Progressive Law Group Firm Resume



# Progressive
## Law Group, LLC
www.progressivelaw.com

One North LaSalle Street, Suite 2255
Chicago, IL 60602
Telephone: (312) 787-2717
Facsimile: (888) 574-9038

## FIRM PROFILE

Progressive Law Group LLC in Chicago, Illinois is a law practice dedicated to protecting people through class action litigation. PLG prosecutes consumer, employee, and antitrust claims in Illinois and venues nationwide, and works with its sister law practice, Progressive Law Group LLC based in Madison, Wisconsin, to prosecute class action litigation.

## ATTORNEY PROFILES

**Frank Jablonski (Madison, WI)** founded the Progressive Law Group LLC practice in Madison, Wisconsin, in 2004. He focuses on trials and related work (litigation, mediation, and arbitration). He has represented persons and litigated class actions on behalf of persons harmed by corporate malfeasance, communities, non-profit organizations, businesses and business shareholders, and consumers and landowners subject to condemnation "takings" by utility companies. He has a broad legal and policy background, having worked on legislation and rules as a lobbyist for environmental and industry organizations. He has been honored twice for his work on public policy issues through Wisconsin Legislative Council Special Committees (1985 and 1993). He has also managed small and medium businesses, including a wood products manufacturing division within a Wisconsin manufacturing, distribution, and energy services company, and a subsidiary of Puget Sound Power and Light Company, an investor-owned utility. Over the last 27 years he has been counsel, and lead counsel, in administrative, regulatory, trial and appellate court actions too numerous to recount. These have involved both individual and class action matters, ranging from misrepresentation to telecommunications to contaminated pet food, as well as environmental matters such as regulated industries, energy facilities development and impacts, (e.g. planning dockets, power plants, transmission lines, stray voltage, EMF), licensing and permitting, transportation, land use, and business disputes (contracts, fair competition, stockholder disputes, and the duties of owners to each other and to the shared enterprise). (J.D., University of Wisconsin, 1983).

**Ilan Chorowsky (Chicago, IL)** concentrates his practice in multi-state class action litigation of consumer, employee, and antitrust claims in federal and state court venues across the country, and serves as the Co-President of the Illinois Chapter of the Wisconsin Bar Association. He has served as counsel in numerous cases resulting in large-scale recoveries and other favorable relief for class members. Mr. Chorowsky has also represented numerous Indian tribes in a variety of litigation, employment, and environmental matters, and has successfully prosecuted actions and defended clients in commercial and contract litigation. He has served as a member of the Board of Directors for the Wisconsin Bar Public Interest Law Section, and the American Bar Association AIDS Coordinating Committee, and has lectured at the John Marshall Law School, the Loyola University Chicago School of Law, the Wisconsin State Bar Convention, and the University of Wisconsin Schools of Law and Medicine. A 1996 graduate of the University of Wisconsin Law School, he clerked for the Wisconsin Department of Justice Civil Litigation Unit, and was employed by The Washington Post, the National Endowment for the Arts, and as a researcher for the Smithsonian Institute Woodrow Wilson Center for Scholars prior to practicing law. He has represented and counseled indigent clients in various matters including in connection with the Legal Assistance Foundation of Metropolitan Chicago and the Chicago Legal Clinic. He previously successfully prosecuted class action lawsuits for several years as an attorney with Larry D. Drury Ltd., and has served as an attorney on numerous cases that resulted in class action settlements, including, for example, In RE: Vitamins antitrust litigation, and actions lodged against the Chicago Sun-Times, Village of Crestwood, Illinois, and Conseco Insurance Co. He has been appointed class counsel and has worked as lead counsel in successful class action litigation lodged against Sprint United Management Co., Guitar Center, Inc., Brainfuse Inc., Tri-State Auto Auction Co., and Cellco Partnership d/b/a Verizon Wireless. Mr. Chorowsky presently serves as liaison counsel in *In RE: Dairy Farmers of America, Inc. Cheese Antitrust Litigation,* MDL 2031. He holds degrees from the University of Wisconsin-Madison (B.A. – Hon., 1992) (J.D., 1996).

