UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PALOMA GAOS, ANTHONY ITALIANO, and GABRIEL PRIYEV individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE INC., a Delaware corporation,<br><br>　　　　　　　　　　　　　　　Defendant. | Case No. 5:10-CV-4809-EJD<br><br>CLASS ACTION<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br><br>Judge: Edward J. Davila |

Pending before the Court is Plaintiffs' Motion for Final Approval of the Class Action Settlement (Dkt. 65) and Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards (Dkt. 66). Having reviewed the papers filed in support of the Motion, heard argument of counsel, and good cause appearing therein, Plaintiffs' Motions are hereby GRANTED and it is hereby ORDERED, ADJUDGED, and DECREED that:

　　1.　　Any terms and phrases in this Order shall have the same meaning as the Settlement Agreement reached by the Parties.

　　2.　　This Court has appropriate subject matter jurisdiction over this action and over all Parties to the Action, including all Settlement Class Members.

　　3.　　The Court affirms certification of the Class and gives final approval to the Settlement and finds the Settlement is fair, adequate, and reasonable, and in the best interests of the Class. The Settlement Agreement is the result of arms-length negotiations and was overseen by a neutral mediator. The Class Representatives and Class Counsel appropriately represented the Settlement Class for purposes of entering into and implementing the Settlement. Accordingly, the

1  Settlement Agreement is finally approved in all respects, and the Parties are directed to perform its
2  terms.

3      4.    The Court-approved Notice Plan to the Class was the best practicable under the
4  circumstances and included substantial Internet advertising and a website comprehensively
5  detailing the terms of the Settlement. The Notice Plan was successfully implemented and satisfies
6  the requirements of Due Process and Federal Rule of Civil Procedure 23.

7      5.    The Court finds that the Parties properly and timely notified the appropriate state
8  and federal officials to alert them to the Settlement, pursuant to the Class Action Fairness Act of
9  2005, 28 U.S.C. § 1714 ("CAFA"). The Court reviewed the substance of this notice and
10 accompanying materials and finds that they complied with all necessary CAFA requirements.

11     6.    Subject to the terms and conditions of the Settlement, this Court dismisses the
12 action on the merits and with prejudice.

13     7.    Twelve individuals timely and validly excluded themselves from the Settlement.

14     8.    Plaintiffs and each member of the Class, fully, finally, completely, and forever
15 release, acquit, and discharge Google from any and all claims that were raised in this litigation, as
16 further described in the Settlement Agreement.

17     9.    This release of claims and the Settlement Agreement will be binding on and have
18 *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings
19 maintained by or on behalf of Plaintiffs and all other Class Members, and their heirs, executors,
20 and administrators, successors, and assigns. All Class Members who have not been properly
21 excluded from the Settlement are hereby permanently barred and enjoined from filing,
22 commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any
23 lawsuit or other action in any jurisdiction based on or arising out of the released claims.

24     10.    The Court awards $2,125,000 in fees to Class Counsel and $21,643.16 in expenses
25 for costs incurred.

26     11.    The Court will distribute the awarded fees according to the following formula:
27     a.    39% of fees awarded to Nassiri & Jung LLP;
28     b.    39% of fees awarded to Aschenbrener Law, P.C.; and

    c. 22% of fees awarded to Progressive Law Group, LLC.

  12. Costs and expenses awarded to Class Counsel shall be distributed as follows: Aschenbrener Law is entitled to $5,844.54; Nassiri & Jung is entitled to $4,464.95; and Progressive Law Group is entitled to $7,551.27; Edelson PC is entitled to $3,760.00; and Diemer, Whitman & Cardosi LLP is entitled to $22.40.

  13. The Court awards $5,000 to each of the three Class Representatives (Plaintiff Gaos, Plaintiff Italiano, and Plaintiff Priyev) for a total of $15,000 in incentive awards.

  14. Defendant shall pay the Fee Award and Incentive Award pursuant to and in the manner provided by in the terms of the Settlement Agreement.

  15. The Court directs entry of final judgment based on the Court's finding that there is no just reason for delay of enforcement or appeal of this judgment, notwithstanding the Court's retention of jurisdiction to oversee the implementation and enforcement of the Settlement.

  16. Without affecting the finality of this judgment, the Court shall continue to have jurisdiction over (a) the implementation, enforcement, and administration of the Settlement; (b) the resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Settlement; and (c) all Parties, for the purpose of enforcing and administering the Settlement and this litigation until each act agreed upon amongst the Parties is performed pursuant to the Settlement.

IT IS SO ORDERED

Dated:

_____
HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT COURT