Matthew Kurilich California Bar Number 30172
17321 Irvine BLVD STE 115
Tustin CA 92780
Telephone 714-734-3715
Facsimile 714-734-3716
mattkurilich@gmail.com

Attorney for Objector
Kim Morrison

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| In re GOOGLE REFERRER HEADER PRIVACY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 5:10-cv-4809 (EJD)<br><br>CLASS ACTION<br>**NOTICE OF OBJECTION FOR OBJECTOR KIM MORRISON** |
|---|---|

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Class member Kim Morrison, a user of Google search engine during the time referenced in the notice form of this settlement and a member of this class action objects to the settlement in this cased based upon the letter attached as Exhibit A.

Kim Morrison 228 Lion Point Boulder CO 80302. Neither Kim Morrison nor her attorney will appear at the fairness hearing.

1

1
2      Respectfully,
3
4      Dated: 8-5-14                    LAW OFFICES OF MATTHEW KURILICH
                                         By:
5                                          **/s/Matthew Kurilich**
6                                        _____
7                                        Matthew Kurilich, Attorney for Objector
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Class Action Notice of Objection** Case No. 5:10-cv-4809 (EJD)

1
<u>EXIBIT A</u>

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Class Action Notice of Objection** Case No. 5:10-cv-4809 (EJD)

**Google Referrer Header Privacy Litigation**
Settlement Administrator
P.O. Box 2002
Chanhassen, MN 55317-2002

# OBJECTION FORM

If you intend to file a written objection to the proposed Settlement in *In re Google Referrer Header Privacy Litigation*, Case No. 5:10-cv-4809-EJD, please use this form and mail it to each of the following addresses:

Google Referrer Header Privacy Litigation
Settlement Administrator
P.O. Box 2002
Chanhassen, MN 55317-2002

Edward D. Johnson
Mayer Brown LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112

Kassra Nassiri
Nassiri & Jung LLP
47 Kearny Street, Suite 700
San Francisco, CA 94108

U.S. District Court
Clerk's Office
280 S 1st St
San Jose, CA 95113

Your objection must be post-marked by **August 8, 2014**.

I, _____Kim Morrison_____, hereby object to the proposed Settlement Class in *In re Google Referrer Header Privacy Litigation*, Case No. 5:10-cv-4809-EJD.

**First Name:** KIM

**Last Name:** MORRISON

**Email Address:** kimsmorrison@me.com

**Phone Number:** 206-317-3968

**Signature:** *[signed] Kim Morrison*

Please state the reasons for your objection below. If you need additional space, please attach additional pages.

see attachment

ATTACHMENT TO FORM OBJECTION

The settlement is unreasonable and unfair and the proposed benefits are woefully inadequate. Additionally, the requested attorneys' fees are unreasonable in relation to the class benefits. This case sets a dangerous precedent for Google and similar online entities that serve many customers and collect customer information. The Court should reject both the settlement and requested attorneys' fees.

The settlement provides no real benefit to the class and is inadequate. Google collected and sold for profit users' real names, street addresses, phone numbers, credit card numbers, social security numbers, financial account numbers and more. Google also disclosed user search queries that may have contained highly-personal and sensitive issues, such as confidential medical information, racial or ethnic origins, political or religious beliefs or sexuality. Google subjected the public to various harms, especially identity theft. Yet, the proposed relief does not address Google's unlawful practices, which is unfair and unreasonable. The settlement merely requires Google to notify users of its practices through "Agreed-Upon Disclosures." Because Google is not changing its business practices, and will continue to engage in practices that subject the public to great harms, the underlying issues and claims of the lawsuit are not being addressed and neither the class nor the public receive any real benefit under the settlement. Google should either cease collecting and disclosing personal and sensitive information for profit, or develop oversight mechanisms to prevent such disclosures.

The settlement also is unfair and inadequate because (a) Google is not disgorged of its unlawful profits, and (b) the settlement does not deter defendant's unlawful conduct. The complaint alleges unjust enrichment as a result of Google's sale of personal information to third-parties. However, neither the settlement agreement nor the notice provide any indication as to how much Google profited by selling user information. As a result, there is no indication whether or not the settlement amount of $8.5 million sufficiently deters Google's unlawful behavior. Moreover, the class cannot determine whether or not the settlement amount is a fair compromise in relation to its unlawful profits.

The $1 million notice costs seem unreasonably high. Notice was provided through publication only and included paid banners, press releases, and a settlement site. None of the documents available on the settlement website provide details regarding the notice plan. Why didn't Google include settlement banner ads on Google search results and similar Google products? Why didn't an email from Google go out to all Google product users, such as Gmail, Blogger, Youtube, Google Plus, etc.? The same, if not better, results could have been achieved at a lower cost had Google notified its users directly and included online banner ad on all search results.

There is no evidence the parties have complied with the requirements of the Class Action Fairness Act as it relates to providing state and federal authorities with notice of the settlement. The purpose of CAFA Notice is to provide state and federal authorities with the opportunity to object to the fairness of the settlement, including cases where

there are large amounts of attorneys' fees but little deterrence for defendants, as in this case. Because this is a national class action, the class deserves to know whether or not the appropriate authorities are aware of this settlement.

The settlement provides a disproportionately large incentive award to the named plaintiffs while the class members receive little to no benefits. No document provides an explanatory justification for the named plaintiffs' award. How much time and effort did they put in the case, and what risks did they face? The class deserves to know why the named plaintiffs get $5,000 each while class members receive no money at all.

In light of the above, the settlement's attorneys' fees are not reasonable. What is the meaningful relief for class members?

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party through the Court's electronic filing service on August 5, 2014.

                **/s/Matthew Kurilich**
                MATTHEW KURILICH

**Class Action Notice of Objection** Case No. 5:10-cv-4809 (EJD)