Michael F. Creamer, Jr., SBN 204662
P.O. Box 17743,
Anaheim, CA 92817
(714) 623-2299 - Voice
(714) 998-7849 - Fax

Attorney for Objector
David Weiner

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re GOOGLE REFERRER HEADER PRIVACY LITIGATION<br><br>This Document Relates To: All Actions | Case No. 5:10-CV-4809-EJD<br><br>**CLASS ACTION**<br><br>**OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT** |

Class member, DAVID WEINER, pursuant to the proposed settlement makes the following statement:

 a. My name is David Weiner;

 b. My address is 5245 Lanier Lane, Cumming, GA 30041;

 c. My telephone number is 678-883-8088;

1

d. I hereby state under oath that I am a computer Solutions Architect and have submitted a search query to Google multiple times since October 25, 2006 and am a class member per the proposed settlement;

e. I will not appear at the fairness hearing nor will my attorney;

f. I object to the proposed settlement as stated herein.

Class member, DAVID WEINER, pursuant to the proposed settlement makes the following objections to such settlement in this case In re GOOGLE REFERRER HEADER PRIVACY LITIGATION Case No. 5:10-CV-4809-EJD:

## OBJECTION

The proposed cy pres distribution is similarly unreasonable, unfair, and inadequate. The objective of cy pres is to achieve the best approximation of righting the wrongs caused by the underlying lawsuit. A cy pres award beneficiary must qualify as "the next best distribution" to giving the funds directly to class members. First, the proposed cy pres distributions (as evidenced by the proposals submitted by the six organizations) do nothing to right the wrongs caused by the underlying suit: Google will continue to engage in the same practices as before the lawsuit. Second, the cy pres distributions are not the "next best distribution" to giving the funds directly to the class because the class will not benefit from the work proposed by the six organizations. None of the organizations have proposed to provide any identity theft protection to class members that may have had their personal/financial information disclosed, and none of the organizations have proposed to stop Google from engaging in unlawful practices in the future, which exposes both the class and the public to future harm. Instead, the organizations merely seek to raise consumer awareness about internet privacy issues, a result that is in no way different from Googles "Agreed-Upon Disclosures." As a result, the proposed cy pres distributions do not benefit the class, either directly or indirectly, and should be rejected.

The class cannot evaluate the settlement based on the limited information in the notice. First, the notice fails to state the total amount of potential damages plaintiffs could receive if successful at trial. The class cannot effectively evaluate the $8.5 million settlement if it does not know how much plaintiffs could recover. While a settlement certainly does not need to match this amount, the comparison must be made to determine fairness. Second, the notice also fails to adequately explain the alleged claims, defendant's wrongdoing, and how the settlement addresses the

2

Objection; Case No. 5:10-CV-4809-EJD

addresses the harms and benefits the class. In order to evaluate fairness, the class needs to know whether or not its interests were adequately represented.

The exclusion deadline was unreasonably short. Why was the opt-out deadline set for June 24 while the objection deadline was set for August 8, 45 days later? The different dates only serve to confuse class members. Additionally, class members are forced to make a decision as to whether to stay in the class or opt-out without the benefit of reading objections or comments on the proposed cy pres distributions. The Court should extend the opt-out deadline and allow class members to make an informed decision.

The requested attorneys' fees are unreasonable considering that the wrongs outlined in the complaint have not been addressed. Aside from that, however, the class has no basis to evaluate the reasonableness or fairness of the requested fees because class counsel has not posted its motion for fees and costs onto the settlement website. As of July 26, 14 days before the objection deadline, the motion was not available online.

The release is overbroad and exposes the class and the public to great risks. In exchange for the de minimis settlement benefits, the class is releasing Google from all known and unknown claims related to how Google collects and shares user information. The Court should narrow the release to the specific claims in the case. A class member should be able to pursue an action against Google if, for example, Google experiences a data breach and user information collected during the class period is exposed.

## CONCLUSION

For the foregoing reasons we object the proposed class action settlement.

Dated: August 1, 2014

*/s/ Michael Creamer*
MICHAEL CREAMER
Attorney for Objector DAVID WEINER

3

**Objection;** Case No. 5:10-CV-4809-EJD

1 **OBJECTOR**
2
3 *[signature]*
   DAVID WEINER
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I certify that I am over the age of 18 and not a party to the within action; my address is P.O. BOX 17743, Anaheim, California 92817

On August 6, 2014, I served the foregoing document(s) described as

**OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT**

on the interested parties in this action addressed as follows:

Court ** Electronically Filed
U.S. District Court
Clerk's Office
280 S. 1st Street
San Jose, CA 95113

[X]   **(BY MAIL)** I enclosed a true copy of the foregoing document(s) in a sealed envelope for delivery to the addressee(s) as noted. This correspondence is deposited with the U.S. postal service the same day it is placed for collection, with postage thereon fully prepaid at San Bernardino, California. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

Class Counsel
Kassra Nassiri
Nassiri & Jung LLP
47 Kearny Street, Suite 700
San Francisco, CA 94108

Defense Counsel
Edward D. Johnson
Mayer Brown LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112

Class Administrator
Google Referrer Header Privacy Litigation
Settlement Administrator
P.O. Box 2002
Chanhassen, MN 55317-2002

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 6, 2014 the City of Anaheim, California.

*[signature]*

**Objection;** Case No. 5:10-CV-4809-EJD