Theodore H. Frank (SBN 196332)
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 236
Washington, DC 20036
Voice: (703) 203-3848
Email: tfrank@gmail.com

*Attorneys for Objectors Theodore H. Frank and Melissa Holyoak*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re GOOGLE REFERRER HEADER PRIVACY LITIGATION | Case No. 5:10-cv-04809-EJD<br><br>**DECLARATION OF THEODORE H. FRANK** |
| THEODORE H. FRANK and MELISSA HOLYOAK<br><br>Objectors. | Date:       August 29, 2014<br>Time:       9:00 a.m.<br>Courtroom:  4<br>Judge:      Hon. Edward J. Davila |

I, Theodore H. Frank, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

2. My business address is 1718 M Street NW, #236, Washington DC 20036 and my phone number is (703) 203-3848. My email address is tedfrank@gmail.com.

3. I am a United States resident who has submitted a search query to Google on hundreds or thousands of occasions since October 25, 2006.

4. I am thus a member of the proposed settlement class with standing to object. *See* Fed. R. Civ. P. 23(e)(5).

5. I am the founder and president of the non-profit Center for Class Action Fairness ("Center"), and represent objector Melissa Holyoak as well as myself in objecting to this settlement.

6. I run and operate the Center's website: currently found at http://centerforclassactionfairness.blogspot.com/. Over the last several years, I employ analytics programs by Google and a third-party vendor, including the data provided by referrals from web searches to monitor and survey the status of the website. Google's search engine and service permits to review useful information about the search queries used by members of the public who visit the Center's website. Because of this, I was aware that Google transmits information regarding users' search queries to website operators. I am also aware that it is possible for users who do not want their search query information to be provided to website providers to take steps to avoid transmitting that information, which I sometimes do.

7. I have multiple email accounts through Google's Gmail service. Nonetheless, I did not receive any direct notice of the settlement in this case, even though the defendant undoubtedly possesses my contact information in its records.

8. The AARP takes numerous political positions that I believe contravene good public policy. As a class member, I object to the AARP receiving money as a proxy for the class.

9. I bring this objection in good faith to prevent approval of an unfair settlement and ratification of an improper certification.

10. The Center receives many more requests to bring meritorious objections to class actions than it has resources to pursue, and thus has no interest in wasting resources bringing an objection it does not believe is legally meritorious. Because the Center is non-profit, it cannot and does not settle its objections for a *quid pro quo* cash payment to withdraw, as many professional objectors do. But if the Court has any doubts whether this objection is brought in good faith, I am willing to stipulate to an injunction forbidding me from settling my objection for personal financial gain. *See* Brian T. Fitzpatrick, *The End of Objector Blackmail?*, 62 VAND. L. REV. 1623 (2009) (suggesting inalienability of objections as solution to alleged problem of objector blackmail).

11. Because of this necessity of selectiveness in choosing which objections to bring, the majority of the Center's objections have resulted in settlement rejections; attorney-fee reductions; or agreements or court-orders to improve the settlement for the benefit of the class, winning millions of dollars for class members. Out of ten federal appellate court decisions where Center attorneys have argued, we have prevailed in eight, including all four in the Ninth Circuit. *See e.g., In re MagSafe Apple Power Adapter Litig.,* Nos. 12-15757, 12-15782, 2014 U.S. App. LEXIS 7708 (9th Cir. Apr. 24, 2014) (unpublished); *In re HP Inkjet Printer Litigation*, 716 F.3d 1173 (9th Cir. 2013); *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1039 (9th Cir. 2011); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011).While I am often accused of being an "ideological objector," the ideology of the Center's objections is merely the correct application of Rule 23 to ensure the fair treatment of class members.

12. Through the Center, I represented myself and another class member in objecting to the second settlement and fee request in *Fraley v. Facebook Inc.*, No. 11-cv-01726 RS (N.D. Cal.). There, class counsel orginially claimed administrative costs would be $2.55 million. But after the court held that they couldn't count it as a settlement benefit, suddenly the administrative costs dropped to $1.2 million. *Fraley* demonstrates that administrative costs

of a one-hundred million member class claims process need not cannibalize the $8.5 million fund of this settlement. Fraley also suggests that the alloted ceiling for administrative costs here—$1 million, *See* Settlement § 5.1—would be excessive given the lack of a claims procedure.

13. On information and belief, many class counsel subscribe to a service that proposes arguments to be used against objectors; on information and belief, this service falsely characterizes me as opposing all class actions. I have seen this argument used against my objections in multiple cases (albeit without any citations supporting the claim). The argument is false. I believe the class action mechanism is procedurally appropriate in cases complying with Rule 23, do not oppose all class actions, and simply oppose the abuse of the class action mechanism to benefit class counsel at the expense of their clients and the public at large—something I believe Rule 23 already addresses.

14. The specific grounds of my objection are identified in my contemporaneously-filed objection.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on August 8, 2014 in Houston, Texas.

*/s/ Theodore H. Frank*
Theodore H. Frank
