KASSRA P. NASSIRI (215405)
(kass@njfirm.com)
NASSIRI & JUNG LLP
1700 Montgomery St, Suite 207
San Francisco, California 94111
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

MICHAEL ASCHENBRENER (277114)
(masch@kamberlaw.com)
KAMBERLAW, LLC
201 Milwaukee St, Suite 200
Denver, Colorado 80206
Telephone: (303) 222-0281

Attorneys for Plaintiff and the Putative Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re GOOGLE REFERRER HEADER PRIVACY LITIGATION | Case No. 5:10-CV-4809-EJD |
| | **OPPOSITION TO MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL** |
| This Document Relates To: All Actions | |
| | CLASS ACTION |
| | JURY TRIAL DEMANDED |

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................... 1
II.  LEGAL STANDARD ........................................................................................................ 1
III. ARGUMENT ..................................................................................................................... 2
   A.  Standing is not a controlling question of law in this case. ...................................... 3
   B.  There are no grounds for difference of opinion, and the Court should disregard Defendant's transparent attempt to invent one. ...................................................... 5
   C.  An immediate appeal would not materially advance the ultimate termination of the litigation. ................................................................................................................. 8
IV.  CONCLUSION ................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**CASES**

*Borelli v. Black Diamond Aggregatres, Inc.*, No. 2:-14-cv-02093, 2018 WL 1518678 (E.D. Cal. Mar. 28, 2018) .................................................................................................................. 4

*Brown v. Oneonta*, 916 F. Supp. 176 (N.D.N.Y. 1996), *rev'd in part on other grounds*, 106 F.3d 1125 (2nd Cir. 1997) ............................................................................................................. 2

*Campbell v. Facebook, Inc.*, 951 F.3d 1106 (9th Cir. 2020) ............................................................ 6

*City of San Jose v. Monsanto Co.*, No. 5:15-cv-03178-EJD, 2017 6039670 (N.D. Cal. Dec. 6, 2017) ................................................................................................................................. 2

*Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978)); *accord Pac. Union Conference of Seventh-Day Adventists v. Marshall*, 434 U.S. 1305, 1309 (1977) ................................................. 2, 8

*Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010) ............................................................ 1, 5, 7

*DeLuca v. Farmers Ins. Exch.*, 17-CV-00034, 2019 WL 4260437 (N.D. Cal. Sept. 9, 2019) ....... 10

*Dutta v. State Farm Mutual Ins. Co.*, 895 F.3d 1166 (9th Cir. 2018) ............................................... 6

*Envtl. Prot. Info. Ctr. v. Pac. Lumber Co.*, No. 01-cv-2821, 2004 WL 838160 (N.D. Cal. April 19, 2004) ............................................................................................................................ 5, 6, 7

*F.T.C. v. Swish Mktg.*, 09-cv-03814, 2010 WL 1526483 (N.D. Cal. Apr. 14, 2010) ..................... 10

*Firestone Tire & Rubber Co. v. Rijsford*, 449 U.S. 368 (1981) ..................................................... 10

*Frank v. Gaos*, 139 S. Ct. 1041 (2019) ........................................................................................... 4

*In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020 (9th Cir. 1981) ................................. 2

*In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) ................................... 6

*In re Facebook, Inc. IPO Securities and Derivative Litig.*, 986 F. Supp. 2d 524 (S.D.N.Y. 2014) 3, 8, 9

*In re Worldcom, Inc. Sec. Litig.*, No. 02-cv-3288, 2003 WL 22533398 (S.D.N.Y. Nov. 7, 2003) .. 9

*James v. Price Stern Sloan, Inc.*, 283 F.3d 1064 (9th Cir. 2002) ..................................................... 1

*Mills v. Everest Reins. Co.*, 771 F. Supp. 2d 270 (S.D.N.Y. 2009) ................................................. 3

*MP Nexlevel of Cal., Inc., v. Cvin, LLC*, No. 1:14-cv-288, 2016 WL 5815895 (E.D. Cal. Oct. 5, 2016) ................................................................................................................................. 4

