KASSRA P. NASSIRI (215405)
(knassiri@njfirm.com)
NASSIRI & JUNG LLP
47 Kearny Street, Suite 700
San Francisco, California 94108
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

MICHAEL ASCHENBRENER (277114)
(masch@kamberlaw.com)
KAMBERLAW, LLC
201 Milwaukee St, Suite 200
Denver, Colorado 80206
Telephone: (303) 222-0281

ILAN CHOROWSKY (*Admitted Pro Hac Vice*)
(ilan@progressivelaw.com)
PROGRESSIVE LAW GROUP, LLC
1570 Oak Ave, Suite 103
Evanston, Illinois 60201
Tel: (312) 787-2717
Fax: (888) 574-9038

Attorneys for Plaintiffs and the Putative Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re GOOGLE REFERRER HEADER PRIVACY LITIGATION<br><br>This Document Relates To: All Actions | Case No. 5:10-cv-04809-EJD<br><br><u>CLASS ACTION</u><br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: August 13, 2020<br>Time: 10:00 a.m.<br>Place: Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

The procedural and legal issues are largely unchanged since the parties filed their last Joint Case Management Statement (ECF No. 105) on January 22, 2020. In short, this is a consolidated class action originally filed in October 2010. The parties agreed to a settlement, which the Court granted final approval to on March 31, 2015. After an appeal by Objector Ted Frank, the case went to the U.S. Supreme Court, which remanded to the Ninth Circuit, instructing "the courts below to address the plaintiffs' standing in light of *Spokeo v. Robins*[136 S. Ct. 1540 (2016)]." ECF No. 98 (Judgment of Supreme Court of United States, Apr. 22, 2019); *Frank v. Gaos*, 140 S. Ct. 1041, 1046 (2019). The Ninth Circuit, in turn, remanded to this Court "for the purpose of addressing the plaintiffs' standing in light of *Spokeo*." ECF No. 99 (Order of the Court of Appeals, May 13, 2019).

Google then moved to dismiss plaintiffs' Consolidated Complaint for lack of standing. ECF No. 107 (Mar. 20, 2020). After briefing and oral argument, the Court denied that motion. ECF No. 115 (June 5, 2020). Google answered timely and has also sought certification for interlocutory appeal of the Court's order denying its motion to dismiss. ECF No. 120 (July 10, 2020). Briefing of the motion for certification of interlocutory appeal was completed July 31, 2020. Oral argument is set for September 24, 2020.

**Status of Action**

1. <u>Jurisdiction and Service</u>. There are no issues regarding personal jurisdiction or service; no parties remain to be served. The alleged basis for subject matter jurisdiction are 28 U.S.C. § 1331, 18 U.S.C. § 2702, and 18 U.S.C. § 2707. The Court has supplemental jurisdiction over California state law claims pursuant to 28 U.S.C. § 1367. Google has sought certification from the Court under 28 U.S.C. § 1292(b) to give the Ninth Circuit the opportunity to clarify and resolve the appropriate standing analysis in light of the Supreme Court's decision in *Thole v. U.S. Bank, N.A.*, 140 S. Ct. 1615, 1620-21 (2020) (holding that Congress' creation of a "cause of action does not affect the Article III standing analysis"). ECF No. 120 3:2-20 & 6:3-10:7. Interlocutory review would also permit the Ninth Circuit to resolve an intra-circuit split on which test applies to standing analysis in privacy cases. *Compare Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1174 (9th

Cir. 2018) *with In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 598 (9th Cir. 2020); see also ECF No. 120 2:15-3:1 & 5:14-6:2.

2. <u>Facts</u>. Plaintiffs allege Google stored and transmitted its users' search queries (the actual words users type into Google to conduct a search) to third parties.

3. <u>Legal Issues</u>. Plaintiffs allege Google's conduct violates the Stored Communications Act, 18 U.S.C. § 2702 and constitutes a breach of contract, as well as a breach of the covenant of good faith and fair dealing, breach of contract implied in law, and in the alternative, unjust enrichment. Plaintiffs also seek a declaratory judgment and corresponding injunctive relief. Google believes the claims are substantively flawed, but it is Google's position that, in the interests of judicial economy and consistent with the threshold issue recognized by the U.S. Supreme Court, the Ninth Circuit should be given the opportunity to determine and apply a clear test for standing *before* the parties litigate this matter on the merits.

