UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE GOOGLE REFERRER HEADER PRIVACY LITIGATION

Case No. 10-cv-04809-EJD

**ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

Re: Dkt. No. 120

Defendant Google LLC asks the Court to certify for interlocutory appeal its June 5, 2020 Order Denying Motion to Dismiss, Dkt. No. 115. The Court finds this motion suitable for decision without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Having considered the parties' submission, the record in this case, and the applicable law, the Court will DENY the motion for a certification of appealability.

**I. BACKGROUND**

This is a consumer class action against Defendant Google LLC ("Google") arising out of Google's popular internet search engine. *See* Dkt. No. 51, Ex. A ("Consol. Compl."). The gravamen of Plaintiffs' allegations is that Defendant transmits its users' search terms to third parties without the users' consent. *Id.* ¶¶ 15-16; 50-57. Plaintiffs allege that Defendant does this by including a "referrer header" in the "Uniform Resource Locator" ("URL") it generates for each search result. *Id.* ¶¶ 56-57. The URL is the address for a webpage; as such, it is transmitted to the owner of the destination page. *Id.* ¶¶ 51-53; *see generally In re Zynga Privacy Litig.*, 750 F.3d 1098, 1101 (9th Cir. 2014) (explaining URLs and referrer headers). A referrer header is a field in a URL that contains the address of the webpage the user left when it clicked on the link—i.e., the

Case No.: 10-cv-04809-EJD
ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
1

1  page that "referred" the user to the destination page. Consol. Compl. ¶¶ 50-55; *see generally In re*
2  *Zynga Privacy Litig.*, 750 F.3d at 1101. According to Plaintiffs, Google includes the search terms
3  in the URL for the corresponding search results page. Consol. Compl. ¶ 56. As a result, when a
4  Google user clicks on a link on the search results page, the search terms are contained in the
5  referrer header and thus transmitted to third-party website owners. *Id.* ¶ 57.

6  Based on the foregoing, the operative Consolidated Complaint asserts six claims: (1)
7  violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2702(a), Consol.
8  Compl. ¶¶ 130-141; (2) breach of contract, *id.* ¶¶ 142-47; (3) breach of the covenant of good faith
9  and fair dealing, *id.* ¶¶ 148-152; (4) breach of contract implied in law, *id.* ¶¶ 153-58; (5) unjust
10 enrichment, *id.* ¶¶ 159-163; (6) declaratory judgment and corresponding injunctive relief under 28
11 U.S.C. §§ 2201-2202, *id.* ¶¶ 164-171.

12 Originally filed in October 2010, this suit has now traveled to the Supreme Court and back.
13 When the case was before the Supreme Court, the issue on appeal was the propriety of the parties'
14 class settlement, which had been reached in 2013. *See Frank v. Gaos*, 138 S. Ct. 1697 (2018).
15 The Supreme Court did not decide that issue, however. Instead, the Supreme Court remanded the
16 case to the courts below to consider whether Plaintiffs had Article III standing in light of its
17 opinion in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), which was decided after this Court
18 denied Defendant's motion to dismiss the case for lack of standing. *Frank v. Gaos*, 139 S. Ct.
19 1041, 1046 (2019). The Ninth Circuit then received briefing from the parties as to whether it
20 should decide the standing question or remand the case to this Court. *See* Ninth Circuit Docket,
21 Case No. 15-15858, Dkt. Nos. 66, 68, 69, 70. Defendant asked for remand to this Court, and the
22 Ninth Circuit agreed. *See id.* at Dkt. Nos. 66, 71.

23 On June 5, 2020, after full briefing and oral argument, *see* Dkt. Nos. 107, 108, 109, 110,
24 113, this Court found that Plaintiffs had sufficiently established their standing to assert all six
25 claims in the Consolidated Complaint and therefore denied Defendant's motion to dismiss. Dkt.
26 No. 115; *In re Google Referrer Header Privacy Litig.*, No. 10-CV-04809-EJD, 2020 WL 3035796
27 (N.D. Cal. June 5, 2020). In particular, the Court rejected Defendant's argument that Plaintiffs

Case No.: 10-cv-04809-EJD
ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
2

had failed to identify a concrete injury in fact as to each of their claims, as necessary under *Spokeo*. Defendant now seeks certification to appeal the Court's June 5, 2020 Order pursuant to 28 U.S.C. § 1292(b). Dkt. No. 120 ("Mot."). This order follows full briefing. *See* Dkt. Nos. 121 ("Opp."), 122 ("Reply").

