# EXHIBIT A

## ASCHENBRENER DECLARATION

1   KASSRA P. NASSIRI (215405)
    (knassiri@njfirm.com)
2   NASSIRI & JUNG LLP
    1700 Montgomery St, Suite 207
3   San Francisco, California 94111
    Telephone: (415) 762-3100
4   Facsimile: (415) 534-3200

5   MICHAEL J. ASCHENBRENER (277114)
    (masch@kamberlaw.com)
6   KAMBERLAW, LLC
    201 Milwaukee St, Suite 200
7   Denver, Colorado 80206
    Telephone: (303) 222-0281

8

9   Attorneys for Plaintiffs and the Putative Class

10                    **UNITED STATES DISTRICT COURT**

11                  **NORTHERN DISTRICT OF CALIFORNIA**

12                          **SAN JOSE DIVISION**

13

14  In re GOOGLE REFERRER HEADER PRIVACY     Case No. 5:10-cv-04809-EJD
    LITIGATION
15                                            <u>CLASS ACTION</u>

16
    _____
17  This Document Relates To: All Actions    **DECLARATION IN SUPPORT**
                                             **OF PLAINTIFFS' MOTION FOR**
18                                           **PRELIMINARY APPROVAL OF**
                                             **CLASS ACTION SETTLEMENT**
19
                                             Date:    May 4, 2023
20                                           Time:    9:00 a.m.
                                             Place:   Courtroom 1, 5th Floor
21                                           Judge:   Hon. Edward J. Davila

22

23

24

25

26

27

28

1    Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

2        1.      I am an attorney admitted to practice in the States of California, Colorado, Illinois,

3    and Minnesota, and represent Plaintiffs in the above-titled action. I am over the age of eighteen

4    and am fully competent to make this declaration. This declaration is based upon my personal

5    knowledge, except where expressly noted otherwise.

6        2.      Throughout the litigation, Plaintiffs propounded written discovery upon Google.

7        3.      From the beginning of the case and while actively litigation, the Parties attempted

8    to resolve the matter without further litigation, but did not find success until mediating with

9    Randall Wulff.

10       4.      First, counsel for the Parties met in person in San Francisco in January 2011 to

11   discuss possible resolution; the meeting was not successful.

12       5.      Counsel for the parties met again in San Francisco in February 2011, but were

13   again unsuccessful.

14       6.      Counsel for the Parties met a third time to discuss resolution in June 2012, this time

15   for an all-day negotiating session, but were once again unsuccessful in coming to terms despite

16   extensive post-meeting discussions throughout the summer of 2012.

17       7.      In an effort to advance the putative class's interests most efficiently and effectively,

18   counsel for Plaintiffs Gaos and Italiano and for Plaintiff Priyev decided to work cooperatively to

19   again attempt to resolve the matter.

20       8.      On January 28, 2013, in Oakland, California, the Parties mediated the case before

21   Randall Wulff, an experienced and well-respected mediator of class action disputes.

22       9.      The arms-length negotiation went all day and long into the night, and based upon

23   his review of the facts and applicable law in this case, Mr. Wulff proposed a settlement amount in

24   the form of a "mediator's proposal" to the Parties, which the Parties accepted and which formed

25   the framework for a settlement in principle.

26       10.     Later that week, the parties began negotiating a settlement agreement.

27       11.     Over the span of nearly two months, the Parties exchanged numerous drafts of the

28

ASCHENBRENER DECLARATION
5:10-CV-04809

1   agreement and related documents.

2       12.     On March 16, 2013, the Parties executed the Settlement Agreement.

3       13.     In July 2013, Plaintiffs moved for preliminary approval of a class settlement that

4   provided a cy pres fund of $8.5 million, among other things.

5       14.     The Court granted preliminary and then final approval over the objections of five

6   class members.

7       15.     Two of the objectors appealed the settlement to the Ninth Circuit, challenging the

8   cy pres relief.

9       16.     The Ninth Circuit affirmed this Court's approval of the settlement.

10      17.     The objectors then petitioned for certiorari before the U.S. Supreme Court, which

11  the Court granted.

12      18.     The Supreme Court did not reach the merits of the cy pres issues, but rather

13  identified a potential standing issue. The Supreme Court concluded that this Court needed to

14  address standing in this case in light of *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). The

15  Supreme Court vacated the judgment and remanded the case to the Ninth Circuit, which remanded

16  the case to this Court.

17      19.     In March 2020, Google filed a motion to dismiss for lack of standing. In June 2020,

18  this Court denied Google's motion to dismiss.

19      20.     In July 2020, Google moved to certify the order for interlocutory appeal. In

20  September 2020, the Court denied Google's motion.

21      21.     In December 2020, the parties participated in a Settlement Conference before Mag.

22  Judge Sallie Kim. The case did not settle.

23      22.     Throughout 2021, Plaintiffs propounded and Google began responding to further

24  written discovery requests.

25      23.     On September 1, 2021, Google filed a motion for judgment on the pleadings (ECF

26  152) to which Plaintiffs responded on September 15, 2021 (ECF 155) and Google replied on

27  September 22, 2021 (ECF 158).

28

ASCHENBRENER DECLARATION
5:10-CV-04809

24.     On September 15, 2021, Judge Kim held a further Settlement Conference with Plaintiffs only. ECF 154. On September 16, 2021, Judge Kim held a further Settlement Conference with Google only. ECF 156.

