# EXHIBIT I

NOTICE

United States District Court for the Northern District of California

*In re Google Referrer Header Privacy Litigation*, Case No. 5:10-cv-4809-EJD

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

This Notice relates to a proposed settlement (the "Settlement") of consolidated class action lawsuits (the "Lawsuit") filed against Google Inc. relating to the inclusion of Google search queries in referrer headers (also called "referer headers") or during the provision of certain Google services. **You are included in this Settlement as a Settlement Class Member if you used Google Search and clicked on a Search link at any time on or between October 26, 2006 and September 30, 2013.**

The Settlement would resolve the legal claims in the Lawsuit against Google. Google denies all these claims and the Settlement is not an admission of wrongdoing by Google. Under the Settlement, Google will pay $23 million to make payments to settlement class members who file claims, payments to class representatives, attorneys' fees, litigation costs, and settlement administration costs related to the Settlement. Google will also revise its "FAQs" and "Key Terms" webpages regarding how and when search queries may be disclosed to third parties via referrer headers.

This Notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www.referrerheadersettlement.com.

**This Notice explains important legal rights you may have. Your legal rights will be affected regardless of whether you do or do not act.** The following rights and options—**and the deadlines to exercise them**—are explained in this Notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **FILE A CLAIM** | This is the only way to get a payment under the settlement. |
| **DO NOTHING** | Get no payment under the settlement and give up your right to compensation for the claims and allegations in this case. |
| **EXCLUDE YOURSELF** | Get no payment under the settlement. This is the only option that allows you to be a part of |

| | |
|---|---|
| | any other lawsuit against Apple about the claims and allegations in this case. |
| **OBJECT** | Write to the Court about why you think the Settlement should not be approved.<br>You may also ask to speak in Court about the fairness of the Settlement. |

The Court in charge of this Lawsuit has preliminarily approved the Settlement and will hold a hearing to make a final decision whether to approve it. The relief provided to Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement.

## WHAT THIS NOTICE CONTAINS


### BASIC INFORMATION

1. Why did I get this Notice?
2. What is this case about?
3. Why is there a Settlement?
4. Why is this a class action, and how do I know if I am part of the Settlement?

### THE SETTLEMENT BENEFITS

5. What does this Settlement provide?
6. How much will my payment be?
7. What am I giving up as part of the Settlement?

### HOW TO GET A PAYMENT—MAKING A CLAIM

8. How do I submit a claim and get a cash payment?
9. What is the deadline for submitting a claim?
10. When will I get my payment?

### EXCLUDING YOURSELF FROM THE SETTLEMENT

11. How do I exclude myself from the Settlement?

### THE LAWYERS REPRESENTING YOU

12. Do I have a lawyer in the case?

13. How will the lawyers be paid?

## OBJECTING TO THE SETTLEMENT

14. How do I tell the Court that I do not like the Settlement?
15. What is the difference between objecting and asking to be excluded?

## THE COURT'S FINAL APPROVAL HEARING

16. When and where will the Court decide whether to approve the Settlement?
17. Do I have to come to the Final Approval Hearing?

## IF I DO NOTHING

18. What happens if I do nothing at all?

## GETTING MORE INFORMATION

19. How do I get more information about the Settlement?

# BASIC INFORMATION

### 1. Why did I get this Notice?

A federal court authorized this Notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

Judge Edward J. Davila of the United States District Court for the Northern District of California is overseeing this class action. The case is known as *In re Google Referrer Header Privacy Litigation*. The people who sued are called the "Plaintiffs," and the company they sued, Google, Inc., is called the "Defendant."

### 2. What is this case about?

This lawsuit alleges that Defendant improperly shared your search queries with third-party websites and companies between October 26, 2006 and September 30, 2013, inclusive. Defendant expressly denies any liability or wrongdoing whatsoever and the Settlement is not an admission of any wrongdoing by Defendant.

### 3. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendant. Defendant further denies all claims

and that it violated any law. Plaintiffs and Defendant agreed to the Settlement to avoid the costs and risks of a trial, and so that the Settlement Class Members can receive payments from the Settlement. The Settlement Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members.

**4. Why is this a class action, and how do I know if I am part of the Settlement?**

In a class action, one or more people called "class representatives" (in this case, Paloma Gaos, Anthony Italiano and Gabriel Priyev) sue on behalf of people who have similar claims. All of these people who may have similar claims form a "Class" and are "Class Members." The Settlement resolves the issues for all Class Members, except those who exclude themselves from the Class, as explained in Section 11.

