# SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Agreement") is made by and between Plaintiffs Paloma Gaos, Anthony Italiano, and Gabriel Priyev (the "Class Representatives" or the "Plaintiffs"), on behalf of themselves and others similarly situated (collectively, the "Class"), on the one hand, and Google LLC, a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, ("Google" or "Defendant," and together with Plaintiffs, the "Parties"), on the other hand.  The Parties intend this Agreement to fully, finally, and forever resolve, discharge, and settle the Released Claims (as the term is defined below), subject to the terms and conditions of this Agreement, and subject to final approval of the Court.

WHEREAS, on October 25, 2010, Plaintiff Gaos brought a putative class action against Google in the Northern District of California, captioned *Gaos v. Google Inc.*, Case No. 5-10-CV-04809, that was initially assigned to Chief Judge Ware (the "Gaos Action"), alleging violations of certain federal and state laws;

WHEREAS, the Gaos Action was reassigned from Chief Judge Ware to Judge Davila;

WHEREAS, on February 29, 2012, Plaintiff Priyev brought a putative class action in the United States District Court, Northern District of Illinois, Eastern Division, against Google, formerly captioned *Priyev v. Google Inc.*, Case No. 12-CV-01467 (the "Priyev Action"), alleging violations of certain federal and state laws;

WHEREAS, on August 28, 2012, the Priyev Action was transferred from the Northern District of Illinois to the Northern District of California and docketed as Case No. 5-13-00093;

WHEREAS, on April 30, 2013, the Gaos Action and the Priyev Action were consolidated under Case No. 5-10-CV-04809 (the "Action"), and the Action was assigned to Judge Davila;

WHEREAS, in April 2013, a consolidated complaint was filed in the Action (Dkt. 50) ("the Consolidated Complaint"), and the Consolidated Complaint is the current operative complaint in the Action;

WHEREAS, Judge Davila approved a settlement of the Action over objections in 2015; the objectors appealed, and the Ninth Circuit affirmed in 2017; the Supreme Court vacated the settlement and remanded the case to the Ninth Circuit to address standing issues in 2019; and the Ninth Circuit in turn remanded the case for the district court to address standing issues in 2019;

WHEREAS, Judge Davila denied Google's motion to dismiss on standing grounds in 2020, and Google's motion for judgment on the pleadings and motion for leave to file motion for reconsideration are pending before the district court, but have been stayed;

WHEREAS, the Parties participated in mediations before Magistrate Judge Sallie Kim in 2020 and 2021;

WHEREAS, Plaintiffs have conducted meaningful investigation and discovery, and have analyzed and evaluated the merits of the claims made to date against Google in the Action, and the

impact of this Agreement on Plaintiffs and the Class, and based upon that analysis and the evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Action, if not settled now, might not result in any recovery whatsoever for the Class, or might result in a recovery that is less favorable to the Class, and that any such recovery would not occur for several years, Plaintiffs are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interest of the Class; and

WHEREAS, Google has denied and continues to deny each allegation and all charges of wrongdoing or liability of any kind whatsoever asserted or that could have been asserted in the Action; and

WHEREAS, while Plaintiffs believe these claims possess substantial merit and while Google vigorously disputes such claims, without in any way agreeing as to any fault or liability, the Parties have agreed to enter into this Agreement as an appropriate compromise of the Class claims to put to rest all controversy and to avoid the uncertainty, risk, expense, and burdensome, protracted, and costly litigation that would be involved in prosecuting and defending the Action;

NOW, THEREFORE, it is hereby agreed by the Parties that, in consideration for the undertakings, promises, releases, and payments set forth in this Agreement and upon the entry by the Court of a Final Order and Judgment approving and directing the implementation of the terms and conditions of this Agreement, the Action shall be settled, compromised, and dismissed with prejudice, without costs to Plaintiffs, the Class Members, or Google except as provided herein, upon the terms and conditions set forth below.

## 1.   DEFINITIONS

Whenever the following capitalized terms are used in this Agreement and in the attached exhibits (in addition to any definitions elsewhere in this Agreement), they shall have the following meanings:

**1.1**   "Action" means the case entitled *In re Google Referrer Privacy Litigation*, Case No. 5:10-cv-4809-EJD, pending in the United States District Court for the Northern District of California.

**1.2**   "Affiliates," with respect to a Party, shall mean (i) all entities now or in the future controlling, controlled by or under common control with that party; (ii) all entities in the past controlling, controlled by or under common control with that party, for the period of time that such control exists or existed; and (iii) predecessors, successors or successors in interest thereof, including all entities formed or acquired by that party in the future that come to be controlled by that party. For purposes of this definition, "control" means possession directly or indirectly of the power to direct or cause the direction of management or policies of a company or entity through the ownership of voting securities, contract, or otherwise, and "entities" includes all persons, companies, partnerships, corporations, associations, organizations, and other entities.

**1.3**   "Agreed-Upon Disclosures" means the additional disclosures that Google has agreed to maintain, subject to the terms of this agreement, to its "FAQs"

webpage currently at https://policies.google.com/faq/, "Key Terms" webpage currently located at https://policies.google.com/privacy/key-terms/, and the "Find & Control Your Web & App Activity" webpage currently located at https://support.google.com/websearch/answer/54068, pursuant to Paragraph 3.7.

**1.4** "Agreement" means this Settlement Agreement and Release, including all exhibits.

**1.5** "Claim" means a Settlement Class Member's Claim Form submission that may, if valid, entitle the Settlement Class Member to a Settlement Payment.

**1.6** "Claimant" means a Settlement Class Member who has submitted a Claim that the Settlement Administrator has determined is valid and timely in accordance with the claims process described in Section 4.

**1.7** "Claim Form" means, in a form mutually agreeable to the Parties, the document Settlement Class Members submit to make a Claim pursuant to this Agreement. The Claim Form will be available online at the Settlement Website, and the contents of the Claim Form will be approved by the Court.

**1.8** "Class Counsel" means Kassra Nassiri of Nassiri & Jung LLP, Michael Aschenbrener of Kamberlaw, LLC, and Mark Bulgarelli of Progressive Law Group, LLC.

**1.9** "Class Representatives" or "Plaintiffs" means named Plaintiffs Paloma Gaos, Anthony Italiano, and Gabriel Priyev, acting either individually or through Class Counsel.

**1.10** "Common Fund" means an escrow account or Qualified Settlement Fund authorized by Treasury Regulation 1.468B-1(c), administered by the Settlement Administrator, to hold the Settlement Fund.

**1.11** "Consolidated Complaint" means the operative complaint in the Action, filed in April 2013 (Dkt. 51).

**1.12** "Court" means the United States District Court for the Northern District of California, the Hon. Edward J. Davila presiding, or any judge who succeeds him as the judge in this Action.

**1.13** "Day" or "days" refers to calendar days.

**1.14** "Effective Date" means the first date after a Final Order and Judgment is entered in the Action granting approval to the terms of this Agreement without modification (unless any modification is accepted by all Parties to this Agreement, pursuant to Paragraph 13.3) ***and*** either of the following events also has occurred (i) the date upon which the time to appeal the Final Order and Judgment expires with no appeal having been filed; or (ii) the date upon which any such appeal of the Final Order and Judgment is

DocuSign Envelope ID: 00C4204B-E643-4620-8BA7-566897655499

successfully resolved such that, in either case, the Final Order and Judgment approving this Agreement is no longer subject to any challenge on direct appeal.

**1.15** "Electronic or Other Payment" means payment via an electronic payment option or a nonelectronic payment option to be selected by Claimants on the Claim Form.

**1.16** "Excluded Class Member" means any person or entity meeting the Settlement Class definition who has timely exercised his, her or its right to be excluded from the Settlement Class.

