# EXHIBIT 3
Proposed Final Judgment

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

In re GOOGLE REFERRER HEADER PRIVACY LITIGATION

_____

This Document Relates To: All Actions

Case No. 5:10-CV-4809-EJD

CLASS ACTION

Hon. Edward J. Davila

Pending before the Court is Plaintiffs' Motion for Final Approval of the Class Action Settlement (ECF 186), Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards (ECF 181), and Objectors' Motion for Attorneys' Fees and Costs (ECF 182). Having reviewed the papers filed in support of the Motion, heard argument of counsel, and good cause appearing therein, Plaintiffs' and Objectors' Motions are hereby GRANTED and it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Any terms and phrases in this Order shall have the same meaning as the Settlement Agreement reached by the Parties.

2. This Court has appropriate subject matter jurisdiction over this action and over all Parties to the Action, including all Settlement Class Members.

3. The Court affirms certification of the Class and gives final approval to the Settlement and finds the Settlement is fair, adequate, and reasonable, and in the best interests of the Class. The Settlement Agreement is the result of arms-length negotiations and was overseen by a neutral mediator. The Class Representatives and Class Counsel appropriately represented the Settlement Class for purposes of entering into and implementing the Settlement. Accordingly, the Settlement Agreement is finally approved in all respects, and the Parties are directed to perform its terms.

4. The Court-approved Notice Plan to the Class was the best practicable under the circumstances and included substantial Internet advertising and a website comprehensively

detailing the terms of the Settlement. The Notice Plan was successfully implemented and satisfies the requirements of Due Process and Federal Rule of Civil Procedure 23.

5. The Court finds that the Parties properly and timely notified the appropriate state and federal officials to alert them to the Settlement, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1714 ("CAFA"). The Court reviewed the substance of this notice and accompanying materials and finds that they complied with all necessary CAFA requirements.

6. Subject to the terms and conditions of the Settlement, this Court dismisses the action on the merits and with prejudice.

7. 2,530 individuals timely and validly excluded themselves from the Settlement.

8. Plaintiffs and each member of the Class, fully, finally, completely, and forever release, acquit, and discharge Google from any and all claims that were raised in this litigation, as further described in the Settlement Agreement.

9. This release of claims and the Settlement Agreement will be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Class Members, and their heirs, executors, and administrators, successors, and assigns. All Class Members who have not been properly excluded from the Settlement are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of the released claims.

10. The Court awards $5,750,000 in fees to Class Counsel and $43,634.69 in expenses for costs incurred.

11. The Court will distribute the awarded fees according to the following formula:
    a. 44% of fees awarded to Nassiri & Jung LLP;
    b. 44% of fees awarded to Michael Aschenbrener of KamberLaw, LLC; and
    c. 12% of fees awarded to Progressive Law Group, LLC.

12. Costs and expenses awarded to Class Counsel shall be distributed as follows: Aschenbrener of KamberLaw, LLC is entitled to $8,982.57; Nassiri & Jung is entitled to $6,199.24; and Progressive Law Group is entitled to $8,007.80; Edelson PC is entitled to

$3,760.00; Diemer, Whitman & Cardosi LLP is entitled to $328.65; and, MoloLamken is entitled to $16,356.43.

13. The Court awards $5,000 to each of the three Class Representatives (Plaintiff Gaos, Plaintiff Italiano, and Plaintiff Priyev) for a total of $15,000 in incentive awards.

14. Separate from and in addition to the $5,750,000 fee award to Class Counsel, as described above, the Court awards $793,500 in fees to Hamilton Lincoln Law Institute and Baker Hostetler to be divided according to their proportionate lodestar.

15. Defendant shall pay the Fee Awards and Incentive Awards pursuant to and in the manner provided by in the terms of the Settlement Agreement.

16. The Court directs entry of final judgment based on the Court's finding that there is no just reason for delay of enforcement or appeal of this judgment, notwithstanding the Court's retention of jurisdiction to oversee the implementation and enforcement of the Settlement.

17. Without affecting the finality of this judgment, the Court shall continue to have jurisdiction over (a) the implementation, enforcement, and administration of the Settlement; (b) the resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Settlement; and (c) all Parties, for the purpose of enforcing and administering the Settlement and this litigation until each act agreed upon amongst the Parties is performed pursuant to the Settlement.

IT IS SO ORDERED

Dated:

_____
HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT COURT