UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re GOOGLE REFERRER HEADER PRIVACY LITIGATION<br><br>This Document Relates To: All Actions | Case No.  5:10-cv-04809-EJD<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTIONS FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS; JUDGMENT**<br><br>Re: Dkt. Nos. 181, 182, 186 |

Pending before the Court are Plaintiffs' Motion for Final Approval of Class Action Settlement, ECF No. 186 ("Mot. Final Settlement"); Plaintiffs' Motion for Attorneys' Fees and Costs, ECF No. 181 ("Class Counsel Mot. Attorneys' Fees); and Former Objectors Melissa Holyoak and Theodore H. Frank's Motion for Attorneys' Fees and Costs, ECF No. 182 ("Former Objectors' Mot. Attorneys' Fees").  On October 12, 2023, the Court heard oral arguments from the parties on all three motions.  ECF No. 190.  No objectors were present.

Having considered the motions briefing, terms of the Settlement, objections and responses thereto, arguments of counsel, and other matters on file in this action, the Court **GRANTS** the motion for final approval.  The Court finds the settlement fair, adequate, and reasonable.  The provisional appointments of the class representatives and class counsel are confirmed.  The Court also **GRANTS** both Class Counsel and Former Objectors' requests for attorneys' fees and other costs.

United States District Court
Northern District of California

I.      **BACKGROUND**

This is a consolidated internet privacy litigation brought by Representative Plaintiffs Paloma Gaos, Anthony Italiano, and Gabriel Priyev ("collectively Plaintiffs") against Defendant Google, LLC ("Google") for allegedly disclosing users' private personal information to third parties.  In light of this case's procedural posture, the Court will not reiterate the entirety of the lengthy factual background.

The Court previously granted final approval to an all-*cy pres* $8.5 million class action settlement in this case on March 31, 2015.  Order Granting Motion for Final Approval of Class Action Settlement ("Prior Final Approval Order"), ECF No 85.  Former Objectors Melissa Holyoak and Theodore H. Frank ("Former Objectors") appealed the Order on the grounds that the *cy pres* component was improper.  ECF No. 87.  The Ninth Circuit affirmed the grant of final approval.  *In re Google Referrer Header Privacy Litig.*, 869 F.3d 737 (9th Cir 2017).  Former Objectors then petitioned the U.S. Supreme Court for Writ of Certiorari, which the Supreme Court granted.  *Frank v. Gaos*, 139 S. Ct. 1041 (2019).  The Supreme Court remanded the case for this Court to re-analyze standing in light of the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016).  *Id.* at 1046.  The Supreme Court did not consider the merits of Former Objectors' *cy pres* arguments.  *See id*.

On remand, the Court confirmed that Plaintiffs still had standing for their federal claims in light of *Spokeo*.  Order Den. Def.'s Mot. to Dismiss, ECF No. 115.  The Court also found that Plaintiffs sufficiently alleged standing for the state-law claims that the Court previously dismissed.[1]

---

[1] On March 29, 2012, the Court denied Google's first motion to dismiss as to Plaintiffs' federal claim but granted Google's motion as to Plaintiffs' state law claims with leave to amend, finding that Plaintiffs failed to sufficiently plead standing.  *Gaos v. Google Inc.*, No. 5:10-CV-4809-EJD, 2012 WL 1094646 (N.D. Cal. Mar. 29, 2012).  Plaintiffs filed an amended complaint and Google filed another motion to dismiss, but before this Court made its ruling on Google's motion to dismiss, the parties stipulated to the consolidation of Gaos and Italiano's case with another class action, and Plaintiffs filed the now-operative Consolidated Complaint. ECF Nos. 50, 51. The motion to dismiss the was therefore terminated as moot. Dkt. No. 51. The parties reached their

1    The parties re-negotiated a settlement, and on May 25, 2023, the Court granted the parties'

2    motion for preliminary approval of the settlement which increased the settlement fund to $23

3    million, certified a settlement class, and appointed counsel.  Order Granting Mot. for Prelim.

4    Approval ("Order Granting Prelim. Approval"), ECF Nos. 177, 179.

5    The Settlement defines the class ("the Settlement Class") as:

6
        [A]ll Persons in the United States who submitted a search query to
7       Google and clicked on a search result at any time during the period
        commencing on October 25, 2006, up to and including September
8       30, 2013.

9    Settlement Agreement and Release ("Settlement") 7, ECF No. 165-10.

10   The Settlement Class excludes:

11
        (i) Google, its subsidiaries and affiliates, officers, and directors; (ii)
12      the judge(s) to whom these cases are or have been assigned and any
        member of the judges' staff or judges' immediate family; (iii)
13      Persons who have settled with and released Google from individual
        claims substantially similar to those alleged in the Consolidated
14      Complaint; (iv) Persons who submit a valid and timely Request for
        Exclusion pursuant to Section 7; and (v) Class Counsel.

15   *Id.* § 1.50.

16   In its Preliminary Approval Order, the Court conditionally certified the Settlement Class

17   and provisionally appointed Kassra Nassiri of Nassiri & Jung LLP, Michael Aschenbrener of

18   KamberLaw, LLC, and Mark Bulgarelli of Progressive Law Group as Class Counsel, Plaintiffs

19   Paloma Gaos, Anthony Italiano, and Gabriel Priyev as Class Representatives, and Kroll Notice

20   Media Solutions ("Kroll Media") as the Class Administrator.  Order Granting Prelim. Approval 2–

21   4.