**Mark A. Bulgarelli (Chicago, IL)** concentrates his practice in litigation of class action, employment, consumer fraud, antitrust, and contract disputes. Mr. Bulgarelli has successfully prosecuted claims on behalf of individuals and governments in state court, federal courts, bankruptcy courts, appellate courts, and before the Equal Employment Opportunity Commission. He is admitted to practice law in Illinois, the United States District Court for the Northern District of Illinois, the United States District Court for the Western District of Michigan, and the United States Court of Appeals for the Fifth, Seventh, and Ninth Circuits. Prior to becoming a member of Progressive Law Group, Mr. Bulgarelli was an attorney at Keaton & Associates, P.C. and Foote, Meyers, Mielke & Flowers, LLC, where he prosecuted a number of class action cases. In the course of his career, Mr. Bulgarelli has litigated numerous complex and class action cases, including, but not limited to RICO, FLSA, mass tort, Qui Tam, and consumer products cases, along with cases under the Perishable Agricultural Commodities Act. He has been appointed class counsel and worked as lead counsel in class and collective actions resulting in settlements against Tri-State Auto Auction Company, Brainfuse, Inc., and Cellco Partnership d/b/a Verizon Wireless. Mr. Bulgarelli received his undergraduate degree from Indiana University and was a member of the university's Honors College. Mr. Bulgarelli received his law degree and a Certificate in International Trade and Development Law from Valparaiso University where he was also a member of the law school's Jessup International Moot Court Team (J.D., 2004).

**Elizabeth Roberson-Young (Chicago, IL)** graduated magna cum laude from the University of Wisconsin Law School, where she served as Note and Comment editor for the Wisconsin Law Review. Ms. Roberson-Young was a staff clerk for the United States Court of Appeals for the Seventh Circuit (2007-2009), an associate at Sidley Austin, LLP (2009-2012), and worked on the Obama campaign's voter protection team for the 2012 election. She is admitted to practice in Illinois, the Northern District of Illinois, and the United States Court of Appeals for the Seventh Circuit. Her practice is focused on class action litigation of employment and consumer claims. (J.D., University of Wisconsin, 2007.)

**Alex Stepick (Chicago, IL), Of Counsel**, has served as counsel for plaintiffs in a host of class action proceedings. Mr. Stepick was a graduate fellow with the U.S. Congress' Committee on the Judiciary, and a clerk with the United States Department of Justice. While in law school Mr. Stepick was a member of Washington University Law's international moot court program, winning the "Best Advocate" award, the highest individual honor, and carrying his team to the semi-finals at the Niagara International Moot Court Competition in Toronto, Canada in 2009. Prior to joining Progressive Law Group, Mr. Stepick completed a post-graduate fellowship working as a Staff Attorney at the Florida International University's Immigration & Human Rights Clinic in Miami, FL. (J.D., Washington University School of Law in Saint Louis, 2010; A.B., The University of Chicago, 2006).

**Sang Yup Lee (Chicago, IL), Of Counsel**, has contributed to the prosecution of numerous class actions and previously interned for the Honorable Judge Mary Yu, with the Superior Court in Washington State. Mr. Lee has worked for legal services agencies before and during law school. Mr. Lee also worked as an Article Editor for the Journal of Law, Ethics & Public Policy, and served his law school community as Co-President of the Public Interest Law Forum and President of the Asian Law Student Association. (J.D., University of Notre Dame Law School, 2009).