*Simmons v. Akanoo*, No. 1:09-cv-00659, 2011 WL 1566583 (E.D. Cal. Apr. 22, 2011) ................ 2

*Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*, No. 2:14-CV-2571-MCE-KJN, 2018 WL 3207891 (E.D. Cal. June 29, 2018) ......................................................... 3, 4

*Sprinkle v. Robinson*, No. 02-cv-1563, 2008 WL 1970562 (E.D. Cal. May 5, 2008) ...................... 6

*Stuart v. Radioshack Corp.*, No. 07-cv-4499, 2009 WL 1817007 (N.D. Cal. June 25, 2009).......... 8

*Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020) ............................................................................ 7

*Tumampos v. Cathay Pac. Airways Ltd.*, No. 16-CV-06208, 2017 WL 10443170 (N.D. Cal. June 30, 2017)................................................................................................................................ 2, 3, 5

*Weiner v. Ocwen Financial Corp.*, No. 2:14–cv–02597, 2017 WL 2797856 (E.D. Cal. June 28, 2017)............................................................................................................................................ 4

*WeRide Corp. v. Kun Huang*, No. 5:18-CV-07233-EJD, 2020 WL 1478372 (N.D. Cal. Mar. 26, 2020) ......................................................................................................................................... 1, 2

*Winding v. Allstate Ins. Co.*, No. 09-cv-3526, 2012 WL 1565674 (E.D. Cal. May 2, 2012) ........... 4

**STATUTES**

28 U.S.C. § 1292(b) ......................................................................................................................... 1

**OTHER AUTHORITIES**

3 Fed. Proc., Lawyers Edition § 3:212 (2010) ................................................................................ 5

4 Am. Jur. 2d *Appellate Review* § 123 (2009) ................................................................................ 6

U.S. Courts, *Federal Court Management Statistics*, Summary ....................................................... 9

PL.'S OPP'N TO MOT. FOR INTERLOCUTORY APPEAL
iii
5:10-CV-04809

## I. INTRODUCTION

Surprised that it failed to obtain dismissal of Plaintiff's case, Defendant now seeks another bite at the apple by way of interlocutory appeal of the Court's June 5, 2020 Order Denying Motion to Dismiss (ECF 115, the "MTD Order"). Defendant cannot satisfy the statutory requirements of Title 28 U.S.C. § 1292(b) ("Section 1292(b)"), nor does this case present the sort of exceptional circumstances needed to justify diverging from the well-settled policy of the federal courts to delay appeals until a final judgment. Google's motion to certify this matter for interlocutory appeal should be denied.

Moreover, Google's motion amounts to nothing more than forum shopping. The Supreme Court ordered the "case [be] remanded to the United States Court of Appeals for the Ninth Circuit for further proceedings consistent with the opinion of this Court." Appellate ECF 67. Plaintiffs sought Google's consent to have the Ninth Circuit decide the standing issue, but Google refused. Over Plaintiffs' filed opposition, Google successfully moved the Ninth Circuit to remand the case to this Court. Appellate ECF 66, 68. Having received a decision it does not like from this Court, Google now seeks an audience with the Ninth Circuit—the court it recently sought to avoid.

## II. LEGAL STANDARD

A district court may certify an order for interlocutory appeal where the order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and . . . [3, that] an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). "Certification is inappropriate unless all three Section 1292(b) requirements are met." *WeRide Corp. v. Kun Huang,* No. 5:18-CV-07233-EJD, 2020 WL 1478372, at *2 (N.D. Cal. Mar. 26, 2020) (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).