4. <u>Motions</u>. Google's motion for certification of interlocutory appeal is pending. The parties have litigated multiple motions to dismiss, and motions for preliminary and final approval of a class action settlement. The parties anticipate that there may be further motions of several kinds, including, but not limited to, motions for judgment on the pleadings, for summary judgment, and for class certification if it is determined that this Court has subject matter jurisdiction.

5. <u>Amendment of Pleadings</u>. The parties propose setting all deadlines following a further status conference after subject matter jurisdiction is resolved with finality. Plaintiffs strongly opposes Google's proposition to delay this case further, and request that the Court set class certification-related deadlines immediately, including class discovery and class certification briefing.

6. <u>Evidence Preservation</u>. The parties are aware of their evidence preservation obligations and will take all reasonable and proportionate steps to preserve relevant evidence.

7. <u>Disclosures</u>. The parties have fully and timely made Rule 26(a)(1) disclosures.

8. <u>Discovery</u>. The parties have engaged in limited written discovery geared toward class certification; class certification discovery is not complete. No depositions have yet occurred.

9. <u>Class Actions</u>. The parties have reviewed the Procedural Guidance for Class Action Settlements. Google proposes that briefing on class certification occur after the Court rules on its motion for interlocutory review. Plaintiffs propose the Court set class certification-related deadlines immediately, including class discovery and class certification briefing.

10. <u>Related Cases</u>. There are no related cases.

11. <u>Relief</u>. Plaintiffs will seek certification of this case as a class action and a declaration that Google's actions violate the Stored Communications Act, constitute breach of express and implied contracts, and unjust enrichment. Plaintiffs seek other equitable relief as necessary to protect the putative class. Plaintiffs seek damages, including statutory damages in an amount to be determined at trial (but estimated to exceed millions of dollars on a class-wide basis), all economic, monetary, actual, consequential, and compensatory damages, as well as restitution for all monies to which Plaintiffs and the putative class are entitled in equity. Plaintiffs also seek reasonable expenses and attorneys' fees. Google denies any relief is warranted.

12. <u>Settlement and ADR</u>. The parties previously settled this case on a class-wide basis following private mediation.

13. <u>Consent to Magistrate Judge For All Purposes</u>. The parties do not consent to a Magistrate Judge for all purposes.

14. <u>Other References</u>. The case is not suitable for any references at this time.

15. <u>Narrowing of Issues</u>. Google believes there are no ways to narrow any issues until subject matter jurisdiction under *Spokeo*, the issue remanded by the Supreme Court for immediate resolution, is resolved with finality. Plaintiffs believe the Court already resolved subject matter jurisdiction.

16. <u>Expedited Trial Procedure</u>. This case cannot be handled using the Expedited Trial Procedure.

17. <u>Scheduling</u>. Google proposes that no further deadlines be set now. Plaintiffs request that the Court class certification-related deadlines immediately, including class discovery and class certification briefing. Google proposes a further CMC to set additional deadlines after a decision on Google's motion for certification of interlocutory appeal and the resolution of any appeal that may follow. Plaintiffs propose that the parties resume litigating this case immediately.

18. <u>Trial</u>. The case will be tried to a jury and the parties anticipate needing 10 court days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>. All parties have filed the requisite disclosures.

20. <u>Professional Conduct</u>. All attorneys of record have reviewed the Guidelines for Professional Conduct in the Northern District of California.

21. <u>Other Matters</u>. There are no other matters that would assist the speedy resolution of this case at this time.

Dated: August 3, 2020

KAMBERLAW, LLC

By: */s/ Michael Aschenbrener*

Michael Aschenbrener

*Counsel for Plaintiffs*

NASSIRI & JUNG LLP

By: */s/ Kassra P. Nassiri*
Kassra P. Nassiri
*Counsel for Plaintiffs*

PROGRESSIVE LAW GROUP

1
2
3
4
5
6
7

By: /s/ *Ilan Chorowsky*
Ilan Chorowsky
*Counsel for Plaintiffs*

MAYER BROWN LLP

By: */s/ Edward D. Johnson*
Edward D. Johnson
*Counsel for Defendant Google*

8  *Under Civ. L.R. 5-1(i)(3), the filer of this document attests that concurrence in the filing of the document has been obtained from each signatory.*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28