## II. DISCUSSION

In general, "only final judgments" of the district courts are appealable. *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002); *see* 28 U.S.C. § 1291. As relevant here, 28 U.S.C. § 1292(b) codifies a narrow exception to that "normal rule." *Price Stern Sloan*, 283 F.3d at 1067 n.6. Under 28 U.S.C. § 1292(b), district court may certify a non-dispositive order for interlocutory appeal if it: (1) "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" on that question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 28 U.S.C. § 1292(b)). Because Section 1292(b)'s requirements are jurisdictional, certification is inappropriate unless all three are met. *Id.*

Moreover, "[t]he precedent in this circuit has recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1981). Accordingly, the movant bears a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

This is not an "exceptional" case meriting interlocutory appeal. To begin with, the Court is not persuaded that "there are substantial grounds for a difference of opinion." The Ninth Circuit has elaborated on this requirement as follows:

> To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." 3 Federal

Case No.: 10-cv-04809-EJD
ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
3

> Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* (footnotes omitted).

*Couch*, 611 F.3d at 633. Further, "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.*

In this case, "the controlling law" from the Ninth Circuit and the Supreme Court was clear: "When . . . a statutory provision identifies a substantive right that is infringed any time it is violated, a plaintiff bringing a claim under that provision 'need not allege any further harm to have standing.'" *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1117 (9th Cir. 2020) (quoting *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983–84 (9th Cir. 2017)); *see also Spokeo*, 136 S. Ct. at 1549 (In cases where the violation of a right "granted by statute" is sufficient to constitute injury in fact, "a plaintiff need not allege any additional harm beyond the one Congress has identified."). The Court applied this rule and concluded that 18 U.S.C. § 2702(a) guards against invasions of concrete privacy interests such that every violation thereof causes concrete harm." *In re Google Referrer Header Privacy Litig.*, 2020 WL 3035796, at *7. In so doing, the Court followed the Ninth Circuit's most recent case law on standing in privacy cases—two of which concerned similar provisions of the ECPA. *See* MTD Order at *5-*7 (citing *Campbell*, 951 F.3d at 1117; *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020); *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1274 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 937 (2020)).

Defendant contends that there is an intra-circuit split regarding "whether to use a one-step or a two-step test to determine standing," and that Defendant followed the former. Mot. at 5. But there is no material intra-circuit split. Whether framed as one step or two, the ultimate question in the Ninth Circuit's cases is whether the specific statutory violation pleaded in a complaint actually harmed or presented a material risk of harm to the plaintiff. *See* Mot. at 5-6; *see also id.* at 2-3 (acknowledging that though some panels "do not explicitly assess" the second step, "they do go on to describe the pleaded claims in terms showing that the second step was satisfied"). The Court squarely addressed this question and found that Count 1 pleaded real harm to Plaintiffs'

Case No.: 10-cv-04809-EJD
ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
4

substantive privacy interests "by claiming that Google violated 18 U.S.C. § 2702 when it disclosed their search terms to third parties without authorization." *In re Google Referrer Header Privacy Litig.*, 2020 WL 3035796, at *7.[1] That Defendant disagrees with the Court's application of the relevant precedents is not a ground for interlocutory appeal.

The Court also rejects Defendant's contention that the Supreme Court's ruling in *Thole v. U.S. Bank, N.A.*, 140 S. Ct. 1615 (2020) casts doubt upon this Court's decision. *See* Mot. at 3. Defendant filed notice that *Thole* had been issued on June 3, 2020, Dkt. No. 112, and the Court reviewed it prior to issuing the June 5, 2020 Order. In *Thole*, the Supreme Court held that the participants in an ERISA defined-benefit plan did not have standing to challenge alleged plan mismanagement because they had received all of their monthly benefit payments and would continue to do so, regardless of the outcome of the suit. 140 S. Ct. at 1619. Beyond the fact that the case also concerned the injury in fact requirement for Article III standing, *Thole* sheds little light upon the specific injuries asserted by Plaintiffs here. The Court therefore concludes that the Ninth Circuit precedents it relied upon were unaffected by *Thole*—a conclusion already reflected in its June 5, 2020 ruling.