25.     On September 22, 2021, Google filed a motion for leave to file a motion for reconsideration of the Court's Order denying Google's 2020 motion to dismiss for lack of standing. ECF 157.

26.     On September 23, 2021, the parties participated in another Settlement Conference with Judge Kim. ECF 159. The case did not settle. Judge Kim gave a Mediator's Proposal to all parties and were instructed to contact the Court with their respective responses no later than September 28, 2021. ECF 159. The Parties accepted the Mediator's Proposal.

27.     On October 6, 2021, Plaintiffs filed a Notice of Settlement. ECF 160. Throughout the remainder 2021 and most of 2022, the parties continued negotiating the details of what would become this proposed class-wide Settlement.

28.     Despite agreeing in principle to the Mediator's proposal, negotiations over the Settlement details were thorough, hard-fought, difficult, and contentious, at times.

29.     On August 24, 2022, the parties fully executed the Settlement Agreement.

30.     Plaintiffs have maintained that any settlement would need to include injunctive relief designed to notify users as to Google's conduct so that users can make informed choices about whether and how to use Google Search.

31.     The instant Settlement Agreement provides such relief.

32.     No later than fourteen (14) days before the Objection Deadline, Class Counsel will make public, via the Settlement Website and direct notice to the *Cy Pres* Recipients, any additional *Cy Pres* Recipients and the allocations of *Cy Pres* disbursements.

33.     Plaintiffs have not negotiated, and do not intend to negotiate, a clear sailing provision for Plaintiffs' attorneys' fees and costs request.

34.     Further, proposed Class Counsel have regularly engaged in major complex litigation and have extensive experience in consumer class action lawsuits that are similar in size,

1  scope, and complexity to the present case.

2      35.    Attached to this Declarations as Exhibit A-1, A-2, and A-3 are true and correct

3  copies of selected biographies from the firm resume of KamberLaw, the firm resume for Nassiri &

4  Jung LLP, and Progressive Law Group, LLC, respectively.

5      36.    Although Plaintiffs and proposed Class Counsel are confident in the strength of

6  their claims and in their ability to prevail ultimately at trial, they also recognize that litigation is

7  inherently risky.

8      37.    Nevertheless, the viability of Google's factual and legal defenses to Plaintiffs'

9  claims, many of which would create issues of first impression within this Circuit counsels in favor

10  of the instant settlement.

11      38.    On October 1, 2013, Google began displaying a notice on its website informing

12  users the circumstances under which it may share search queries with third parties, pursuant to the

13  Settling Parties prior, vacated settlement.

14      39.    Also, by this time, Google had ceased transmitting referrer headers containing

15  search queries to third parties for most all searches.

16      40.    KamberLaw has worked with Kroll previously on class settlements.

17      41.    Kroll was selected following competitive bidding and many discussions among

18  Plaintiffs' and Defendants' counsel.

19      42.    I declare under penalty of perjury that the foregoing is true and correct.

20

21  Dated: January 4, 2023                          KAMBERLAW, LLC.

22

23                                                 s/ Michael Aschenbrener
                                                   Michael Aschenbrener

24

25

26

27

28

ASCHENBRENER DECLARATION
5:10-CV-04809

# EXHIBIT A-1

## KAMBERLAW FIRM RESUME



# Practice of KamberLaw

KamberLaw excels in litigating complex cases that call for attorneys with uncommon legal and technical insight, who act out of a spirit of public service and community-mindedness—qualities that have motivated our attorneys throughout their legal careers.

KamberLaw attorneys share a common goal of seeking justice through meaningful vindication of consumer rights. We invest significant time and resources in pre-complaint research and investigation, including expert consultation, equipping us to take on matters passed on by other consumer fraud attorneys, including matters involving hazardous consumer products, mislabeled consumer products, sophisticated financial fraud, Internet technology, software, and computer hardware.

The attorneys of KamberLaw are not typical plaintiffs' attorneys. Our collective backgrounds as defense counsel, corporate compliance counsel, prosecutors, and consultants are important drivers in our success— we can understand and communicate what went wrong in complex matters and construct creative and workable ways to make it right. This deep understanding of technology, business, and law facilitates resolutions that provide  timely relief to affected consumers while promoting better relationships in ongoing business-to-consumer dealings.

With offices in Colorado, California, and Illinois, KamberLaw is committed to advancing the cause of consumer protection nationwide.

## Selected Case Results in Privacy, Security, and Information Technology

- ▪ **_In Re Shop Local_**, No. 14PH-CV00044 (Phelps Cty. Cir. Ct. 2014) Lead counsel in a collection of a dozen nationwide cases that resulted in a series of b2 settlements as well as a b3 settlement that provided significant class wide relief, including injunctive relief, to stop numerous major retailers from repurposing consumers' Adobe Flash software to override browser privacy and security settings to track consumers.

- ▪ **_Kim v. Space Pencil d/b/a Kissmetrics_**, No. 3:11-cv-03796-LB (N.D.Cal. 2011). Lead counsel in case related to third-party analytics company's repurposing of consumers' computer resources to override their browser privacy and security settings to track consumers. Settlement resulted in injunctive relief for class that stopped the complained-of tracking activities.

- ▪ **_Valentine v. NebuAd_**, No. C 08-05113 TEH (N.D.Cal. 2011). Lead counsel in case related to ECPA (Wiretap Act) implications of online ad-serving company's use of deep packet inspection for behavioral targeting of online ads. Obtained a _cy pres_ fund for ECPA violations.