To know if you will be affected by this Settlement, you first have to determine if you are a Class Member. The Court decided that the Class includes all users of Google Search who clicked on a search result in the United States from October 26, 2006 through September 30, 2013. The Class also includes anyone who could bring any of the claims in the Lawsuit on behalf of these users of Google Search, such as representatives, heirs, administrators, and assigns. If you are not sure whether you are in the Class, or have any other questions about the Settlement, visit www.referrerheadersettlement.com, or write with questions to CLASS ADMIN EMAIL or In re Google Referrer Header Settlement, c/o Kroll Settlement Administration, P.O. Box 225391, New York, NY 10150-5391.

## THE SETTLEMENT BENEFITS

**5. What does this Settlement provide?**

If the Settlement is approved by the Court, Defendant will establish a Settlement Fund of Twenty-Three Million Dollars ($23,000,000.00) to pay all valid claims submitted by the Settlement Class Members, as well as notice and administration expenses, attorneys' fees and expenses, and service awards for the Settlement Class Representatives. As non-financial consideration for the Settlement, Defendant will make lasting changes to Google's FAQs and Key Terms to more fully explain how search queries are handled and actually or potentially made available to third parties.

**6. How much will my payment be?**

The total amount distributed to the Settlement Class Members shall be the Settlement Fund and any interest earned on that Fund , less the Administrative Costs, any amount awarded by the Court for any Fee and Expense Award to Settlement Class Counsel, and any Service Awards. This amount to be distributed to the Settlement Class Members is the Net Settlement Fund.

If you submit an Approved Claim and have not submitted a valid and timely request for exclusion from the Settlement Class, you will receive an equal share of the Net Settlement Fund. All payments to Settlement Class Members who have not sought to exclude themselves and who have submitted valid and timely claims will be in equal amounts. No such Settlement Class Member will receive a greater, or lesser, payment than any other Settlement Class Member.

### 7. What am I giving up as part of the Settlement?

If the Settlement becomes final, Class Members will be releasing Google (and certain others related to Google, such as Google directors, officers and employees) from all of the settled claims. This means that you will no longer be able to sue Google (or the other released parties) regarding any of the settled claims if you are a Class Member and do not timely and properly exclude yourself from the Class.

The full text of the Settlement Agreement, which includes all the provisions about settled claims and releases, is available at www.referrerheadersettlement.com.

## HOW TO GET A PAYMENT—MAKING A CLAIM

### 8. How do I submit a claim and get a cash payment?

Claim Forms may be submitted online at www.referrerheadersettlement.com or printed from the website and mailed to the Settlement Administrator at: In re Google Referrer Header Settlement, c/o Kroll Settlement Administration, P.O. Box 225391, New York, NY 10150-5391.

You may also contact the Settlement Administrator to request a Claim Form by telephone 1-833-512-2306, by email info@referrerheadersettlement.com, or by U.S. mail at In re Google Referrer Header Settlement, c/o Kroll Settlement Administration, P.O. Box 225391, New York, NY 10150-5391.

### 9. What is the deadline for submitting a claim?

If you submit a claim by U.S. mail, the completed and signed Claim Form must be postmarked by DATE. If submitting a Claim Form online, you must do so by 11:59 p.m. PST on DATE.

### 10. When will I get my payment?

The Court has scheduled a Final Fairness Hearing for the Settlement of this case on DATE at 9:00 a.m. PST to consider: (1) whether to approve the Settlement; (2) any objections; (3) the requests for awards to the Settlement Class Representatives; and (4) the request for an award of attorneys' fees, costs and expenses to Settlement Class Counsel for their work in this litigation. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement payments will be

distributed as soon as possible, if and when the Court grants Final Approval of the Settlement and after any appeals are resolved.

The briefs and declarations in support of the Final Approval of the Settlement and the requests described above will be posted on the Settlement Website, www.referrerheadersettlement.com, after they are filed. You may ask to appear at the hearing but you do not have to appear. The date and time of the Final Approval Hearing is also subject to modification by the Court. Please review the Settlement Website for any updated information regarding the final hearing.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 11. How do I exclude myself from the Settlement?

If you do not want to receive any benefits from the Settlement, and you want to keep your right, if any, to separately sue the Defendant about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class–also known as "opting out" of the Settlement Class. The deadline for requesting exclusion from the Settlement is DATE.