**1.17** "Exclusion List" means the list of all persons and entities who have timely and validly excluded themselves from the Settlement.

**1.18** "Fee Award" means any attorneys' fees, reimbursement of expenses, and other costs awarded by the Court to Class Counsel from the Settlement Fund.

**1.19** "Final Approval Hearing" means the hearing before the Court where (i) the Parties request that the Court approve this Agreement as fair, reasonable, and adequate; (ii) the Parties request that the Court enter its Final Order and Judgment in accordance with this Agreement; and (iii) Class Counsel request approval of their petition for reasonable attorneys' fees and expenses, as well as any requested incentive award to the Class Representatives. The Final Approval Hearing must occur at least 35 days after the Objection and Exclusion Deadline, on such date as set by the Court.

**1.20** "Final Order and Judgment" means is the final judgment and order to be entered by the Court following the Final Approval Hearing approving the Settlement set forth in this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Action with prejudice and without costs (except as specified in this Agreement), without modifying any terms of this Agreement that either Party deems material.

**1.21** "Gaos Action" means *Gaos v. Google Inc.*, No. 5-10-CV-04809, filed on October 25, 2010 in the United States District Court for the Northern District of California.

**1.22** "Google" means Google LLC, as successor to Google Inc., and its Affiliates, agents, assigns, attorneys, directors, divisions, employees, officers, or other representatives.

**1.23** "Google AdWords" means Google's advertising service now known as Google Ads and currently described at https://ads.google.com/home/#!/

**1.24** "Google Affiliates" shall mean all Affiliates of Google. For purposes of this Agreement, Google Affiliates shall not include CapitalG, or any entities that otherwise would be deemed an Affiliate of Google as a result of an investment by CapitalG or GV even where such investment may afford CapitalG or GV some level of control over the entity.

4

**1.25** "Google Analytics" means Google's web analytics service currently described at https://marketingplatform.google.com/about/analytics/ .

**1.26** "Google's Counsel" means the law firm of Mayer Brown LLP, Two Palo Alto Square, Suite 300, Palo Alto, CA 94306.

**1.27** "Google Partners" shall mean all agents, advisors, attorneys, representatives, suppliers, distributors, customers, advertisers, and users of Google and/or Google Affiliates.

**1.28** "Google Search" means the search engine accessible at www.google.com.

**1.29** "Incentive Award" means any amount awarded by the Court to the Class Representatives for their time and effort in bringing this Action and for serving as Class Representatives.

**1.30** "Net Settlement Fund" means the Settlement Fund, reduced by the sum of the following amounts: Notice and Administrative Costs, any Service Awards, and any Fee, Cost, and Expense Award.

**1.31** "Notice Plan" means the content of the notice of this proposed Settlement Agreement and the Final Approval Hearing, and the program by which that notice will be disseminated to Settlement Class Members. The Notice Plan shall be mutually agreed upon by the Parties.

**1.32** "Notice and Administrative Costs" means all costs and expenses incurred in the dissemination of Notice; the establishment of the Settlement Website; the administrative processing, handling, review, and payment of Claims; and all other expenses reasonably necessary for effective Notice and administration of the Settlement pursuant to the Preliminary Approval order.

**1.33** "Notice of Proposed Class Action Settlement" means any material, in a form mutually agreeable to the Parties, that will be publicly posted by the Settlement Administrator to notify the Settlement Class as described in the Notice Plan.

**1.34** "Objection" means the written notice that a Settlement Class Member may submit to the Court in order to object to the Settlement.

**1.35** "Objection and Exclusion Deadline" means the date by which a Settlement Class Member must submit an Objection to this Agreement or a Request for Exclusion to the Settlement Administrator. The Objection and Exclusion Deadline shall be no more than sixty (60) days from the completion date of the dissemination of the Notice of Proposed Class Action Settlement.

**1.36** "Opt-Out Deadline" means the deadline for a Settlement Class Member to properly submit a Request for Exclusion as set forth in Section 7 of this Agreement and in the Preliminary Approval Order and which shall be no more than sixty

DocuSign Envelope ID: 08C4204B-E643-4620-9BA7-566897655409

(60) days from the completion date of the dissemination of the Notice of Proposed Class Action Settlement.

1.37　　"Party" means any one of the Plaintiffs or Google, and "Parties" means Plaintiffs and Google.

1.38　　"Person" means an individual or legal entity, including an association, or his, her, or its respective successors or assigns.

1.39　　"Preliminary Approval Order" means the order issued by this Court (i) granting preliminary approval of this Agreement under Fed. R. Civ. P. 23(e)(2); (ii) provisionally certifying the Class for settlement purposes; (iii) appointing Plaintiffs as Class Representatives and their counsel as Class Counsel; (iv) approving the form and manner of the Notice Plan and appointing a Settlement Administrator; (v) establishing deadlines for Requests for Exclusion and the filing of objections to the proposed settlement contemplated by this Agreement; (vii) finding that Google has complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715; and (viii) scheduling the Final Approval Hearing.

1.40　　"Priyev Action" means *Priyev v. Google Inc.*, No. 12-CV-01467, initially filed on February 29, 2012 in the United States District Court for the Northern District of Illinois and later transferred to the United States District Court for the Northern District of California

1.41　　"Rejected Claimant" means a person or entity who submitted a Claim that the Settlement Administrator deemed invalid or untimely.

1.42　　"Released Claims" means any and all claims that any Releasing Party may now or at any time have up to the date of preliminary approval of this Agreement, or not known or existing at the time of this Agreement, arising out of the subject matter giving rise to the claims in the Actions.

1.43　　"Releasees" means Google, its Affiliates, and their respective officers, directors, employees, members, agents, attorneys, administrators, representatives, insurers, beneficiaries, trustees, shareholders, investors, contractors, joint venturers, predecessors, successors, assigns, transferees, and all other individuals and entities acting on Google's behalf in connection with the Released Claims.

1.44　　"Releasing Party" means Plaintiffs and all Settlement Class Members and each of their respective current or former directors, officers, trustees, beneficiaries, insurers, predecessors, successors, assigns, legatees, heirs, partners, agents, personal representatives, and all other individuals or entities acting on a Releasing Party's behalf.

1.45　　"Request for Exclusion" means, in a form mutually agreeable to the Parties, the document Settlement Class Members submit to request exclusion from the Settlement Class, which must be completed and returned in the manner and within the time period specified in Section 7.

1.46      "Residual Settlement Payment" means the amount, if any, to be paid to the Residual Cy Pres Recipient after all distributions to Settling Class Members.

1.47      "Residual *Cy Pres* Recipient" means the entity, to be selected by the Parties' mutual agreement, that will receive the Residual Settlement Payment, if any.

1.48      "Settlement Administrator" means a third-party class action settlement administrator to be selected by the Parties' mutual agreement, whose responsibilities will include overseeing and implementing the Notice Plan and managing the dissemination of funds from the Common Fund until all financial obligations under this Agreement have been satisfied and no funds remain in the Common Fund.

1.49      "Settlement Class" means all Persons in the United States who submitted a search query to Google and clicked on a search result at any time during the period commencing on October 25, 2006, up to and including September 30, 2013.

1.50      "Settlement Class Member" means any person who qualifies under the definition of "Settlement Class," excluding:  (i) Google, its subsidiaries and affiliates, officers, and directors; (ii) the judge(s) to whom these cases are or have been assigned and any member of the judge's or judges' immediate family; (iii) Persons who have settled with and released Google from individual claims substantially similar to those alleged in the Consolidated Complaint; (iv) Persons who submit a valid and timely Request for Exclusion pursuant to Section 7; and (v) Class Counsel.