22   The Court received two written objections to the settlement from Boyd Adams and

23   Clifford Weiler.  Letter from Boyd John Adams: Objection to Release of Personal Information

24   ("Adams Objection"), ECF No. 180; Letter re Objection from Clifford Donald Weiler ("Weiler

25

26   _____

     first settlement shortly thereafter.

27   Case No.: 5:10-cv-04809-EJD

     ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS
28   COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS'
     MOTION FOR ATTORNEYS' FEES

                                          3

United States District Court
Northern District of California

1    Objection"), ECF No. 185.

2        **A.**    **Terms of the Settlement Agreement**

3        Under the terms of the Settlement, Google will pay $23 million into a common settlement

4    fund, without admitting liability.  Settlement § 3.1.  This amount includes attorneys' fees and

5    costs, the cost of class notice and settlement administration, and the Class Representatives' service

6    award.  *Id.*  In exchange for the settlement awards, the Settlement Class will release claims against

7    Google as set forth in the Settlement at Section 12.  *Id.* § 12.

8        **1.**    **Attorneys' Fees and Costs**

9    The Settlement provides that:

10   
11   > Plaintiffs may apply to the Court seeking a reasonable proportion of
> the Settlement Fund as payment of any reasonable attorneys' fees
> and costs ("Fee Award"). The Fee Award will be paid as part of the
12   > Settlement Fund specified in Paragraph 3.2. It is not a condition of
> this Settlement that any particular amount of attorneys' fees, costs,
13   > expenses, or service awards be approved by the Court, or that such
> fees, costs, expenses or awards be approved at all. Google expressly
14   > reserves the right to oppose the motion seeking a Fee, Cost, and
> Expense Award.
15   
16   Settlement § 11.1.  The Settlement allows Plaintiffs to seek up to $5,000 to be paid to Named

17   Plaintiffs as an incentive award.  *Id.* § 11.4.

18       **2.**    **Class Relief**

19       After deductions from the common fund for fees, costs, and service incentive awards, the

20   Settlement Class will be paid according to an equal pro rata basis.  Settlement § 6.6.  Participating

21   Settlement Class members yield an average recovery of approximately $7.16 per class member.

22   Mot. Final Settlement 1–2.  The Settlement provides that no amount will revert to Google.  *Id.* § 3.9.

23   The final Settlement also provides for injunctive relief, whereby Google agrees to maintain certain

24   disclosures concerning search inquiries on Google's FAQ webpage.  *Id.* § 10.

25       **3.**    **Cy Pres/Remainder**

26       The Settlement provides that:

27   Case No.: 5:10-cv-04809-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS
28   COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS'
MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> If, despite the best efforts of the Settlement Administrator, a residual
> amount remains after distribution (for example, because claims
> contain erroneous payment information that cannot be corrected), all
> remaining funds shall be distributed pro rata to timely Claimants. If
> the cost of fairly distributing the remaining balance exceeds the
> balance available to be distributed, the remaining balance shall be
> paid to the Residual Cy Pres Recipient as a Residual Settlement
> Payment.

Settlement § 3.12.  The Settlement does not provide a *cy pres* recipient, but it provides that the entity

will be "selected by the Parties' mutual agreement." *Id.* § 1.47.  Class Counsel indicated at oral

arguments on October 12, 2023 that they have selected World Privacy, the same *cy pres* recipient

identified in the first settlement.

### B.      Class Notice and Claims Administration

The Settlement is being administered by Kroll Media.  Prelim. Approval Order ¶ 7.

Following the Court's preliminary approval and conditional certification of settlement, the Class

Administrator implemented the Notice Plan.  Mot. Settlement 15.  The Class Administrator used

multiple media channels, including internet-based banner advertisements, Google keywork search

advertising, Gmail advertising, publication on social media platforms, publication on class action

websites, and publication in nationally circulated print magazines.  *Id.*

The Class Administrator also established a settlement website (the "Settlement Website") at

www.referrerheadersettlement.com, including the settlement notices, the procedures for Settlement

Class members to submit claims or exclude themselves, a contact information page that includes

address and telephone numbers for the claim administrator and the parties, the Settlement, the signed

order of preliminary approval, claim form, and exclusion.  Mot. Settlement, Ex. 1, Finegan

Declaration ¶ 26, ECF No. 187-1.  In addition, the motion for final approval and the application for

attorneys' fees, costs, and incentive awards were uploaded to the website after they were filed.  *See*

*id.* at ECF p. 27.  The Class Administrator also operated a toll-free number for Settlement Class

member inquiries.  *Id.*  ¶ 27.  This Notice Plan reached 83% of potential Settlement Class members.

*Id.* ¶ 4.

Case No.: 5:10-cv-04809-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS
COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS'
MOTION FOR ATTORNEYS' FEES

1    Settlement Class members were given until July 31, 2023, to object to or exclude

2    themselves from the Settlement.  *Id.* ¶ 31.  Out of the estimated total population of 193 million

3    Settlement Class members, 2,530 persons filed timely requests to opt out of the Settlement Class.

4    *Id.* ¶ 33.  A total of 2,564,682 claims were received by the Class Administrator.  *Id.* ¶ 30.