**Adam E. Urbanczyk (Chicago, IL), Of Counsel**, is a patent attorney routinely assisting clients with identifying, securing, transacting, and enforcing intellectual property ("IP") assets and rights. Adam's practice provides commercial, IP, and information technology-related transactional services in addition to pre-suit discovery actions. Adam has represented clients in matters involving trademark and copyright infringement, Computer Fraud and Abuse Act and Stored Communication Act violations, unfair competition, cyber piracy, consumer fraud, breaches of contract, computer tampering, commercial torts, defamation, and invasions of privacy. Prior to entering law school, Adam worked as an electromechanical systems engineer for General Dynamics Land Systems. (J.D., The John Marshall Law School in Chicago, 2009; B.S.M.E., Carnegie Mellon University, Pittsburgh, 2003). Adam is licensed to practice in Illinois and the District of Columbia and admitted to practice before the USPTO.

**Adrienne M. Zibelman (Chicago, IL), Of Counsel**, has more than 20 years of legal experience in the areas of business litigation and corporate transactional work, compliance, and health care law, both as in-house counsel for United Health Group and in private practice. Ms. Zibelman has represents many corporations and individuals in complex civil litigation. She also employs a breadth of experience in real estate, labor, probate, and business matters. She formerly served as

editor at Wolters Kluwer, one of the largest legal publishing companies in the world. (J.D. and Masters of Law in Health, DePaul University School of Law).

**Krista Ralston (Madison, WI), Of Counsel**, is an emerita clinical law professor who has specialized in criminal and civil litigation for more than 25 years. Before becoming a full-time clinical professor and program director at the University of Wisconsin Law School in 1990, she practiced law in both the private and public sectors. Her practice experience includes a federal clerkship with Chief Judge Barbara Crabb (W.D. Wisc.), two years as an Assistant U.S. Attorney and several years in private practice. She has litigated hundreds of cases in both state and federal courts, including a variety of complex, multi-party cases. She was also "of counsel" in several class action suits brought by the former Youth, Policy and Law Center in Madison, WI. As clinical law professor and program director of a trial-level criminal defense clinical program, Ms. Ralston specialized in teaching litigation technique and theory through live-client clinical supervision and classroom courses such as trial and pre-trial advocacy and evidence. She also coached mock trial teams in regional and national competitions, presented papers at national and international conferences, taught as a visiting professor in Giessen, Germany, and published articles in legal journals. She has been active in national, state and local organizations advocating for the disenfranchised, including sitting on various professional and community-action boards of directors, and is the recipient of numerous law school and professional awards. (J.D., University of Wisconsin, 1979).

**Dana LesMonde (Madison, WI), Of Counsel**, graduated from the University of Wisconsin Law School in 2009, where she interned with the Wisconsin Innocence Project, the Criminal Appeals Project and the Wisconsin State Public Defender's Office. Her practice focuses on criminal post-conviction and appellate work, primarily representing indigent clients. Licensed to practice in Wisconsin.

EXAMPLES OF CLASS AND COMPLEX LITIGATION EXPERIENCE OF COUNSEL

*Jeremy Cioe and Sarom Ped v. Cellco Partnership d/b/a Verizon Wireless et al*, No: 11-cv-1002 (N.D. Ill.) (class action settlement).

*In RE: Ocean Bank Financial Corp Prescreening Litigation,* MDL No. 1778 (N.D. Ill.) (class action settlement of FCRA claims).

*Osorio v. Sprint/United Management Company,* No. 08 C 3228 (N.D. Ill.) (class action settlement).

*Kuhl v. Guitar Center Stores, Inc.*, No. 07 C 214 (N.D. Ill.) (class action settlement).

*Williams v. Tri-State Auto Auction, Inc.*, No. 09 C 2878 (N.D. Ill.) (class action settlement).

*Copi v. Brainfuse, Inc.*, No. 11-CV-5195 (S.D. N.Y.) (class action settlement).

*In RE: Dairy Farmers of America, Inc. Cheese Antitrust Litigation*, MDL No. 2031 (N.D. Ill.) (serving as liaison counsel for Indirect Purchaser class actions in multidistrict antitrust litigation proceeding concerning dairy products).