Merely meeting these three requirements is insufficient, however. "'Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *WeRide*, 2020 WL 1478372, at *2 (quoting *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002)). "A district court has substantial discretion in deciding

whether to grant a party's motion for certification." *Tumampos v. Cathay Pac. Airways Ltd.*, No. 16-CV-06208, 2017 WL 10443170, at *2 (N.D. Cal. June 30, 2017) (citing *Brown v. Oneonta*, 916 F. Supp. 176, 180 (N.D.N.Y. 1996), *rev'd in part on other grounds*, 106 F.3d 1125 (2nd Cir. 1997)). "In seeking interlocutory appeal, the movant bears a heavy burden to show that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *WeRide*, 2020 WL 1478372, at *2 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)); *accord Pac. Union Conference of Seventh-Day Adventists v. Marshall*, 434 U.S. 1305, 1309 (1977) ("The policy against piecemeal interlocutory review other than as provide for by statutorily authorized appeals is a strong one.").

"'The precedent in this circuit has recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases.'" *WeRide*, 2020 WL 1478372, at *2 (quoting *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1027 (9th Cir. 1981)). "Appeals under § 1292(b) are 'hen's-teeth rare.'" *City of San Jose v. Monsanto Co.*, No. 5:15-cv-03178-EJD, 2017 6039670, at *1 (N.D. Cal. Dec. 6, 2017) (quoting *Simmons v. Akanoo*, No. 1:09-cv-00659, 2011 WL 1566583, at *2 (E.D. Cal. Apr. 22, 2011) (citation omitted)).

### III.   ARGUMENT

The Court should deny Defendant's motion to certify the MTD Order for an interlocutory appeal. This case does not present any exceptional circumstances to justify an early appeal. The Court merely found that Plaintiffs have standing because they adequately alleged a substantive violation of their concrete legal rights under the ECPA and under common law. Intermediate appeal would also delay, rather than advance the resolution of this litigation. Finally, there is no meaningful difference of opinion among courts in the Ninth Circuit as to how to evaluate standing for ECPA or common law claims.

As an initial matter, nothing about the MTD Order suggests that this is the sort of "exceptional" case that justifies an interlocutory appeal. Interlocutory appeals are appropriate only in extraordinary cases where appellate review might avoid protracted and expensive litigation.

*Tumampos*, 2017 WL 10443170, at *2. Interlocutory appeals should be avoided where, as here, Defendant simply wants very much for the Court to have decided its motion to dismiss differently. *See In re Facebook, Inc. IPO Securities and Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014) (denying Facebook's motion for Section 1292(b) certification of denial of its motion to dismiss a class action because, among other reasons, Facebook's Section 1292(b) "motion consists entirely of assertions and precedent rejected in the [court's prior motion to dismiss order].")

As with Facebook, Google spends the bulk of its Memorandum of Law in Support of its Motion (*See* Mot. at § B.1.c and particularly §§ B.2 & 3) rehashing the arguments rejected by the Court in the MTD Order and noting that, if the MTD Order were to be reversed, Plaintiff's case could be dismissed.

This is why district courts seldom allow interlocutory appeals at the motion to dismiss stage: denying Section 1292(b) certification at "such early stages avoids needless and unnecessary delay and expense, while a factually complete record is fully developed, and allows the appellate court review of the legal issues supported by a complete record." *In re Facebook IPO*, 986 F. Supp. 2d at 535 (citing *Mills v. Everest Reins. Co.*, 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009)); *see Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*, No. 2:14-CV-2571-MCE-KJN, 2018 WL 3207891, at *5 (E.D. Cal. June 29, 2018) ("Further, courts are even more hesitant to certify a question for interlocutory appeal when the movant seeks to challenge the sufficiency of the plaintiff's pleadings[.]" (citing *In re Facebook IPO*, 986 F. Supp. 2d at 530) ("[A] reversal on interlocutory appeal could at most lead only to a remand for repleading, with possibilities of further interlocutory appeals thereafter.")). Denying Defendant's motion to certify the MTD Order will similarly avoid needless and unnecessary delay and expense, and allow the parties to develop a more complete record.