Defendant's remaining efforts to show that "a substantial ground for difference of opinion" exists as to the Court's standing analysis—including its analysis of the breach of contract claims (Counts 2 and 3), quasi-contract claims (Counts 4 and 5), and request for injunctive relief (Count 6)—are simply a reiteration of the arguments already rejected by the Court in the June 5, 2020 Order.

Thus, the requirement that "a substantial ground for difference of opinion" is not met.

Nor would immediate appellate review materially advance the ultimate termination of the litigation. Defendant argues, "If the Ninth Circuit agrees with Google that plaintiffs lack standing to sue, the case is over." Mot. at 4. But that is not so. Even if the Court of Appeals were to reverse this Court's finding that the Consolidated Complaint sufficiently establishes Plaintiffs'

---

[1] Of course, the Court expressed no opinion as to the merits of Plaintiffs' claim that Defendant's conduct violates the ECPA.

Case No.: 10-cv-04809-EJD
ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
5

standing, "there is little doubt that leave to amend would be granted" to allow Plaintiffs to bolster their standing allegations. *Brantley v. NBC Universal, Inc.*, No. CV076101CASVBKX, 2008 WL 11342692, at *2 (C.D. Cal. Aug. 4, 2008).

The Ninth Circuit has repeatedly emphasized that "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotation marks and citation omitted); *see also Ctr. for Biological Diversity v. Veneman*, 394 F.3d 1108, 1114 (9th Cir. 2005) (applying rule in a case where plaintiffs failed to adequately allege standing). Leave to amend is especially favored in "[s]ituations where the controlling precedents changed midway through the litigation." *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117–18 (9th Cir. 2013).

Here, Plaintiffs have asserted a theory of standing based on the possibility that third parties may be able to associate search terms with users' identities through a process called reidentification. Consol. Compl. ¶¶ 4, 47-49, 84-91. That theory has not yet been evaluated by this Court. *See In re Google Referrer Header Privacy Litig.*, 2020 WL 3035796, at *7 n.1. Whether the risk of reidentification is sufficiently great to constitute injury in fact is a factual question; accordingly, it is possible to plead facts that would establish Plaintiffs' standing on that basis. Because Plaintiffs have not had the chance to amend their allegations since the operative Consolidated Complaint was filed on April 30, 2013—prior to the Supreme Court's ruling in *Spokeo*—leave to amend would likely be granted in the event of a reversal by the Ninth Circuit.

"As the plaintiffs have indicated their willingness and ability to amend their complaint further if forced to do so, interlocutory appellate review . . . would, at best, generate another round of amendments to the complaint most likely followed by another round of motions to dismiss." *Brantley*, 2008 WL 11342692, at *2; *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014) ("The Second Circuit regularly denies interlocutory appeals at such preliminary stages where, as here, the appeal could at most lead only to a remand for repleading."); *In re Manhattan Inv. Fund Ltd.*, 288 B.R. 52, 56 (S.D.N.Y. 2002) ("A reversal

Case No.: 10-cv-04809-EJD
ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
6

on interlocutory appeal at most could lead only to a remand for repleading, with possibilities of further interlocutory appeals thereafter."). The Court therefore concludes that an immediate appeal from its June 5, 2020 Order would not materially advance the ultimate termination of the litigation.

Accordingly, because Defendant has not carried its high burden of justifying interlocutory appeal, the Court must DENY the motion.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion for certification of interlocutory appeal is DENIED.

The motion hearing currently set for September 24, 2020 is therefore VACATED and the status conference currently set for September 24, 2020 is CONTINUED to **October 8, 2020 at 10 a.m.** An updated joint status report is due by **September 28, 2020**; in it, the parties shall propose a case schedule.

**IT IS SO ORDERED.**

Dated: September 16, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 10-cv-04809-EJD
ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
7