- ▪ **_Lane v. Facebook_**, No. 5:08-cv-03845-RS (N.D.Cal. 2010). Lead counsel in landmark data privacy case that resulted in $9.5 million _cy pres_ award and injunctive relief related to Facebook's Beacon technology. Class settlement was affirmed by the Ninth Circuit, 696 F.3d. 811 (2012).

- ▪ **_In Re Clearspring Flash Cookie Litig_**., No. 10-cv-05948-GW**_; In Re Quantcast Advertising Cookie Litig_**., 10-cv-05484-GW-JCG (C.D.Cal. 2010). Lead counsel in cases that resulted in landmark settlements including _cy pres_ funds and injunctive relief that stopped third-party ad and analytics companies' repurposing of consumers' Adobe Flash software to override browser privacy and security settings to track consumers.

- ▪ **_Slater v. Tagged, Inc._**, No. 3:09-cv-03697-EMC (N.D.Cal. 2010). Lead counsel in data privacy case that resulted in injunctive relief related to social network website's acquisition and use of email address book information.

- ▪ **_In Re ATI Tech. HDCP Litig._**, No. 5:06-cv-01303-JW (N.D.Cal. 2009). Co-lead counsel in class action related to defective video cards. Settlement provided for replacement of defective cards with upgraded cards.

- ▪ **_In Re HP Power Plug and Graphic Card Litig._**, No. 06-2254 RMW (N.D.Cal. 2008). In class action related to defective personal computer power plugs, settlement provided for free repairs and reimbursement of affected consumers' out-of-pocket expenses.

- ▪ **_In Re Sony BMG CD Technologies_**, No. 05-cv-09575 (S.D.N.Y. 2006). Co-lead counsel in case that resulted in settlement correcting risk of harm to computer users caused by digital rights management (DRM)

software on music CDs. Settlement included replacement of all affected music CDs and an award of additional music CDs to class members.

- *Wormley v. GeoCities*, No. 196032 (Los Angeles Sup. Ct. 2000). Class counsel in case believed to be the first consumer Internet privacy case to recover benefit for affected class members.


## Selected Biographies of Senior Counsel for this matter

The attorneys of KamberLaw have been recognized as leaders in their fields by state and federal governments, national and international media groups, the courts, and peers. We have testified before legislatures and a variety of federal and state agencies on various consumer issues and have been asked to work on federal and state legislation involving issues of import to consumers. Our attorneys have appeared on national and international television and radio programs to discuss the intersection of technology and the law, and class action and consumer protection issues more generally.

**Michael Aschenbrener**, a partner at KamberLaw, has been recognized as a leader in class action litigation. His reputation for leadership has led him to be appointed lead counsel in many high-profile class action suits, including cases involving Google, Facebook, T-Mobile, Microsoft, Spokeo, Zynga, and others. In appointing Mr. Aschenbrener interim co-lead counsel in a hotly contested and well-publicized privacy class action, Judge James Ware noted that co-lead counsel "were pioneers in the electronic privacy class action field, having litigated some of the largest consumer class actions in the country on this issue."

Mr. Aschenbrener has appeared in dozens of national and international publications and numerous TV and radio programs to discuss his cases and class action and consumer issues more generally. He regularly speaks at seminars on class action and technology issues. Mr. Aschenbrener is a graduate of the University of Minnesota and Chicago-Kent College of Law.

Before entering the legal field, Mr. Aschenbrener spent several years working in the wireless, computer and Internet marketing industries where he gained significant insight into the business of technology. Prior to joining KamberLaw, Mr. Aschenbrener worked as an in-house attorney for a leading energy research, development, and training organization addressing global energy challenges on matters ranging from litigation to M&A to IP to enterprise risk management. Prior to that, he founded and operated Aschenbrener Law, P.C. and served as Chair of the Technology and Privacy practice group at Edelson P.C. in Chicago.

During law school, Mr. Aschenbrener was an award-winning member of the Moot Court Honor Society, as well as Editor of the Seventh Circuit Review.

Mr. Aschenbrener's class action work includes, but is not limited to:

- *Wilcosky v. Amazon*, 19-cv-5061 (N.D. Ill.). Appointed interim class counsel in case concerning Amazon's alleged voiceprint violations of the Illinois Biometric Information Privacy Act ("BIPA").

- *Morales v. Google*, 19 CH 8309 (Cook Cty., Ill. 2019). Lead counsel in case concerning Google's alleged voiceprint violations of the Illinois Biometric Information Privacy Act ("BIPA").

- *Stuterman v. Reservation Counter*, D-202-CV-2016-03551 (Bernalillo Cty. 2016). Lead counsel in case concerning Reservation Counter's alleged unlawful conduct of charging "resort fees" without properly disclosed them to consumers booking hotel accommodations online. Plaintiff won contested class certification and individual summary judgment. Case settled on class basis.

- *Golden, et al. v. ContextLogic, Inc., d/b/a Wish.com*, 17PH-CV01741 (Phelps Cty. Cir. Ct. 2018). Class counsel in false pricing and discount case. Settlement provided uncapped refunds to class members and injunctive relief related to the display of website strikethrough prices.

  *In re T-Mobile Sidekick Litig.*, 5:09-cv-4854-JW (N.D. Cal.): Mr. Aschenbrener was appointed Class Counsel in cloud computing data loss case against T-Mobile and Microsoft. Case settled for value in excess of $4.9 million.