To exclude yourself from the Settlement, you must submit a completed and signed Opt-Out Form online at www.referrerheadersettlement.com or by U.S. mail at the below address. Alternatively, you can submit a written request for exclusion that includes: (1) your name; (2) your current address; (3) a clear and explicit statement that you wish to be excluded from the Settlement - In Re Google Referrer Header Privacy Litigation, Case No. 5:10-cv-04809-EJD (N.D. Cal.); (4) (if you have a Google account) any email addresses and phone numbers associated with your Google account; and (5) your signature. Your request for exclusion must be submitted online at www.referrerheadersettlement.com or via U.S. mail at the address below:

*In re Google Referrer Header Settlement*
*c/o Kroll Settlement Administration*
ATTN: Exclusion Request
P.O. Box 225391
New York, NY 10150-5391

If you exclude yourself, you are stating to the Court that you do not want to be part of the Settlement. You will not be eligible to receive a payment if you exclude yourself.

If submitted electronically, the Opt-Out Form or any written request to opt-out must be submitted no later than 11:59 p.m. PST on or before DATE.

If submitted by U.S. mail, the Opt-Out Form or any written request to opt-out must be postmarked no later than DATE.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in the case?

Yes. The Court has appointed the law firms of Nassiri & Jung LLP, KamberLaw, LLC, and Progressive Law Group, LLC to represent the Settlement Class as Class Counsel. You will not be charged for their services. If you have any questions about the case, you may call XXX-XXX-XXXX to speak with one of the lawyers handling the case, or email XXX@XXX.com.

### 13. How will the lawyers be paid?

Class Counsel will request up to 25% of the Settlement Fund for their attorneys' fees and up to XXX to cover their out-of-pocket costs. They will also ask the Court to approve a service award for each of the Settlement Class Representatives not to exceed $5,000 each. The Court may award less than these amounts. If approved, these fees, costs and awards will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

### 14. How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must include (i) the case name and number (In Re Google Referrer Header Privacy Litigation, Case No. 5:10-cv-04809-EJD (N.D. Cal.)), (ii) the Objector's full name, address, telephone number, email address; and, his or her signature; (iii) the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel); (iv) state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) state with specificity each objection, as well as the specific reasons, if any, for each objection, including any evidence and legal authority the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his/her objection(s); (vi) identify the number of class action settlements objected to by the Settlement Class Member in the last three years, and list those cases by case name and

number; and (vii) be verified by an accompanying declaration submitted under penalty of perjury or a sworn affidavit demonstrating that the Settlement Class Member is entitled to be included as a member of the Settlement Class.

All objections must be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Jose Division, and be filed or postmarked on or before DATE.

**Class Action Clerk**
**United States District Court for the Northern District of California**
**280 South 1st Street**
**San Jose, California 95113**

You or your attorney may speak at the Final Approval Hearing about your objection. To do so, you must include a statement in your objection indicating that you or your attorney intend to appear at the Final Approval Hearing.

### 15. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 16. When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Final Approval Hearing for DATE TIME. If the hearing proceeds in person, it will be held at the San Jose Courthouse, Courtroom 4—5th Floor, 280 South 1st St, San Jose, CA 95113. If the Court holds the hearing by video conference, it may be accessed here:

ZOOM LINK

Webinar ID: 160 489 6302
Password: 544953

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider whether to approve Class Counsel's request for an award of attorneys' fees and expenses, as well as the Settlement Class Representatives' service awards. If there are objections, the Court will consider them. Judge Davila will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement.

The date or time of the Final Approval Hearing may change. Please check the Settlement Website, www.referrerheadersettlement.com, for any updates, and to find out whether the Final Approval Hearing will be held in person or by video conference.

### 17. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend the hearing at your own expense, if you wish. If you submit an objection, you do not have to come to the hearing to talk about it. If you submit your written objection on time, the Court will consider it. You also may pay your own lawyer to attend the Fairness Hearing, but that is not necessary.

## IF I DO NOTHING

### 18. What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will give up the rights explained in Question 7, including your right to start a lawsuit, or be part of another lawsuit against the Defendant and the Released Parties about the claims resolved by this Settlement. In addition, you will not receive a payment from this Settlement.

## GETTING MORE INFORMATION

### 19. How do I get more information about the Settlement?

This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www.referrerheadersettlement.com, by contacting class counsel at ________________, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Jose Division, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

If you have additional questions, you may contact the Settlement Administrator by email, phone, or mail:

Email: info@referrerheadersettlement.com

Toll-Free: 1-833-512-2306

Mail: In re Google Referrer Header Settlement
c/o Kroll Settlement Administration
P.O. Box 225391
New York, NY 10150-5391

**PLEASE DO NOT TELEPHONE OR DIRECTLY CONTACT THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THE SETTLEMENT PROCESS.**