1.51      "Settlement Fund" means the total sum that Google will pay in connection with this Agreement, as described in Paragraph 3.1.

1.52      "Settling Class Member" means Settlement Class Members who have not opted out from this Settlement Agreement.

1.53      "Settlement Website" means the third-party website, referred to in Paragraph 6.6, created and maintained by the Settlement Administrator to provide, among other things, Notice of Proposed Class Action Settlement and containing the operative complaint(s), and neutral information about this Agreement and the Notice of Proposed Class Action Settlement. The content of the Settlement Website, and its URL, shall be mutually agreed upon by the parties.

1.54      "Valid Claim" means a Settling Class Member's Claim Form that the Settlement Administrator has deemed valid and timely and accepted for Settlement Payment.

1.55      "Website Notice" means the formal legal notice of the proposed Settlement terms that will be hosted on the Settlement Website, as approved by Class Counsel, Google's Counsel, and the Court.

DocuSign Envelope ID: 08C4204B-E643-4620-9BA7-566897655409

## 2.    SETTLEMENT PURPOSES ONLY

2.1    This Agreement is for settlement purposes only, and to the fullest extent permitted by law, neither the fact or content of this Agreement or its attachments, nor any action based on it, shall constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim, of any fact alleged by Plaintiffs in the Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any Party.  Likewise, neither the fact or content of this Agreement, nor any action based on it, shall constitute, be construed as, or be admissible in evidence as an admission by any of the Parties of the validity or lack thereof of any claim, allegation, or defense asserted in this Action, or in any other action.  Google expressly denies any liability or wrongdoing.

2.2    Subject to approval by the Court, Google conditionally agrees and consents to certification of the Class for settlement purposes only and within the context of this Agreement only.  If this Agreement, for any reason, is not approved or is otherwise terminated, Google reserves the right to assert any and all objections and defenses to certification of a class, and neither this Agreement nor any order or other action relating to this Agreement shall be offered as evidence in support of a motion to certify a class for a purpose other than settlement pursuant to this Agreement.

2.3    If the Effective Date does not occur, this Settlement Agreement will be deemed null and void ab initio. In that event:

(a) The Preliminary Approval order and the Final Approval Order, if they have been entered by the Court, will be vacated by operation of law;

(b) The Parties will be restored to their respective positions immediately preceding execution of the Agreement, and any intervening Court rulings or decisions shall be vacated;

(c) No term or condition of the Agreement, or any draft thereof, or any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect; nor shall any such matter be admissible in evidence for any purpose in the Action or any other proceeding; nor shall any such matter be used in the Action for any purpose whatsoever;

(d) Google will retain all of its rights to object to any attempt by Plaintiffs to reference, cite to, or rely upon, in any way, the Agreement or any factual or legal statement or conclusion within it, including as to the feasibility of the maintenance of the Action as a class action.

## 3.    RELIEF

3.1    **Common Fund.** Google agrees to and shall deposit in an interest-bearing escrow or Qualified Settlement Fund account designated and controlled by the Settlement Administrator (the "Common Fund") the total sum of twenty-three million dollars ($23,000,000.00) (the "Settlement Fund").  That Settlement Fund will represent the

full payment to be made by Google under this Agreement, and the Settlement Administrator will draw from the Common Fund to cover all obligations with respect to costs related to this Agreement, including the expenses of the Settlement Administrator, the Notice Plan, any Incentive Awards, the Fee Award, and any other administrative fees and expenses in connection with this Agreement; provided, however, that the Parties must approve any payments to the Settlement Administrator. Google shall deposit the first installment of one million dollars ($1,000,000.00) within thirty (30) business days of entry of the Preliminary Approval Order. The remainder shall be deposited within thirty (30) days of the Effective Date. If this Agreement is terminated pursuant to Paragraph 7.6, the Settlement Administrator shall return all funds to Google within ten (10) days of the termination date; provided, however, that the Settlement Administrator need not return any funds already spent on notice and on reasonable Settlement Administrator expenses before the termination date. Other than the Settlement Fund, Google shall have no financial obligations to Plaintiffs, the Settlement Class, or the Settlement Administrator under this Agreement.

3.2    **No Liability for Investment.** Google, Google's Counsel, and Releasees shall have no liability, obligation or responsibility with respect to the investment, disbursement, or other administration or oversight of the Common Fund and shall have no liability, obligation or responsibility with respect to any liability, obligation or responsibility of the Settlement Administrator, including but not limited to, liabilities, obligations or responsibilities arising in connection with the investment, disbursement or other administration of the Common Fund.

3.3    **Satisfaction of Obligations.** Google's transfers of its contributions to the Common Fund shall constitute full and complete satisfaction of its obligations under this Agreement. Following Google's transfers of its contributions to the Common Fund, neither Google nor any Releasees shall have any liabilities, obligations or responsibilities with respect to the payment, disbursement, disposition or distribution of the Common Fund. Settlement Class Members shall look solely to the Common Fund for settlement and satisfaction against Google and any Releasees of all claims that are released herein: Fee, Cost, and Expense Award; Notice and Administrative Costs; all Service Awards; and all administrative or other costs and expenses arising out of or related to the Action or the Settlement. Settlement Class Members shall not under any circumstances be entitled to any further payment from Google or any Releasees with respect to the Released Claims, the Action, or the Settlement. If the Settlement Agreement becomes final and effective, payment of the Common Fund will fully satisfy any and all Released Claims. Except as provided by order of the Court, no Settlement Class Member shall have any interest in the Common Fund or any portion thereof

3.4    **Custody.** All funds in the Common Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Agreement and/or further order(s) of the Court.

3.5    **Taxes.**

(A)     Any tax liability, together with any interest or penalties imposed thereon, incurred by Google or any Releasees resulting from income earned on the Common Fund while under the control of the Settlement Administrator, or payments made from the Common Fund (or the receipt of any payment under this paragraph) shall be reimbursed from the Common Fund in the amount of such tax liability, interest or penalties promptly upon and in no event later than five (5) days after Google's or any Releasees' written request to the Settlement Administrator, provided that such request is made reasonably in advance of distribution or finalizing preparations for distribution of monies from the Common Fund.

(B)     Neither Google nor any Releasees nor Class Counsel shall have any liability, obligation, or responsibility whatsoever for tax obligations arising from payments to any Claimant, or based on the activities and income of the Common Fund while under the control of the Settlement Administrator. In addition, neither Google nor any Releasees shall have any liability, obligation, or responsibility whatsoever for tax obligations arising from payments to Class Counsel. The Settlement Administrator will be solely responsible for tax obligations relating to the activities and income of the Common Fund while under the control of the Settlement Administrator. Each Claimant will be solely responsible for his or her tax obligations. Each Class Counsel attorney or firm will be solely responsible for his, her, or its tax obligations.

### 3.6     No Liability.

Google shall have no liability whatsoever with respect to (i) any act, omission, or determination by Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the settlement or otherwise; (ii) the management, investment, or distribution of the Common Fund; (iii) the Plan of Allocation; (iv) the determination, administration, or calculation of claims to be paid to Claimants from the Common Fund; or (v) the payment or withholding of taxes or related expenses, or any expenses or losses incurred in connection therewith. The Settlement Class Members who are also Releasing Parties, Class Representatives, and Class Counsel release Google from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

### 3.7     Injunctive Relief.     Google agrees to maintain certain Agreed-Upon Disclosures concerning search queries on or before the date of Notice of Proposed Class Action Settlement pursuant to the Notice Plan.  These Agreed-Upon Disclosures will appear on Google's "FAQs" webpage currently located at https://policies.google.com/faq/, "Key Terms" webpage currently located at https://policies.google.com/privacy/key-terms, and the "Find & Control Your Web & App Activity" webpage currently located at https://support.google.com/websearch/answer/54068, as further described in Exhibit A.  If a subsequent change to Google's services renders the Agreed-Upon Disclosures inaccurate, Google may, in its discretion, make future changes to its disclosures to ensure continued accuracy.  Likewise, Google may, in its discretion, change the form or placement of the disclosures as part of future changes to its privacy policies, provided that the substance remains substantially the same and that it is provided as part of online locations containing significant disclosures and information about Google's privacy practices, which are

reasonably accessible to the user.  Google will not be required or requested to make any changes to its homepage www.google.com or to the practices or functionality of Google Search, Google AdWords, Google Analytics, or Google Web History.