5    **II.     FINAL APPROVAL OF SETTLEMENT**

6         **A.     Legal Standard**

7         A court may approve a proposed class action settlement of a certified class only "after a

8    hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements

9    for class certification.  Fed. R. Civ. P. 23(e)(2).  In reviewing the proposed settlement, a court

10   must balance a number of factors to gauge fairness and adequacy, including the following:

> (1) the strength of the plaintiffs' case; (2) the risk, expense,
> complexity, and likely duration of further litigation; (3) the risk of
> maintaining class action status throughout the trial; (4) the amount
> offered in settlement; (5) the extent of discovery completed and the
> stage of the proceedings; (6) the experience and views of counsel;
> (7) the presence of a governmental participant; and (8) the reaction
> of the class members to the proposed settlement.

*Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

16        Furthermore, class settlements reached prior to formal class certification require a

17   "heightened fairness inquiry."  *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir.

18   2019).  When reviewing such a pre-certification settlement, the district court must not only explore

19   the *Churchill* factors but also "look[] for and scrutinize[] any subtle signs that class counsel have

20   allowed pursuit of their own self-interests . . . to infect the negotiations."  *Id.* at 1043 (internal

21   quotation marks omitted).

22        **B.     Analysis**

23             **1.     Class Certification**

24        This analysis begins with an examination of whether class treatment remains appropriate

25   under Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequate protection

27   Case No.: 5:10-cv-04809-EJD
     ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS
28   COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS'
     MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

by the Named Representatives.

Plaintiffs anticipated a Settlement Class comprised of approximately 193 million individuals who all share a common injury.  Mot. Settlement 2.  The existence of this injury for each Settlement Class member could be determined by resolving one question: whether Google's system-wide practice and policy of storage and disclosure of their search query information was unlawful.  Plaintiffs' claims were also typical, if not identical, to that of other Settlement Class members.  For that reason, there was no indication that Plaintiffs' interest would conflict with that of the Settlement Class, and Plaintiffs and their counsel had proven a desire to vigorously pursue class claims as evidenced by prior motion practice.  As to Rule 23(b), the Court finds that common questions predominate and that the class action mechanism was a superior process for this litigation.  The alternatives to class certification—millions of separate, individual and time-consuming proceedings or a complete abandonment of claims by a majority of class members—were not preferable.  Moreover, class treatment was appropriate because Google's policy was directed at all of its users as whole rather than at particular users of its search engine.

Therefore, the Court finds all factors have been met and the class shall remain certified for settlement purposes.

### 2.        Adequacy of Notice

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Settlement Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv)

Case No.: 5:10-cv-04809-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS
COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS'
MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

meet all applicable requirements of due process and any other applicable requirements under federal law.  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).  Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The Court finds that the parties' proposed notice procedures provided the best notice practicable and reasonably calculated to apprise Settlement Class members of the settlement and their rights to object or exclude themselves.  Pursuant to those procedures, the Class Administrator Kroll carried out the Notice Program and reached 83% of potential Settlement Class members by using multiple media channels, including internet-based banner advertisements, Google keywork search advertising, Gmail advertising, publication on social media platforms, publication on class action websites, and publication in nationally circulated print magazines, as well as a toll-free number and a website.  Mot. Settlement, Ex. 1, Finegan Declaration ¶¶ 6–29.  A total of 2,564,682 claims were received by the administrator.  *Id.* ¶ 30.  Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.

### 3.  The Settlement Is Fair and Reasonable

The Court finds that the Settlement here is fair, reasonable, and adequate under the *Churchill* factors.  The Court will analyze each factor in turn.

### a.  Strength of Plaintiffs' Case

To assess strength of the case, "the district court's determination is nothing more than an amalgam of delicate balancing, gross approximations and rough justice."  *Officers for Justice*, 688 F.2d at 625 (internal quotations omitted).  There is no "particular formula by which that outcome must be tested," *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009), and the district court is not required to render specific findings on the strength of all claims.  *Lane v. Facebook, Inc.*, 696 F.3d 811, 823 (9th Cir. 2012).

Here, Plaintiffs readily state that the alleged privacy violation underlying all their claims is

Case No.: 5:10-cv-04809-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS' MOTION FOR ATTORNEYS' FEES

novel and was potentially one of first impression in this circuit.  Mot. Settlement 6.  Thus, from the outset, there was no guarantee that any claims would survive pre-trial challenges if adversarial litigation had continued.  Plaintiffs would also face challenges had the case proceeded to trial. Considering the technology involved, the jury would have been required to review complex technical evidence about the inner workings of Google's search engine, leaving significant opportunity for misunderstanding.  *Id.*  Furthermore, Plaintiffs state that success at trial would not have equated to an ultimate success for the class.  *Id.*  This is because the calculation of damages based on a potentially unquantifiable privacy injury would have posed a serious challenge to Plaintiffs in obtaining some type of valuable relief, and any meaningful monetary amount awarded to each Settlement Class member would have resulted in an astronomical judgment far exceeding the value of Google, given the size of the Settlement Class.  *Id.*

This factor weighs strongly in favor of the settlement. Without a compromise, there was little guarantee of any benefit to the Settlement Class without a substantial amount of further litigation.