*In RE: eBay Litigation*, No. 07 C 2198 (N.D. Cal.) (nationwide class certified on behalf of eBay sellers).

*In re Pet Food Products Liability Litig.*, MDL No. 1850 (D. N.J.) (class action settlement).

*Paluzzi v. Cellco Partnership*, No. 07 CH 37213 (Cook County, Ill.) and *Parone v. m-Qube, Inc.*, No. 08 CH 15834 (Cook County, Ill.) (companion class action litigation concerning alleged imposition of premium mobile content charges, resulting in global settlements in *Paluzzi* and *Parone*).

*In RE: A Million Little Pieces Litigation*, MDL No. 1771 (S.D. N.Y.) (class action settlement).

*In RE: Sun Times Circulation Litigation*, No. 04 CH 9757 (Cook County, Ill.) (class action settlement).

*Langendorf v. Conseco Senior Health Insurance Company*, No. 08-CV-3914 (N.D. Ill. 2008) (class action settlement).

*Siegel v. Village of Northbrook*, No. 02 CH 1901 (Cook County, Ill.) (class action settlement).

*Caliper v. Masco Corporation, Behr Process Corp.*, No. 01 L 232 (St. Clair County, Ill.) (multistate class certified) (ultimately resulted in class action settlement in another venue).

*Triad Industries, Inc. v. United Parcel Service, Inc., et al.*, No. 00 L 600 (Madison County, Ill.) (class action settlement).

*Ragan v. Travelers Property Casualty Co.*, No. 00 L 224 (Madison County, Ill.) (example of several class actions alleging use of biased insurance claims valuation software) (ultimately resulted in class action settlement).

# Exhibit 3-2

## Diemer Fees

KATHRYN DIEMER
KDiemer@diemerwhitman.com
Diemer, Whitman & Cardosi, LLP
75 East Santa Clara Street, Suite 290
San Jose, CA 95113
Tel: (408) 971-6270
CA Bar No. 133977

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re GOOGLE REFERRER HEADER PRIVACY LITIGATION<br><br>This Document Relates To: All Actions | Case No. 5:10-cv-04809-EJD<br><br>CLASS ACTION<br><br>DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FEES<br><br>Date:   August 29, 2014<br>Time:   9:00 a.m.<br>Place:  Courtroom 1, 5th Floor<br>Judge:  Hon. Edward J. Davila |
|---|---|

I, Kathryn Diemer, declare as follows:

1. I am one of Plaintiffs' counsel of record in the above-captioned action, and Diemer, Whitman & Cardosi LLP represents Plaintiff Priyev in this matter. This declaration is based upon my personal knowledge.

2. As reflected in the chart below (segregating time by attorney or paralegal), as of July 23, 2014, the total number of hours spent on this case by my firm is 19.2, and the total lodestar amount for attorney (or paralegal) time at my firm's current rates as of the same date is $8,980.00. Additional, as reflected in the chart below, my firm has incurred $22.40 in expenses in connection with this litigation.

| Professional | Hours | Rate | Total |
|---|---|---|---|
| Kathryn Diemer | 16.7 | $500.00 | $8,350.00 |
| Dominique Sopko | .3 | $400.00 | $120.00 |
| Peter Iannuzzi | 1.2 | $300.00 | $360.00 |
| Casey O'Neill (Paralegal) | 1.0 | $150.00 | $150.00 |
| Expenses | | | $22.40 |
| Totals | 19.2 | | $9,002.00 |

3.  The rates of attorneys at my firm range from $300.00 per hour to $500.00 per hour. My firm bills in six minute increments.

4.  The attorneys working on this case bill at rates that correlate to their respective experience and at rates that are reasonably for their respective legal market in California.

The foregoing is true and correct to the best of my knowledge. Executed this 25th day of July, 2014, in San Jose, California.

Respectfully submitted,

*/s/ Kathryn Diemer/*

Kathryn Diemer, Esq.