### A. Standing is not a controlling question of law in this case.

Google has not shown that standing is a controlling question of law in this particular case. "[T]he 'controlling question of law' does not refer to how dispositive the particular issue is to the resolution of the case, but rather to whether the question is one of <u>pure</u> law that the Court of

Appeals could resolve with minimal reliance on the record. *Special Situations Fund*, 2018 WL 3207891, at *5 (emphasis in original) (citing *Borelli v. Black Diamond Aggregatres, Inc.*, No. 2:-14-cv-02093, 2018 WL 1518678, at *2 (E.D. Cal. Mar. 28, 2018)). "A fact-dependent issue decided by the court generally is not a 'controlling question of law.'" *Borelli*, 2018 WL 1518678, at *2 (quoting *Winding v. Allstate Ins. Co.*, No. 09-cv-3526, 2012 WL 1565674, at *2 (E.D. Cal. May 2, 2012)). "Typically, a 'controlling question of law' must present a 'pure' or 'abstract' legal issue that does not concern the facts of the case." *Id*. (quoting *MP Nexlevel of Cal., Inc., v. Cvin, LLC*, No. 1:14-cv-288, 2016 WL 5815895, at *4 (E.D. Cal. Oct. 5, 2016)). "'To even qualify as a question of law, let alone a controlling question, the question must be one that the court of appeals could decide quickly and cleanly without even having to study the record.'" *Id*. (quoting *Weiner v. Ocwen Financial Corp.*, No. 2:14–cv–02597, 2017 WL 2797856, at *4 (E.D. Cal. June 28, 2017) (citation an internal quotation marks omitted)).[1]

      Much like the movant in *Special Situations Fund*, Google's argument that standing is a controlling question of law "does not satisfy the standard." 2018 WL 3207891, at *5. The Ninth Circuit would have to "thoroughly review" Plaintiffs' complaint and the countless pages of authority Google filed "in support of its Motion to dismiss, turning the appellate court's decision into a fact-intensive inquiry inappropriate for interlocutory appeal." *Id*. Google may choose to characterize the standing issue as one of pure law, but it is not. Whether Plaintiffs's pleadings satisfy Article III standing necessarily depends on the content of their pleadings. The Court did exactly that in this case, devoting many pages of analysis to whether Plaintiffs' allegations satisfy the concreteness prong of the injury-in-fact element of Article III standing. *See, generally,* ECF 115. Google effectively concedes this point in quoting the Supreme Court in this case. Mot. at 7 (quoting *Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019) (the case "raises[s] a wide variety of legal and *factual issues*.") (emphasis added in Google's Mot.)).

---

[1] Likewise, with respect to the common law claims, Google cites to myriad factual allegations in the Conolidated Complaint to argue that "plaintiffs have not pleaded a plausible contract claim at all." (Mot. at 12, citing Consolidated Complaint ¶¶ 25, 26, 29, 144).

1    Additionally, Google's argument that Plaintiffs have not suggested they have a basis to
2  amend misses the mark. Mot. at 4. The operative complaint was filed more than seven years ago in
3  April 2013—prior to the Supreme Court's ruling in *Spokeo*—and Plaintiffs asked in the alternative
4  for leave to replead in their opposition to Google's motion to dismiss. ECF 109 at 17. Given the
5  reason for the instant motion, Google's motion to dismiss, and the Supreme Court's ruling in this
6  case derives from case law decided after the operative complaint was filed, Plaintiffs would move
7  for leave to replead so as to plead in accordance with *Spokeo*, if they face an adverse decision on
8  the pleadings.

9    Because standing the Ninth Circuit would have to conduct a fact-intensive inquiry of the
10 pleadings and authority in this case, standing is not a controlling question of law in this case and
11 the Court should deny Google's request for an interlocutory appeal.

**B.     There are no grounds for difference of opinion, and the Court should disregard Defendant's transparent attempt to invent one.**

Under the standards of the Ninth Circuit and this district, there are no grounds for difference of opinion present here that would justify the exceptional circumstance of interlocutory appeal. It is "not enough for the issues to be hard, the questions to be somewhat new, or the decision to be 'neither easy nor obvious.'" *Tumampos*, 2017 WL 10443170, at *2 (quoting *Envtl. Prot. Info. Ctr. v. Pac. Lumber Co.*, No. 01-cv-2821, 2004 WL 838160, at *4 (N.D. Cal. April 19, 2004)).