- *Turner v. Storm8*, 4:09-cv-5234-CW (N.D. Cal.): Mr. Aschenbrener was appointed Class Counsel in mobile data privacy case against an iPhone app developer. Case settled for value of $8,000,000 plus strong injunctive relief.

- *Evans v. Linden Research, Inc.*, 4:11-cv-1078-DMR (N.D. Cal.). Mr. Aschenbrener was appointed Class Counsel in case alleging the company behind Second Life violated its users property rights by wrongfully confiscating their real world money, virtual money, virtual property, and virtual land. Settlement approved.

- *Resmer v. Oversee.net*, BC 434426 (L.A. Sup. Ct.): Mr. Aschenbrener was appointed Class Counsel in case

concerning shill bidding in online auctions for domain names. Case settled for 100% relief plus interest and strong injunctive relief.

- *Gawronski v. Amazon*, 2:09-cv-1084-JCC (W.D. Wash): Mr. Aschenbrener was lead attorney in well-publicized class action concerning alleged remote deletions of electronic books. Case settled for more than 100% relief for putative class members and property rights of e-book purchasers.

**Adam York**, Senior Counsel at KamberLaw, represents individuals in consumer and privacy class actions in courts nationwide. Before joining KamberLaw, Mr. York worked at Aschenbrener Law P.C. where he also litigated consumer and privacy class actions. Prior to joining Aschenbrener Law, Mr. York defended businesses in complex litigation arising from contract disputes and workplace injuries. Mr. York worked for several years as a software developer in the entertainment industry before embarking on his legal career.

Mr. York graduated from Stanford University, where he obtained a Bachelor of Science in environmental economics and policy. Mr. York graduated from Chicago-Kent College of Law, where he was a member of the Moot Court Honor Society. He is admitted to practice in Illinois as well as various federal courts.

# EXHIBIT A-2

## NASSIRI & JUNG FIRM RESUME

# NASSIRI & JUNG LLP FIRM RESUME

NASSIRI & JUNG LLP concentrates in class action litigation, consumer litigation, privacy and unfair competition litigation, wage and hour litigation, and other complex business litigation. The firm's attorneys studied at the top schools in the country, including Harvard, Stanford, and Duke. Before joining Nassiri & Jung, the firm's lawyers practiced at some of the most renowned law firms in the country, including Kirkland & Ellis, Wilson Sonsini Goodrich & Rosati, and Orrick, Herrington & Sutcliffe. Nassiri & Jung's lawyers have successfully litigated dozens of class action cases on behalf of both plaintiffs and defendants in the areas of consumer, wage and hour, and securities law.

Some of our cases have included:

- *Poon v. DemandForce, Inc.*, No. CGC-12-526529 (San Francisco Superior Court): Lead counsel in wage and hour misclassification action.

- *Settlement Recovery Center v. Valueclick, Inc.*, No. 07-cv-02641 (C.D. Cal.): Co-lead counsel in class action alleging fraudulent commission payments related to internet advertising.

- *Stevens v. Salesforce.com*, No. CIV-508644 (San Mateo County Sup. Ct.): Lead counsel in wage and hour misclassification class action.

- *In Re: Facebook Privacy Litigation*, No. 10-cv-02389-JW (N.D. Cal.): Co-lead counsel in privacy class action.

- *Gonzales v. Lowe's HIW, Inc.*, No. 72 160 01107 11 ANRO (AAA): Co-lead counsel in putative wage and hour misclassification class action.

- *Radcliffe v. Lowe's HIW, Inc.*, No. 72 160 00207 12 ANRO (AAA): Co-lead counsel in putative wage and hour misclassification class action.

- *Clark v. Sprint Spectrum L.P.*, No. 10-cv-03625 (N.D. Cal.): counsel in putative class action alleging material omissions and fraudulent practices related to cell phone insurance.

- *Morgenstein v. AT&T Mobility LLC*, No. 09-cv-03173 (N.D. Cal.): counsel in putative class action alleging unfair billing practices related to cell phone service.

- *Kemp v. 51job, Inc.*, No. 05-cv-00974 (S.D.N.Y): defense counsel in PSLRA class action.

- *Hanrahan v. Hewlett-Packard Co.*, No. 05-cv-02047 (N.D. Cal.): defense counsel in PSLRA class action.

- *In re Intrabiotics Pharmaceuticals, Inc. Sec. Litig.*, No. 04-cv-03064 (N.D. Cal.): defense counsel in PSLRA class action.

- *In re LeapFrog Enterprises, Inc. Sec. Litig.*, No. 03-cv-05481 (N.D. Cal.): defense counsel in PSLRA class action.

- *In re Read-Rite Corp. Sec. Litig.*, No. 98-cv-20434 (N.D. Cal.): defense counsel in PSLRA class action.

- *Guzman v. Gloria's Bar & Grill, Inc.*, No. BC480807 (Los Angeles County Superior Court): defense counsel in wage and hour class action alleging failure to pay overtime, wage statement violations, meal and rest break violations, and waiting time penalties.

- *Enriquez v. Packet Fusion, Inc.*, No. CIV 502628 (San Mateo County Superior Court): Plaintiff's counsel in employee misclassification class action alleging failure to pay overtime, wage statement violations, and waiting time penalties.

- *Veliz v. Gloria's Cocina Mexicana*, No. BC440209, (Los Angeles County Superior Court): defense counsel in wage and hour class action alleging failure to pay overtime, wage statement violations, meal and rest break violations, and waiting time penalties.