**3.8**     **Disposition of the Settlement Fund.**  The Settlement Fund shall be applied as follows:

(A)     To pay all Notice and Administrative Costs;

(B)     To pay the taxes described herein;

(C)     After the Effective Date, to pay the Fee, Cost, and Expense Award, and any Service Awards;

(D)     After the Effective Date, to distribute the Net Settlement Fund to Claimants in accord with the Final Approval Order or any subsequent order of the Court;

(E)     If a *de minimis* Residual Amount remains after the distribution in Paragraph __ (D) above, to make the Residual Settlement Payment to the Residual *Cy Pres* Recipient.

**3.9**     No portion of the Settlement Fund or interest thereon will revert to Google.

**3.10**     **Settlement Payments to Settlement Class Members**. After the Effective Date, Settlement Payments shall be made from the Net Settlement Fund to Settlement Class Members who submit Valid Claims in accordance with the Plan of Allocation.

**3.11**     **Plan of Allocation.** The Net Settlement Fund shall be allocated to Claimants on a pro rata basis.  To reduce or eliminate any residual amount, any remainder amounting to less than one cent per Claimant shall be allocated in the order that claims were received until the Settlement Fund is exhausted.

**3.12**     **Disposition of Residual Amounts.**  If, despite the best efforts of the Settlement Administrator, a residual amount remains after distribution (for example, because claims contain erroneous payment information that cannot be corrected), all remaining funds shall be distributed pro rata to timely Claimants.  If the cost of fairly distributing the remaining balance exceeds the balance available to be distributed, the remaining balance shall be paid to the Residual *Cy Pres* Recipient as a Residual Settlement Payment.

**3.13**     **Payment Method.**     For each Claimant, the Settlement Administrator shall provide Settlement Payments through an Electronic or Other Payment option to be selected by Claimant on the Claim Form. Settlement Class Members with Valid Claims who fail to provide sufficient or correct information to permit such Electronic or Other Payment, shall, after a reasonable attempt to resolve any such Settlement Payment issues, relinquish their right to Settlement Payments. Settlement Class Members receiving

Settlement Payments via check shall have ninety (90) days to deposit, cash, or negotiate the checks; otherwise, the checks will become null and void. In such instance, the uncashed checks will be handled according to § 3.12.

**3.14    Timing of Payment.** Settlement Payments from the Net Settlement Fund shall be distributed to Claimants within 60 days following the Effective Date. Residual Settlement Payments from the Net Settlement Fund shall be distributed to Claimants within 120 days following the Effective Date. If applicable, payments to the approved Residual *Cy Pres* Recipient, shall be distributed within 180 days following the Effective Date.

**4.    CLAIMS PROCESS.**

**4.1    Claim Form.** Each Settlement Class Member shall be entitled to submit no more than one Claim for a Settlement Payment as described in this section.

(A)    The Claim Form shall, among other terms, require the Settlement Class Member to: (1) provide his or her current contact information (including email address) and Electronic or Other Payment information that the Settlement Administrator deems necessary; (2) attest that the Settlement Class Member clicked on a Google Search result during the Class Period; and (3) affirm under oath that the information he or she submits is, to the best of his or her knowledge, true and correct.

(B)    The Claim Form will be available on the Settlement Website and may be completed and submitted online.

**4.2    Deadline to file claims.** To be considered timely, all Claim Forms must be submitted on the Settlement Website by the Claims Deadline, which shall be clearly stated in the Notice, on the Claim Form, and on the Settlement Website.

(A)    Claim Forms submitted electronically on the Settlement Website must be submitted by 11:59 p.m. Pacific Time on the Claims Deadline.

(B)    Late claims may be considered if deemed appropriate by the Settlement Administrator in consultation with Class Counsel, or if ordered by the Court.

**4.3    Claims review**. The Settlement Administrator shall review all Claims to determine their validity. The Settlement Administrator may reject any Claim that does not comply in any material respect with the instructions on the Claim Form; is not submitted by a Settlement Class Member; is a duplicate of another Claim; is deemed by the Settlement Administrator to be a fraudulent Claim; or is submitted after the Claims Deadline. The decision of the Settlement Administrator shall be final as to the determination of the Claimant's recovery.

**4.4    Notification of Rejected Claims**. The Settlement Administrator shall promptly notify, via the email address provided by the Claimant, all Rejected Claimants whose Claim Form the Settlement Administrator proposed to reject, in whole, or in part, and provide its reasons.

**4.5    Claims disputes and inquiries**. The Settlement Administrator shall notify Class Counsel and Google's Counsel of any disputes regarding the rejection of a Claim. Class Counsel and Google's Counsel may review any Claims rejected by the Settlement Administrator. If Class Counsel and Google's Counsel agree that a Claim was improperly rejected, the Claim shall be deemed valid and shall be paid. If Class Counsel and Google's Counsel do not agree as to whether a Claim was improperly rejected, the decision of the Settlement Administrator shall be final.

**4.6    Claims processing**. As soon as reasonably possible after the Claims Deadline, after all Claims have been processed to determine their validity, the Settlement Administrator will provide Class Counsel and Google's Counsel with a list of Claimants with Valid Claims and a list of all Claims it deems invalid or untimely.

**4.7    Reporting and claims database**. The Settlement Administrator will maintain a database of Claims, which will include all relevant information captured from Claimants' Claim Forms.

## 5.    SUBMISSION FOR PRELIMINARY APPROVAL

**5.1**    Within thirty (30) days of the execution of this Agreement, Class Counsel shall submit this Agreement to the Court and request that the Court enter the Preliminary Approval Order in a form mutually agreed to by all Parties.

**5.2**    Class Counsel will take any acts reasonably necessary to carry out this Settlement Agreement's expressed intent.

## 6.    NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**6.1**    The Settlement Administrator will be allocated up to one million dollars ($1,000,000.00) out of the Settlement Fund to implement a Notice Plan, subject to the Parties' agreement in consultation with the Settlement Administrator and further subject to Court approval as part of the Preliminary Approval Order and consistent with the requirements of due process.  The Parties shall agree to the Notice Plan before submission of this Agreement for preliminary approval.

**6.2**    The specific text and content of the Notice Plan and Notice of Proposed Class Action Settlement will be mutually agreed upon by the Parties and will follow the Procedural Guidance for Class Action Settlements issued by the United States District Court for the Northern District of California.

**6.3**    The Settlement Administrator will oversee and implement the Notice Plan.  Although the Settlement Administrator may purchase commercial services at standard rates from Google as part of the Notice Plan, Google has no obligation to otherwise facilitate delivery of the Notice of Proposed Class Action Settlement.  For example, Google will have no obligation to send bulk email messages to any Person or group of Persons.  All costs associated with the Notice Plan and Settlement Administrator will be paid as part of the overall payment obligation in Paragraph 3.8.