### b.  Risk, Expense, Complexity, and Likely Duration of Further Litigation

Plaintiffs state that counsel took a particularly high risk litigating this matter because the type of privacy injury asserted is legally unproven, technically complex, and potentially of little value.  Mot. Settlement 6.  Moreover, Google's denial of liability means that Plaintiffs would continue to face "serious hurdles," including a motion for summary judgment, Daubert challenges, and inevitable appeals that would "likely prolong the litigation, and any recovery by class members, for years."  *Rodriguez*, 563 F.3d at 966; *see also* Mot. Settlement 7.  Further, this matter has already proceeded through appeals for thirteen years.  Because a negotiated resolution provides for a certain recovery in the face of an uncertain legal theory, this factor favors the settlement. *Curtis-Bauer v. Morgan Stanley & Co., Inc.*, No. 06-C-3903 TEH, 2008 WL 4667090, at *4 (N.D. Cal. Oct. 22, 2008) ("Settlement avoids the complexity, delay, risk and expense of

United States District Court
Northern District of California

1    continuing with the litigation and will produce a prompt, certain, and substantial recovery for the

2    Plaintiff class.").

3                        **c.  Risk of Maintaining Class Action Status Throughout Trial**

4            Although a class can be certified for settlement purposes, the notion that a district court

5    could decertify a class at any time is an inescapable and weighty risk that weighs in favor of a

6    settlement.  *See Rodriguez*, 563 F.3d at 966 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147,

7    160 (1982)).  Here, there is little doubt that Google would have vigorously opposed class

8    certification at every opportunity before the district and appellate courts.  In addition, the sheer

9    size of the class—essentially covering all persons in the United States who submitted a search

10   query to Google for a period of years—all but invites challenges to class certification based on

11   overbreadth or management difficulties, some of which could be considered meritorious.  Thus,

12   the very real risk of never obtaining or losing class status in the absence of settlement weighs in

13   favor of approval.

                        **d.  The Amount Offered in the Settlement**

14           Under the terms of the Settlement, Google will pay $23 million into a common settlement

15   fund, without admitting liability.  Settlement § 3.1.  This amount includes attorneys' fees and

16   costs, the cost of class notice and settlement administration, and the class representative's service

17   award.  *Id.*

18           The Court finds that the amount of the agreed-upon settlement fund compares favorably to

19   that of other similar class actions.  *See, e.g., In re Google Buzz Privacy Litig.*, 2011 WL 7460099,

20   at *3–4 (N.D. Cal. June 2, 2011) (approving $8.5 million settlement fund for unauthorized

21   disclosure of email contact lists); *Lane*, 696 F.3d at 818 (approving $9.5 million settlement fund

22   for unauthorized disclosure of online behavior); *In re Netflix Privacy Litig.*, No. 5:11-CV-00379

23   EJD, 2013 WL 1120801 (N.D. Cal. March 18, 2013) (approving $ 9 million settlement fund for

24   unauthorized storage of personal information).

25           The Court must also comment on the fact that Google's allegedly unlawful practice will

26   not change as a result of this settlement.  Instead, Google will be obligated to make certain

United States District Court
Northern District of California

United States District Court
Northern District of California

1    "agreed-upon disclosures," or changes to certain portions of its website, the purpose of which is to

2    better inform users how their search terms could be disclosed to third parties through a referrer

3    header.  Settlement § 3.7.  While requiring that Google stop disclosing search queries altogether

4    may presumably be a preferable result to the Settlement Class, at the same time, a class action

5    settlement does not need to embody the best possible result to be approved.  The Court's role is

6    not to advocate for any particular relief, but instead to determine whether the settlement terms fall

7    within a reasonable range of possible settlements.  Considering all the circumstances which led to

8    a compromise here, the relief obtained for the class falls within a reasonable range of possible

9    settlements since it was entirely possible that nothing would be obtained if the case were to

10   proceed further.

        Under the terms of the parties' agreement, future users of Google's website will receive

12   some benefit from the injunctive relief: the opportunity to better understand Google's disclosure

13   practices before conducting a search on its website, and the ability to make a better-informed

14   choice based on that information.

15       Therefore, this factor favors settlement.

16                        **e.   Extent of Discovery**

17

18       Prior to reaching the Settlement, the parties had engaged in extensive document exchange

19   and had fully briefed three motions to dismiss.  They also met in person numerous times and

20   engaged an experienced neutral to assist them in reaching a negotiated resolution.  The extent of

21   factual investigation and the amount of pre-compromise litigation shows that Plaintiffs "had a

22   good grasp on the merits of their case before settlement talks began."  *Rodriguez*, 563 F.3d at 967.

23   As such, this factor weighs in favor of the settlement.

24                        **f.   Experience and Views of Counsel**

25       "Parties represented by competent counsel are better positioned than courts to produce a

26   settlement that fairly reflects each party's expected outcome in litigation."  *Id.*  Consequently,

27   Case No.: 5:10-cv-04809-EJD
     ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS
28   COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS'
     MOTION FOR ATTORNEYS' FEES

1

"'[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness.'"