> To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented."

*Couch*, 611 F.3d at 633 (quoting 3 Fed. Proc., Lawyers Edition § 3:212 (2010) (footnotes omitted)).

There is no meaningful difference of opinion among courts in the Ninth Circuit as to how to evaluate injury and standing for ECPA or common law claims. The Court's decision on standing does not conflict with any other decisions; the Court followed recent precedent from the Ninth Circuit. *See, e.g.*, ECF 115 at 13 (citing *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1117 (9th Cir. 2020) and *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020)). And "[w]here the position of the Circuit court has been unequivocal, there is no substantial ground for difference of opinion meriting interlocutory review." *Sprinkle v. Robinson*, No. 02-cv-1563, 2008 WL 1970562, at *1 (E.D. Cal. May 5, 2008). *See also* 4 Am. Jur. 2d *Appellate Review* § 123 (2009) ("If a controlling court of appeals has decided the issue, no substantial ground for difference of opinion exists and there is no reason for an immediate appeal.").

Similar to the cases cited by the movant in *Envtl. Prot. Info. Ctr.*, none of the cases cited by Google "actually differ—in logic or effect—from this court's orders. Rather, [Movant's] catalog of cases simply rephrases [Movant's] disagreement with the court, albeit in a novel and more abstruse fashion." 2004 WL 838160, at *4. Google has constructed a false difference between one-step and two-step analyses; there is no difference in this Court, the Ninth Circuit, or in the Supreme Court.

The so-called two-step analysis is for bare "procedural violation[s]," not substantive violations, as in this case. *See Dutta v. State Farm Mutual Ins. Co.*, 895 F.3d 1166, 1174 (9th Cir. 2018). Substantive rights, like those alleged in the instant case, are "substantive" precisely *because* their violation definitely causes harm—that is the distinction between a procedural and a substantive right. The Court addressed this head-on in the MTD Order at 8–9, finding Plantiffs alleged a substantive violation, not a procedural violation. The conflict between one-step and two-step analysis is a fiction created by Defendant in an effort to create a difference of opinion where none exists. Even bare procedural violations can confer standing when based on interests historically protected at common law, such as privacy, (step one) and causing "real harm or material risk of harm" (step two). *Dutta*, 895 F.3d at 1174. But that analysis is unnecessary when the violation alleged is a substantive violation, as in the instant case.

In addition, the Supreme Court's decision in *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020)[2] does not change the framework, but rather is in accordance with the Ninth Circuit. Besides, *Thole* is noteworthy because its analysis of standing under specific provisions of ERISA and historic trust law. It is not a privacy case, does not address the issue of substantive versus procedural violations, and does not address whether breach of contract may support standing.[3] With respect to general principles of Article III standing, nothing in *Thole* changes or even questions the standing analyses employed by this Court and the Ninth Circuit. The *Thole* decision turned on the Court's analysis of trust law more than anything else, and its conclusion that the fiduciary duties and private rights at issue there were owed and belonged to the plan, not its participants, sheds no light on this case. *Id*. at 1623.[4] *Thole* does not mandate that this Court or the Ninth Circuit revisit any of its standing decisions outside of the ERISA or trust context.

There is no substantial ground for difference of opinion as to whether to apply one-step analysis or two-step analysis. Defendant's motion to certify the MTD Order is merely the result of its disappointment with the Court's ruling on its motion to dismiss, and is nothing more than an attempt to re-litigate the arguments that failed to convince the Court the first time. Google "may disagree with the way the court has interpreted the relevant doctrine, but at least one party [is always] convinced that the court got it wrong. Such disagreement is not tantamount to a disagreement among the courts, and it does not itself compel seciotn 1292(b) review. If it did, nearly every judgment would give rise to an interlocutory appeal." *Envtl. Prot. Info. Cntr.*, 2004 WL 838160, at *4. Besides, Google's arguments merely challenge this Court's interpretation and application of settled principles of law. "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633.