- *Del Rosario v. Centennial Healthcare, et al.*, No. BC469224 (Los Angeles County Superior Court): defense counsel in wage and hour class action alleging failure to pay overtime and minimum wage, wage statement violations, meal and rest break violations, and waiting time penalties.

- *Navas v. Sunrise Plumbing & Mechanical, Inc.*, No. BC472140 (Los Angeles County Superior Court): defense counsel in wage and hour class action alleging failure to pay overtime.

- *Oregal v. Bay Contract Maintenance Corp.*, No. CIV-472076 (San Mateo County Superior Court): defense counsel in class action alleging unpaid overtime wages.

- *Leon v. Fortress Security Corp.*, No. BC438935 (Los Angeles County Superior Court): defense counsel in class action alleging failure to provide meal and rest breaks.

- *Ortiz v. Summer Systems, Inc.*, No. BC400075 (Los Angeles County Superior Court): defense counsel in class action alleging unpaid overtime wages.

- *Cruz v. Marvel Maids, Inc.*, No. CGC-499197 (San Francisco County Superior Court): defense counsel in putative class action alleging unpaid wages.

- *Cervantes v. Liu Cheng Inc.*, No. 08-cv-3817 (N.D. Cal.): defense counsel in putative FLSA action alleging FLSA violations.

- *Osorio v. Divad Tran*, No. 08-cv-4007 (N.D. Cal.): defense counsel in putative FLSA action alleging FLSA violations.

- *Keen v. Coral Reef Productions, Inc.*, No. 8:14-cv-00814-JVS-JCG (C.D. Cal.): defense counsel in class action alleging Labor Code violations.

- *McFaddin v. EA Renfroe & Company, Inc.*, No. 5:14-cv-02369-VAP-SP x (Arbitration): lead counsel in class action alleging unpaid wages.

- *Ledesma v. Hydromach, Inc.*, No. 19STCV05086 (Los Angeles County Superior Court): defense counsel in putative class action alleging unpaid wages.

- *Aguilar v. Wessne's Janitorial Service, LLC*, No. RG16801761 (Alameda County Superior Court): defense counsel in class action alleging unpaid wages.

- *Luna v. Kimmie's Coffee Cup II, Inc.*, No. 30-2016-00866138-CU-OE-CJC (Orange County Superior Court): defense counsel in putative class action alleging unpaid wages.

- *Outley v. Turner Contracting, Inc.*, No. 5:17-cv-03456-LHK (N.D. Cal.): defense counsel in class action alleging unpaid wages.

- *Garcia v. Prisha Cosmetics, Inc.*, No. BC693273 (Los Angeles County Superior Court): defense counsel in putative class action alleging unpaid wages.

- *Henderson v. Northwood Design Partners, Inc.*, No. RG18900287 (Alameda County Superior Court): defense counsel in class action alleging unpaid wages.

- *Pomele v. Superior Healthcare Equipment & Services, Inc.*, No. SCV-262733 (Sonoma County Superior Court): defense counsel in class action alleging unpaid wages.

- *Lowe v. Popcornopolis, LLC*, No. 2:19-cv-06984 (C.D. Cal.): defense counsel in class action alleging unpaid wages.

# ATTORNEYS

## Kassra P. Nassiri

Kassra P. Nassiri is a trial lawyer who maintains a complex litigation practice focusing on business and consumer matters. Mr. Nassiri has successfully represented clients in consumer, employment and securities class actions, shareholder representative litigation, partnership disputes and dissolutions, derivative litigation, complex contract disputes, and other corporate litigation. He has settled and won cases both at the pleading stage and through jury verdicts in California, Delaware and federal courts. Mr. Nassiri was selected for inclusion on the list of Super Lawyers or Rising Stars each year since 2009 by Super Lawyers® magazine.

Prior to co-founding Nassiri & Jung LLP, Mr. Nassiri was General Counsel of a financial services company. Prior to that, Mr. Nassiri practiced litigation at Wilson Sonsini Goodrich & Rosati, the leading securities class-action defense firm in the country. While at Wilson Sonsini, he successfully defended Fortune 500 companies in shareholder class action lawsuits, derivative lawsuits, and SEC investigations, including:

- *Hewlett-Packard*: Defended company in securities fraud class action.
- *LeapFrog*: Obtained dismissal of derivative complaint and securities fraud class action.
- *IntraBiotics*: Obtained dismissal of securities fraud class action.
- *EMC/Legato Systems*: Defended merger challenge.
- *Read-Rite*: Obtained dismissal of securities fraud class action.

Mr. Nassiri earned his law degree from Harvard Law School. While in law school, Mr. Nassiri taught economics courses at Harvard College. He earned his master's degree in economics from Stanford University, where he was awarded the Stanford Graduate Fellowship. He earned his bachelor's degree from the University of California, Berkeley, where he was a member of Phi Beta Kappa. Mr. Nassiri also served as a Special District Attorney in Marin County, where he tried numerous cases through to jury verdicts.

3

## Charles Jung

Charles H. Jung is a class action and trial lawyer who loves practicing law.  His practice emphasizes class action litigation, wage and hour litigation, and employment litigation.  Mr. Jung is the author of the law blogs California Wage & Hour Law (calwages.com) and California Class Action Law (class-law.com), and he is a frequent commentator in the legal press on these topics.  He was also selected for inclusion in a list of Top 100 Lawyers in Northern California in 2015, 2014 and 2013.  He is rated AV Preeminent® by Martindale-Hubbell® in Litigation, Labor and Employment and Class Actions.  And he has been selected for inclusion in the list of Northern California Super Lawyers or Rising Stars in every year since 2011 by Super Lawyers® magazine.