**6.4**     The Notice Plan may include a paid search campaign on Google to help drive Class Members who are actively searching for information about the Settlement to the Settlement Website. Any such campaign will be purchased on an arms' length basis from Google.

**6.5**     The Notice Plan will be implemented, and all announcements at least initially posted on the Settlement Website, within seven (7) days of entry of the Preliminary Approval Order.

**6.6**     The Settlement Website shall (i) post, without limitation, the operative complaint(s), this Settlement Agreement, Long Form Notice, Claim Form, and Opt-Out Form; (ii) notify Settlement Class Members of their rights to object or opt out; (iii) inform Settlement Class Members that they should monitor the Settlement Website for developments; (iv) provide current estimates of the minimum and (after 30 days of operation) maximum estimates of the claim based on the number of participating Settlement Class Members; and (v) notify Settlement Class Members that no further notice will be provided to them once the Court enters the Final Order and Judgment, other than through updates on the Settlement Website. The Settlement Website will include the Claim Form and Opt-Out Form; answers to frequently asked questions; a list of important deadlines; case documents, and contact information for the Settlement Administrator. Google's Counsel and Class Counsel must agree to any additions or revisions to the Settlement Website design or content. Class Counsel, Google's Counsel, and the Settlement Administrator will jointly select the domain name for the Settlement Website.

**6.7**     The Settlement Administrator will establish appropriate means by which Settlement Class Members may submit questions regarding the Settlement. The Settlement Administrator will respond promptly to administrative inquiries received from Settlement Class Members and may direct substantive inquiries to Class Counsel.

**6.8**     The Settlement Website will remain active until at least thirty (30) days after the Effective Date, but the Settlement Administrator will disable online submissions of the Claim Form and the Opt-Out Form immediately following the Claims Deadline and the Objection and Exclusion Deadline.

**6.9**     Within ten (10) days after filing of this Settlement Agreement with the Court, the Settlement Administrator, on Google's behalf, shall notify the appropriate state and federal officials of this Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.  Before the Preliminary Approval hearing, the Settlement Administrator shall provide proof of service of such notice for filing with the Court.

**7.     SETTLEMENT CLASS MEMBERS' RIGHT OF EXCLUSION**

**7.1**     A Settlement Class Member may request exclusion from the Settlement Class up until the Opt-Out Deadline.  To request exclusion, the Settlement Class Member must complete, sign, and submit to the Settlement Administrator a Request for Exclusion.  This Opt-Out Form may be submitted electronically on the Settlement Website.

The Request for Exclusion must be signed or e-signed by the Settlement Class Member seeking exclusion under penalty of perjury.

**7.2** The Request for Exclusion must be submitted electronically no later than 11:59 p.m. PST on or before the Objection and Exclusion Deadline.

**7.3** Any person or entity who falls within the definition of the Settlement Class and who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Settlement Agreement; shall not be eligible to make a Claim for any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an Objection to the Settlement.

**7.4** The Parties shall have the right to challenge the timeliness and validity of any Request for Exclusion. The Court shall determine whether any contested exclusion request is valid.

**7.5** Within ten (10) days after the Opt-Out Deadline, the Settlement Administrator will provide the Parties a list of all Persons who opted out by validly requesting exclusion. This Exclusion List shall be filed with the Court as part of the Motion for Final Approval.

**7.6** **Termination Based On Excessive Opt-Outs**. If the number of Settlement Class Members requesting exclusion exceeds 10,000, then Defendant may, after meeting and conferring with Class Counsel, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement. Such notification of intent to terminate the Settlement Agreement must be provided within 14 days of the date that the Exclusion List is provided to the Parties by the Settlement Administrator. If this Settlement Agreement is terminated, it will be deemed null and void ab initio and Section 16 below will apply.

## 8. OBJECTIONS

**8.1** Any Settlement Class Member who does not submit a valid and timely Request for Exclusion may object to the fairness, reasonableness, or adequacy of this Agreement. Settlement Class Members may not seek to exclude themselves from the Settlement Class *and* submit an objection to this Agreement.

**8.2** **Submission of Objections.** No later than twenty-one (21) days before the Final Approval Hearing, any Settlement Class Member who wishes to object to any aspect of this Agreement must file a written statement of the objection(s) with the Court, and send to Class Counsel and Google's counsel. The written statement of the objection(s) must (i) identify the case name and number, (ii) state the Settlement Class Member's full name, address, email address, and telephone number; (iii) include the full name, address, telephone number, and email address of the Objector's counsel (if any); (iv) state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) state with specificity each objection, as well as the specific reasons, if any, for each objection, including any evidence and legal authority the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his/her objection(s); (vi) identify the number of class

DocuSign Envelope ID: 00C4204B-E643-4628-8BA7-E68076554D9

action settlements objected to by the Settlement Class Member in the last three years, and list those cases by case name and number; and (vii) be verified by an accompanying declaration submitted under penalty of perjury or a sworn affidavit demonstrating that the Settlement Class Member is entitled to be included as a member of the Settlement Class.

8.3     Settlement Class Members may raise an objection either on their own or through an attorney hired at their own expense.  If a Settlement Class Member retains an attorney other than Class Counsel to represent him or her, the attorney must, no later than twenty-one (21) days before the Final Approval Hearing or as the Court otherwise may direct, (i) file a notice of appearance with the Court and (ii) deliver a copy of the notice of appearance on Class Counsel and Google's counsel. If an Objector makes an Objection through an attorney, the Objector shall be solely responsible for the Objectors attorneys' fees and costs unless the Court orders otherwise.

8.4     An Objector who has submitted a timely written Objection may attend the Final Approval Hearing at his or her own expense. Settlement Class Members, or their attorneys other than Class Counsel, intending to make an appearance at any hearing relating to this Agreement, including the Final Approval Hearing, must file with the Court, and deliver a notice of their intention to appear at that hearing to Class Counsel and Google's counsel, no later than twenty-one (21) days before the date of the hearing at which they plan to appear, or as the Court otherwise may direct.

8.5     Objections must be submitted by the Objection and Exclusion Deadline.

(A)     Objections submitted through ECF must be submitted by 11:59 p.m. PST on the date of the Objection and Exclusion Deadline.

(B)     Objections submitted by postal mail must be postmarked by the Objection and Exclusion Deadline. The date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an Objection has been timely submitted. If a postmark is illegible or unavailable, the date of mailing shall be deemed to be three days before the date that the Court scans the Objection into the electronic case docket.

8.6     Any Settlement Class Member who fails to comply with the provisions of the preceding subsections shall waive and forfeit any and all rights he or she may have to appear separately and/or object, shall be bound by all the terms of this Agreement and by all proceedings, orders, and judgments in the Action, and shall be forever barred from making any objection to the Agreement and the proposed Settlement by appearing at the Final Approval Hearing, appeal, collateral attack, or otherwise.