2

*In re Omnivision Techns., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2009) (quoting *Boyd v.*

3

*Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)).  Given the extensive experience of Class

4

Counsel with complex class action lawsuits of a similar size to the instant case, this factor favors

5

approval of the settlement.

### g.   The Presence of a Governmental Participant

6

The Class Action Fairness Act, or "CAFA," requires that notice of a settlement be given to

7

state and federal officials and provides those officials a window of time to comment.  28 U.S.C. §

8

1715(b).  "Although CAFA does not create an affirmative duty for either state or federal officials

9

to take any action in response to a class action settlement, CAFA presumes that, once put on

10

notice, state or federal officials will raise any concerns that they may have during the normal

11

course of the class action settlement procedures."  *Garner*, 2010 WL 1687832, at *14.

12

Here, the Class Administrator complied with the CAFA notice requirement on January 13,

13

2023.  Mot. Settlement, Ex. 1, Finegan Declaration ¶ 25.  No objections from a government

14

official have been received.  Thus, this factor favors the settlement.

15

### h.   The Reaction of the Class Members to the Proposed Settlement

16

The reaction of the class was overwhelmingly positive. The Court received two objections

17

and 2,530 opt-outs as of the July 31, 2023 deadline.  Mot Settlement 1–2 .  These objections and

18

opt-outs constitute .0013% of estimated 193 million Settlement Class members.  Mot. Settlement

19

2.  "[T]he absence of a large number of objections to a proposed class action settlement raises a

20

strong presumption that the terms of a proposed class settlement action are favorable to the class

21

members."  *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (citation

22

omitted); *see also Churchill Vill.*, 361 F.3d at 577 (holding that approval of a settlement that

23

received 45 objections (0.05%) and 500 opt-outs (0.56%) out of 90,000 Settlement Class members

24

was proper).  Therefore, this factor favors settlement.

25

In sum, all the applicable factors weigh in favor of finally approving the Settlement.

26

27

Case No.: 5:10-cv-04809-EJD

28

ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS
COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS'
MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

1

### 4.    Collusion

2      The Ninth Circuit has articulated the following "subtle signs" of collusion of which a court

3  should be "particularly vigilant" when scrutinizing settlements achieved prior to class

4  certification: (1) "when counsel receive a disproportionate distribution of the settlement, or when

5  the class receives no monetary distribution but class counsel are amply rewarded;" (2) "clear

6  sailing" arrangements; and (3) "when the parties arrange for fees not awarded to revert to

7  defendants rather than be added to the class fund."  *In re Bluetooth Headset Prod. Liab. Litig.*, 654

8  F.3d 935, 947 (9th Cir. 2011) (internal quotations and citations omitted).

9      Here, there is no evidence of conflicts of interest nor are there "subtle signs" of collusion.

10  The fact that this case was litigated aggressively by both sides over the course of thirteen years

11  strongly suggests a lack of collusion.  The Settlement was reached only after extensive litigation

12  and arm's-length negotiations between experienced counsel, including several in-person mediation

13  sessions and additional negotiations facilitated by Magistrate Judge Kim.  That the Settlement was

14  based upon Judge Kim's proposal demonstrates, in part, non-collusive conduct. *See, e.g., Ebarle*

15  *v. Lifelock, Inc.*, 2016 WL 234364, at *6 (N.D. Cal. Jan. 20, 2016) (finding that acceptance of a

16  mediator's proposal following mediation sessions "strongly suggests the absence of collusion or

17  bad faith").

18      Furthermore, Class Counsel did not reach an agreement with Google regarding the amount

19  of attorney's fees to which they were entitled. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926

20  F.3d 539, 570 (9th Cir. 2019).  Rather, the attorneys' fees will be provided from the Settlement

21  Fund, indicating that the parties have not negotiated a "clear sailing" arrangement, which "carries

22  the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for

23  counsel accepting an unfair settlement on behalf of the class." *Bluetooth*, 654 F.3d at 947.

24

### 5.    Objections

25      Two individuals submitted objections: Clifford Weiler and Boyd John Adams.  The Court

26  has considered all objections and overrules them for the reasons stated on the record at oral

27  Case No.: 5:10-cv-04809-EJD

ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS

28  COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS'

MOTION FOR ATTORNEYS' FEES

13

United States District Court
Northern District of California

1    argument, and as further explained below.

2          Objector Clifford Weiler filed an objection indicating that the size of the settlement fund is

3    insufficient in comparison to Google's resources and the harms suffered, and the claims process is

4    too cumbersome.  Weiler Objection.  Plaintiffs respond that the 2.5 million claims show that the

5    claims process is not too cumbersome, and she that the claimants believe the size of the settlement

6    fund is adequate.  Mot. Settlement 12.  The Court finds that the size of the settlement fund is

7    reasonable, and the number of claimants goes to show that the claims process is adequately

8    accessible.  The Court overrules Mr. Weiler's objection.

9          Objector Boyd John Adams filed an objection indicating that Google should admit

10   wrongdoing, the punishment is not severe enough, and no one should be precluded form suing

11   Google again if Google commit crimes against them.  Adams Objection 3–4.  The Court finds the

12   release of liability reasonable and limited.  The Court overrules Mr. Adams's objection.