---

[2] Google filed *Thole* in a notice of recent decision prior to the Court's MTD Order. ECF 112.
[3] Google misrepresents *Thole* when it states that the plaintiffs' contractual rights "[were] not enough to support standing." Mot. at 12. *Thole* analyzed only four standing arguments, none of which was based on an alleged breach of contract. *Thole*, 140 S. Ct. at 1619–22.
[4] With respect to standing, the *Thole* majority found that plaintiffs lacked standing because they did not have a sufficient stake in the outcome of the lawsuit; win or lose, they would receive the same amount of monthly pension benefits from the plan.

With respect to Plaintiffs' breach of contract claim, there is no meaningful difference of opinion about whether "[a]n individual to whom a contractual duty is owed may, therefore, allege a concrete injury by virtue of the duty's breach, apart from any actual damages stemming from that breach." MTD Order at 14 (collecting federal and state cases going back over 100 years). As set for in *Couch, supra*, the threshold for establishing a "substantial ground for difference of opinion" is higher than mere disagreement or even the existence of some contrary authority.

Google string cites a number of cases in support of its common law argument. Mot. at 11. But other than a bare reference to breach of contract among the list of claims asserted by plaintiffs in each of the cases, not one of the cited opinions says anything about what contractrual provision was allegedly breached, much less whether the breach supported standing. Google's authority fails to examine any issue of law specifically related to breach of contract and thus falls well short of establishing a substantial ground for difference of opinion. *See, e.g., Stuart v. Radioshack Corp.*, No. 07-cv-4499, 2009 WL 1817007, at *2 (N.D. Cal. June 25, 2009) ("It is the duty of the district judge faced with a motion for certification *to analyze the strength of the arguments in opposition to the challenged ruling* when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute[.]") (emphasis added). The cases cited by Google lack the requisite "strength" in opposition this Court's MTD Order, and should thus be disregarded.

On both the ECPA and common law claims, there are no grounds whatsoever for a difference of opinion. Defendant's motion should be denied.

### C. An immediate appeal would not materially advance the ultimate termination of the litigation.

An immediate appeal would not move this case forward. Google maintains that a reversal on appeal would materially advance the litigation, but "obtaining a reversal of an opinion denying a motion to dismiss will *always* contain the possibility of a dismissal and is not an 'exceptional circumstance' that 'justify a departure from the basic policy of postponing appellate revew until after the entry of a final judgment.'" *In re Facebook IPO*, 986 F. Supp. 2d at 531 (quoting *Coopers & Lybrand*, 437 U.S. at 475 (emphasis in original).

Google dedicates an entire section of its motion to the notion that the issue at hand is very important. Mot. at 13–14. But that is not a reason to grant interlocutory review. *In re Worldcom, Inc. Sec. Litig.*, No. 02-cv-3288, 2003 WL 22533398 at, *9 (S.D.N.Y. Nov. 7, 2003) (The crux of defendants' argument is "that because this case is very important to them, they very much desire appellate review of the denial of their motion to dismiss the Complaint. That is not the standard for a Section 1292(b) motion.")

Interlocutory appeal is also inappropriate in this case because an immediate appeal would delay, rather than materially advance, the litigation. In analyzing whether to certify an order pursuant to Section 1292(b), courts have emphasized whether "immediate appeal will materially advance the ultimate termination of the litigation." *In re Facebook IPO*, 986 F. Supp. 2d at 531 (internal quotation omitted). Interlocutory appeals are only appropriate in extraordinary cases where appellate review might avoid protracted and expensive litigation.[5]

Google attempts to frame the issue as there being one question—whether Plaintiffs have standing. However, that is untrue. This Court looked at four distinct and separate questions: 1) whether there was standing for claims under the SCA; 2) whether there was standing for common law contract claims; 3) whether there was standing for quasi-contract claim; and 4) whether there was standing to seek injunctive relief. With each question, the Court performed a distinct analysis, incorporating differing legal questions, which were each independent and unrelated to the others. Thus, Google is actually asking to appeal four distinct legal questions, and Google will need to win all four to materially advance the ultimate termination of this litigation.