Mr. Jung earned his law degree from Stanford Law School, graduating with distinction.  While at Stanford, he served as an Articles Editor for the Stanford Law Review.  Mr. Jung earned his bachelor's degree, *magna cum laude*, from Duke University with a dual degree in economics and public policy.  He earned his master's degree in public policy from the Harvard Kennedy School.  At Harvard, Mr. Jung was a Kennedy Fellow.

Mr. Jung has served as counsel on many class action and putative action cases, including:

- *Stevens v. Salesforce.com*, No. CIV-508644 (San Mateo County Sup. Ct.): Lead counsel in wage and hour misclassification class action.

- *Settlement Recovery Center v. Valueclick, Inc.*, No. 07-cv-02641 (C.D. Cal.): Co-lead counsel in class action alleging fraudulent commission payments related to internet advertising.

- *Guzman v. Gloria's Bar & Grill, Inc.*, No. BC480807 (Los Angeles County Superior Court): defense counsel in wage and hour class action alleging failure to pay overtime, wage statement violations, meal and rest break violations, and waiting time penalties.

- *Veliz v. Gloria's Cocina Mexicana*, No. BC440209, (Los Angeles County Superior Court): defense counsel in wage and hour class action alleging failure to pay overtime, wage statement violations, meal and rest break violations, and waiting time penalties.

- *Del Rosario v. Centennial Healthcare, et al.*, No. BC469224 (Los Angeles County Superior Court): defense counsel in wage and hour class action alleging failure to pay overtime and minimum wage, wage statement violations, meal and rest break violations, and waiting time penalties.

- *Oregal v. Bay Contract Maintenance Corp.*, No. CIV-472076 (San Mateo County Superior Court): defense counsel in class action alleging unpaid overtime wages.

- *Leon v. Fortress Security Corp.*, No. BC438935 (Los Angeles County Superior Court): defense counsel in class action alleging failure to provide meal and rest breaks.

**Andrew R. Kislik**

Andrew R. Kislik is an experienced litigator who trained at Gibson, Dunn & Crutcher, and who was a principal of Cohen & Ostler in Palo Alto for 16 years. His practice focuses on complex commercial litigation, wage & hour litigation, intellectual property litigation, and employment law.  Mr. Kislik has obtained numerous summary judgments, has successfully arbitrated and litigated many cases, and has successfully represented innumerable individual clients and companies, including the following:

- *Rodeway Express*:  successfully settled an environmental contamination case for much less than the cost of defense.
- *Wipro, Inc.*:  provided employment and litigation counsel in the United States.
- *Honda (USA)*: successfully settled a motorcycle products liability action for less than the cost of defense.

Mr. Kislik earned his law degree from Harvard Law School, where he served as a Note Editor of the Harvard Law Review and graduated with honors. Mr. Kislik earned his bachelor's degree in mathematics from Harvard College, where he was elected to Phi Beta Kappa and graduated with honors.

Prior to entering into private practice, Mr. Kislik served as a judicial law clerk to United States District Judge Donald D. Alsop in the District of Minnesota.  Following his clerkship, Mr. Kislik served as a special master in the redistricting of Minnesota.  Mr. Kislik also has worked for the labor and litigation departments of the California Judicial Council.

**Russell Taylor**

Russell Taylor is a trial attorney who focuses on contract claims, founder disputes, unfair competition, and consumer-protection law. Prior to joining Nassiri & Jung LLP, Mr. Taylor practiced at Farella Braun Martel. Previously, he clerked for Judge Monroe G. McKay of the U.S. Court of Appeals for the Tenth Circuit and Justice Monica M. Márquez of the Colorado Supreme Court. While at Farella, Mr. Taylor served as counsel in the following class action:

- *Kendall v. BlueTriton Brands, Inc.*, No. 2:20-CV-10511 (C.D. Cal.): defense counsel in putative class action concerning unlawfully excessive late fees.

- *Lopez v. L'Oreal U.S. Inc.*, No. 21-cv-7300 (S.D.N.Y.): defense counsel in putative class action alleging false and misleading advertising.

- *In re: Robinhood Outage Litigation*, No. 3:20-cv-01626 (N.D. Cal.): defense counsel in class action concerning service outages.

- *In re: Robinhood Order Flow Litigation*, No. 4:20-cv-09328 (N.D. Cal.): defense counsel in class action alleging concealment of defendant's reliance on payment for order flow.

- *Khaki v. Alliance Fiber Optic Products et al.*, No. H047101 (6DCA), appellee counsel in an appeal from a class settlement.

- *UFCW & Employers Benefit Trust v. Sutter Health*, No. 14-CGC-538451 (S.F. Sup. Ct.): Represented certified class of employers, unions, and government entities in an antitrust class action against a dominant hospital system in Northern California.

- *Rojas v. Bosch Solar Energy Corporation*, No. 5:18-cv-05841 (N.D. Cal.): represented certified class concerning defective solar panels.

- *Ziccarello v Sanyo Energy (U.S.A.) Corp.*, No. 2:19-CV-16623 (D.N.J.): represented certified class concerning defective solar panels.