9.     SETTLEMENT ADMINISTRATION

9.1     Duties of Settlement Administrator.  The Settlement Administrator shall perform the functions specified in this Agreement, including, but not limited to, overseeing administration of the Settlement Fund; coordinating notice to Settlement Class Members; establishing and operating the Settlement Website and a toll-free number;

administering the claims processes; and distributing settlement payments according to the processes and criteria set forth herein. In addition to other responsibilities that are described in this Agreement, the duties of the Settlement Administrator include:

> (A)     Effecting Notice in accordance with the procedures set forth herein;

> (B)     Establishing and maintaining the Settlement Website that, among other things, allows Settlement Class Members to submit claims electronically;

> (C)     Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

> (D)     Responding to any mailed or emailed Settlement Class Member inquiries;

> (E)     Processing all written notifications of exclusion from the Settlement Class;

> (F)     Providing weekly reports that summarize the number of written notifications of exclusion received that week, the total number of written notifications of exclusion received to date, and other pertinent information as requested by Class Counsel and Google's counsel;

> (G)     Before the Final Approval Hearing, preparing affidavits to submit to the Court that: (i) attest to implementation of the Notice Plan in accordance with the Preliminary Approval Order; and (ii) identify each Settlement Class Member who timely and properly provided written notification of exclusion from the Settlement Class; reviewing, determining the validity of, and processing all Claims submitted by Settlement Class Members, pursuant to criteria set forth herein;

> (H)     Providing weekly reports and a final report to Class Counsel and Google's counsel that summarize the number and amount of Claims since the prior reporting period, the total number and amount of Claims received to date, the number and amount of any Claims approved and denied since the prior reporting period, the total number and amount of Claims approved and denied to date, and other pertinent information as requested by Class Counsel and Google's counsel;

> (I)     Providing any information as may be needed for a Post-Distribution Accounting as set forth in the Northern District of California Procedural Guidance for Class Action Settlements;

> (J)     Performing any function related to Settlement administration at the agreed-upon instruction of both Class Counsel and Google's counsel, including, but not limited to, verifying that cash payments have been distributed in accordance with this Agreement; and,

DocuSign Envelope ID: 00C4204B-E643-4628-8BA7-E68076554D9

(K)     Performing CAFA notice and any and all other reasonable and necessary tasks.

## 10.     SUBMISSION FOR FINAL APPROVAL

**10.1**     At least 35 days before the Final Approval Hearing, Plaintiffs, in consultation with Google, shall move the Court for the Final Approval Order seeking

(A)     Final Approval of the Settlement, approving the terms of this Settlement to be fair, reasonable, and adequate and in the best interest of Settlement Class Members;

(B)     A finding that the Notice complied with the Settlement Agreement, all applicable law, and due process;

(C)     Distribution of the Settlement Fund and approval of the Settlement Payments and Residual Settlement Payments; and

(D)     Dismissal of the Action with prejudice, entry of judgment, and entry of a Final Approval Order.

## 11.     CLASS COUNSEL FEES AND COSTS AND SERVICE AWARDS

**11.1**     Plaintiffs may apply to the Court seeking a reasonable proportion of the Settlement Fund as payment of any reasonable attorneys' fees and costs ("Fee Award"). The Fee Award will be paid as part of the Settlement Fund specified in Paragraph 3.2. It is not a condition of this Settlement that any particular amount of attorneys' fees, costs, expenses, or service awards be approved by the Court, or that such fees, costs, expenses or awards be approved at all.  Google expressly reserves the right to oppose the motion seeking a Fee, Cost, and Expense Award.

**11.2**     At least 35 days before the Objection and Exclusion Deadline, Class Counsel will file a motion for award of attorneys' fees, costs, and expenses. Class Counsel's motion for attorneys' fees, costs, and expenses will also be posted on the Settlement Website.  In its Motion for Preliminary Approval of the Settlement and supporting papers, Class Counsel will provide the maximum amount of the Settlement Fund it will seek from the Court as attorneys' fees, as well as the total amount of costs and expenses (or best estimates for costs and expenses not yet charged) for which it will seek reimbursement. On or before the Notice Date, these amounts will also be disclosed in the Settlement Notice, which shall be posted on the Settlement Website.

**11.3**     Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or service awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate or cancel this Settlement Agreement, or affect or delay the finality of the Final Order and Judgment, except that any modification, order or judgment cannot result in Google's overall obligation exceeding the Settlement Fund specified in Paragraph 3.1.  The Settlement Administrator will distribute from the Common Fund any Fee Award approved by the Court within

DocuSign Envelope ID: 00C4204B-E643-4628-8BA7-E68076554D9

fourteen (14) days of the Effective Date. The Settlement Administrator shall wire the amount awarded in the Fee Award to Nassiri & Jung LLP, on behalf of all Class Counsel; Nassiri & Jung LLP shall be solely responsible for distributing the Fee Award among Class Counsel.

**11.4** In recognition of Plaintiffs' efforts on behalf of the Settlement Class, and subject to Court approval, Class Counsel may apply to the Court for an award for each Plaintiff of up to $5,000 each, as appropriate compensation for their time and effort expended in serving as Class Representatives. The Incentive Award will be paid as part of the Settlement Fund specified in Paragraph 3.1. It shall be paid contemporaneously and in the same manner as any Fee Award, as specified in Paragraph 11.3.

**11.5** Except as otherwise provided in this section, each Party will bear its own costs, including attorneys' fees, incurred in connection with the Action.

## 12.    RELEASES

**12.1** Upon entry of the Final Order and Judgment, and regardless of whether any Settlement Class Member executes and delivers a written release, each Plaintiff and each Settlement Class Member (each of whom is a Releasing Party) shall be deemed to waive, release and forever discharge Google and the Releasees from all Released Claims, whether or not known. Each Releasing Party is deemed to provide the waiver, release and discharge on his, her, or its own behalf, as well as on behalf of any administrators, affiliates, agents, assigns, attorneys, beneficiaries, contractors, dependents, descendants, directors, employees, executors, heirs, insurers, investors, joint venturers, members, officers, parents, predecessors, related entities, representatives, servants, shareholders, subsidiaries, successors, underwriters, units, and anyone else who could bring any Released Claim on his, her, or its behalf or based on a transfer of rights—by law, contract, or otherwise—from any Releasing Party. Each Releasing Party shall be forever barred from asserting, instituting, or maintaining against the Releasees, any and all Released Claims, as defined in this Agreement.

**12.2** The release described in Paragraph 12.1 is, and shall remain, a full and complete release, notwithstanding the discovery or existence of any additional or different facts or claims existing before the Effective Date. The Releasing Parties shall, by operation of the Final Order and Judgment, expressly waive the provisions of California Civil Code § 1542 (and all other similar provisions of law) to the full extent that these provisions may be applicable to this release. California Civil Code § 1542 provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

**12.3** All Parties shall, by operation of the Final Order and Judgment, be deemed to assume the risk that facts additional, different, or contrary to the facts which each believes or understands to exist, may now exist or may be discovered after the release set forth in this Agreement becomes effective, and the Parties shall, by operation of the Final Order and Judgment, be deemed to have agreed that any such additional, different, or contrary facts shall in no way limit, waive, or reduce the foregoing releases, which shall remain in full force and effect.

**12.4** Nothing in this Agreement shall be construed in any way to prejudice or interfere with any Releasing Party's ability to pursue his, her, or its rights under any applicable insurance policies.

**12.5** The Release shall not bar a claim, complaint, action, or proceeding for breach of this Settlement Agreement.

## 13. EXCLUSIVE REMEDY; DISMISSAL OF ACTION; JURISDICTION OF COURT

**13.1** This Agreement shall be the sole and exclusive remedy for any and all Released Claims. Upon entry of the Final Order and Judgment, each Settlement Class Member shall be barred from initiating, asserting, or prosecuting any Released Claims against Google or the Releasees. If any Settlement Class Member attempts to prosecute an action in contravention of the Final Order and Judgment and this Agreement, counsel for any of the Parties may forward this Agreement and the Final Order and Judgment to such Settlement Class Member and advise him, her, or it of the releases provided pursuant to this Agreement.

**13.2** Upon entry of Final Order and Judgment, the Action shall be dismissed with prejudice.

**13.3** Before pursuing relief or submitting any dispute relating to this Agreement or the Actions to the Court, the Parties and Class Counsel agree to mediate the dispute before Magistrate Judge Sallie Kim of the Northern District of California.