### III.   MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS

14         Attorneys' fees and costs may be awarded in a certified class action under Federal Rule of

15   Civil Procedure 23(h).  Such fees must be found "fair, reasonable, and adequate" in order to be

16   approved.  Fed. R. Civ. P. 23(e); *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003).  To

17   "avoid abdicating its responsibility to review the agreement for the protection of the class, a

18   district court must carefully assess the reasonableness of a fee amount spelled out in a class action

19   settlement agreement." *Id.* at 963.  "[T]he members of the class retain an interest in assuring that

20   the fees to be paid class counsel are not unreasonably high," since unreasonably high fees are a

21   likely indicator that the class has obtained less monetary or injunctive relief than they might

22   otherwise. *Id.* at 964.

### A.   Class Counsel Attorneys' Fees

24         Class Counsel request $5.7 million in attorneys' fees.  Class Counsel Mot. Attorneys' Fees.

25   Google does not oppose the fee request.  No objector has challenged any of Class Counsel's hours

26   or rates.

27   Case No.: 5:10-cv-04809-EJD
     ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS
28   COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS'
     MOTION FOR ATTORNEYS' FEES

14

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    The Court analyzes an attorney's fee request based on either the "lodestar" method or a

2    percentage of the total settlement fund made available to the class, including costs, fees, and

3    injunctive relief.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  The Ninth

4    Circuit encourages courts to use the lodestar method as a cross-check in order to avoid a

5    "mechanical or formulaic approach that results in an unreasonable reward."  *In re Bluetooth*, 654

6    F.3d at 944–45 (citing *Vizcaino,* 290 F.3d at 1050–51).

7    When using the percentage of the fund method, courts consider a number of factors,

8    including whether class counsel "'achieved exceptional results for the class,' whether the case was

9    risky for class counsel, whether counsel's performance 'generated benefits beyond the cash

10   settlement fund,' the market rate for the particular field of law (in some circumstances), the

11   burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other

12   work), and whether the case was handled on a contingency basis."  *In re Online DVD-Rental*

13   *Antitrust Litig.*, 779 F.3d 934, 954–55 (9th Cir. 2015) (quoting *Vizcaino*, 290 F.3d at 1047–50).

14   "[T]he most critical factor [in determining appropriate attorney's fee awards] is the degree of

15   success obtained."  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).  Under the percentage of the

16   fund method, courts in the Ninth Circuit "typically calculate 25% of the fund as the 'benchmark'

17   for a reasonable fee award, providing adequate explanation in the record of any 'special

18   circumstances' justifying a departure."  *In re Bluetooth*, 654 F.3d at 942 (citing *Six (6) Mexican*

19   *Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)).  The benchmark should be

20   adjusted when the percentage recovery would be "either too small or too large in light of the hours

21   devoted to the case or other relevant factors." *Six (6) Mexican Workers*, 904 F.2d at 1311.

22   Under the lodestar approach, a court multiplies the number of hours reasonably expended

23   by the reasonable hourly rate.  *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("[A] court

24   calculates the lodestar figure by multiplying the number of hours reasonably expended on a case

25   by a reasonable hourly rate.  A reasonable hourly rate is ordinarily the 'prevailing market rate [] in

26   the relevant community.'").

27   Case No.: 5:10-cv-04809-EJD

28   ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS
     COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS'
     MOTION FOR ATTORNEYS' FEES

1    Using both the percentage of the fund and the lodestar methods as a cross-check, the Court

2    finds an award of $5.75 million in attorneys' fees to be reasonable.

3              **1.    Percentage of the Fund**

4    Class Counsel seek a fee award of $5.75 million, which is equal to 25% of the settlement

5    fund.  According to counsel, the combination of monetary distributions and injunctive relief

6    obtained in the settlement is an excellent result for the class because they "work in concert . . .

7    reshape the landscape of Internet privacy protections" and "enact a regime of informed consent for

8    Google Search users, who can now access complete and truthful information about the ways

9    Google handles user search queries before deciding whether to use Google Search, Google

10   Encrypted Search, or a competing search engine."  Class Counsel Mot. Attorneys' Fees 3.  Class

11   Counsel also believe they undertook substantial risk by agreeing to litigate this case on a purely

12   contingent basis given the unsettled legal issues, and, for that reason, spent considerable time—

13   more than twelve years—and money with no guarantee of payment.  *Id.* 2–8.  In addition, they

14   assert that the novel nature of this case, coupled with an opponent armed with substantial defenses

15   and resources, required sophisticated litigation and negotiation skills.  *Id.*  Finally, counsel points

16   out that the award requested is consistent with that awarded in other similar cases.  *Id.*  Having

17   considered the relevant factors, the court agrees with Class Counsel that this action posed a

18   substantial risk and required significant time and skill to obtain a result for the Settlement Class.

19   This case was not one where settlement was easily secured; to the contrary, Class Counsel was

20   required to defend their claims against four motions to dismiss, plus trips to the Ninth Circuit and

21   the U.S. Supreme Court.  An agreement only materialized after extensive in-person negotiations,

22   first without and then including Magistrate Judge Kim.  The parties ultimately reached this

23   Settlement by accepting Magistrate Judge Kim's mediator's proposal.  Moreover, counsel's

24   request is not disproportionate to the class benefit and is comparable to awards approved in other

25   similar internet privacy class actions, including one previously approved by this court.  *See In re*

26   *Netflix Privacy Litig.*, 2013 WL 1120801 (approving benchmark award of 25%).