While an interlocutory appeal need not terminate the litigation, it must accelerate the pace or minimize the burden. In the instant matter, an interlocutory appeal will likely delay and increase the burden. It is far more likely that the appellate court would affirm this Court's ruling, or reverse

---

[5] The median time from filing a notice of appeal to disposition before the Ninth Circuit is 11.5 months, see U.S. Courts, *Federal Court Management Statistics*, Summary p. 3, available at http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_appsumary0630.2016.pdf (accessed July 20, 2020). Though, in this case, the time for the first appeal from notice of appeal to resolution in the Ninth Circuit was 28 months, not counting the petition for rehearing en banc or the Supreme Court proceedings. The Notice of Appeal was filed April 27, 2015, ECF 87—over five years ago.

only in part, than it is that the appellate court would overturn in full. Even if the appellate court found that one or two of the claims lacked standing, it would not greatly affect the work to still be done, as the needs for discovery and class certification, for example, would remain unchanged. *See DeLuca v. Farmers Ins. Exch*., 17-CV-00034, 2019 WL 4260437, at *7 (N.D. Cal. Sept. 9, 2019) ("Plaintiff argues that the more likely outcome of an appeal is either the Court affirming this court's decision or reversing in part and finding factual disputes, which would . . . only serve to delay a trial and likely result in multiple appeals. . . . Accordingly, the Court finds that this case is not an exceptional one that warrants interlocutory appeal.").

Given that Google would need to bat four for four to materially affect the work that would remain before this Court after appeal, the far more probable outcome is that the parties will spend several years before the appeals court, only to return on remand to still need to proceed largely in the same manner as if the interlocutory appeal never took place. *See F.T.C. v. Swish Mktg*., 09-cv-03814, 2010 WL 1526483, at *4 (N.D. Cal. Apr. 14, 2010) (quoting *Firestone Tire & Rubber Co. v. Rijsford*, 449 U.S. 368, 378 n. 13 (1981) (denying motion for interlocutory appeal because " . . . interlocutory review would seem to carry with it a greater risk for delay than its promise for ultimate savings of both time and resources. Moreover, defendants advance no argument that appellate review of this Court's final judgment, should it favor the plaintiffs, would impose a harm more exquisite than that 'suffered by any litigant forced to wait until the termination of the trial before challenging . . . orders [they] consider [ ] erroneous.'").

This case turns ten years-old later this year in October 2020—four of which were spent on a prior appeal in this case—and the parties have not yet made it past the pleading stage. Google's motion seeks to ensure the case does not advance past the pleading stage, no matter how long the case remains on the docket. If history is any guide, an interlocutory appeal could add two to four years to the case, during which time the parties could litigate through class certification, summary judgment, and trial. Plaintiffs desire to move this case forward toward actual resolution on the merits, not delay further at the pleadings stage. An interlocutory appeal would only delay the case, not materially advance it.

## IV. CONCLUSION

For the foregoing reasons, this Court should deny Google's Motion to Certify for Interlocutory Appeal in its entirety.

Dated: July 24, 2020

Respectfully submitted,

KAMBERLAW, LLC

<u>s/ Michael Aschenbrener</u>
MICHAEL ASCHENBRENER (277114)
(masch@kamberlaw.com)
KAMBERLAW, LLC
201 Milwaukee St, Suite 200
Denver, Colorado 80206
Telephone: (303) 222-0281

KASSRA P. NASSIRI (215405)
(kass@njfirm.com)
NASSIRI & JUNG LLP
1700 Montgomery St, Suite 207
San Francisco, California 94111
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

ILAN CHOROWSKY (*pro hac vice*)
(ilan@progressivelaw.com)
PROGRESSIVE LAW GROUP, LLC
1570 Oak Ave., Ste. 103
Evanston, IL 60201
Telephone: (312) 787-2717

*Attorneys for Plaintiffs and the Putative Class*