Mr. Taylor graduated Order of the Coif and magna cum laude from Duke University School of Law, where he was the Executive Editor of the Duke Law Journal, and a member of the Moot Court and Mock Trial teams. At law school, Mr. Taylor received awards for Constitutional Law and Administrative Law, and was selected by the faculty to receive the Advocacy Award for his graduating class.

# EXHIBIT A-3

## PROGRESSIVE LAW GROUP FIRM RESUME



1570 Oak Avenue, Suite 103
Evanston, IL 60201
Telephone: (312) 787-2717
Facsimile: (888) 574-9038


## FIRM PROFILE

Progressive Law Group LLC in Evanston, Illinois is a law practice dedicated to protecting people through class action and collective action litigation. PLG prosecutes consumer, employee, and antitrust claims in venues nationwide, and works with its sister law practice, Progressive Law Group LLC based in Madison, Wisconsin, to prosecute class action litigation.


## ATTORNEY PROFILES

**Frank Jablonski (WI)** founded the Progressive Law Group LLC practice in Madison, Wisconsin, in 2004.  He focuses on trials and related work (litigation, mediation, and arbitration).  He has represented persons and litigated class actions on behalf of persons harmed by corporate malfeasance, communities, non-profit organizations, businesses and business shareholders, and consumers and landowners subject to condemnation "takings" by utility companies.  He has a broad legal and policy background, having worked on legislation and rules as a lobbyist for environmental and industry organizations.  He has been honored twice for his work on public policy issues through Wisconsin Legislative Council Special Committees (1985 and 1993).  He has also managed small and medium businesses, including a wood products manufacturing division within a Wisconsin manufacturing, distribution, and energy services company, and a subsidiary of Puget Sound Power and Light Company, an investor-owned utility.  Over the last 29 years he has been counsel, and lead counsel, in administrative, regulatory, trial and appellate court actions too numerous to recount.  These have involved both individual and class action matters, ranging from misrepresentation to telecommunications to contaminated pet food, as well as environmental matters such as regulated industries, energy facilities development and impacts, (e.g. planning dockets, power plants, transmission lines, stray voltage, EMF), licensing and permitting, transportation, land use, and business disputes (contracts, fair competition, stockholder disputes, and the duties of owners to each other and to the shared enterprise).  (J.D., University of Wisconsin, 1983).

**Ilan Chorowsky (IL)** concentrates his practice in multi-state class action litigation of consumer, employee, and antitrust claims in federal and state court venues across the country.  He has served as counsel in numerous cases resulting in large-scale recoveries and other favorable relief for class members.  Mr. Chorowsky has also represented numerous Indian tribes in a variety of litigation, employment, and environmental matters, and has successfully prosecuted actions and defended clients in commercial and contract litigation.  He has served as the Co-President of the Illinois Chapter of the Wisconsin Bar Association, a member of the Board of Directors for the Wisconsin Bar Public Interest Law Section, and the American Bar Association AIDS Coordinating Committee, and has lectured at the Loyola University Chicago School of Law, the John Marshall Law School, the Wisconsin State Bar Convention, and the University of Wisconsin Schools of Law and Medicine.  A 1996 graduate of the University of Wisconsin Law School, he clerked for the Wisconsin Department of Justice Civil Litigation Unit, and was employed by *The Washington Post*, the National Endowment for the Arts, and as a researcher for the Smithsonian Institute Woodrow Wilson Center for Scholars prior to practicing law.  He has represented and counseled indigent clients in various matters including in connection with the Legal Assistance Foundation of Metropolitan Chicago, the Chicago Legal Clinic, and the Chinatown Pro Bono Legal Clinic. He previously successfully prosecuted class action lawsuits for several years as an attorney with Larry D. Drury Ltd., and has served as an attorney on numerous cases that resulted in class action settlements, including, for example, *In Re: Vitamins Antitrust Litigation*, and actions lodged against the *Chicago Sun-Times*, *Village of Crestwood, Illinois*, and *Conseco Insurance Co*.  He has been appointed class counsel and has worked as lead counsel in successful class action litigation lodged against a variety of corporations, including Chick-fil-a, Sprint, Guitar Center, Inc., and entities operating as Verizon Wireless.  He holds degrees from the University of Wisconsin-Madison (B.A. – Hon., 1992) (J.D., 1996).

**Mark A. Bulgarelli (IL)** concentrates his practice in litigation of class action, employment, consumer fraud, and contract disputes.  Mr. Bulgarelli has successfully prosecuted claims on behalf of individuals and governments in state court, federal courts, bankruptcy courts, appellate courts, and before the Equal Employment Opportunity Commission.  He is admitted to practice law in Illinois, the United States District Court for the Northern District of Illinois, the United States District Court for the Western District of Michigan, and the United States Court of Appeals for the Seventh, and Ninth Circuits.  Prior to becoming a member of Progressive Law Group, Mr. Bulgarelli was an attorney at Keaton & Associates, P.C. and Foote, Meyers, Mielke & Flowers, LLC, where he prosecuted a number of class action cases.  In the course of his career, Mr. Bulgarelli has litigated numerous complex and class action cases, including, but not limited to RICO, FLSA, mass tort, *qui tam*, and consumer products cases, along with cases under the Perishable Agricultural Commodities Act.  He has been appointed class counsel and worked as lead counsel in class actions resulting in settlements against Six Flags Entertainment Corporation, Chick-fil-a, Storagemart, Xsport Fitness, Tri-State Auto Auction Company, Brainfuse, Inc., Verizon Wireless, and ADS Logistics Co., LLC.  Mr. Bulgarelli received his undergraduate degree from Indiana University and was a member of the University's Honors College.  Mr. Bulgarelli received his law degree and a Certificate in International Trade and Development Law from Valparaiso University (J.D., 2004).  Mr. Bulgarelli also served as general counsel for the Greater Northwest Chicago Development Corporation, a non-for-profit that administers government grant programs for small businesses and helps further economic development in Chicago, for almost a decade.