**13.4** The exclusive jurisdiction for any court action, suit or proceeding arising out of or related to this Agreement shall be the federal or state courts of Santa Clara County, California. The Parties (i) irrevocably submit to the personal jurisdiction of; (ii) waive any objection to venue in; and (iii) waive any objection to the convenience of litigating in the above courts in any claim arising out of or related to this Agreement.

## 14. SUCCESSORS AND ASSIGNS

**14.1** This Agreement and the obligations and benefits of this Agreement will be binding upon and inure to the benefit of, and be enforceable by and against, each of the Parties and their respective successors and assigns. The Parties have an affirmative duty to ensure that this Agreement and the obligations and benefits of this Agreement will be binding upon and inure to the benefit of, and be enforceable by and against, each of the Parties and their respective successors and assigns.

15.     **DESTRUCTION OF NON-PUBLIC MATERIAL**

**15.1**     The Parties will comply with the terms of the Protective Order entered in the Action. In addition to the Parties' respective obligations with respect to the destruction of non-public information under the Protective Order entered in this Action, the Parties further agree that within thirty (30) days of the Effective Date, the Parties will destroy or return, except as indicated below, all nonpublic information acquired from the other Party during the course of the Action. Unless otherwise requested by Google in writing, all material marked as relating to Google's Source Code produced during the Action will be destroyed within thirty (30) days of the Effective Date. The Parties' counsel will each issue verifications certifying that the provisions of this paragraph have been complied with within forty-five (45) days of the Effective Date

16.     **TERMINATION OF THE AGREEMENT**

**16.1**     The performance of this Agreement is expressly contingent upon achieving the Effective Date.  This includes both (i) the entry of the Preliminary Approval Order approving this Agreement, including the Notice Plan, and the Final Order and Judgment approving this Agreement and the expiration of all appeal periods and appeal rights without modification to the Final Order and Judgment that any Party deems material. If the Court fails to issue either (i) the Preliminary Approval Order or (ii) the Final Order and Judgment approving this Agreement without modification that any Party deems material following conclusion of the Final Approval Hearing, or if the circumstances in Paragraph 7.6 are met, this Agreement will be deemed terminated.

**16.2**     If the Court orders additions or modifications to this Agreement deemed material by any Party, the Parties will each have the right to terminate the Settlement Agreement within 7 days from the date of the Court's order or proposal. If the other party contests the materiality of the addition or modification to the Agreement, the Parties shall mediate the issue before Magistrate Judge Sallie Kim or, if she is unavailable, a different Magistrate Judge of the Northern District of California or such other person to whom the Parties mutually agree  If any Party elects to terminate the Settlement Agreement pursuant to this section, the Agreement will be deemed null and void ab initio and the provisions of Section 16.5 will apply.

**16.3**     If the Final Order and Judgment is vacated, modified in a manner deemed material by any Party, or reversed, in whole or in part, this Agreement will be deemed terminated (except with respect to rulings on any Fee Award or Service Award), unless all Parties who are adversely affected thereby, in their sole discretion within thirty (30) days of receipt of such ruling, provide written notice through counsel to Class Counsel and Google of their intent to proceed with this Agreement as modified by the Court or on appeal.

**16.4**     Notwithstanding the foregoing, the Parties will not be entitled to terminate this Settlement Agreement based on any order relating to Class Counsel's anticipated motion for a Fee, Cost, and Expense Award or to Plaintiffs' anticipated motion

for Service Awards to the Named Plaintiffs, nor any appeal from such order or reversal or modification thereof.

      **16.5**    If this Agreement is deemed terminated pursuant to any provision in Paragraph 16.1, it will have no force or effect whatsoever, shall be null and void, and will not be admissible as evidence for any purpose in any pending or future litigation in any jurisdiction.

## 17.    CONFIDENTIALITY

      **17.1**    Other than responses to inquiries from governmental entities or as necessary to comply with federal and state tax and securities laws, no Party shall initiate any publicity relating to or make any public comment regarding this Agreement until a motion seeking the Preliminary Approval Order is filed with the Court.

      **17.2**    Unless and until all Parties execute this Agreement and present it to the Court in a motion seeking the Preliminary Approval Order, the Parties agree that all terms of this Agreement will remain confidential and subject to Federal Rule of Evidence 408.

## 18.    MISCELLANEOUS PROVISIONS

      **18.1**    This Agreement, including all attached exhibits, shall constitute the entire agreement among the Parties (and covering the Parties and the Settlement Class) with regard to the subject matter of this Agreement and shall supersede any previous agreements and understandings between the Parties.

      **18.2**    This Agreement may not be changed, modified, or amended except in writing signed by Class Counsel and Google's counsel, subject to Court approval if required.

      **18.3**    Each person who executes this Agreement on behalf of a Party represents and warrants to the other Party that such person has all the requisite authority and has obtained all necessary approvals to do so.  Each Party represents and warrants that it enters into this Agreement of his, her, or its own free will.  Each Party is relying solely on its own judgment and knowledge and is not relying on any statement or representation made by any other Party or any other Party's agents or attorneys concerning the subject matter, basis, or effect of this Agreement.

      **18.4**    This Agreement has been negotiated at arm's length by Class Counsel and Google's counsel.  In the event of any dispute arising out of this Agreement, or in any proceeding to enforce any of the terms of this Agreement, no Party shall be deemed to be the drafter of this Agreement or of any particular provision or provisions, and no part of this Agreement shall be construed against any Party on the basis of that Party's identity as the drafter of any part of this Agreement.

      **18.5**    The Parties agree to work in good faith to effectuate the settlement proposed in this Agreement.  The Parties agree to cooperate fully and to take all additional

DocuSign Envelope ID: 80C4204B-E643-4628-8BA7-E658076554D9

action that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.  Class Counsel will draft and file the motions for Preliminary Approval and Final Approval. Google's Counsel will be provided with advance copies of these papers at least 7 calendar days prior to filing, and may join the motions or file separate briefs in support of Preliminary and Final Approval of the Settlement. Class Counsel will be provided with advance copies of any papers in support of preliminary or final approval that Google proposes to file at least two business days before filing. This Agreement shall be binding upon and inure to the benefit of all the Parties and Settlement Class Members, and their respective representatives, heirs, successors, and assigns.

      **18.6**    The headings of the sections of this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

      **18.7**    This Agreement shall be interpreted, enforced, construed and controlled by the laws of the State of California, without reference to principles of conflicts of law or choice of law provisions.

      **18.8**    The invalidity or unenforceability of any provision of this Agreement other than the Release in Paragraph 12.1 shall not affect the validity or enforceability of any other provision. If any provision (or part of a provision) of this Agreement is found to be invalid, illegal, or unenforceable, the rest of the Agreement shall remain in effect.

      **18.9**    **Specific Prohibitions**. The following specific prohibitions shall apply to the Settlement Agreement:

      (A)    No Assignment: The Settlement Agreement, including any of the rights and duties of each Party under the Agreement, may not be assigned without prior written approval by the other Parties.

      (B)    No Waiver: No Party will be treated as having waived any rights or privileges, including attorney-client privilege, as the result of the Settlement Agreement. Additionally, a waiver of any breach of the Settlement Agreement by any Party shall not be deemed to be a waiver by any Party of any other breach of the Agreement.

      (C)    No Third-Party Beneficiaries: The Settlement Agreement does not confer any benefits on any third party.

      **18.10**    **Execution in Counterparts**: This Agreement may be executed by the Parties in counterparts and exchanged by electronic means, including facsimile, PDF, and other electronic means, with the same effect as if all Parties had signed the same instrument.

      **18.11**    **Amendments**. Any amendment must be in writing, signed by Class Counsel and Google's Counsel, and expressly state that it is amending the Settlement Agreement.