27   Case No.: 5:10-cv-04809-EJD
     ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS
28   COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS'
     MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

United States District Court
Northern District of California

### 2. Lodestar

The Ninth Circuit encourages district courts "to guard against an unreasonable result" by cross-checking attorneys' fees calculations against a second method.  *In re Bluetooth*, 654 F.3d at 944.  Since a 25% benchmark award might be reasonable in some cases but arbitrary in cases involving an extremely large settlement fund, the purpose of the comparison is to ensure counsel is not overcompensated.  *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 103 F.3d 602, 607 (9th Cir. 1997).

Here, Class Counsel calculates a lodestar figure of $3,107,295.25 for 4,014.4 billing hours from four law firms, to which they apply a 1.85 multiplier for a total amount of $5.75 million. Class Counsel's Mot. Attorneys' Fees 8–11.  These amounts are attributable to each firm as follows:

| Firm | Fees | Expenses | Total Cost |
|---|---|---|---|
| KamberLaw, LLC | $1,298,395 | $29,099 | $1,327,494.00 |
| Nassiri & Jung LLP | $1,213,364 | $6,199.24 | $1,219,563.24 |
| Progressive Law Group | $595,536.25 | $8,336.45 | $603,872.70 |
| **Totals** | $3,107,295.25 | $43,634.69 | $3,150,929.94 |

Among the participating law firms, the hourly rates charged by attorneys range from $500 to $950.  *Id.* at 9.

Class Counsel has provided sufficient support for its proposed lodestar calculation.  The number of hours and other costs attributed to this case are reasonable in light of the efforts required to litigate and ultimately engage in a lengthy settlement process spanning over thirteen years.  In addition, the hourly rates charged fall within the range of those approved in other similar cases, and the lodestar multiplier of 1.85 is comparable to that previously permitted by other courts in similar internet privacy cases.  Accordingly, the lodestar cross-check confirms the reasonableness of the percentage-based calculation.

Based on the foregoing, the Court finds an award of attorneys' fees to Class Counsel in the

Case No.: 5:10-cv-04809-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS' MOTION FOR ATTORNEYS' FEES

17

1    amount of $5,750,000 fair, reasonable, and adequate.

2        **B.**    **Costs Award**

3        Class Counsel also seek compensation for total costs of $43,634.69.  Class Counsel's Mot.

4    Attorneys' Fees 11.  Class Counsel is entitled to reimbursement of reasonable out-of-pocket

5    expenses.  Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding

6    that attorneys may recover reasonable expenses that would typically be billed to paying clients in

7    non-contingency matters).  Costs compensable under Rule 23(h) include "nontaxable costs that are

8    authorized by law or by the parties' agreement."  Fed. R. Civ. P. 23(h).  Here, Class Counsel seeks

9    reimbursement for litigation expenses, and provides records documenting those expenses, in the

10   amount of $43,634.69.  The Court finds this amount reasonable, fair, and adequate.

11       **C.**    **Incentive Award**

12       Service awards are "intended to compensate class representatives for work undertaken on

13   behalf of a class" and "are fairly typical in class action cases."  *DVD-Rental*, 779 F.3d 934, 943

14   (9th Cir. 2015) (internal quotation marks and citation omitted).  The district court must evaluate

15   named plaintiff's requested award using relevant factors including "the actions the plaintiff has

16   taken to protect the interests of the class, the degree to which the class has benefitted from those

17   actions . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation."

18   *Staton*, 327 F.3d at 977.  "Such awards are discretionary . . . and are intended to compensate class

19   representatives for work done on behalf of the class, to make up for financial or reputational risk

20   undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private

21   attorney general."  *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009).

22   The Ninth Circuit has emphasized that district courts must "scrutiniz[e] all incentive awards to

23   determine whether they destroy the adequacy of the class representatives."  *Radcliffe v. Experian

24   Info. Solutions*, 715 F.3d 1157, 1163 (9th Cir. 2013).

25       Here, the Named Plaintiffs Gaos, Italiano, and Priyev request service awards of $5,000

26   each.  The Court finds that the requested service awards are reasonable considering Named

27   Case No.: 5:10-cv-04809-EJD
     ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS
28   COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS'
     MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

1    Plaintiffs' efforts in this case and the length of this litigation across thirteen years.  The requested

2    service awards are also at the presumptively reasonable amount of $5,000 and are consistent with

3    precedent.  *See Allagas v. BP Solar Int'l*, 2016 WL 9114162, at *4 (N.D. Cal. Dec. 22, 2016)

4    (awarding $7,500 to named plaintiffs who were deposed and $3,500 to one named plaintiff who

5    was not deposed).  The Court finds that the requested service awards are appropriate in this case.

6         **D.**     **Objectors' Attorneys' Fees**

7         "Under certain circumstances, attorneys for objectors may be entitled to attorneys' fees

8    from the fund created by class action litigation."  *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir.

9    2012).  The general rule governing such fee awards is that objectors who generate "an increase to

10   the common fund" "or otherwise substantially benefit the class members" "may claim entitlement

11   to fees on the same equitable principles as class counsel."  *Id.* at 658.