**Adam E. Urbanczyk (IL), Of Counsel**, is a patent attorney routinely assisting clients with identifying, securing, transacting, and enforcing intellectual property ("IP") assets and rights, who also devotes time to prosecuting class action litigation.  Mr. Urbanczyk's practice provides commercial, IP, and information technology-related transactional services in addition to pre-suit discovery actions.  He has represented clients in matters involving trademark and copyright infringement, Computer Fraud and Abuse Act and Stored Communication Act violations, unfair competition, cyber piracy, consumer fraud, breaches of contract, computer tampering, commercial torts, defamation, and invasions of privacy.  Prior to entering law school, he worked as an electromechanical systems engineer for General Dynamics Land Systems.  (J.D., The John Marshall Law School in Chicago, 2009; B.S.M.E., Carnegie Mellon University, Pittsburgh, 2003).  He is licensed to practice in Illinois, Michigan, and the District of Columbia and he is admitted to practice before the USPTO as a registered patent attorney.

**Adrienne M. Zibelman (IL), Of Counsel**, has more than 20 years of legal experience in the areas of business litigation and corporate transactional work, compliance, and health care law, both as in-house counsel for United Health Group and in private practice. Ms. Zibelman has represented many corporations and individuals in complex civil litigation.  She also employs a breadth of experience in real estate, labor, probate, and business matters.  She formerly served as editor at Wolters Kluwer, one of the largest legal publishing companies in the world.  (J.D. and Masters of Law in Health, DePaul University School of Law).

**Dana LesMonde (WI)**, **Of Counsel**, graduated from the University of Wisconsin Law School in 2009, where she interned with the Wisconsin Innocence Project, the Criminal Appeals Project and the Wisconsin State Public Defender's Office. Her practice focuses on criminal post-conviction and appellate work, primarily representing indigent clients.

## EXAMPLES OF CLASS AND COMPLEX LITIGATION EXPERIENCE OF COUNSEL

*Aaron Kapp v. Eastern Wisconsin Water Conditioning Co. et al*., No. 20-cv-00286 (E.D. Wis.) (class action settlement).

*Skyline Electric, LLC v. TKG Storagemart Parnters Portfolio, LLC d/b/a Storagemart* 17-CH-16652 (Cook County, Ill.) (class action settlement).

*Shaun Vlk v. Capital Fitness Inc. and CF Management – IL, LLC, both d/b/a XSport Fitness,* No. 17-cv-02952 (N.D. Ill.) (class action settlement).

*Leslie Greenberg v. Chick-Fil-A, Inc.*, No. 17-CH-16547 (Cook County, Ill.) (class action settlement).

*Rosenbach v. Six Flags Entertainment Corp. et al.*, No. 16-CH-13 (Lake County, Ill.) (class action settlement following favorable unanimous ruling by the Illinois Supreme Court).

*Kinlaw et al. v. Cellco Partnership d/b/a Verizon* Wireless, No. 15-cv-9760 (N.D. Ill.) (FLSA collective action settlement).

*Freeman v. Kaplan, Inc.*, No. 14-cv-10265 (N.D. Ill.) (FLSA collective action settlement following favorable ruling on motion for summary judgment).

*Caffarello v. ADS Logistics Co., LLC*, No. 12-cv-08300 (N.D. Ill.) (class action settlement).

*Cioe v. Cellco Partnership d/b/a Verizon Wireless et al.*, No. 11-cv-1002 (N.D. Ill.) (class action settlement).

*Copi v. Brainfuse, Inc.*, No. 11-CV-5195 (S.D. N.Y.) (class action settlement).

*Williams v. Tri-State Auto Auction, Inc.*, No. 09-cv-2878 (N.D. Ill.) (class action settlement).

*Osorio v. Sprint/United Management Company*, No. 08-cv-3228 (N.D. Ill.) (class action settlement).

*Kuhl v. Guitar Center Stores, Inc.*, No. 07-cv-214 (N.D. Ill.) (class action settlement).

*In re: eBay Litigation*, No. 07 C 2198 (N.D. Cal.) (nationwide class certified on behalf of eBay sellers).

*In re: Ocean Bank Financial Corp Prescreening Litigation*, MDL No. 1778 (N.D. Ill.) (class action settlement).

*In re: A Million Little Pieces Litigation*, MDL No. 1771 (S.D. N.Y.) (class action settlement).

*Langendorf v. Conseco Senior Health Insurance Company*, No. 08-cv-3914 (N.D. Ill. 2008) (class action settlement).

*In re: Sun Times Circulation Litigation*, No. 04 CH 9757 (Cook County, Ill.) (class action settlement).

*Siegel v. Village of Northbrook*, No. 02 CH 1901 (Cook County, Ill.) (class action settlement).

*Caliper v. Masco Corporation et al.*, No. 01 L 232 (St. Clair County, Ill.) (multistate class certified; ultimately resulted in class action settlement in another venue).

*Triad Industries, Inc. v. United Parcel Service, Inc., et al.*, No. 00 L 600 (Madison County, Ill.) (class action settlement).