     **18.12**   **Communications with Settlement Class Members**. Google reserves the right to continue any and all ordinary-course-of-business communications with Settlement Class Members. Should it become evident in the course of any such communication that a Settlement Class Member is inquiring regarding the settlement memorialized in this Agreement, Google shall refer the inquiry to the Settlement Administrator or to Class Counsel.

     **18.13**   **Notice.** Any notice, instruction, court filing, or other document to be given by any Party to any other Party shall be in writing and sent by email delivered personally or sent by registered or certified mail, postage prepaid, or overnight delivery service to the respective representatives identified below or to other recipients as the Court may specify.  As of the date of this Agreement, these respective representatives are as follows:

     For the Settlement Class:

     NASSIRI & JUNG LLP
     c/o Kassra P. Nassiri
     1700 Montgomery St, Suite 207
     San Francisco, CA 94111

     kass@njfirm.com

     For Google:

     To Google LLC:

     General Counsel
     Legal Department
     Google LLC
     1600 Amphitheatre Parkway
     Mountain View, CA 94043
     legal-notices@google.com

MAYER BROWN LLP
c/o Edward D. Johnson
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112

wjohnson@mayerbrown,com

**18.14**    This Agreement shall be dissolved, and shall be null and void, if the Parties do not execute this Agreement, if the Court does not preliminarily or finally approve this Agreement, or if this Agreement does not become final and effective due to any ruling on any appeals or remand from any appeals.  If the Court does not approve this Agreement in its entirety (except as provided in Paragraph 16.4), or if the approval is not upheld in its entirety on any appeals and remand from any appeals, this Agreement cannot be enforced against either Party; in other words, until Final Approval, this Agreement's terms are not separable unless otherwise subsequently agreed in writing or except as provided in Paragraph 16.3.

**18.15**    The Parties each represent and warrant that they have not sold, assigned, transferred, conveyed, subrogated, or otherwise disposed of any claim or demand covered by this Agreement.  If a Settlement Class Member has sold, assigned, transferred, conveyed, subrogated, or otherwise disposed of any claim or demand, the Person that acquired such claim or demand is bound by the terms of this Agreement to the same extent as the Settlement Class Member would have been but for the sale, assignment, transfer, conveyance, or other disposition.

**18.16**    The signatories to this Agreement represent that they have been duly authorized to execute this Agreement on behalf of the Parties they purport to represent.

Dated: August __, 2022.　　　　　　Plaintiff Paloma Gaos
　　　　8/26/2022

DocuSigned by:

*Paloma Gaos*

49EB3E97BF574A9...

Individually and in her representative capacity


Dated: August __, 2022.　　　　　　Plaintiff Anthony Italiano



Individually and in his representative capacity


Dated: August __, 2022.　　　　　　Plaintiff Gabriel Priyev



Individually and in his representative capacity


Dated: August __, 2022.　　　　　　NASSIRI & JUNG LLP
　　　　8/26/2022

DocuSigned by:

7D85359B35C649A...

Kassra Nassiri
on behalf of Plaintiffs Paloma Gaos and Anthony
Italiano


Dated: August __, 2022.　　　　　　KAMBERLAW, LLC



Michael Aschenbrener
on behalf of Plaintiffs Paloma Gaos and Anthony
Italiano

Dated: August __, 2022.                    Plaintiff Paloma Gaos


                                           Individually and in her representative capacity


Dated: August 17, 2022.                    Plaintiff Anthony Italiano


                                           Individually and in his representative capacity


Dated: August __, 2022.                    Plaintiff Gabriel Priyev


                                           Individually and in his representative capacity


Dated: August __, 2022.                    NASSIRI & JUNG LLP


                                           Kassra Nassiri
                                           on behalf of Plaintiffs Paloma Gaos and Anthony
                                           Italiano


Dated: August __, 2022.                    KAMBERLAW, LLC


                                           Michael Aschenbrener
                                           on behalf of Plaintiffs Paloma Gaos and Anthony
                                           Italiano

Dated: August __, 2022.                    Plaintiff Paloma Gaos


                                           Individually and in her representative capacity


Dated: August __, 2022.                    Plaintiff Anthony Italiano


                                           Individually and in his representative capacity


Dated: August 24, 2022.                    Plaintiff Gabriel Priyev

                                           DocuSigned by:
                                           *Gabriel Priyev*
                                           60CC9DD6D60D4D8...

                                           Individually and in his representative capacity


Dated: August __, 2022.                    NASSIRI & JUNG LLP


                                           Kassra Nassiri
                                           on behalf of Plaintiffs Paloma Gaos and Anthony
                                           Italiano


Dated: August __, 2022.                    KAMBERLAW, LLC


                                           Michael Aschenbrener
                                           on behalf of Plaintiffs Paloma Gaos and Anthony
                                           Italiano

Dated: August __, 2022.                    Plaintiff Paloma Gaos


                                           Individually and in her representative capacity

Dated: August __, 2022.                    Plaintiff Anthony Italiano


                                           Individually and in his representative capacity

Dated: August __, 2022.                    Plaintiff Gabriel Priyev


                                           Individually and in his representative capacity

Dated: August __, 2022.                    NASSIRI & JUNG LLP


                                           Kassra Nassiri
                                           on behalf of Plaintiffs Paloma Gaos and Anthony
                                           Italiano

Dated: August 24, 2022.                    KAMBERLAW, LLC


                                           Michael Aschenbrener
                                           on behalf of Plaintiffs Paloma Gaos and Anthony
                                           Italiano

Dated: August __24__, 2022.                    PROGRESSIVE LAW GROUP, LLC

                                               DocuSigned by:
                                               *Mark Bulgarelli*
                                               F3FFF7B8FD454A2...

                                               Mark Bulgarelli
                                               on behalf of Plaintiff Gabriel Priyev


Dated: August 10, 2022.                        GOOGLE LLC

                                               DocuSigned by:
                                               *Renny Hwang*
                                               5BAA27C77BAF4C8...

                                               Renny Hwang
                                               Director, Litigation

## EXHIBIT A TO SETTLEMENT AGREEMENT

1.      Content for Disclosure on Google's "FAQ" webpage:

A disclosure in substantially the same content and form as the following shall be included and maintained on Google's "FAQ" webpage currently located at https://policies.google.com/faq/

**"Are my search queries sent to websites when I click on Google Search results?**

Typically, no. When you click on a search result in Google Search, your web browser sends certain information to the destination webpage. Your search terms may appear in the Internet address, or URL, of the search results page, but Google Search is intended to prevent browsers from sending that URL to the destination page as the Referrer URL. We provide data about search queries via Google Trends and Google Search Console, but when we do, we aggregate queries together so that we only share queries issued by multiple users."

2.      Content for Disclosure on Google's "Key Terms" webpage:

A disclosure in substantially the same content and form as the following shall be included on Google's "Key Terms" webpage currently located at https://policies.google.com/privacy/key-terms/ :

 **"Referrer URL**

A Referrer URL (Uniform Resource Locator) is information transmitted to a destination webpage by a web browser, typically when you click a link to that page. The Referrer URL contains the URL of the last webpage the browser visited."

3.      Content for Disclosure on Google's "Privacy FAQ for Google Web History" webpage:

A disclosure in substantially the same content and form as the following shall be included on the "Find & Control Your Web & App Activity" webpage currently located at https://support.google.com/websearch/answer/54068 :

**"How your saved activity is used**:

"Learn more about how Google uses your saved activity and helps keep it private. For more information about how Google treats search queries generally, review the Privacy Policy FAQ.  [preceding term will be a hyperlink to the Privacy Policy FAQ (available at https://policies.google.com/faq/ )