12        Former Objectors Mr. Frank and Ms. Holyoak now seek $793,500 in attorneys' fees for

13   contributing to an increase in the settlement fund.  To briefly reiterate relevant procedure, Former

14   Objectors objected to the first settlement in 2015 on the grounds that the *cy pres* component was

15   improper.  The Ninth Circuit affirmed the Court's approval, but the Supreme Court vacated and

16   remanded on the issue of whether Plaintiffs had standing for their federal claims.  On remand, the

17   Court still concluded that Plaintiffs had standing for their federal claims, but the Court also had the

18   opportunity to review Plaintiffs' amended complaint on Google's motion to dismiss and found that

19   Plaintiffs had cured the identified deficiencies to establish standing for their state-law claims.

20   Former Objectors argue that their appeals lead to an increase in the Settlement Class fund by

21   $17.25 mil.  Class Counsel has filed a non-opposition.  The Court will analyze Former Objectors'

22   request under the same principles as Class Counsel.

23        **1.**     **Percentage of the Fund**

24        Former Objectors' attorneys' fee request of $793,500 amounts to 4.6% of the total

25   settlement fund, well below the Ninth Circuit's benchmark of 25%.

26        The Court must note that the Supreme Court did not reach the merits of Former Objectors'

27   Case No.: 5:10-cv-04809-EJD
     ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS
28   COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS'
     MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

United States District Court
Northern District of California

1    claims, but rather vacated the case so the Court could analyze standing under a recent Supreme

2    Court decision entered after the Final Approval Order.  However, absent Former Objectors'

3    appeals, the parties would not have re-negotiated the first settlement, the initial all-*cy pres*

4    settlement would still be in place, and the Settlement Class would have received $0.  Under the re-

5    negotiated Settlement, the Settlement Class of approximately 2.5 million claimants will receive an

6    estimated $7.16 each.  While it is arguable whether the increase in the settlement fund can be

7    directly attributable to Former Objectors' appeals, the Court still finds that their litigation

8    ultimately led to a substantial increased benefit for the Settlement Class as a whole.

9         Thus, the overall result and benefit to the Settlement Class supports the requested fee.  This

10   case also required skill and high-quality work, which Former Objectors' counsel demonstrated

11   throughout their multi-year involvement in this case throughout appeals in the Ninth Circuit and

12   the Supreme Court.  Former Objectors' work here also entailed significant risks. The Supreme

13   Court hears a very small percentage of petitions, reflecting a small chance that Former Objectors

14   would achieve their objective.

15        In light of all the above, the Court finds 4.6% of the total settlement fund to be reasonable.

16                    **2.    Lodestar**

17        A lodestar cross-check further confirms that the requested fee is reasonable.  Former

18   Objectors' Counsel calculates a lodestar figure of $526,196.25 for 817.55 billing hours, to which

19   they apply a 1.5 multiplier for a total amount of $793,500.  Former Objectors' Mot. Attorneys'

20   Fees 12–14.  Their billing summaries contain sufficient detail for the Court to conduct a lodestar-

21   based assessment as a crosscheck.  The Court finds that the time Former Objectors' counsel

22   dedicated to prosecuting this action is reasonable, and understated given that Former Objectors are

23   themselves attorneys who did not include the significant hours that they spent on legal work for

24   the case in their lodestar and given the variety of tasks that were necessary for them to prosecute

25   their objection—from filing an objection; the appeal; and the petition for certiorari to and litigation

26   before the Supreme Court.  All these steps were necessary to achieve the outcome Former

27   Case No.: 5:10-cv-04809-EJD

28   ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING CLASS
     COUNSEL'S MOTION FOR ATTORNEYS' FEES; GRANTING FORMER OBJECTORS'
     MOTION FOR ATTORNEYS' FEES

1  Objectors sought.  The Court also finds that Former Objectors' hourly rates are reasonable, in line

2  with those prevailing in this district for similar services by lawyers of reasonably comparable skill,

3  experience, and reputation.

4      For all the reasons discussed above, the Court grants Former Objectors' request for

5  attorneys' fees.

6  **IV.      CONCLUSION**

7      Based on the preceding discussion, the Court finds that the terms of the Settlement,

8  including the awards of attorneys' fees, costs, and incentive awards, is fair, adequate, and

9  reasonable; that it satisfies Federal Rule of Civil Procedure 23(e) and the fairness and adequacy

10  factors; and that it should be approved and implemented.

11      The Motion for Final Approval is **GRANTED**.  Plaintiffs' Motion for Attorneys' Fees and

12  Costs is **GRANTED**.  Class Counsel is awarded $5,750,000 in attorneys' fees and $43,634.69 in

13  litigation costs.  Named Plaintiffs Gaos, Italiano, and Priyev are granted an incentive award of

14  $5,000 each.  Former Objectors' Motion for Attorneys' Fees is **GRANTED**.  Former Objectors'

15  counsel is awarded $793,500.  The Clerk shall close this file upon entry of Judgment.

16      Without affecting the finality of this Order in any way, the Court retains jurisdiction of all

17  matters relating to the interpretation, administration, implementation, effectuation and

18  enforcement of this Order and the Settlement.

19      **IT IS SO ORDERED.**

20  Dated: October 16, 2023

23  EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California